David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

Brennan Moss (10267)
**PARKINSON | BENSON | POTTER**
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law
415-534-7970

*For defendants: Brad Bonham, MB & BB Holdings, LLC; Matt Davis*

Additional counsel listed in signature block

IN THE THIRD JUDICIAL DISTRICT COURT
FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **STIPULATED PROTECTIVE ORDER** <br><br> Civil No. 230902160 <br><br><br> Judge Robert Faust <br><br> Discovery Tier 3 |

Pursuant to the parties' Stipulated Motion for Entry of Protective Order, and for good cause, the Court enters this Stipulated Protective Order to govern the confidentiality of information. This Stipulated Protective Order shall govern any record of information produced in this action and designated pursuant to this Stipulated Protective Order, including all designated deposition testimony, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery. This Stipulated Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Stipulated Protective Order.

1.    **Definition and Designation of Confidential or Attorneys' Eyes Only**

Designation of information under this Stipulated Protective Order must be made by marking or labeling the information, documents or other materials CONFIDENTIAL or ATTORNEYS' EYES ONLY, in a manner that will not interfere with its legibility.

(a)    <u>CONFIDENTIAL</u>.    A person or entity who produces information, documents, or other materials may designate them as CONFIDENTIAL when they in good faith believe the information, documents, or materials contains trade secrets or nonpublic proprietary confidential technical, scientific, financial, business, health, or medical information.

(b)    <u>ATTORNEYS' EYES ONLY</u>.    A person or entity who produces information, documents, or other materials may designate them as ATTORNEYS' EYES ONLY when they in good faith believe the information, documents, or other materials contain:

(1)    sensitive technical information, including current research, development and manufacturing information and patent prosecution

information;

(2)     sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers;

(3)     competitive technical information, including technical analyses or comparisons of competitor's products;

(4)     competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning; or

(5)     any other CONFIDENTIAL information the disclosure of which to non-qualified people subject to this Stipulated Protective Order the producing party reasonably and in good faith believes would likely cause harm.

(c)     A person or entity may designate deposition testimony or deposition exhibits as CONFIDENTIAL or ATTORNEYS' EYES ONLY when the deposition is taken by requesting the court reporter so designate in the transcript or within 30 days of receipt of the final transcript by the party making the designation.

(d)     A person or entity may also designate information, documents, or other materials as CONFIDENTIAL – NOT TO BE DISCLOSED TO OTHER DEFENDANTS for documents that shall not be disclosed to other defendants.

(e)     A nonparty producing information (including testimony), documents, or other materials, or as required by a subpoena, may designate the information (including testimony), documents, or other materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY

consistent with this Stipulated Protective Order.

2.      **Disclosure and Use of Information, Documents, or Other Materials Designated as Confidential or Attorneys' Eyes Only**

(a)      CONFIDENTIAL.   The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other materials designated as CONFIDENTIAL by any other party or nonparty under this Stipulated Protective Order, except that disclosures may be made to the following:

(1)      counsel for a party, who are acting in a legal capacity and are actively engaged in this matter;

(2)      court personnel;

(3)      court-appointed special masters;

(4)      court reporters, recorders, and videographers engaged for depositions;

(5)      court-appointed or jointly-selected mediator or arbitrator;

(6)      technical advisors, including an outside expert, consultant, or investigator, who is not a party to the action, not presently employed by the receiving party or a company affiliated through common ownership, but has been retained to provide technical or other expert services (e.g., expert testimony or assist in litigation or trial preparation), but no disclosure shall be made until a Disclosure Agreement (Attachment A) has been signed;

(7)      deposition and trial witnesses in connection with their testimony in the lawsuit;

(8)    independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(9)    the insurer of a party to the litigation and their employees to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes, but no disclosure shall be made until a Disclosure Agreement (Exhibit A) has been signed;

(10)    a party's representatives, officers, and employees as necessary to assist counsel with this litigation; and

(11)    if those listed in sections 2(a)(1)–(10) engage their partners, associates, employees, staff, or personnel to render reasonably necessary professional services, then these individuals must advised of and subject to the provisions of this Stipulated Protective Order and must hold the information, documents, or other materials in confidence.

(b)    ATTORNEYS' EYES ONLY.  The parties and counsel for the parties may permit the disclosure of any information, documents, or other materials designated as ATTORNEYS' EYES ONLY by any other party or nonparty under this Stipulated Protective Order to those identified in section 2(a)(1)–(8).

(c)    Information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Stipulated Protective Order must

not be used for any purpose whatsoever other than preparing for and conducting the litigation in which the information, documents, or other materials were disclosed (including appeals). Nothing in this Stipulated Protective Order prohibits a receiving party that is a government agency from following its routine uses and sharing the information, documents, or other materials with other government agencies or self-regulatory organizations as allowed by law.

4.    **Inadvertent Failure to Designate and Inadvertent Disclosure**

(a)    <u>Inadvertent Failure to Designate</u>.    If a party inadvertently discloses information, documents, or other materials containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other materials do not lose their protected status by production.  The producing party must take all steps reasonably required to assure its continued confidentiality, including: (a) providing written notice to the receiving party within 10 days of the discovery of the inadvertent production; (b) identifying the information, document, or other materials in question; and (c) simultaneously providing appropriately designated substitute copies.  After receiving notice and the production of substitute copies, the receiving party must destroy or return undesignated information, documents, or other materials.

(b)    <u>Inadvertent Disclosure of Information Covered by Attorney-Client Privilege or Work Production Protection in Information, Documents, or Other Materials Designated CONFIDENTIAL or ATTORNEYS' EYES ONLY</u>.    Whether inadvertent or otherwise, the disclosure of any information, documents, or other materials that are subject to an objection based on attorney-client privilege or work-product protection will not be deemed to waive a party's claim to its attorney-client privilege or work-product protection and will not estop that party or the privilege holder from designating the information or documents as

attorney-client privileged or subject to work-product protection at a later date. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed under Utah R. Evid. 504 and 510.

If a person or entity inadvertently discloses information, documents, or other materials that it believes is subject to a claim of attorney-client privilege or work-product protection, the producing party may give prompt written notice to the receiving party that the information, documents, or other materials is subject to a claim of attorney-client privilege or work-product protection and may request that it be returned to the producing party. Upon notice, regardless of whether the receiving party agrees with the claim of privilege or work-product protection, the receiving party must: (a) return the information at issue; (b) not use or disclose the materials until the matter is resolved; and (c) take reasonable steps to retrieve the information if the receiving party further disclosed it.

If the receiving party disputes that the information at issue is subject to attorney-client privilege or work-product protection, the receiving party or entity must make reasonable efforts to resolve the dispute without court assistance. If the dispute cannot be resolved, the receiving party may move the court, under seal, within 45 days of the prompt written communication sent to the opposing party. The producing party must preserve the information at issue until the claim is resolved.

5.    **Maintenance of Designation**

(a)    Except as provided in section 2, counsel for the parties must keep all information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that are received under this Stipulated Protective Order secure within their exclusive possession and must place the information, documents, or other materials in a secure

area.

(b)      All documents, including attorney notes, abstracts, and copies, that contain another's CONFIDENTIAL or ATTORNEYS' EYES ONLY information must be handled as if they were so designated.

(c)      If any discovery responses, deposition transcripts, memoranda, or any other papers filed with the court include CONFIDENTIAL or ATTORNEYS' EYES ONLY information, they must be so designated and filed consistent with Rules 4-202.04(3) and/or 4-202.09(10) of the Utah Code of Judicial Administration.

(d)      If a filing contains information, documents, or other materials that were designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a nonparty, the party making the filing must provide prompt written notice of the filing to the nonparty.

(e)      If information, documents, or other materials are reviewed by a receiving party before production, any knowledge learned during the review will be treated by the receiving party as ATTORNEYS' EYES ONLY until the information has been produced, at which time any affixed designation controls. Absent the express permission of the producing party, or as otherwise permitted by an order or rule of the court, no photograph or any other means of duplication, including electronic means, is permitted before the information is produced with the appropriate designation. Any such duplicate will be treated by the receiving party as having the same designation as the original.  There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and designated.

(f)      If a question is asked at a deposition and a party claims the answer requires the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the

following must occur:

> (1)    every person present must be advised of the Stipulated Protective Order by the party asserting confidentiality;
>
> (2)    all persons who are not allowed to receive the information under this Stipulated Protective Order, other than the witness, must leave the deposition while the information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is disclosed; and
>
> (3)    the witness must answer the question completely.

(g)    If a receiving party is served a subpoena or court order, issued in a separate action, that seeks CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials, the receiving party must give prompt written notice to counsel for the producing party to allow a meaningful opportunity to challenge the subpoena or court order before the deadline to comply. No compulsory disclosure to nonparties of CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials under this Stipulated Protective Order is deemed a waiver of any claim of confidentiality, except when there is a judicial determination finding otherwise.

6.    **Challenges to a Designation**

(a)    A party may challenge the producing party's designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY at any time.

(b)    To challenge the designation of ATTORNEYS' EYES ONLY, the receiving party must make reasonable efforts, without court assistance, to resolve the dispute. At a minimum, those efforts must include:

(1)    a prompt written communication sent to the producing party identifying with specificity the information, documents, or other materials at issue and specifying why they believe the designation is improper; and

(2)    a request that the producing party meet and confer, including suggested dates and times.

(c)    If the parties are unable to resolve the dispute regarding the designation of ATTORNEYS' EYES ONLY after engaging in reasonable efforts in section 6(b)(1)–(2), the producing party may file a motion for an order to maintain the designation of ATTORNEYS' EYES ONLY within five business days of the date the parties last met and conferred, or if a party declines to meet and confer at a reasonable time, the date in which the other side declined to meet and confer.  The deadline to file a motion may be extended by agreement between the parties.  The motion must include a certification that states:

(1)    the parties made reasonable efforts to reach agreement on the disputed matters;

(2)    the date, time, and method of the reasonable efforts; and

(3)    the names of all participating parties or attorneys.

(d)    During the course of the parties' meet and confer efforts and pending a resolution of the motion by the Court, any and all existing designations regarding of ATTORNEYS' EYES ONLY shall remain in place.  The producing party bears the burden of proving that the designation is proper.  The producing party's failure to engage in reasonable efforts to resolve the dispute regarding the designation of ATTORNEYS' EYES ONLY or bring an appropriately filed motion may result in the designation as requested by the receiving party

absent a showing of good cause for the failure.

(e)     To challenge the designation of CONFIDENTIAL, the receiving party must make reasonable efforts, without court assistance, to resolve the dispute. At a minimum, those efforts must include:

(1)     a prompt written communication sent to the producing party identifying with specificity the information, documents, or other materials at issue and specifying why they believe the designation is improper; and

(2)     a request that the producing party meet and confer, including suggested dates and times.

(f)     If the parties are unable to resolve the dispute regarding the designation of CONFIDENTIAL after engaging in reasonable efforts in section 6(e)(1)–(2), the receiving party may file a motion for an order to challenge the designation of CONFIDENTIAL within five business days of the date the parties last met and conferred, or if a party declines to meet and confer at a reasonable time, the date in which the other side declined to meet and confer.  The deadline to file a motion may be extended by agreement between the parties.  The motion must include a certification that states:

(1)     the parties made reasonable efforts to reach agreement on the disputed matters;

(2)     the date, time, and method of the reasonable efforts; and

(3)     the names of all participating parties or attorneys.

(g)     During the course of the parties' meet and confer efforts and pending a resolution of the motion by the Court, any and all existing designations regarding of

11

CONFIDENTIAL shall remain in place. The producing party bears the burden of proving that the designation is proper. The producing party's failure to engage in reasonable efforts to resolve the dispute regarding the designation of CONFIDENTIAL or respond to an appropriately filed motion may result in the designation as requested by the receiving party absent a showing of good cause for the failure.

7.      **Conclusion of Litigation**

At the conclusion of the litigation, including through all appeals, a party may request that all information, documents, or other materials that were not filed with the court and not received into evidence and were designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Stipulated Protective Order, but must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law.

Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the court, subject to all other restrictions of this Stipulated Protective Order.

The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party must notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the court.

8.      **Continuing Jurisdiction of Court to Enforce the Stipulated Protective Order**

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

9.      **Confidentiality of Party's Own Documents**

Nothing in this Stipulated Protective Order shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Stipulated Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge.  Similarly, the Stipulated Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

**Approved as to Form:**

**PARR BROWN GEE & LOVELESS, P.C.**

*David C. Reymann*
David C. Reymann

101 South 200 East, Suite 700
Salt Lake City, UT  84111
dreymann@parrbrown.com
jhafen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC


**SPERLING & SLATER, LLC**

*Greg Shinall (signed with permission)*
Greg Shinall (admitted pro hac vice)

55 West Monroe Street, 32nd Floor
Chicago, IL 60603
shinall@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC


**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*Geoffrey Chepiga (signed with permission)*
Geoffrey Chepiga (admitted pro hac vice)

1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com


**PARKINSON | BENSON | POTTER**

*Brennan H. Moss (signed with permission)*
Brennan H. Moss

2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law
*For defendants*: Brad Bonham; MB & BB

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P.,  JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

Holdings, LLC; Matt Davis

**PARSONS BEHLE & LATIMER**

*Erik Christiansen (signed with permission)*

Erik Christiansen
Alan Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For Plaintiffs Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

**GIBSON, DUNN & CRUTCHER LLP**

*Michael M. Farhang (signed with permission)*
Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*For Plaintiffs Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

**\*\* Pursuant to URCP 10(e), the Court's signature appears**

**at the top of the first page\*\***

**ATTACHMENT A**

**Disclosure Agreement**

The undersigned hereby acknowledges that they have read the court's Stipulated Protective Order attached hereto and dated _____ in in the matter of *Walker Edison Furniture Co., LLC v. Brad Bonham, et al.*, Civil Action No. 230902160, understand the terms and agree to be bound by its terms. The undersigned agrees to be bound by the Stipulated Protective Order in every aspect and to be subject to the jurisdiction of the Third Judicial District, County of Salt Lake, State of Utah Court for purposes of its enforcement. The undersigned understands that the terms of the Stipulated Protective Order obligate them to use information, documents, or other materials designated as CONFIDENTIAL in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose information, documents, or other materials designated as CONFIDENTIAL to any other person, firm, or concern, except in accordance with the provisions of the Stipulated Protective Order.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____  _____
Signature

15

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

Additional counsel listed in signature block

Brennan Moss (10267)
**PARKINSON | BENSON | POTTER**
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law
415-534-7970

*For defendants: Brad Bonham, MB &
BB Holdings, LLC; Matt Davis*

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **REQUEST TO SUBMIT STIPULATED MOTION FOR PROTECTIVE ORDER** <br><br> Consolidated Case No. 230902160 <br><br> Judge Robert P. Faust <br><br> Discovery Tier 3 |

Pursuant to Rules 7(g) and 7(k)(4) of the Utah Rules of Civil Procedure, Plaintiff Blue Owl Capital Corporation ("Blue Owl"), Plaintiff Walker Edison Furniture Company, LLC ("Walker Edison"), and Defendants Brad Bonham; MB & BB Holdings, LLC; Matt Davis; Walker Edison Holding Company, LLC; Prospect Hill Growth Partners, LP; JWC-WE Holdco, LLC; JWC-WE Holdings, L.P.; Prospect Hill Growth Fund II, L.P.; Prospect Hill Growth Fund II Co-Invest, L.P.; Phil Damiano; Ken Murphy; Adam Suttin; Kyle Casella; and David Fiorentino (collectively, "Defendants" and together with Blue Owl and Walker Edison, the "Parties") respectfully submit for decision their Stipulated Motion for Protective Order, filed concurrently herewith along with the Stipulated Protective Order.  The parties respectfully request that the Stipulated Protective Order be signed and entered.

Dated: August 19, 2024.

**PARR BROWN GEE & LOVELESS, P.C.**

*/s/ David C. Reymann*
David C. Reymann

101 South 200 East, Suite 700
Salt Lake City, UT  84111
dreymann@parrbrown.com
jhafen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

**SPERLING & SLATER, LLC**

*/s/ Greg Shinall (signed with permission)*
Greg Shinall (admitted pro hac vice)

55 West Monroe Street, 32nd Floor
Chicago, IL 60603
shinall@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*Geoggrey Chepiga (signed with permission)*
Geoffrey Chepiga (admitted pro hac vice)

1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**PARKINSON | BENSON | POTTER**

*Brennan H. Moss (signed with permission)*
Brennan H. Moss

2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law
*For defendants*: Brad Bonham; MB & BB Holdings, LLC; Matt Davis

**PARSONS BEHLE & LATIMER**

*Erik Christiansen (signed with permission)*
Erik Christiansen
Alan Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For Plaintiffs Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

**GIBSON, DUNN & CRUTCHER LLP**

*Michael M. Farhang (signed with permission)*
Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*For Plaintiffs Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 19th day of August, 2024, I caused a true and correct copy of the foregoing to be served via electronic filing, which automatically provided notice and service to counsel of record.

*<u>/s/ Kade N. Olsen</u>*

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

Additional counsel listed in signature block

Brennan Moss (10267)
**PARKINSON | BENSON | POTTER**
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law
415-534-7970

*For defendants: Brad Bonham, MB &
BB Holdings, LLC; Matt Davis*

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>　　　　Defendants. | **STIPULATED MOTION FOR PROTECTIVE ORDER**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert P. Faust<br><br>Discovery Tier 3 |

Plaintiff Blue Owl Capital Corporation ("Blue Owl"), Plaintiff Walker Edison Furniture Company, LLC ("Walker Edison"), and Defendants Brad Bonham; MB & BB Holdings, LLC; Matt Davis; Walker Edison Holding Company, LLC; Prospect Hill Growth Partners, LP; JWC-WE Holdco, LLC; JWC-WE Holdings, L.P.; Prospect Hill Growth Fund II, L.P.; Prospect Hill Growth Fund II Co-Invest, L.P.; Phil Damiano; Ken Murphy; Adam Suttin; Kyle Casella; and David Fiorentino (collectively, "Defendants" and together with Blue Owl and Walker Edison, the "Parties") hereby stipulate and move the Court for entry of a Stipulated Protective Order so that sensitive documents can be shared among the Parties. A proposed Stipulated Protective Order is submitted herewith.

Dated: August 19, 2024.

| **PARR BROWN GEE & LOVELESS, P.C.** | **SPERLING & SLATER, LLC** |
|---|---|
| */s/ David C. Reymann* | *Greg Shinall (signed with permission)* |
| David C. Reymann | Greg Shinall (admitted pro hac vice) |
| 101 South 200 East, Suite 700 | 55 West Monroe Street, 32nd Floor |
| Salt Lake City, UT  84111 | Chicago, IL 60603 |
| dreymann@parrbrown.com | shinall@sperling-law.com |
| jhafen@parrbrown.com | |
| *For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC | *For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC |

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*Geoggrey Chepiga (signed with permission)*
Geoffrey Chepiga(admitted pro hac vice)

1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II,  L.P., Prospect Hill Growth Fund II Co-Invest,  L.P., Prospect Hill Growth Partners, L.P.,  JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**PARKINSON | BENSON | POTTER**

*Brennan H. Moss (signed with permission)*
Brennan H. Moss

2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law
*For defendants*: Brad Bonham; MB & BB Holdings, LLC; Matt Davis

**PARSONS BEHLE & LATIMER**

*Erik Christiansen (signed with permission)*
Erik Christiansen
Alan Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For Plaintiffs Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

**GIBSON, DUNN & CRUTCHER LLP**

*Michael H. Farhang (signed with permission)*
Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*For Plaintiffs Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2024, I caused a true and correct copy of the foregoing to be served via electronic filing, which automatically provided notice and service to counsel of record.

*/s/ Kade N. Olsen*

Michael A. Gehret (11890)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Ste. 2400
Salt Lake City, Utah 84111
Telephone: (801) 415-3000
mike.gehret@dentons.com

*Attorney for MB & BB Holdings LLC, Brad Bonham, and Matt Davis*

---

**IN THE THIRD JUDICIAL DISTRICT COURT
IN AND FOR SALT LAKE COUNTY, STATE OF UTAH**

---

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION, | **NOTICE OF WITHDRAWAL OF COUNSEL** |
| Plaintiff, | |
| vs. | Consolidated Case No. 230902160 |
| BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWCWE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, | Judge Robert P. Faust |
| Defendants. | |

---

Michael A. Gehret of Dentons Durham Jones Pinegar, P.C., hereby gives notice of his

withdrawal as counsel of record for Defendants MB & BB Holdings LLC, Brad Bonham, and Matt

Davis in the above-captioned matter.  MB & BB Holdings LLC, Brad Bonham, and Matt Davis

shall continue to be represented by Brennan H. Moss of Parkinson Benson Potter LLP.

DATED: August 20th, 2024.

**DENTONS DURHAM JONES PINEGAR**

/s/ *Michael A. Gehret*
Michael A. Gehret

*Attorney for MB & BB Holdings LLC, Brad Bonham, and Matt Davis*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 20, 2024 I caused a true and correct copy of the foregoing

to be sent via the Court's electronic filing system to all counsel of record.


_/s/ Shelby Irvin_____

The Order of the Court is stated below:
**Dated:** August 20, 2024          **/s/**   ROBERT FAUST
            01:33:15 PM                District Court Judge

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

Brennan Moss (10267)
**PARKINSON | BENSON | POTTER**
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law
415-534-7970

*For defendants: Brad Bonham, MB &
BB Holdings, LLC; Matt Davis*

Additional counsel listed in signature block

IN THE THIRD JUDICIAL DISTRICT COURT

FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| WALKER EDISON FURNITURE COMPANY, LLC, | **STIPULATED PROTECTIVE ORDER** |
|---|---|
| Plaintiff, | Civil No. 230902160 |
| vs. | |
| BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, | Judge Robert Faust<br><br>Discovery Tier 3 |
| Defendants. | |

Pursuant to the parties' Stipulated Motion for Entry of Protective Order, and for good cause, the Court enters this Stipulated Protective Order to govern the confidentiality of information. This Stipulated Protective Order shall govern any record of information produced in this action and designated pursuant to this Stipulated Protective Order, including all designated deposition testimony, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery. This Stipulated Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Stipulated Protective Order.

1.    **Definition and Designation of Confidential or Attorneys' Eyes Only**

Designation of information under this Stipulated Protective Order must be made

2

by marking or labeling the information, documents or other materials CONFIDENTIAL or ATTORNEYS' EYES ONLY, in a manner that will not interfere with its legibility.

(a)  CONFIDENTIAL.  A person or entity who produces information, documents, or other materials may designate them as CONFIDENTIAL when they in good faith believe the information, documents, or materials contains trade secrets or nonpublic proprietary confidential technical, scientific, financial, business, health, or medical information.

(b)  ATTORNEYS' EYES ONLY.  A person or entity who produces information, documents, or other materials may designate them as ATTORNEYS' EYES ONLY when they in good faith believe the information, documents, or other materials contain:

(1)  sensitive technical information, including current research, development and manufacturing information and patent prosecution information;

(2)  sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers;

(3)  competitive technical information, including technical analyses or comparisons of competitor's products;

(4)  competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning; or

(5)  any other CONFIDENTIAL information the disclosure of which to non-qualified people subject to this Stipulated Protective Order the

3

producing party reasonably and in good faith believes would likely cause harm.

(c)     A person or entity may designate deposition testimony or deposition exhibits as CONFIDENTIAL or ATTORNEYS' EYES ONLY when the deposition is taken by requesting the court reporter so designate in the transcript or within 30 days of receipt of the final transcript by the party making the designation.

(d)     A person or entity may also designate information, documents, or other materials as CONFIDENTIAL – NOT TO BE DISCLOSED TO OTHER DEFENDANTS for documents that shall not be disclosed to other defendants.

(e)     A nonparty producing information (including testimony), documents, or other materials, or as required by a subpoena, may designate the information (including testimony), documents, or other materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY consistent with this Stipulated Protective Order.

2.     **Disclosure and Use of Information, Documents, or Other Materials Designated as Confidential or Attorneys' Eyes Only**

(a)     CONFIDENTIAL.   The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other materials designated as CONFIDENTIAL by any other party or nonparty under this Stipulated Protective Order, except that disclosures may be made to the following:

(1)     counsel for a party, who are acting in a legal capacity and are actively engaged in this matter;

(2)     court personnel;

4

(3)     court-appointed special masters;

(4)     court reporters, recorders, and videographers engaged for depositions;

(5)     court-appointed or jointly-selected mediator or arbitrator;

(6)     technical advisors, including an outside expert, consultant, or investigator, who is not a party to the action, not presently employed by the receiving party or a company affiliated through common ownership, but has been retained to provide technical or other expert services (e.g., expert testimony or assist in litigation or trial preparation), but no disclosure shall be made until a Disclosure Agreement (Attachment A) has been signed;

(7)     deposition and trial witnesses in connection with their testimony in the lawsuit;

(8)     independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(9)     the insurer of a party to the litigation and their employees to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes, but no disclosure shall be made until a Disclosure Agreement (Exhibit A) has been signed;

5

(10)  a party's representatives, officers, and employees as necessary to assist counsel with this litigation; and

(11)  if those listed in sections 2(a)(1)–(10) engage their partners, associates, employees, staff, or personnel to render reasonably necessary professional services, then these individuals must advised of and subject to the provisions of this Stipulated Protective Order and must hold the information, documents, or other materials in confidence.

(b)  ATTORNEYS' EYES ONLY.  The parties and counsel for the parties may permit the disclosure of any information, documents, or other materials designated as ATTORNEYS' EYES ONLY by any other party or nonparty under this Stipulated Protective Order to those identified in section 2(a)(1)–(8).

(c)  Information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Stipulated Protective Order must not be used for any purpose whatsoever other than preparing for and conducting the litigation in which the information, documents, or other materials were disclosed (including appeals). Nothing in this Stipulated Protective Order prohibits a receiving party that is a government agency from following its routine uses and sharing the information, documents, or other materials with other government agencies or self-regulatory organizations as allowed by law.

4.  **Inadvertent Failure to Designate and Inadvertent Disclosure**

(a)  <u>Inadvertent Failure to Designate</u>.  If a party inadvertently discloses information, documents, or other materials containing CONFIDENTIAL or ATTORNEYS'

6

EYES ONLY information without marking or labeling it as such, the information, documents, or other materials do not lose their protected status by production.  The producing party must take all steps reasonably required to assure its continued confidentiality, including: (a) providing written notice to the receiving party within 10 days of the discovery of the inadvertent production; (b) identifying the information, document, or other materials in question; and (c) simultaneously providing appropriately designated substitute copies.  After receiving notice and the production of substitute copies, the receiving party must destroy or return undesignated information, documents, or other materials.

      (b)    <u>Inadvertent Disclosure of Information Covered by Attorney-Client Privilege or Work Production Protection in Information, Documents, or Other Materials Designated CONFIDENTIAL or ATTORNEYS' EYES ONLY</u>.  Whether inadvertent or otherwise, the disclosure of any information, documents, or other materials that are subject to an objection based on attorney-client privilege or work-product protection will not be deemed to waive a party's claim to its attorney-client privilege or work-product protection and will not estop that party or the privilege holder from designating the information or documents as attorney-client privileged or subject to work-product protection at a later date.  This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed under Utah R. Evid. 504 and 510.

      If a person or entity inadvertently discloses information, documents, or other materials that it believes is subject to a claim of attorney-client privilege or work-product protection, the producing party may give prompt written notice to the receiving party that the information, documents, or other materials is subject to a claim of attorney-client privilege or work-product

protection and may request that it be returned to the producing party. Upon notice, regardless of whether the receiving party agrees with the claim of privilege or work-product protection, the receiving party must: (a) return the information at issue; (b) not use or disclose the materials until the matter is resolved; and (c) take reasonable steps to retrieve the information if the receiving party further disclosed it.

If the receiving party disputes that the information at issue is subject to attorney-client privilege or work-product protection, the receiving party or entity must make reasonable efforts to resolve the dispute without court assistance. If the dispute cannot be resolved, the receiving party may move the court, under seal, within 45 days of the prompt written communication sent to the opposing party. The producing party must preserve the information at issue until the claim is resolved.

    5.    **Maintenance of Designation**

    (a)    Except as provided in section 2, counsel for the parties must keep all information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that are received under this Stipulated Protective Order secure within their exclusive possession and must place the information, documents, or other materials in a secure area.

    (b)    All documents, including attorney notes, abstracts, and copies, that contain another's CONFIDENTIAL or ATTORNEYS' EYES ONLY information must be handled as if they were so designated.

    (c)    If any discovery responses, deposition transcripts, memoranda, or any other papers filed with the court include CONFIDENTIAL or ATTORNEYS' EYES ONLY

information, they must be so designated and filed consistent with Rules 4-202.04(3) and/or 4-202.09(10) of the Utah Code of Judicial Administration.

(d)     If a filing contains information, documents, or other materials that were designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a nonparty, the party making the filing must provide prompt written notice of the filing to the nonparty.

(e)     If information, documents, or other materials are reviewed by a receiving party before production, any knowledge learned during the review will be treated by the receiving party as ATTORNEYS' EYES ONLY until the information has been produced, at which time any affixed designation controls. Absent the express permission of the producing party, or as otherwise permitted by an order or rule of the court, no photograph or any other means of duplication, including electronic means, is permitted before the information is produced with the appropriate designation. Any such duplicate will be treated by the receiving party as having the same designation as the original.  There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and designated.

(f)     If a question is asked at a deposition and a party claims the answer requires the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the following must occur:

(1)     every person present must be advised of the Stipulated Protective Order by the party asserting confidentiality;

(2)     all persons who are not allowed to receive the information under this Stipulated Protective Order, other than the witness, must leave

9

the deposition while the information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is disclosed; and

(3)     the witness must answer the question completely.

(g)     If a receiving party is served a subpoena or court order, issued in a separate action, that seeks CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials, the receiving party must give prompt written notice to counsel for the producing party to allow a meaningful opportunity to challenge the subpoena or court order before the deadline to comply. No compulsory disclosure to nonparties of CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials under this Stipulated Protective Order is deemed a waiver of any claim of confidentiality, except when there is a judicial determination finding otherwise.

6.     **Challenges to a Designation**

(a)     A party may challenge the producing party's designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY at any time.

(b)     To challenge the designation of ATTORNEYS' EYES ONLY, the receiving party must make reasonable efforts, without court assistance, to resolve the dispute. At a minimum, those efforts must include:

(1)     a prompt written communication sent to the producing party identifying with specificity the information, documents, or other materials at issue and specifying why they believe the designation is improper; and

10

      (2)    a request that the producing party meet and confer, including suggested dates and times.

(c)    If the parties are unable to resolve the dispute regarding the designation of ATTORNEYS' EYES ONLY after engaging in reasonable efforts in section 6(b)(1)–(2), the producing party may file a motion for an order to maintain the designation of ATTORNEYS' EYES ONLY within five business days of the date the parties last met and conferred, or if a party declines to meet and confer at a reasonable time, the date in which the other side declined to meet and confer.  The deadline to file a motion may be extended by agreement between the parties.  The motion must include a certification that states:

      (1)    the parties made reasonable efforts to reach agreement on the disputed matters;

      (2)    the date, time, and method of the reasonable efforts; and

      (3)    the names of all participating parties or attorneys.

(d)    During the course of the parties' meet and confer efforts and pending a resolution of the motion by the Court, any and all existing designations regarding of ATTORNEYS' EYES ONLY shall remain in place.  The producing party bears the burden of proving that the designation is proper.  The producing party's failure to engage in reasonable efforts to resolve the dispute regarding the designation of ATTORNEYS' EYES ONLY or bring an appropriately filed motion may result in the designation as requested by the receiving party absent a showing of good cause for the failure.

(e)    To challenge the designation of CONFIDENTIAL, the receiving party must make reasonable efforts, without court assistance, to resolve the dispute. At a minimum,

those efforts must include:

>(1)    a prompt written communication sent to the producing party identifying with specificity the information, documents, or other materials at issue and specifying why they believe the designation is improper; and

>(2)    a request that the producing party meet and confer, including suggested dates and times.

(f)    If the parties are unable to resolve the dispute regarding the designation of CONFIDENTIAL after engaging in reasonable efforts in section 6(e)(1)–(2), the receiving party may file a motion for an order to challenge the designation of CONFIDENTIAL within five business days of the date the parties last met and conferred, or if a party declines to meet and confer at a reasonable time, the date in which the other side declined to meet and confer. The deadline to file a motion may be extended by agreement between the parties. The motion must include a certification that states:

>(1)    the parties made reasonable efforts to reach agreement on the disputed matters;

>(2)    the date, time, and method of the reasonable efforts; and

>(3)    the names of all participating parties or attorneys.

(g)    During the course of the parties' meet and confer efforts and pending a resolution of the motion by the Court, any and all existing designations regarding of CONFIDENTIAL shall remain in place. The producing party bears the burden of proving that the designation is proper. The producing party's failure to engage in reasonable efforts to resolve

the dispute regarding the designation of CONFIDENTIAL or respond to an appropriately filed motion may result in the designation as requested by the receiving party absent a showing of good cause for the failure.

 7. **Conclusion of Litigation**

 At the conclusion of the litigation, including through all appeals, a party may request that all information, documents, or other materials that were not filed with the court and not received into evidence and were designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Stipulated Protective Order, but must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law.

 Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the court, subject to all other restrictions of this Stipulated Protective Order.

 The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law.  The Department of Justice, any insurance company, or any other party must notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the court.

 8. **Continuing Jurisdiction of Court to Enforce the Stipulated Protective Order**

 After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

 9. **Confidentiality of Party's Own Documents**

 Nothing in this Stipulated Protective Order shall affect the right of the designating party

13

to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Stipulated Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge.  Similarly, the Stipulated Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

**Approved as to Form:**

**PARR BROWN GEE & LOVELESS, P.C.**

*David C. Reymann*
David C. Reymann

101 South 200 East, Suite 700
Salt Lake City, UT  84111
dreymann@parrbrown.com
jhafen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

**SPERLING & SLATER, LLC**

*Greg Shinall (signed with permission)*
Greg Shinall (admitted pro hac vice)

55 West Monroe Street, 32nd Floor
Chicago, IL 60603
shinall@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*Geoffrey Chepiga (signed with permission)*
Geoffrey Chepiga (admitted pro hac vice)

1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com

**PARKINSON | BENSON | POTTER**

*Brennan H. Moss (signed with permission)*
Brennan H. Moss

2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law
*For defendants*: Brad Bonham; MB & BB

14

*For defendants*: Prospect Hill Growth Fund II,          Holdings, LLC; Matt Davis
L.P., Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,  JWC-
WE Holdco, LLC, and JWC-WE Holdings, L.P.


**PARSONS BEHLE & LATIMER**          **GIBSON, DUNN & CRUTCHER LLP**

<u>*Erik Christiansen (signed with permission)*</u>          <u>*Michael M. Farhang (signed with permission)*</u>
Erik Christiansen          Michael M. Farhang (admitted pro hac vice)
Alan Mouritsen          Ryan S. Appleby (admitted pro hac vice)
Brian M. Rothschild          Jeffrey C. Krause (admitted pro hac vice)

201 South Main Street, Suite 1800          333 South Grand Avenue
Salt Lake City, Utah 84111          Los Angeles, CA 90071
Telephone: 801.532.1234          Telephone: (213) 229-7000
Facsimile: 801.536.6111          mfarhang@gibsondunn.com
echristiansen@parsonsbehle.com          rappleby@gibsondunn.com
amouritsen@parsonsbehle.com          jkrause@gibsondunn.com
brothschild@parsonsbehle.com

*For Plaintiffs Walker Edison Furniture*          *For Plaintiffs Walker Edison Furniture*
*Company, LLC and Blue Owl Capital*          *Company, LLC and Blue Owl Capital*
*Corporation*          *Corporation*


**\*\* Pursuant to URCP 10(e), the Court's signature appears**

**at the top of the first page\*\***

**ATTACHMENT A**

**Disclosure Agreement**

The undersigned hereby acknowledges that they have read the court's Stipulated Protective Order attached hereto and dated _____ in in the matter of *Walker Edison Furniture Co., LLC v. Brad Bonham, et al.*, Civil Action No. 230902160, understand the terms and agree to be bound by its terms. The undersigned agrees to be bound by the Stipulated Protective Order in every aspect and to be subject to the jurisdiction of the Third Judicial District, County of Salt Lake, State of Utah Court for purposes of its enforcement. The undersigned understands that the terms of the Stipulated Protective Order obligate them to use information, documents, or other materials designated as CONFIDENTIAL in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose information, documents, or other materials designated as CONFIDENTIAL to any other person, firm, or concern, except in accordance with the provisions of the Stipulated Protective Order.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

16

Date: _____          _____
                                              Signature

17

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

Additional counsel listed in signature block

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants:* Brad Bonham, MB &
BB Holdings, LLC; Matt Davis

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>    Defendants. | **ORDER GRANTING (1) MOTION TO CLASSIFY AS "PROTECTED" EXHIBITS TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT; (2) MOTION TO CLASSIFY AS "PROTECTED" EXHIBITS A, B, AND E TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert P. Faust<br><br>Discovery Tier 3 |

Before the Court are two motions filed by Defendants: (1) Motion to Classify as "Protected" Exhibits to Defendants' Motion to Dismiss the Complaint, filed June 24, 2024; and (2) Motion to Classify as "Protected" Exhibits A, B, and E to Defendants' Motion to Dismiss the First Amended Complaint, filed August 12, 2024.  The motions being unopposed, and good cause appearing, both motions are hereby GRANTED.  Exhibits A, B, and C to Defendants' Motion to Dismiss the Complaint and Exhibits A, B, E to Defendants' Motion to Dismiss the First Amended Complaint are hereby classified as "protected" under Rules 4-202.02(5) and 4-202.04 of the Utah Rules of Judicial Administration.

**END OF ORDER**
**Entered as indicated by the signature above**

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

Additional counsel listed in signature block

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants:* Brad Bonham, MB &
BB Holdings, LLC; Matt Davis

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>        Defendants. | **REQUEST TO SUBMIT FOR DECISION: (1) MOTION TO CLASSIFY AS "PROTECTED" EXHIBITS TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT; (2) MOTION TO CLASSIFY AS "PROTECTED" EXHIBITS A, B, AND E TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert P. Faust<br><br>Discovery Tier 3 |

Pursuant to Rule 7(g) of the Utah Rules of Civil Procedure, Defendants hereby submit for decision (1) Motion to Classify as "Protected" Exhibits to Defendants' Motion to Dismiss the Complaint; and (2) Motion to Classify as "Protected" Exhibits A, B, and E to Defendants' Motion to Dismiss the First Amended Complaint. The following have been submitted in connection with the two motions:

1.    Motion to Classify as "Protected" Exhibits to Defendants' Motion to Dismiss the Complaint, filed June 24, 2024; and

2.    Motion to Classify as "Protected" Exhibits A, B, and E to Defendants' Motion to Dismiss the First Amended Complaint, filed August 12, 2024.

The motions are unopposed, and the time to oppose them has elapsed. No hearing has been requested. A proposed order is submitted herewith.

DATE: August 30, 2024

**PARR BROWN GEE & LOVELESS**

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Tammy M. Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

**SPERLING & SLATER, LLC**

/s/ Greg Shinall
Greg Shinall
Matthew H. Rice

55 West Monroe Street, 32nd Floor
Chicago, Illinois 60603
(312) 641-3200
shinall@sperling-law.com
mrice@sperling-law.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, and Walker Edison Holding
Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

/s/ Geoffrey Chepiga
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund
II Co-Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**

/s/ Brennan H. Moss
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August 2024, I electronically filed the foregoing **REQUEST TO SUBMIT FOR DECISION: (1) MOTION TO CLASSIFY AS "PROTECTED" EXHIBITS TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT; (2) MOTION TO CLASSIFY AS "PROTECTED" EXHIBITS A, B, AND E TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**, which served all counsel of record.

/s/ David C. Reymann

**The Order of the Court is stated below:**
**Dated:**   August 30, 2024                /s/   ROBERT FAUST
                    02:54:22 PM                      District Court Judge

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

Additional counsel listed in signature block

Brennan Moss (10267)

**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants:* Brad Bonham, MB &
BB Holdings, LLC; Matt Davis

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, | **ORDER GRANTING (1) MOTION TO CLASSIFY AS "PROTECTED" EXHIBITS TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT; (2) MOTION TO CLASSIFY AS "PROTECTED" EXHIBITS A, B, AND E TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br><br> Consolidated Case No. 230902160 <br><br> Judge Robert P. Faust |

| Defendants. | Discovery Tier 3 |
|---|---|

2

1.              Before the Court are two motions filed by Defendants: (1) Motion to Classify as "Protected" Exhibits to Defendants' Motion to Dismiss the Complaint, filed June 24, 2024; and (2) Motion to Classify as "Protected" Exhibits A, B, and E to Defendants' Motion to Dismiss the First Amended Complaint, filed August 12, 2024.  The motions being unopposed, and good cause appearing, both motions are hereby GRANTED.  Exhibits A, B, and C to Defendants' Motion to Dismiss the Complaint and Exhibits A, B, and E to Defendants' Motion to Dismiss the First Amended Complaint are hereby classified as "protected" under Rules 4-202.02(5) and 4-202.04 of the Utah Rules of Judicial Administration.

**END OF ORDER**
**Entered as indicated by the signature above**

2.

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*Attorneys for Blue Owl Capital Corporation*      *Attorneys for Blue Owl Capital Corporation*

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **PLAINTIFF BLUE OWL CAPITAL CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> Consolidated Case No. 230902160 <br><br> Hon. Robert Faust <br><br> Discovery Tier 3 <br><br> **JURY DEMAND** |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................3

LEGAL STANDARD.............................................................................................6

ARGUMENT ..........................................................................................................6

    I.      DEFENDANTS' FORUM NON CONVENIENS ARGUMENT FAILS..............6

          A.     Plaintiff Is Entitled to Deference for Its Choice of Forum. .......................6

          B.     Defendants Do Not Identify an Adequate Alternative Forum. ...................8

          C.     The *Summa* Factors Do Not Support Transfer to New York.......................9

    II.     THE FRAUDULENT TRANSFER CLAIMS SHOULD NOT BE
          DISMISSED ..............................................................................................11

          A.     Plaintiff Did Not Ratify Defendants' Misconduct. ...................................11

          B.     Plaintiff Has Plausibly Alleged Injury.....................................................14

          C.     The FAC Adequately Alleges That an "Asset" Was Transferred.............15

    III.    THE FRAUD CLAIM SHOULD NOT BE DISMISSED.....................................17

          A.     The FAC Pleads Particularized Allegations of Fraud by All of the
               Defendants. .............................................................................................17

          B.     The Loan Agreement Does Not Bar the Fraud Claim. .............................20

          C.     Defendants' Argument Regarding Breach of Contract Is Unavailing.
               ...............................................................................................................22

          D.     Plaintiff Did Not Ratify Defendants' Fraud..............................................22

    IV.    PLAINTIFF HAS ADEQUATELY ALLEGED A CIVIL CONSPIRACY
          CLAIM.....................................................................................................23

    V.     PLAINTIFF HAS ADEQUATELY ALLEGED AIDING AND
          ABETTING FRAUD ................................................................................23

    VI.    THE UNJUST ENRICHMENT CLAIM IS ADEQUATELY PLEADED
          IN THE ALTERNATIVE .........................................................................24

CONCLUSION......................................................................................................25

# TABLE OF AUTHORITIES

Page(s)

## Cases

*11500 Space Ctr. LLC v. Priv. Cap. Grp. Inc.*,
  2022 UT App 92, 516 P.3d 750 ................................................................19, 23

*Abry Partners V, L.P. v. F & W Acq. LLC*,
  891 A.2d 1032 (Del. Ch. 2006) ...............................................................21

*Airborne Health, Inc. v. Squid Soap*,
  984 A.2d 126 (Del. Ch. 2009) .................................................................21

*Arena v. Wal-Mart Stores, Inc.*,
  221 F.R.D. 569 (D. Kan. 2004) ................................................................20

*Arndt v. First Interstate Bank of Utah, N.A.*,
  991 P.2d 584 (Utah 1999) ........................................................................21

*ASARCO LLC, et al., v. Americas Mining Corp.*,
  396 B.R. 278 (S.D. Tex. 2008) ................................................................12

*Astech-Marmon, Inc. v. Lenoci*,
  349 F. Supp. 2d 265 (D. Conn. 2004) ......................................................15

*Basis Yield Alpha Fund (Master) v. Goldman Sachs Grp., Inc.*,
  980 N.Y.S.2d 21 (2014) ...........................................................................21

*Bybee v. Abdulla*,
  2008 UT 35, 189 P.3d 40 ...........................................................................7

*Clinton v. Security Benefit Life Ins. Co.*,
  63 F.4th 1264 (10th Cir. 2023) .................................................................17

*Corales v. Sabey*,
  2003 UT App 339, 79 P.3d 974 .................................................................24

*DiTucci v. Ashby*,
  Case No. 2:19-cv-277-TC-PMW, 2020 WL 956890 (D. Utah Feb. 27, 2020) ......................24

*Diversified Striping Sys., Inc. v. Kraus*,
  2014 UT App 287, 341 P.3d 932 ...........................................................6, 8

*Ebert v. Gustin*,
  2016 WL 11663163 (N.D. Tex. May 18, 2016) ........................................15

*Edwards v. Carey*,
  2019 UT App 182, 454 P.3d 73 ............................................................9, 11

*Energy Claims Ltd. v. Catalyst Inv. Grp. Ltd.*,
  2014 UT 13, 325 P.3d 70 ....................................................................6, 7, 10

*In re Fair Finance Co.*,
   13 F.4th 547 (6th Cir. 2021) ........................................................................................15

*FGP 1, LLC v. Dubrovsky*,
   197 A.D.3d 441 (1st Dep't 2021) ...................................................................................7

*Fid. Nat'l Title Ins. v. Worthington*,
   2015 UT App 19, 344 P.3d 156 ................................................................................18, 19

*In re Food Mgm't Grp., LLC*,
   380 B.R. 677 (Bankr. S.D.N.Y. 2008) ..........................................................................15

*Frailey v. McGarry*,
   116 UT 504, 211 P.2d 840 (Utah 1949) ........................................................................13

*Frank v. Wilson & Co.*,
   32 A.2d 277 (Del. Ch. 1943) .........................................................................................12

*Freeford Ltd. v. Pendleton*,
   53 A.D.3d 32 (N.Y. 2008) ...............................................................................................8

*Gea Sys. N. Am. LLC v. Golden State Foods Corp.*,
   2020 WL 3047207 (Del. Super. June 8, 2020) .............................................................22

*George v. Urban Settlement Servs.*,
   833 F.3d 1242 (10th Cir. 2016) ........................................................................17, 18, 20

*Hanks v. Anderson*,
   Case No. 2:19-cv-00999-DBB-DAO, 2021 WL 6428041 (D. Utah Dec. 16,
   2021) ..............................................................................................................................11

*Harmony Rockaway, LLC v. Gelwan*,
   160 N.Y.S.3d 294 (2021) .................................................................................................8

*Helf v. Chevron U.S.A. Inc.*,
   2015 UT 81, 361 P.3d 63 ...............................................................................................24

*Hull v. Flinders*,
   83 UT 158, 27 P.2d 56 (Utah 1933).........................................................................11, 13

*J.R. Simplot Co. v. Sales King Int'l*,
   2000 UT 92,17 P.3d 1100 ..............................................................................................15

*Johnson v. Blendtec, Inc.*,
   500 F. Supp. 3d 1271 (D. Utah 2020)............................................................................25

*Kronenberg v. Katz*,
   872 A.2d 568 (Del. Ch. 2004)........................................................................................21

*Lillard v. Stockton*,
   267 F. Supp. 2d 1081 (N.D. Okla. 2003) .......................................................................20

*Lundstrom v. Radio Corp. of America*,
   405 P.2d 339 (1965).......................................................................................................23

*Lynch v. MacDonald*,
   367 P.2d 464, 468 (1962)........................................................................................23

*In re Lyondell Chem. Co.*,
   503 B.R. 348 (Bankr. S.D.N.Y. 2014).................................................................12

*Mower v. Simpson*,
   2012 UT App 149, 278 P.3d 1076.........................................................................24

*Nat'l Loan Inv., L.P. v. Givens*,
   952 P.2d 1067 (Utah 1998)...................................................................................14

*Northgate Vill. Dev., LC v. Orem City*,
   2014 UT App 86, 325 P.3d 123.............................................................................25

*Oakwood Vill. LLC v. Albertsons, Inc.*,
   2004 UT 101, 104 P.3d 1226................................................................................16

*Paskenta Enters. Corp. v. Cottle*,
   Case No. 1:17-cv-00033-JNP-BCW, 2018 WL 522322 (D. Utah Jan. 22,
   2018)......................................................................................................................20

*Pegasus Strategic Partners, LLC v. Stroden*,
   2016 WL 3386980 (N.Y. Sup. Ct. June 20, 2016)...................................................8

*Permasteelisa CS Corp. v. The Airolite Co.*,
   2007 WL 4615779 (S.D. Ohio Dec. 31, 2007) .....................................................15

*Peterson v. Delta Air Lines, Inc.*,
   2002 UT App 56, 42 P.3d 1253.............................................................................23

*In re Physiotherapy Holdings, Inc.*,
   2016 WL 3611831 (Bankr. D. Del. June 20, 2016).............................................12

*Pluciennik v. Vandenberg*,
   121 N.E.3d 462 (Ill. Ct. App. 2018) ..............................................................16, 17

*Pope v. Wells Fargo Bank, N.A.*,
   Case No. 2:23-cv-86-JNP-DBP, 2023 WL 9604555 (D. Utah Dec. 27, 2023),
   *report and recommendation adopted*, 2024 WL 555133 (D. Utah Feb. 9,
   2024)......................................................................................................................24

*Porenta v. Porenta*,
   2017 UT 78, 416 P.3d 487....................................................................................14

*Rawcliffe v. Anciaux*,
   416 P.3d 362 (Utah 2017)....................................................................................21

*Records v. Briggs*,
   887 P.2d 864 (Utah Ct. App. 1994).....................................................................20

*Reighard v. Yates*,
   2012 UT 45, 285 P.3d 1168..................................................................................22

*Roberts v. C.R. England, Inc.*,
   318 F.R.D. 457 (D. Utah 2017) ...................................................................10

*Rupp v. Moffo*,
   2015 UT 71, 358 P.3d 1060 .........................................................................16

*State v. Apotex Corp.*,
   2012 UT 36, 282 P.3d 66 .............................................................................17

*Summa Corp. v. Lancer Indus., Inc.*,
   559 P.2d 544 (Utah 1977) .............................................................................9

*Thurston v. Block United LLC*,
   2021 UT App 80, 469 P.3d 268 ...................................................................23

*Timothy v. Pia, Anderson, Dorius, Reynard & Moss, LLC*,
   2019 UT 69, 456 P.3d 731 ...........................................................................14

*Trifecta Multimedia Holdings Inc. v. WCG Clinical Servs. LLC*,
   — A.3d —, 2024 WL 2890980 (Del. Ch. June 10, 2024) .......................21

*In re Tronox Inc.*,
   503 B.R. 239 (Bankr. S.D.N.Y. 2013) ........................................................12

*UDAK Props. LLC v. Canyon Creek Com. Ctr. LLC*,
   2021 UT App 16, 482 P.3d 841 .................................................................7, 8

*Val Peterson Inc. v. Tennant Metals Pty. Ltd.*,
   2023 UT App 115, 537 P.3d 660 ...............................................................6, 15

*W.B. David & Co. v. DWA Commc'ns, Inc.*,
   Case No. 02-cv-8479, 2004 WL 369147 (S.D.N.Y. Feb. 26, 2004) ...........22

*Wardley Better Homes and Gardens v. Cannon*,
   2002 UT 99, 61 P.3d 1009 (Utah 2002) ......................................................18

## Statutes

Utah Code Ann. § 78B-5-301 *et seq.* ..............................................................10

Utah Code § 25-6-102(2) .................................................................................15

Utah Code § 25-6-102(3) .................................................................................14

Utah Code § 25-6-102(17) ...............................................................................15

Utah Code § 25-6-202 ......................................................................................15

Utah Code § 25-6-303(1)(a) .............................................................................15

Utah Code § 25-6-303(1)(c)(iii) .......................................................................15

Utah Code § 70-9a-314 ....................................................................................16

Utah Code § 70-A-9a-312(2)(a)................................................................................................16

Utah Code § 70A-9a-104.........................................................................................................16

## Rules

N.Y. C.P.L.R. 5401 *et seq*......................................................................................................10

Utah R. Civ. P. 8(a)..................................................................................................................6

Utah R. Civ. P. 8(e)..................................................................................................................25

# **INTRODUCTION**

This dispute arises from fraud perpetrated by Defendants—the two founders and the former private equity sponsor of Walker Edison Furniture Co. LLC ("Walker Edison" or the "Company"), as well as affiliated entities and individuals—who induced Plaintiff Blue Owl Capital into lending $300 million to Walker Edison in March 2021 based on false representations and omissions about the financial condition of the Company. Defendants then forced the Company to pay them a nearly $210 million dividend (the "Dividend") at a time when the Company was insolvent and unable to support this hefty payout. After Defendants were done, not a single cent of the loan proceeds was left in the Company. Although Defendants had enriched themselves by hundreds of millions of dollars, the Company struggled to stay afloat and could not even meet its loan covenants in the ensuing months. Acknowledging the Company's deep insolvency, Defendants ultimately agreed to the Company's equity being taken over by Plaintiff and the Company's other Lenders. Only once Plaintiff gained access to the Company's information, however, did Defendants' fraud become apparent. Now, in the words of one of the Defendants, Defendants have since "sail[ed] off into the sunset," but have not yet paid a price for their avarice, theft, and fraud.

Plaintiff, a current creditor of the Company acting under an assignment to pursue claims on behalf of all the Lenders, has brought this action for fraudulent transfer, fraud, and unjust enrichment to remedy Defendants' wrongs and recoup the hundreds of millions of dollars that Defendants stole through their scheme. Defendants have moved to dismiss the First Amended Complaint ("FAC") on a variety of grounds, all of which are meritless.

*First*, Defendants' principal argument for dismissal—forum non conveniens—fails. Defendants' conduct harmed multiple parties, each of whom is entitled to relief in Utah. In an effort to break apart this consolidated case, Defendants try to invoke a forum selection clause in the March 2021 loan agreement with Plaintiff (the "Loan Agreement"), an agreement to which they are <u>not</u> parties. In fact, the Loan Agreement expressly prohibits Defendants from invoking the Loan Agreement's forum selection clause by making clear that nonparties cannot enforce any rights under the Loan Agreement. And in any event, New York is not the proper forum because

almost none of the relevant events occurred there, none of the Defendants resides there, and none of Defendants' acts and transactions constituting the fraud and fraudulent transfers at issue actually originated from New York. Utah law requires great deference to Plaintiff's choice of forum, and judicial economy and the alleged wrongdoings involving a Utah company, Utah defendants, and Utah acts and events, make Utah the proper forum.

*Second*, Defendants' arguments to dismiss the fraudulent transfer claims also lack merit. Defendants make the remarkable argument that Plaintiff somehow "ratified" the fraudulent transfers when the gravamen of all of the allegations in the FAC are that Defendants committed fraud and Plaintiff could not and did not learn of the Company's true financial state and Defendants' fraudulent scheme until after Plaintiff and the other Lenders took over the distressed Company in early 2023. Defendants also assert that (i) Plaintiff did not suffer an injury and (ii) that Walker Edison is not currently insolvent—but (i) is contradicted by the allegations in the First Amended Complaint ("FAC") and (ii) is irrelevant as a matter of law. Finally, Defendants also attempt to dispute the FAC's allegations by asserting unpleaded facts to argue that the Dividend was "fully encumbered" by a "valid lien" under Utah's Uniform Voidable Transfer Act ("UVTA") and Uniform Commercial Code ("UCC"). But these unpleaded assertions, which are insufficient to support Defendants' argument in any event, are not cognizable on their motion to dismiss. The allegations of the FAC are directly to the contrary and must be accepted as true for purposes of deciding the motion to dismiss.

*Third*, Defendants contend that Plaintiff's fraud-based claims (including civil conspiracy and aiding and abetting fraud) should be dismissed because they are not pleaded with particularity or are otherwise barred. But as even a cursory review of the nearly 70-page FAC reveals, Plaintiff described in great detail multiple, repeated instances of misrepresentations and omissions by Defendants in March 2021 leading up to the loan and Dividend, with clear identification of the participants, their knowledge, and Plaintiff's reliance. And Defendants' creative attempts to shield themselves from liability with arguments about general merger provisions, ratification, and whether this really should be a contract-based claim are likewise unavailing. Their arguments

regarding the conspiracy and aiding abetting claims, which are adequately pleaded, are similarly meritless.

*Finally*, Plaintiff has adequately pleaded its unjust enrichment claim. Plaintiff has pleaded the unjust enrichment claim in the alternative and only to the extent it is determined there is no adequate remedy at law, as is standard practice in countless Utah cases. Because Plaintiff's claims are all sufficiently pleaded, Defendants' motion should be denied.

## BACKGROUND

In the years leading to the start of the COVID-19 pandemic in early 2020, Walker Edison—a Utah-based online furniture company—experienced success and substantial growth. FAC ¶¶ 35–37. At the time, it was run by two Utah founders—Defendants Brad Bonham and Matt Davis—and was jointly owned by Defendants Bonham, Davis, and Prospect Hill, a private equity firm. *Id.* ¶¶ 35, 39–40. Other than Defendants Bonham and Davis, the Board was stacked with Prospect Hill-affiliated Defendants, namely Defendants Damiano, Murphy, Suttin, Casella, and Fiorentino (collectively with Davis and Bonham, the "Board Defendants"). *Id.* ¶¶ 40–42.

Beginning no later than Q4 2020, Walker Edison began facing substantial profit and cash flow degradation, lacked adequate capital, and anticipated being unable to pay its debts as they became due. *Id.* ¶¶ 1, 3, 49, 52, 69–75. It was abundantly clear to management "that overseas freight and shipping costs had been skyrocketing due to pandemic-related supply chain issues" and Walker Edison was also suffering a loss in revenue due to high out-of-stock rates and low on-time delivery rates for its furniture products, among other problems. *Id.* ¶¶ 47, 54. Defendants, in fact, conceded that they did not "see ocean freight or [shipping] costs reverting," which Defendants knew would result in "reduced profitability, increased costs," and a negative impact on the EBITDA forecast for 2021. *Id.* ¶ 79. The financial situation was so dire that, by March 2021, Walker Edison management and Defendants were discussing how to deal with Walker Edison's lack of liquidity and anticipated inability to pay its debts, including by implementing a hiring freeze and short-paying vendors. *Id.* ¶¶ 80–83, 86.

These problems were compounded by a material accounting error in Walker Edison's financial statements that overstated Walker Edison's financial health and performance, and was known by Defendants. *Id.* ¶ 7. With ocean freight costs on the rise and Walker Edison's failures to accurately reflect augmented freight costs, against the backdrop of a global pandemic, Walker Edison executives repeatedly expressed alarm regarding rising costs over the next several months. *See, e.g.*, *id.* ¶¶ 48–49, 52, 69–75. Defendants were aware that the Company's financial statements did not reflect the Company's true financial position, yet sought to downplay these issues outside of the Company to avoid opening a "can of worms" with potential investors. *Id.* ¶¶ 50–53.

Because of these known financial headwinds, Defendants were eager to monetize their investment in Walker Edison, and eventually sought to extract money through a dividend recapitalization transaction, whereby the Company would take on hundreds of millions of debt, and then dividend the proceeds to Defendants. *Id.* ¶¶ 4–5. In March 2021, Defendants approached Plaintiff—a specialty finance and business development company—to serve as the administrative agent for the new loan and help fund what became a $300 million loan and nearly $210 million dividend. *Id.* ¶¶ 5–6, 9.

While Defendants were well aware of Walker Edison's current and anticipated financial struggles, they hid these problems from Plaintiff. They portrayed Walker Edison as a financially healthy company. *Id.* ¶¶ 6, 58, 60–64. The known erroneous statements made and provided by Defendants to Plaintiff included: (1) financial projections that unreasonably understated cost of goods sold, cost of shipping, gross profit, reported EBITDA, and adjusted EBITDA; (2) historical financial data that concealed the known and material accounting issue; and (3) statements about the good financial health of the Company in various diligence calls. *Id.* ¶¶ 61–65. Defendants never corrected *any* of these material misstatements, which Defendants knew were false, and continued to present a materially false and misleading picture of the Company. *Id.* ¶¶ 66, 76–78.

Plaintiff and the other Lenders justifiably relied upon the financial statements, projections, and statements made by Defendants, and thereby entered into the Loan Agreement and funded the $300 million loan. *Id.* ¶¶ 67, 89. Defendants were not signatories to the Loan Agreement but

4

caused Walker Edison to make additional misrepresentations in the Loan Agreement itself. *Id.* ¶¶ 90–97, 99.

After the parties executed the Loan Agreement, Plaintiff and the Lenders funded the loan, which the Company used to pay transaction fees, repay existing debt, and fund a nearly $210 million dividend to a Prospect Hill entity, Defendant Davis, and an entity owned and controlled by Defendant Bonham, with more distributions later to other Defendants and unknown Doe parties. *Id.* ¶¶ 103, 105, 108. Simultaneously, Defendants caused the Company to increase its loan capacity under its asset-based loan facility from $55 million to $75 million because Defendants and others at Walker Edison *knew* that the Company still needed access to more cash to maintain operations. *Id.* ¶ 104. Given the financial difficulties described above, the Company was insolvent at the time of, and as a result of, the Dividend. *Id.* ¶¶ 122–30.

Following the closing of the Loan Agreement and issuance of the Dividend, the Company missed the projections that Defendants presented to Plaintiff by a material margin. *Id.* ¶ 116. Yet this negative development was consistent with the Company's true financial position, which was known to Defendants and not disclosed to Plaintiff. *Id.* ¶ 118. Within four months of the Dividend, Defendants had informed Plaintiff and the Lenders that the Company was in danger of breaching its loan covenants due to poor financial performance. *Id.* ¶¶ 128–30. Within five months, Defendants told Plaintiff and the Lenders that the Company was experiencing a liquidity crisis. *Id.* ¶ 129. Within six months, the Company had breached a covenant under the Loan Agreement. *Id.* ¶ 129. These financial struggles continued until January 2023, when Defendants acknowledged that Walker Edison would not be able to survive without more drastic action. *Id.* ¶ 131. Therefore, through a Restructuring Support Agreement, Defendants turned over ownership of the Company to Plaintiff and the other Lenders. *Id.* ¶¶ 131–32. Only after Defendants relinquished control over Walker Edison did Plaintiff come to understand the extent of the problems that existed and were known by Defendants *prior* to the Loan Agreement and determine that Plaintiff and the other Lenders had been fraudulently induced to loan $300 million to a faltering company. *Id.* ¶¶ 133, 135.

As a result of Defendants' wrongful conduct, Plaintiff now asserts fraudulent transfer, civil conspiracy, fraud, aiding and abetting fraud, and unjust enrichment claims against Defendants. This case has been consolidated for discovery purposes with an action brought by Walker Edison itself against the same Defendants relating to similar factual circumstances.

In March 2023, Walker Edison brought suit against all Defendants in this Court. After the parties participated in a mediation, during which time Plaintiff's claims were tolled, Plaintiff filed this action on April 24, 2024. On June 24, 2024, Defendants filed a motion to dismiss. In July 2024, this Court consolidated the two cases for discovery purposes. On July 12, 2024, Plaintiff filed the FAC under Utah Rule of Civil Procedure 15(a). On August 12, 2024, Defendants filed this motion to dismiss.

## LEGAL STANDARD

A complaint is sufficient as long as it "contain[s] a short and plain: (1) statement of the claim showing that the party is entitled to relief; and (2) demand for judgment for specified relief." Utah R. Civ. P. 8(a). When evaluating a motion to dismiss a complaint under Rule 12(b)(6), the court must "accept the factual allegations in the complaint as true and interpret those facts, and all reasonable inferences drawn therefrom, in a light most favorable to the plaintiff as the nonmoving party." *Val Peterson Inc. v. Tennant Metals Pty. Ltd.*, 2023 UT App 115, ¶ 20, 537 P.3d 660.

## ARGUMENT

### I.    DEFENDANTS' FORUM NON CONVENIENS ARGUMENT FAILS

Defendants argue first that the Court should dismiss this consolidated action on forum non conveniens grounds and that Plaintiff should have to refile the case in New York. Defendants' Motion to Dismiss ("Mot.") at 9. This argument ignores Utah law, and Defendants have no basis to override Plaintiff's preferred forum, which is entitled to deference.

### A.    Plaintiff Is Entitled to Deference for Its Choice of Forum.

When analyzing a motion to dismiss on forum non conveniens grounds, the first step requires that the court "determine whether the plaintiff's choice of forum is entitled to deference." *Diversified Striping Sys., Inc. v. Kraus*, 2014 UT App 287, ¶ 8, 341 P.3d 932 (quoting *Energy*

*Claims Ltd. v. Catalyst Inv. Grp. Ltd.*, 2014 UT 13, ¶ 26, 325 P.3d 70).  Plaintiff brought this action in Utah based on this lawsuit's "bona fide connection to" Utah.  *Energy Claims*, 2014 UT 13, ¶ 33. Walker Edison, the borrower at the center of this lawsuit, is based in Utah, as are its current and former employees.    Defendants'  conduct  in  Utah—including  those  of  the  Utah-based Defendants—and elsewhere resulted in Plaintiff extending a loan to Walker Edison in Utah.  After the $300 million was paid to Walker Edison, Defendants then used the majority of the proceeds to issue the Dividend, which was directly received by three Defendants—two of whom are based in Utah.  Based on these circumstances, many of the relevant witnesses and much of the evidence will be located in Utah.  This bona fide connection to Utah is a "legitimate reason[]" for bringing suit here, and Plaintiff's selection of forum is entitled to "greater deference."  *Id.* ¶ 32.

Defendants seek to override this bona fide connection, arguing that the Loan Agreement between Plaintiff and Walker Edison contains a New York forum selection clause.  Mot. at 11. But non-signatories—like Defendants—cannot enforce the Loan Agreement, including the forum selection clause.  Mot., Ex. A § 10.04(a) ("Nothing in [the Loan] Agreement …, express or implied, shall be construed to confer upon any person"—other than the parties and their assigns— any "legal or equitable right, remedy, or claim under or by reason of this Agreement.").  Whether construed under Utah or New York law, this "explicit no-third-party beneficiary clause" precludes Defendants from "seek[ing] to enforce its terms."  *FGP 1, LLC v. Dubrovsky*, 197 A.D.3d 441, 443 (1st Dep't 2021); *see Bybee v. Abdulla*, 2008 UT 35, ¶ 36, 189 P.3d 40 (contract must "clearly express an intention 'to confer a separate and distinct benefit' on the third party").

In an effort to circumvent Section 10.04(a)'s express bar, Defendants argue that it cannot be a "broad" "no third-party beneficiary" clause because an unrelated section—Section 9.01(a)— also prohibits third-party enforcement and therefore Plaintiff's interpretation would render Section 9.01(a) superfluous.  Mot. at 12.  This argument misconstrues the two provisions, which can be read in "harmon[y]" and without "rendering any provision meaningless."  *UDAK Props. LLC v. Canyon Creek Com. Ctr. LLC*, 2021 UT App 16, ¶ 18, 482 P.3d 841.  Section 9.01(a) states that the provisions of Article 9 "are solely for the benefit of the Administrative Agent and the Lenders,

and neither the *Borrower* nor *any other Credit Party* shall have rights as a third party beneficiary." Mot., Ex. A § 9.01(a) (emphasis added).   In other words, Walker Edison and the other Credit Parties, despite being *signatories*, cannot enforce the specific rights enumerated in Article 9. Section 10.04(a), on the other hand, eliminates *non-signatories* from seeking to enforce the Loan Agreement's provisions more broadly—barring third-party enforcement of any provision in the Loan Agreement by "any person," except for "the parties" to the Loan Agreement and "their respective successors and assigns."  Mot., Ex. A § 10.04(a).  Therefore, a plain reading of Section 10.04(a)—which prevents Defendants from enforcing the forum selection clause—does not render Section 9.01(a) "meaningless."  *UDAK Props.*, 2021 UT App 16, ¶ 18.

Defendants also claim that they can enforce the forum selection clause because they are "closely related" to the signatories to the Loan Agreement, citing two New York cases.  Mot. at 12 (citing *Pegasus Strategic Partners, LLC v. Stroden*, 2016 WL 3386980 (N.Y. Sup. Ct. June 20, 2016) and *Freeford Ltd. v. Pendleton*, 53 A.D.3d 32 (N.Y. 2008)).  But neither cited case involved a specific provision like Section 10.04(a) that *bars* non-signatory enforcement.  As courts have explained, the "fundamental objective in interpreting a contract is to determine the parties' intent from the language employed."  *Harmony Rockaway, LLC v. Gelwan*, 160 N.Y.S.3d 294, 296 (2021).  The Court should reject Defendants' attempt to have it ignore Section 10.04(a) and override express contractual terms.

## B.    Defendants Do Not Identify an Adequate Alternative Forum.

The second step asks whether an "adequate alternative forum" exists.  *Diversified Striping Sys., Inc. v. Kraus*, 2014 UT App 287, ¶ 8, 341 P.3d 932.  Even if the Court does not defer to Plaintiff's chosen forum, Defendants hardly address this step.   Their sole argument is the conclusory statement that "the state and federal courts in New York, New York" are adequate alternative forums, citing a case that does not conduct any analysis into this step.  Mot. at 12. Defendants have therefore failed to provide the Court with a sufficient basis to satisfy this step.

### C.    The *Summa* Factors Do Not Support Transfer to New York.

Even if Defendants satisfy the first two steps—which they have not—the third step requires that a court "analyze and weigh" the *Summa* factors: (1) "the location of the primary parties"; (2) "where the fact situation creating the controversy arose"; (3) "the ease of access to proof, including the availability and costs of obtaining witnesses"; (4) "the enforceability of any judgment"; (5) the burdens on "the court in question in litigating matters which may not be of local concern"; (6) "the practical burden plaintiffs will face in filing a new action after dismissal"; and (7) any other "relevant considerations." *Id.* (quoting *Summa Corp. v. Lancer Indus., Inc.*, 559 P.2d 544, 546 (Utah 1977)).  Defendants fail to demonstrate that "the *Summa* factors *strongly* outweigh the deference owed to [Plaintiff's] choice." *Edwards v. Carey*, 2019 UT App 182, ¶ 29, 454 P.3d 73.

The Location of the Primary Parties.  More primary parties are in Utah than New York. Defendants concede "the Founder Defendants and [Walker Edison] are physically located in Utah."  Mot. at 13; FAC ¶¶ 1, 14–16.  None of the other Defendants are located in New York. FAC ¶¶ 23–33.  Only *one* of the sixteen primary parties—Plaintiff—is based in New York, and that party has chosen to litigate in Utah.  FAC ¶ 19.  This factor weighs against dismissal.

Where the Situation Creating the Controversy Arose.  The allegations make clear that this controversy arose in Utah.  This case revolves around a Utah-based company, its financials, and knowledge of its performance by its employees and owners.  While the case may involve some "communications among individuals in New York or Massachusetts," Mot. at 13, this does nothing to establish that the controversy relating to a $300 million loan to a Utah-based company and subsequent distribution of those funds to multiple Utah-based individuals does not belong in Utah state court.  Defendants point to no allegations of conduct occurring in New York, let alone that the gravamen of the controversy is anywhere but Utah.  This factor does not favor dismissal.

Ease of Access to Proof.  Many relevant witnesses will be in Utah, not New York.  Walker Edison, many of its current and former employees, and the Founder Defendants all live or are based in Utah and are expected to provide evidence in this case.  In addition, the consolidated

*Walker Edison* action will rely on overlapping evidence and witnesses, and therefore any concern about accessing proof from Walker Edison or Defendants in this Court is nonexistent. In fact, many of the individuals identified in the initial disclosures in the consolidated *Walker Edison* case are based in Utah. Defendants identify no obstacle to obtaining access to Plaintiff's representatives for deposition testimony or trial testimony based on location. Lastly, any electronically stored information, like the communications between the New York-based Defendants and Plaintiff, will not pose a burden because "in today's world litigants can easily transport electronic documents to virtually any forum of litigation." *Energy Claims*, 2014 UT 13, ¶ 29. Accordingly, this factor weighs against dismissal.

The Enforceability of Any Judgment Obtained. This factor is neutral and does not weigh in favor of dismissal. Courts routinely enforce judgments entered in other states, and states often enact statutes governing the enforcement of out-of-state judgments. *See, e.g.*, Utah Code Ann. § 78B-5-301 *et seq.*; N.Y. C.P.L.R. 5401 *et seq.*

Burden on a Utah Court. "If a plaintiff chooses Utah for legally legitimate reasons … then the burden on the court in question carries little weight." *Energy Claims*, 2014 UT 13, ¶ 40. Here, Plaintiff has legitimate reasons for choosing this forum given the factual connections. *See supra* Section I.A. And Utah courts plainly have an interest in resolving a dispute arising out of fraudulent conduct by Utah defendants involving a Utah-based company. *See Roberts v. C.R. England, Inc.*, 318 F.R.D. 457, 494 (D. Utah 2017) ("Utah … ha[s] an interest in regulating business opportunity schemes" and "an interest in regulating its companies.").

Defendants fail to point to any potential burdens on a Utah court and instead focus on New York's alleged interest in enforcement of the forum selection clause of the Loan Agreement. Mot. at 13. But New York's interest is not relevant to this *Summa* factor. This factor favors Plaintiff.

Other Considerations. There are two additional considerations that weigh against dismissal. First, dismissal will put a significant and unfair burden on Plaintiff—forcing Plaintiff to go through the "total process in another state of … getting the action under way." *Energy Claims*, 2014 UT 13, ¶ 37 (internal quotations omitted). This consideration is a powerful one:

10

even when the "totality of the *Summa* considerations weighing in favor of dismissal only slightly outweighed" the "inconvenience dismissal of the suit would cause" a party, it is still "insufficient" to warrant dismissal. *Edwards*, 2019 UT App 182, ¶ 32.  That Defendants state they will "consent to suit in New York," Mot. at 13, is irrelevant.  To the contrary, the fact that they believe their consent would be needed to obtain personal jurisdiction in New York underscores why this case should remain in Utah.

Second, this is one of two consolidated cases pending before this Court.  The consolidated *Walker Edison* case has a similar underlying factual background as this case, Defendants in both cases are identical, and many of the claims have substantial overlap.  Counsel are likewise identical: Plaintiffs and Defendants are represented by the same firms in both actions.  Pursuing related cases in different forums will result in a waste of resources and risk conflicting rulings or judgments.

## II.    THE FRAUDULENT TRANSFER CLAIMS SHOULD NOT BE DISMISSED

Defendants next assert that the fraudulent transfer claims under Utah's UVTA fail because, they argue, Plaintiff ratified the fraudulent transfers, the FAC does not plead that any "asset" was transferred, and Plaintiff has not suffered a cognizable injury.[1]  All three arguments fall flat.

### A.    Plaintiff Did Not Ratify Defendants' Misconduct.

Defendants' primary argument is that Plaintiff's fraudulent transfer claims are barred because Plaintiff knew how the loan proceeds would be used.  *See* Mot. at 14–16.  These arguments misstate the ratification defense and ignore the FAC's allegations.

There can be no ratification where the party in question was not "fully informed of the fraud." *Hull v. Flinders*, 83 UT 158, 27 P.2d 56, 58 (Utah 1933).  Where a creditor does not "knowingly g[i]ve sanction to the fraudulent conveyances complained of," there can be no

---

[1] To the extent Defendants contend that the claims fail because they do not meet Rule 9(c)'s heightened pleading standard, that standard does not apply to constructive fraudulent transfer claims.  *Hanks v. Anderson*, Case No. 2:19-cv-00999-DBB-DAO, 2021 WL 6428041, at *8 (D. Utah Dec. 16, 2021).  Further, for the same reasons discussed, *infra*, regarding the fraud allegations, this argument fails.

ratification. *In re Tronox Inc.*, 503 B.R. 239, 276 (Bankr. S.D.N.Y. 2013); *see Frank v. Wilson & Co.*, 32 A.2d 277, 283 (Del. Ch. 1943) (holding that the defendant must first show that the plaintiff had "knowledge, actual or imputed, of all material facts"); *ASARCO LLC, et al., v. Americas Mining Corp.*, 396 B.R. 278, 428 (S.D. Tex. 2008) (ratification requires "inten[t] to ratify a wrongful act" and "full knowledge of all material facts."). Because Plaintiff was not fully informed of Defendants' fraud when it loaned the funds, there can be no ratification. *E.g.*, FAC ¶¶ 163–173.

Defendants' argument relies on a misunderstanding of the FAC's theory and mistakenly focuses on Plaintiff's knowledge about the intended *use* of the proceeds. But Plaintiff's theory is that it was "misled into lending money to a company whose financial health was poorer than represented," *In re Physiotherapy Holdings, Inc.*, 2016 WL 3611831, at *12 (Bankr. D. Del. June 20, 2016), and was misled into agreeing to the subsequent Dividend. *See* FAC ¶¶ 2, 7–8, 58–68. Plaintiff and the Lenders "justifiably relied upon" Defendants' misleading statements and projections regarding Walker Edison, and the reality of the Company's financial position was not "disclosed to Blue Owl and the other Lenders." FAC ¶¶ 67–68. This fraud was later reinforced when the Board Defendants caused Defendant Walker Edison Holding to deliver an Omnibus Written Consent to Plaintiff that Plaintiff was entitled to rely upon the terms of the Loan Agreement (which contained false and misleading representations) and also "falsely represent[ed] that Walker Edison would not be rendered insolvent as a result of" the issuance of the Dividend. *Id.* ¶ 99.

Defendants' novel theory would seek to preclude all fraudulent transfer claims so long as the lender had some knowledge of the intended *use* of loan proceeds, even if the omitted material facts related to *other* aspects of the transaction, such as a borrower's financial status, that were critical to obtain the lender's consent. That is not the law, and, in support of their argument, Defendants cite only a single inapposite case—*In re Lyondell Chem. Co.*, 503 B.R. 348 (Bankr. S.D.N.Y. 2014). There, a litigation trust brought fraudulent transfer claims on behalf of lenders, alleging the lenders were unaware of *how the proceeds would be used*. *Id.* at 384–85. The Court

rejected these claims because the loan documents explained how the proceeds would be used but noted that "more nuanced knowledge might be necessary to establish ratification in other contexts." *Id.* Because Plaintiff's theory is not that it was unaware of how its loan proceeds would be *used*, but rather that it was unaware of the true financial condition of the Company due to Defendants' fraud, *In re Lyondell* is irrelevant.

Further, contrary to Defendants' argument, Plaintiff's post-dividend conduct also did not constitute ratification. The "full extent of [Defendants'] fraud" and Walker Edison's insolvency at the time of the Loan Agreement was only discovered by Plaintiff in 2023 after a Restructuring Support Agreement ("RSA") was executed transferring control of Walker Edison to Plaintiff. FAC ¶ 135. Plaintiff's awareness of Walker Edison's financial struggles in the months *after* the close of the Loan Agreement does not create any reasonable inference that Plaintiff was "fully informed of" Walker Edison's financial status at the time of the Loan Agreement and Dividend, *Hull*, 27 P.2d at 58, nor does it create a reasonable inference that Plaintiff had "learn[ed] the truth" of Defendants' fraud in 2021 after funding the New Secured Loan, *Frailey v. McGarry*, 116 UT 504, 211 P.2d 840, 844–45 (Utah 1949). Such inferences run directly contrary to the allegations of the FAC—and common sense. For example, the FAC contains numerous allegations reflecting Defendants' misrepresentations and concealments regarding Walker Edison's dire financial straits and cites several internal communications and emails between former employees of Walker Edison leading up to the Loan Agreement. *See* FAC ¶¶ 49–52, 54–55, 57–59, 61–77, 79, 81–87. As alleged in the FAC, these communications reflected Walker Edison's true financial position, which contrasted sharply with the financial statements presented to Plaintiff. Plaintiff did not have access to these communications, and was unaware of their existence, until after Plaintiff took over Walker Edison in early 2023. *Id.* ¶ 135.

Nor does the execution of the RSA amount to ratification—the parties entered into the RSA to save Walker Edison from bankruptcy, and nothing about the RSA suggests that it somehow amounts to ratification of the fraudulent transfer from two years earlier.

**B.      Plaintiff Has Plausibly Alleged Injury.**

The purpose of the UVTA "is to prevent insolvent debtors from transferring all of their assets to avoid their creditors' claims, and to provide a means whereby creditors can collect against a fraudulently transferred asset." *Porenta v. Porenta*, 2017 UT 78, ¶ 13, 416 P.3d 487.  Because the UVTA "is remedial in nature, it should be liberally construed." *Nat'l Loan Inv., L.P. v. Givens*, 952 P.2d 1067, 1069 (Utah 1998).

Defendants argue that the fraudulent transfer claims fail because Walker Edison is currently able to satisfy its obligations and is not currently insolvent.  Mot. at 17.  This position misstates the law.  For a fraudulent transfer claim, a plaintiff need only allege that it is a creditor, which is "broadly define[d] … to mean any person who has a claim." *Givens*, 952 P.2d at 1069.  As Defendants point out, where a debt has been fully satisfied, a plaintiff can "no longer obtain a remedy under the" UVTA. *Timothy v. Pia, Anderson, Dorius, Reynard & Moss, LLC*, 2019 UT 69, ¶¶ 18, 26, 456 P.3d 731.  However, nowhere does Plaintiff allege that the $300 million debt associated with the New Secured Loan has been satisfied; to the contrary, Plaintiff alleges that, while some of the New Secured Loan was written off at the time of the change-in-control transaction to keep the Company afloat, "a significant portion" of the New Secured Loan was retained.  FAC ¶ 132.  Moreover, the FAC expressly alleges that Plaintiff is still owed over $160 million across all loans and has suffered an injury. *Id.* ¶ 19.

Defendants also point to no caselaw in support of their argument that Walker Edison must be alleged to be *presently* unable to satisfy its obligations to Plaintiff, and this argument expressly contradicts the UVTA.  A "creditor" is entitled to bring a fraudulent transfer claim, and a "claim" under the UVTA includes "a right to payment," regardless of whether that "right is … contingent, matured, [or] unmatured."  Utah Code § 25-6-102(3).  In other words, Walker Edison does not need to be behind on current obligations for Plaintiff, a current creditor, to have actionable fraudulent transfer claims based on the Dividend transaction occurring in March 2021.  In any event, as alleged in the Complaint, Walker Edison has *continued* to need additional debt infusions after the change-in-control transaction.  FAC ¶ 134.

Defendants also imply that Plaintiff can only seek to avoid a transfer "to the extent necessary to satisfy" its claims.  Mot. at 17.  Again, Defendants rely on half-truths: the UVTA allows creditors to avoid transfers "to the extent necessary to satisfy the creditor's claims" ***and to obtain***, among other potential relief, "any other relief that the circumstances may require."  Utah Code § 25-6-303(1)(a), (c)(iii).  Moreover, Defendants' argument is not a pleading argument cognizable on a motion to dismiss, but instead an argument about what the appropriate *amount* of *damages* should be, assuming liability is proven, and therefore "is not properly raised in a 12(b)(6) motion to dismiss." *Ebert v. Gustin*, 2016 WL 11663163, at *8 (N.D. Tex. May 18, 2016) (denying 12(b)(6) motion seeking to limit the amount of damages in fraudulent transfer claims); *e.g.*, *In re Food Mgm't Grp., LLC*, 380 B.R. 677, 700 (Bankr. S.D.N.Y. 2008) ("On a Rule 12(b)(6) motion, the Court need only address whether the facts alleged in the complaint demonstrate any damages."); *Astech-Marmon, Inc. v. Lenoci*, 349 F. Supp. 2d 265, 271 (D. Conn. 2004) (need not plead damages "with mathematical precision").

### C.    The FAC Adequately Alleges That an "Asset" Was Transferred.

Defendants also urge the Court to rely on additional, unpleaded facts to support their argument that the fraudulent transfer claims must be dismissed because no "asset" was transferred. Defendants ignore the allegations in the FAC, which the court must accept as true.  *Val Peterson Inc. v. Tennant Metals Pty. Ltd.*, 2023 UT App 115, ¶ 20, 537 P.3d 660.  The Court cannot rely on unpleaded assertions from Defendants that contradict the Complaint's allegations.  *Id.*

Under Utah's UVTA, avoidable transfers require the transfer of an "asset."  Utah Code § 25-6-202.  The definition of "asset" excludes property "to the extent it is encumbered by a valid lien."  Utah Code § 25-6-102(2).  A valid lien "equates to a perfected security interest." *Permasteelisa CS Corp. v. The Airolite Co.*, 2007 WL 4615779, at *6 (S.D. Ohio Dec. 31, 2007); *see* Utah Code § 25-6-102(17) (a valid lien is a "lien that is effective against the holder of a judicial lien"); *In re Fair Finance Co.*, 13 F.4th 547, 557 (6th Cir. 2021) ("[A] perfected security interest is by definition a 'valid lien.'").  "Perfection means that the security party has taken all the steps required under [the UCC] to bring the interest to completion and establish a priority." *J.R. Simplot*

*Co. v. Sales King Int'l*, 2000 UT 92, ¶ 22,17 P.3d 1100. Finally, in order to not be an "asset" for UVTA purposes, the property must be "fully encumbered" by the valid lien—that is encumbered in its *entirety* and not partially. *See Rupp v. Moffo*, 2015 UT 71, ¶ 15, 358 P.3d 1060; *Pluciennik v. Vandenberg*, 121 N.E.3d 462, 466–67 (Ill. Ct. App. 2018) ("[T]he value of the property in excess of a valid lien encumbering the property is an asset."). In other words, a mere lien or security interest is not enough to disqualify transferred proceeds as an "asset" under the UVTA—such lien or security interest must cover *the entirety of the proceeds* and must be valid, meaning *perfected*.

The FAC alleges that funds used for the Dividend "were not fully encumbered by valid liens when transferred from the Company's accounts," the liens associated with the New Secured Loan "were not perfected prior to the Dividend," and therefore that the funds used for the Dividend were an "asset" under the UVTA. FAC ¶¶ 103–104. These allegations, which Plaintiff will prove in the future, alone are enough to deny Defendants' argument.

Attaching to their Motion a series of documents outside the four corners of the FAC, including security agreements and financing statements, *e.g.,* Mot. at 18-19, Exs. B-E, Defendants argue that there was a valid lien over the accounts where the cash for the Dividend was kept. These documents cannot be considered because they are not "referred to in the complaint." *Oakwood Vill. LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 13, 104 P.3d 1226. But even if considered, they do nothing to prove the cash used to pay the Dividend was not an "asset," for purposes of the UVTA. Defendants admit that perfection of a security interest in a deposit account, like Walker Edison's deposit account from which Defendants transferred the Dividend, requires "control," Motion at 18-19 & n. 4, but they neglect to point out to the Court that under the UVTA it "may be perfected *only* by control" under Utah Code Section 70-9a-314. *See* Utah Code § 70-A-9a-312(2)(a) (emphasis added). Defendants ignore that Section 70-9a-314 requires a Deposit Account Control Agreement (or "DACA") for third party creditors like Plaintiff to have "control" over funds in a deposit account. Utah Code § 70-9a-314 (incorporating Utah Code § 70A-9a-104, which requires a DACA, i.e., an authenticated agreement requiring a bank to follow the creditor's instructions without the consent of the accountholder). The documents Defendants attach to their Motion are

not DACAs and could not be sufficient to establish control by Plaintiff over any bank deposit account held by Walker Edison into which the Dividend proceeds were deposited.  Further, even assuming the existence of any perfected security interest held by Wells Fargo, the bank with custody of the deposit account—something that is not pleaded or referenced in the FAC—Defendants have no basis to assert that any resulting valid lien covered all of the $210 million in cash used to fund the Dividend, *see Pluciennik*, 121 N.E.3d at 466–67.  Therefore, Defendants' improperly submitted documents—which should not be considered on this motion to dismiss—do not support their arguments that the cash used to fund the Dividend was not an "asset" for UVTA purposes.

## III.    THE FRAUD CLAIM SHOULD NOT BE DISMISSED

### A.    The FAC Pleads Particularized Allegations of Fraud by All of the Defendants.

Defendants attempt to brush away the extensive fraudulent scheme laid out across the 70-page FAC by asserting that the fraud claim is not pleaded with particularity.  This is false.  The FAC alleges repeated and detailed instances of fraud by Defendants that satisfies Rule 9(c)'s pleading standards.  Even under Rule 9(c), fraud claims will survive as to all defendants so long as there are at least some instances of specific dates and times such that the "allegations, taken as a whole, sufficiently apprise [a defendant] of its alleged role in the overall scheme."  *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1257 (10th Cir. 2016); *see Clinton v. Security Benefit Life Ins. Co.*, 63 F.4th 1264, 1280 (10th Cir. 2023) (reversing dismissal of fraud-based claims under *George* because the allegations "taken as a whole" apprised defendants of their "involvement in the alleged fraudulent conduct"); *State v. Apotex Corp.*, 2012 UT 36, ¶ 28, 282 P.3d 66 ("[P]laintiffs need not plead every instance and detail of every false claim allegedly part of a widespread fraudulent scheme.").  Plaintiff satisfies this burden.

The FAC alleges numerous instances where the Defendants, in concert with each other, relayed fraudulent information to Plaintiff.  *E.g.*, FAC ¶¶ 49, 53, 57–59, 65–68, 76–77, 83, 85–86, 90–101.  Defendants do not meaningfully dispute this.  Defendant Casella, for example, sent financial models to Plaintiff on March 13, 2021 that, among other things, contained fraudulent

representations regarding Cost of Goods Sold, Cost of Shipping, Gross Profit, and EBITDA.  *Id.* ¶¶ 61–62.  Defendant Casella, at the behest of the other Defendants, also sent historical financial data to Plaintiff on March 16, 2021 that contained the known material accounting error.  *Id.* ¶¶ 64–65.  These were far from "anodyne," as this information was the basis for Plaintiff's $300 million investment.  This alone is a basis to reject Defendants' argument.

In addition, the FAC alleges that all of the Board Defendants participated in meetings and approved presentations conveying false information and used their authority to cause Walker Edison to make multiple misrepresentations in the Loan Agreement.  *Id.* ¶¶ 90–94, 99–101.  The FAC also alleges how the Board Defendants acted as the agents of all other Defendants, who also themselves ratified, conspired, and aided and abetted the fraud, and these allegations are also sufficient to plead all of the Defendants' direct and vicarious liability for fraud.  *See Wardley Better Homes and Gardens v. Cannon*, 2002 UT 99, ¶ 19, 61 P.3d 1009, 1015–16 (Utah 2002); FAC ¶¶ 99–101, 157–62, 166–67, 175–79.  These allegations sufficiently apprise each Defendant of their "personal participation in fraud," *Fid. Nat'l Title Ins. v. Worthington*, 2015 UT App 19, ¶ 12, 344 P.3d 156; *George*, 833 F.3d at 1257.  A brief list of some additional alleged fraudulent acts are below:

- On March 14, the PHGP Defendants held a sponsor diligence call with Plaintiff in which Defendant Casella "falsely represented that [Defendants] were confident that EBITDA would continue to demonstrate strong growth in 2021."  *Id.* ¶ 63.

- The Board Defendants approved and sent a memo to Plaintiff that misleadingly stated that Walker Edison has "since worked through" its "unprecedented supply chain challenges" and the "January 2021 performance recovered well from December 2020."  *Id.* ¶ 78.  The Board Defendants "caused or approved" these false representations to be placed in the memo, which "represente[d] and warrant[ed]" that the memo did "not contain any untrue statement of a material fact or omit to state a material fact."  *Id.*

- The Board Defendants caused Walker Edison to make fraudulent statements in the Loan Agreement.  This included, for example, representing that historical financial statements

presented fairly the financial condition of the Company and that no financial statements contained a material misstatement of fact, even though they misstated key metrics like EBITDA and freight costs. *Id.* ¶ 91. The Board Defendants also caused Walker Edison to represent that all projections were prepared in good faith and "utilized only assumptions believed by it to be reasonable," even though they *knew* that the financial projections were false. *Id.* ¶ 93.

- The Board Defendants further ratified the fraud committed by Defendants when they caused Defendant Walker Edison Holding to deliver a March 31, 2021 Omnibus Written Consent to Plaintiff in connection with the Loan Agreement that "falsely represent[ed] that Walker Edison would not be rendered insolvent as a result of" the Dividend. *Id.* ¶ 99.

The FAC also alleges that Defendants engaged in actionable fraudulent *omissions*. For example, the FAC alleges that Defendants Fiorentino, Casella, and Damiano clearly understood and reinforced among each other at the end of 2020 that freight costs were "way up" and that "future rates [were] up in the air." *Id.* ¶¶ 51–52. Defendants Bonham and Davis exchanged complaints over how the company "[expletive] December this badly." *Id.* ¶ 55. The Founder Defendants and the PHGP Defendants were also aware of the accounting issue, yet "failed to remediate or disclose it [to Plaintiff] prior to the Dividend." *Id.* ¶¶ 49, 65. Despite Defendants' deep awareness of the company's financial turmoil over the course of months, on March 10, 2021, "PHGP Defendants, led by Defendant Fiorentino, reached out to principals at Blue Owl about a potential investment in Walker Edison" and *never* provided full disclosure of the financial status of the Company. *Id.* ¶ 60.

Defendants' argument that the FAC must list the specific representative of Plaintiff who received each representation is baseless. One of the "reasons for requiring particularity about the identities of both the speaker and the recipient is that this information is necessary for the defendant to be able to investigate." *11500 Space Ctr. LLC v. Priv. Cap. Grp. Inc.*, 2022 UT App 92, ¶ 59, 516 P.3d 750. Here, the fraud allegations are pleaded with sufficient particularly to allow Defendants to conduct their investigation. Regardless, courts in the Tenth Circuit, when applying

the federal equivalent of Rule 9(c), focus "the identify of the party *making* the false statements." *George*, 833 F.3d at 1254 (emphasis added); *see Arena v. Wal-Mart Stores, Inc.*, 221 F.R.D. 569, 572 (D. Kan. 2004); *Lillard v. Stockton*, 267 F. Supp. 2d 1081, 1113 (N.D. Okla. 2003).  But again, the FAC provides extensive detail—including direct quotes—about the false statements made and the Defendants that made them or are responsible for them.   The fraud allegations are pleaded with sufficient particularity to satisfy Rule 9(c)'s requirements and Defendants' motion on this ground should be rejected.

**B.      The Loan Agreement Does Not Bar the Fraud Claim.**

Defendants next contend that the Loan Agreement's "merger" clause (Section 10.06) precludes fraud claims because it supposedly disclaims Plaintiff's reliance on another party's representations.  Mot. at 20.  First, Defendants cannot enforce the Loan Agreement as nonparties. *See supra* Section I.A.  Second, Defendants read into the Loan Agreement anti-reliance language that does not exist.  Section 10.06 does not contain any anti-reliance language.  It is a boilerplate provision that states that the Loan Agreement "constitute[s] the entire contract among the parties relating to the subject matter hereof and supersede[s] any and all previous agreements and understandings, oral or written, relating to the subject matter hereof."  This provision contains no disclaimer of reliance on Defendants' fraudulent misrepresentations or omissions.

A merger clause like the one in the Loan Agreement cannot bar a fraud claim.  Under Utah law,[2] Defendants cannot use this type of merger clause to immunize themselves from liability, especially for fraud.  *See, e.g.*, *Paskenta Enters. Corp. v. Cottle*, Case No. 1:17-cv-00033-JNP-BCW, 2018 WL 522322, at *5 (D. Utah Jan. 22, 2018) (holding that under Utah law parties "may not directly defeat a fraudulent inducement claim by including a release in the contract" or "by including a non-reliance provision").  New York law likewise bars defendants to rely on a merger

---

[2] Utah courts apply the "most significant relationship" test in determining which state's law applies in tort actions.  *See Records v. Briggs*, 887 P.2d 864, 867-68 (Utah Ct. App. 1994).  For the same reasons discussed, *supra*, regarding Defendants' forum non conveniens arguments, including the alleged Utah-based acts relating to a Utah-based company and involving Utah-based defendants, Utah has the most significant relationship to the claims and Utah law applies in this action.

clause when the misrepresented facts are peculiarly within the seller's knowledge.  *See Basis Yield Alpha Fund (Master) v. Goldman Sachs Grp., Inc.*, 980 N.Y.S.2d 21, 29–30 (2014).  Delaware law—which Utah courts often look to on corporate law issues[3]—also refuse to bar fraud claims based on "so-called merger or integration clauses that do not clearly state that the parties disclaim reliance upon extra-contractual statements." *Abry Partners V, L.P. v. F & W Acq. LLC*, 891 A.2d 1032, 1058–59 (Del. Ch. 2006); *see Kronenberg v. Katz*, 872 A.2d 568, 593 (Del. Ch. 2004); *Airborne Health, Inc. v. Squid Soap*, 984 A.2d 126, 141 (Del. Ch. 2009); *Trifecta Multimedia Holdings Inc. v. WCG Clinical Servs. LLC*, — A.3d —, 2024 WL 2890980, at *10 (Del. Ch. June 10, 2024).  And no express disclaimers exist here.[4]

Nor can Defendants rely upon any independent investigation undertaken by Plaintiff and the other Lenders to exculpate their liability under Section 9.07 of the Loan Agreement. Defendants assert that, based on Section 9.07 of the Loan Agreement, Plaintiff's ability to investigate immunizes any fraud Defendants allegedly committed.  Again, Defendants are barred from enforcing Section 9.07, *see supra* Section I.A, and Utah, New York, and Delaware law all reject the use of such provisions to immunize Defendants from fraud.

---

[3] *See Rawcliffe v. Anciaux*, 416 P.3d 362, 370 (Utah 2017); *Arndt v. First Interstate Bank of Utah, N.A.*, 991 P.2d 584, 589 (Utah 1999).

[4] In any event, many of the misrepresentations and omissions are premised upon false representations in the Loan Agreement, including Sections 3.04(a), 3.04(b), 3.13(b), and 3.15, and Defendants' arguments about disclaimers of extracontractual fraud are therefore doubly irrelevant as to those false statements.  FAC ¶¶ 90–96.

### C.    Defendants' Argument Regarding Breach of Contract Is Unavailing.

Defendants next contend that because the fraud claims are related to the Loan Agreement, Plaintiff can only bring a breach of contract claim against Walker Edison.  Mot. at 23.  Defendants appear to make a misguided attempt to invoke the "economic loss" doctrine, which prevents the recovery of economic damages under tort law when a contract already covers the subject matter of the dispute.  *Reighard v. Yates*, 2012 UT 45, ¶ 20, 285 P.3d 1168.  Defendants ignore, however, that "when a duty exists that does not overlap with those contemplated in the contract, the economic loss rule does not bar a tort claim."  *Id*. ¶ 21.

Unlike Defendants' cited cases, Defendants are not parties to the Loan Agreement and the FAC seeks to hold them responsible for the independent duty not to commit fraud that is separate and apart from the duty to perform under a contract.  *W.B. David & Co. v. DWA Commc'ns, Inc.*, Case No. 02-cv-8479, 2004 WL 369147, at *3–4 (S.D.N.Y. Feb. 26, 2004); *Gea Sys. N. Am. LLC v. Golden State Foods Corp.*, 2020 WL 3047207, at *7 (Del. Super. June 8, 2020) ("Fraud is a recognized exception to the economic loss doctrine [when] the fraud claim relates to the inducement of the contractual relationship.").  As the *W.B. David* case cited by Defendants recognizes, a plaintiff can "assert a claim for both breach of contract and fraud arising out of the same transaction." *W.B. David*, 2004 WL 369147, at *3.  Defendants had a common law obligation to avoid knowing misrepresentations and omissions, which is separate from their nonexistent contractual duties, and therefore the fraud claims brought against them are not covered by the economic loss doctrine.

### D.    Plaintiff Did Not Ratify Defendants' Fraud.

As with the fraudulent transfer claims, Defendants assert that the fraud claim fails because Plaintiff "ratified" the Loan Agreement by "accepting its benefits for over a year after the alleged misrepresentations had been discovered."  Mot. at 19.  This argument fails for the reasons discussed above: no post-Dividend conduct amounted to ratification, Plaintiff did not learn the full extent of Defendants' fraud until Plaintiff took over Walker Edison in early 2023, and awareness of Walker Edison's financial struggles after the Dividend is different than awareness that

22

Defendants misrepresented Walker Edison's financial status before execution of the Loan Agreement. *See supra* Section II.A. Plaintiff's conduct here is thus a far cry from ratification.

Defendants also argue that Plaintiff's failure to "disaffirm the contract" amounts to a ratification that precludes the fraud claims. Mot. at 20. This is wrong. A defrauded party that has been induced to enter into a contract "may recover damages associated with the fraud" regardless of whether the defrauded party "elect[s] to rescind the contract" or "affirm[s] the contract." *Thurston v. Block United LLC*, 2021 UT App 80, ¶¶ 16–17, 469 P.3d 268. Even if Plaintiff had been aware of Defendants' fraud before taking control of Walker Edison in 2023 (which it plainly did not), Plaintiff was not required to try and rescind the Loan Agreement in order to recover damages from Defendants for their fraud.

## IV.    PLAINTIFF HAS ADEQUATELY ALLEGED A CIVIL CONSPIRACY CLAIM

Civil conspiracy requires a meeting of the minds of two or more persons regarding an unlawful object and "one or more unlawful, overt acts." *Peterson v. Delta Air Lines, Inc.*, 2002 UT App 56, ¶ 12, 42 P.3d 1253. Defendants contend that the there was no unlawful act because the underlying tort, fraud, fails. This argument is incorrect. The FAC contains a litany of examples of misrepresentations and omissions underlying the fraud claim. *See supra* Section III.A. This suffices to allege the "who, what, when, where, and how" of the fraud, and therefore Plaintiff plausibly alleges an underlying tort. *11500 Space Ctr. LLC*, 2022 UT App 92, ¶ 57. Moreover, the FAC clearly alleges a meeting of the minds of the Defendants regarding the unlawful object of fraud. *E.g.*, FAC ¶¶ 157–162.

## V.    PLAINTIFF HAS ADEQUATELY ALLEGED AIDING AND ABETTING FRAUD

Defendants seek dismissal on the ground that aiding and abetting fraud is not recognized under Utah law. But the Utah Supreme Court has recognized such claims. For example, in *Lynch v. MacDonald*, the court recognized a claim for aiding and abetting fraud and upheld a judgment against a defendant for fraud on those very grounds. 367 P.2d 464, 468 (1962). And in *Lundstrom v. Radio Corp. of America*, 405 P.2d 339, 341 (1965), the Utah Supreme Court upheld a lower court judgment finding no liability for fraud by an alleged aider and abettor defendant, implicitly

assuming such a claim was cognizable.  Defendant ignores these cases and instead relies on two federal trial court decisions that erroneously concluded no Utah court had previously recognized an aiding and abetting fraud claim.  *DiTucci v. Ashby*, Case No. 2:19-cv-277-TC-PMW, 2020 WL 956890, at *5 (D. Utah Feb. 27, 2020); *see Pope v. Wells Fargo Bank, N.A.*, Case No. 2:23-cv-86-JNP-DBP, 2023 WL 9604555, at *5 (D. Utah Dec. 27, 2023), *report and recommendation adopted*, 2024 WL 555133 (D. Utah Feb. 9, 2024).

Further, the Utah Court of Appeals has, at least twice, declined to hold that an aiding-and-abetting fraud claim is not recognized under Utah law.  *See Corales v. Sabey*, 2003 UT App 339, ¶¶ 35–40, 79 P.3d 974 (dismissing aiding-and-abetting fraud claim based on deficient pleadings without reaching the availability of this claim as a matter of law); *Mower v. Simpson*, 2012 UT App 149, ¶ 39, 278 P.3d 1076 (declining to decide whether Utah law recognizes and aiding-and-abetting fraud claim because the issue was not preserved).  And Utah law does recognize aiding and abetting liability for similar claims.  *See, e.g.*, *Mower*, 2012 UT App 149, ¶ 35 (recognizing a claim of aiding and abetting a breach of fiduciary duty).  In the face of binding precedent in *Lynch* and *Lundstrom*, Defendants have no persuasive basis to argue that Utah courts do not recognize aiding and abetting fraud, and there is no reason for the Court to follow their argument here.[5]

## VI.    THE UNJUST ENRICHMENT CLAIM IS ADEQUATELY PLEADED IN THE ALTERNATIVE

Defendants seek dismissal of the unjust enrichment claim because Plaintiff purportedly does not allege it lacks an adequate remedy at law.  Mot. at 26.  But, in fact, the FAC states clearly: "This unjust enrichment claim is asserted in the alternative, in the event the remedies asserted in the preceding claims do not provide an adequate remedy at law."  FAC ¶ 181.

There is nothing improper about litigants "plead[ing] inconsistent theories of recovery in the alternative."  *Helf v. Chevron U.S.A. Inc.*, 2015 UT 81, ¶ 74, 361 P.3d 63.  A "party may state

---

[5] Defendants last make a throwaway reference to "rule 9(b)."  Mot. at 26.  To the extent Defendants are referring to Rule 9(c), which requires that allegations of fraud be stated "with particularity," this argument should be rejected because the FAC alleges Defendants' involvement in ample detail.  FAC ¶¶ 58–107.  The aiding-and-abetting fraud claim is therefore proper.

legal and equitable claims … regardless of consistency." Utah R. Civ. P. 8(e). Because Plaintiff asserts its unjust enrichment claim "in the alternative," it is not subject to dismissal. *Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1293 (D. Utah 2020); *see also Northgate Vill. Dev., LC v. Orem City*, 2014 UT App 86, ¶ 51, 325 P.3d 123 (reversing dismissal of unjust enrichment claim that was pleaded in the alternative).

## <u>CONCLUSION</u>

Defendants fraudulently induced Plaintiff and the Lenders to fund a $300 million loan and cause Walker Edison to distribute a massive $210 million dividend at a time when Walker Edison was insolvent. Plaintiff would not have funded the loan had Defendants properly disclosed the financial status of the Company. Defendants should not be rewarded for their misconduct, and their motion should be denied.

DATED September 11, 2024.

PARSONS BEHLE & LATIMER

/s/ Erik A. Christiansen
Erik A. Christiansen
Alan A. Mouritsen
Brian M. Rothschild

Attorneys for Blue Owl Capital Corporation


**GIBSON, DUNN & CRUTCHER LLP**

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)


Attorneys for Blue Owl Capital Corporation

## CERTIFICATE OF SERVICE

I certify that on this September 11, 2024, a true and correct copy of the foregoing **PLAINTIFF BLUE OWL CAPITAL CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** was filed electronically through the court's electronic filing system, which caused all counsel appearing in the case to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Sarah Jenkins Dewey*

Erik A. Christiansen, USB #7372
Alan S. Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*Co-Counsel for Blue Owl Capital
Corporation and Walker Edison Furniture
Company, LLC*

*Co-Counsel for Blue Owl Capital
Corporation and Walker Edison Furniture
Company, LLC*

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **ORDER GRANTING STIPULATED MOTION FOR EXTENSION OF TIME TO COMPLETE INTERIM DISCOVERY DEADLINES**<br><br>Consolidated Case No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

Before the Court is the Parties' Stipulated Motion for Extension of Time to Complete

Interim Discovery Deadlines, filed on September 26, 2024. Based on the stipulation, and for

good cause appearing,

**IT IS HEREBY ORDERED** that the request is GRANTED. The Joint Consolidated Case Schedule is modified solely to update the following deadlines: The deadline for Defendants to substantially complete the production of documents responsive to Walker Edison's First Set of RFPs shall be November 22, 2024. The deadline for Walker Edison to substantially complete production of documents in response to the Founder Defendants' First Set of RFPs and Blue Owl to substantially complete production of documents in response to Defendants' subpoena shall be December 13, 2024.

**In accordance with the Utah State District Courts Efiling Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order.**

Agreed as to form by:

**PARR BROWN GEE & LOVELESS, P.C.**          **SPERLING & SLATER, LLC**

*/s/ David C. Reymann*          */s/ Greg Shinall*
David C. Reymann          Greg Shinall
Jonathan O. Hafen

101 South 200 East, Suite 700          55 West Monroe Street, 32nd Floor
Salt Lake City, UT 84111          Chicago, IL 60603
dreymann@parrbrown.com          shinall@sperling-law.com
jhafen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,          *For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle          Kyle Casella, David Fiorentino, Kyle
Murphy, and Walker Edison Holding Co.,          Murphy, and Walker Edison Holding Co.,
LLC          LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Geoffrey Chepiga*
Geoffrey Chepiga

1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II,
L.P., Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.


**PARKINSON | BENSON | POTTER**

*/s/ Brennan H. Moss*
Brennan H. Moss

2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law

*For defendants*: Brad Bonham; MB & BB
Holdings, LLC; Matt Davis


**PARSONS BEHLE & LATIMER**

*/s/ Erik A. Christiansen*
Erik A. Christiansen
Alan S. Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For Plaintiffs Blue Owl Capital Corporation
and Walker Edison Furniture Company, LLC*


**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Michael M. Farhang*
Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*For Plaintiff Blue Owl Capital Corporation
and Walker Edison Furniture Company, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of September, 2024, I electronically filed the foregoing **ORDER GRANTING STIPULATED MOTION FOR EXTENSION OF TIME TO COMPLETE INTERIM DISCOVERY DEADLINES**, which served all counsel of record.


*/s/ Erik A. Christiansen*

Erik A. Christiansen, USB #7372
Alan S. Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Blue Owl Capital
Corporation and Walker Edison Furniture
Company, LLC*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*Co-Counsel for Blue Owl Capital
Corporation and Walker Edison Furniture
Company, LLC*

IN THE THIRD JUDICIAL DISTRICT COURT

FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **STIPULATED MOTION FOR EXTENSION OF TIME TO COMPLETE INTERIM DISCOVERY DEADLINES**<br><br>Consolidated Case No. 230902160<br><br>Judge: Robert Faust<br><br>Discovery Tier 3 |

Plaintiff Blue Owl Capital Corporation ("Blue Owl"), Plaintiff Walker Edison Furniture

Company, LLC ("Walker Edison"), and Defendants Brad Bonham; MB & BB Holdings, LLC;

Matt Davis; Walker Edison Holding Company, LLC; Prospect Hill Growth Partners, LP; JWC-WE Holdco, LLC; JWC-WE Holdings, L.P.; Prospect Hill Growth Fund II, L.P.; Prospect Hill Growth Fund II Co-Invest, L.P.; Phil Damiano; Ken Murphy; Adam Suttin; Kyle Casella; and David Fiorentino (collectively, "Defendants") hereby stipulate and agree to amend the following interim discovery deadlines in order to provide the parties with sufficient time to negotiate the search terms, custodians, and time period for the below-referenced discovery.  These changes will have no effect on any other case deadlines in these matters:

| Case Event | Current Date | New Date |
|---|---|---|
| Deadline for Defs. to Substantially Complete Production of Documents in Response to First Set of RFPs | 9/27/2024 | 11/22/2024 |
| Deadline for Walker Edison to Substantially Complete Production of Documents in Response to First Set of RFPs by Founder Defendants | 10/18/2024 | 12/13/2024 |
| Deadline for Blue Owl to Substantially Complete Production of Documents in Response to Subpoena | 10/18/2024 | 12/13/2024 |

The parties respectfully request entry of an order reflecting this modification to the Joint Consolidated Case Schedule.

DATED September 26, 2024.

**PARR BROWN GEE & LOVELESS, P.C.**

*/s/ David C. Reymann*
David C. Reymann
Jonathan O. Hafen

101 South 200 East, Suite 700
Salt Lake City, UT  84111
dreymann@parrbrown.com
jhafen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle

**SPERLING & SLATER, LLC**

*/s/ Greg Shinall*
Greg Shinall

55 West Monroe Street, 32nd Floor
Chicago, IL 60603
shinall@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano,

Murphy, and Walker Edison Holding Co., LLC

Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Geoffrey Chepiga*
Geoffrey Chepiga

1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II,
L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**PARKINSON | BENSON | POTTER**

*/s/ Brennan H. Moss*
Brennan H. Moss

2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law

*For defendants*: Brad Bonham; MB & BB Holdings, LLC; Matt Davis

**PARSONS BEHLE & LATIMER**

*/s/ Erik A. Christiansen*
Erik A. Christiansen
Alan S. Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For Plaintiffs Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Michael M. Farhang*
Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*For Plaintiffs Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of September, 2024, I electronically filed the foregoing **STIPULATED MOTION FOR EXTENSION OF TIME TO COMPLETE INTERIM DISCOVERY DEADLINES**, which served all counsel of record.


*/s/ Erik A. Christiansen*

Erik A. Christiansen, USB #7372
Alan S. Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*Co-Counsel for Blue Owl Capital
Corporation and Walker Edison Furniture
Company, LLC*

*Co-Counsel for Blue Owl Capital
Corporation and Walker Edison Furniture
Company, LLC*

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **ORDER GRANTING STIPULATED MOTION FOR EXTENSION OF TIME TO COMPLETE INTERIM DISCOVERY DEADLINES** <br><br><br> Consolidated Case No. 230902160 <br><br><br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

Before the Court is the Parties' Stipulated Motion for Extension of Time to Complete Interim Discovery Deadlines, filed on September 26, 2024.  Based on the stipulation, and for good cause appearing,

**IT IS HEREBY ORDERED** that the request is GRANTED.  The Joint Consolidated

Case Schedule is modified solely to update the following deadlines:  The deadline for Defendants to substantially complete the production of documents responsive to Walker Edison's First Set of RFPs shall be November 22, 2024.  The deadline for Walker Edison to substantially complete production of documents in response to the Founder Defendants' First Set of RFPs and Blue Owl to substantially complete production of documents in response to Defendants' subpoena shall be December 13, 2024.

**In accordance with the Utah State District Courts Efiling Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order.**

Agreed as to form by:

**PARR BROWN GEE & LOVELESS, P.C.**            **SPERLING & SLATER, LLC**

*/s/ David C. Reymann* _____            */s/ Greg Shinall* _____
David C. Reymann                              Greg Shinall
Jonathan O. Hafen

101 South 200 East, Suite 700                 55 West Monroe Street, 32nd Floor
Salt Lake City, UT  84111                     Chicago, IL 60603
dreymann@parrbrown.com                        shinall@sperling-law.com
jhafen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,   *For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle          Kyle Casella, David Fiorentino, Kyle
Murphy, and Walker Edison Holding Co.,        Murphy, and Walker Edison Holding Co.,
LLC                                           LLC

**PAUL, WEISS, RIFKIND, WHARTON**            **PARKINSON | BENSON | POTTER**

2

**& GARRISON LLP**

/s/ Geoffrey Chepiga
Geoffrey Chepiga

1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com

*For defendants*: Prospect Hill Growth Fund
II,
L.P., Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

/s/ Brennan H. Moss
Brennan H. Moss

2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law

*For defendants*: Brad Bonham; MB & BB
Holdings, LLC; Matt Davis

**PARSONS BEHLE & LATIMER**

/s/ Erik A. Christiansen
Erik A. Christiansen
Alan S. Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For Plaintiffs Blue Owl Capital Corporation
and Walker Edison Furniture Company, LLC*

**GIBSON, DUNN & CRUTCHER LLP**

/s/ Michael M. Farhang
Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*For Plaintiff Blue Owl Capital Corporation
and Walker Edison Furniture Company, LLC*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of September, 2024, I electronically filed the foregoing **ORDER GRANTING STIPULATED MOTION FOR EXTENSION OF TIME TO COMPLETE INTERIM DISCOVERY DEADLINES**, which served all counsel of record.

*/s/ Erik A. Christiansen*

4

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*Attorneys for Blue Owl Capital Corporation*        *Attorneys for Blue Owl Capital Corporation*

IN THE THIRD JUDICIAL DISTRICT COURT

FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>    Defendants. | **NOTICE RE: NONCOMPLIANCE WITH COURT-ORDERED BRIEFING SCHEDULE**<br><br>Consolidated Case No. 230902160<br><br>Hon. Robert Faust<br><br>Discovery Tier 3<br><br>**JURY DEMAND** |

Plaintiff Blue Owl Capital Corporation files this notice regarding Defendants' late-filed reply brief in support of their Motion to Dismiss the First Amended Complaint and noncompliance with the Court-ordered deadline for Defendants to file their reply in support of their Motion to Dismiss the First Amended Complaint.  On July 26, 2024, the Court approved the Parties' Stipulated Motion to Extend the Responsive Pleading Deadline.  Dkt. No. 148.  Under the court-approved schedule, Defendants' reply in support of is Motion to Dismiss the First Amended Complaint was due on September 25, 2024.  Defendants did not file their reply on September 25, instead they filed it on September 26.  Defendants provided no notice to Plaintiff that it would not be filing its reply brief within the court-imposed deadline and did not request leave from the Court or consent from Plaintiff for the untimely filing.  Plaintiff defers to the Court on any remedy for Defendants' violation of the Court's order.

DATED October 1, 2024.

**PARSONS BEHLE & LATIMER**

/s/ Erik A. Christiansen
Erik A. Christiansen
Alan Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For Plaintiff Blue Owl Capital Corporation*

**GIBSON, DUNN & CRUTCHER LLP**

/s/ Michael M. Farhang
Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*For Plaintiff Blue Owl Capital Corporation*

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of October, 2024, a true and correct copy of the foregoing

**NOTICE RE: NONCOMPLIANCE WITH COURT-ORDERED BRIEFING SCHEDULE**

was filed electronically through the court's electronic filing system, which caused all counsel

appearing in the case to be served by electronic means, as more fully reflected on the Notice of

Electronic Filing.

*/s/ Erik A. Christiansen*

4861-4234-7499.v1

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

Additional counsel listed in signature block

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants:* Brad Bonham, MB &
BB Holdings, LLC; Matt Davis

**IN THE THIRD JUDICIAL DISTRICT COURT**

**FOR THE COUNTY OF SALT LAKE, STATE OF UTAH**

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>     Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>     Defendants. | **ORDER GRANTING STIPULATED MOTION TO EXTEND DEFENDANTS' REPLY DEADLINE TO SEPTEMBER 26, 2024**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert P. Faust<br><br>Discovery Tier 3 |

Before the Court is the Parties' **Stipulated Motion to Extend Defendants' Reply Deadline to September 26, 2024**, filed on October 3, 2024.  Based on the stipulation, and for good cause appearing,

**IT IS HEREBY ORDERED** that the request is GRANTED.  Defendants shall have until September 26, 2024, to file a reply in support of its responsive pleading.

**In accordance with the Utah State District Courts Efiling Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order.**

Approved as to form:

**PARR BROWN GEE & LOVELESS**

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Tammy M. Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

/s/ Geoffrey Chepiga
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund
II Co-Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

**SPERLING & SLATER, LLC**

/s/ Greg Shinall
Greg Shinall
Matthew H. Rice

55 West Monroe Street, 32nd Floor
Chicago, Illinois 60603
(312) 641-3200
shinall@sperling-law.com
mrice@sperling-law.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, and Walker Edison Holding
Co., LLC

**PARKINSON BENSON POTTER LLP**

/s/ Brennan H. Moss
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

**PARSONS BEHLE & LATIMER**

/s/ Erik Christiansen (with permission)
Erik Christiansen
Alan Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For plaintiff Blue Owl Capital Corporation*

**GIBSON, DUNN & CRUTCHER LLP**

/s/ Michael M. Farhang (with permission)
Michael M. Farhang
Ryan S. Appleby
Jeffrey C. Krause

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*For plaintiff Blue Owl Capital Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of October 2024, I electronically filed the foregoing

**ORDER GRANTING STIPULATED MOTION TO EXTEND DEFENDANTS' REPLY**

**DEADLINE TO SEPTEMBER 26, 2024**, which served all counsel of record.

/s/ David C. Reymann

4

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

Additional counsel listed in signature block

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants:* Brad Bonham, MB &
BB Holdings, LLC; Matt Davis

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>        Defendants. | **REQUEST TO SUBMIT FOR DECISION: STIPULATED MOTION TO EXTEND DEFENDANTS' REPLY DEADLINE TO SEPTEMBER 26, 2024**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert P. Faust<br><br>Discovery Tier 3 |

Pursuant to Rule 7(k)(4), the parties hereby submit for decision their Stipulated Motion to Extend Defendants' Reply Deadline to September 26, 2024.  The motion is filed concurrently herewith, along with a proposed order.  No hearing has been requested.  The parties accordingly request the proposed order be entered.

DATED: October 3, 2024

**PARR BROWN GEE & LOVELESS**


/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Tammy M. Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com


*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

**SPERLING & SLATER, LLC**

/s/ Greg Shinall
Greg Shinall
Matthew H. Rice

55 West Monroe Street, 32nd Floor
Chicago, Illinois 60603
(312) 641-3200
shinall@sperling-law.com
mrice@sperling-law.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, and Walker Edison Holding
Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

/s/ Geoffrey Chepiga
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com


*For defendants*: Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund
II Co-Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**

/s/ Brennan H. Moss
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

**PARSONS BEHLE & LATIMER**

/s/ Erik Christiansen (with permission)
Erik Christiansen
Alan Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For plaintiff Blue Owl Capital Corporation*

**GIBSON, DUNN & CRUTCHER LLP**

/s/ Michael M. Farhang (with permission)
Michael M. Farhang
Ryan S. Appleby
Jeffrey C. Krause

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*For plaintiff Blue Owl Capital Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of October 2024, I electronically filed the foregoing

**REQUEST TO SUBMIT FOR DECISION: STIPULATED MOTION TO EXTEND DEFENDANTS' REPLY DEADLINE TO SEPTEMBER 26, 2024**, which served all counsel

of record.

/s/ David C. Reymann

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

Additional counsel listed in signature block

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants:* Brad Bonham, MB &
BB Holdings, LLC; Matt Davis

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>    Defendants. | **STIPULATED MOTION TO EXTEND DEFENDANTS' REPLY DEADLINE TO SEPTEMBER 26, 2024**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert P. Faust<br><br>Discovery Tier 3 |

Plaintiff Blue Owl Capital Corporation ("Blue Owl") and Defendants Brad Bonham; MB & BB Holdings, LLC; Matt Davis; Walker Edison Holding Company, LLC; Prospect Hill Growth Partners, LP; JWC-WE Holdco, LLC; JWC-WE Holdings, L.P.; Prospect Hill Growth Fund II, L.P.; Prospect Hill Growth Fund II Co-Invest, L.P.; Phil Damiano; Ken Murphy; Adam Suttin; Kyle Casella; and David Fiorentino (collectively, "Defendants" and together with Blue Owl, the "Parties") hereby stipulate and agree to the following, and jointly move the Court for an extension of time for Defendants to file their reply in support of Defendants' Motion to Dismiss the First Amended Complaint (the "Defendants' Reply") until September 26, 2024.

In support of this Stipulated Motion, the Parties jointly stipulate and agree as follows:

1.     Defendants filed a motion to dismiss the Complaint on June 24, 2024 (the "Motion to Dismiss").

2.     The Parties met and conferred and came to agreement via email correspondence on certain deadlines in connection with the Motion to Dismiss (the "Email Agreement").

3.     On July 25, 2024, the Parties filed the Stipulated Motion to Extend Responsive Pleading Deadline, which inadvertently changed the deadline by which the Defendants' Reply was to be filed from the deadline the Parties agreed to in the Email Agreement.

4.     On July 26, 2024, the Court entered the Order Granting Stipulated Motion to Extend Responsive Pleading Deadline (the "First Stipulation").

5.     On September 26, 2024, in accordance with the deadline agreed to in the Email Agreement, Defendants filed the Defendants' Reply.

6.     On October 1, 2024, Plaintiff filed a Notice Re: Noncompliance with Court-Ordered Briefing Schedule (the "Noncompliance Notice") notifying the Court that the Defendants' Reply was filed one day after the deadline for such filing set forth in the First Stipulation.

7.    The Parties have met and conferred and have come to an agreement to extend the deadline under the First Stipulation by which Defendants were required to file the Defendants' Reply to September 26, 2024.

8.    Therefore, pursuant to Rule 6(b) of the Utah Rules of Civil Procedure, the Parties respectfully request entry of the proposed order, filed concurrently herewith, reflecting the stipulation above and extending the time by which Defendants were required to file the Defendants' Reply to September 26, 2024.

9.    The Parties further respectfully request that the Court not take any further action in respect of the Noncompliance Notice, other than entry of the proposed order submitted herewith.

DATED: October 3, 2024

**PARR BROWN GEE & LOVELESS**

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Tammy M. Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

**SPERLING & SLATER, LLC**

/s/ Greg Shinall
Greg Shinall
Matthew H. Rice

55 West Monroe Street, 32nd Floor
Chicago, Illinois 60603
(312) 641-3200
shinall@sperling-law.com
mrice@sperling-law.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, and Walker Edison Holding
Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

/s/ Geoffrey Chepiga
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund
II Co-Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**

/s/ Brennan H. Moss
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

3

**PARSONS BEHLE & LATIMER**

/s/ Erik Christiansen (with permission)
Erik Christiansen
Alan Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For plaintiff Blue Owl Capital Corporation*

**GIBSON, DUNN & CRUTCHER LLP**

/s/ Michael M. Farhang (with permission)
Michael M. Farhang
Ryan S. Appleby
Jeffrey C. Krause

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
jkrause@gibsondunn.com

*For plaintiff Blue Owl Capital Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of October 2024, I electronically filed the foregoing **STIPULATED MOTION TO EXTEND DEFENDANTS' REPLY DEADLINE TO SEPTEMBER 26, 2024**, which served all counsel of record.

/s/ David C. Reymann



| | |
|---|---|
| David C. Reymann (8495)<br>Kade N. Olsen (17775)<br>Tammy M. Frisby (17992)<br>**PARR BROWN GEE & LOVELESS**<br>101 South 200 East, Suite 700<br>Salt Lake City, Utah 84111<br>(801) 532-7840<br>dreymann@parrbrown.com<br>kolsen@parrbrown.com<br>tfrisby@parrbrown.com<br><br>*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. | Brennan Moss (10267)<br>**PARKINSON BENSON POTTER LLP**<br>2750 Rasmussen Rd, Suite H-107<br>Park City, Utah 84098<br>(801) 401-1608<br>brennan@pbplaw.com<br><br>*For defendants:* Brad Bonham, MB &<br>BB Holdings, LLC; Matt Davis |

Additional counsel listed in signature block

---

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT | **ORDER GRANTING STIPULATED MOTION TO EXTEND DEFENDANTS' REPLY DEADLINE TO SEPTEMBER 26, 2024**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert P. Faust<br><br>Discovery Tier 3 |

1
1

| HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>    Defendants. | | |
|---|---|---|

2
2

Before the Court is the Parties' **Stipulated Motion to Extend Defendants' Reply Deadline to September 26, 2024**, filed on October 3, 2024. Based on the stipulation, and for good cause appearing,

**IT IS HEREBY ORDERED** that the request is GRANTED. Defendants shall have until September 26, 2024, to file a reply in support of its responsive pleading.

**In accordance with the Utah State District Courts Efiling Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order.**

3
3

| Approved as to form: | | |
|---|---|---|
| | | |
| **PARR BROWN GEE & LOVELESS** | | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| | | |
| /s/ David C. Reymann | | /s/ Geoffrey Chepiga |
| David C. Reymann | | Geoffrey Chepiga |
| Kade N. Olsen | | William Clareman |
| Tammy M. Frisby | | |
| | | |
| 101 South 200 East, Suite 700 | | 1285 Avenue of the Americas |
| Salt Lake City, Utah 84111 | | New York, New York 10019 |
| (801) 532-7840 | | (212) 373-3000 |
| dreymann@parrbrown.com | | gchepiga@paulweiss.com |
| kolsen@parrbrown.com | | wclareman@paulweiss.com |
| tfrisby@parrbrown.com | | |
| | | |
| *For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. | | *For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. |
| | | |
| **SPERLING & SLATER, LLC** | | **PARKINSON BENSON POTTER LLP** |
| | | |
| /s/ Greg Shinall | | /s/ Brennan H. Moss |
| Greg Shinall | | Brennan H. Moss |
| Matthew H. Rice | | |
| | | |
| 55 West Monroe Street, 32nd Floor | | 2750 Rasmussen Rd, Suite H-107 |
| Chicago, Illinois 60603 | | Park City, UT 84098 |
| (312) 641-3200 | | (801) 401-1608 |
| shinall@sperling-law.com | | brennan@pbplaw.com |
| mrice@sperling-law.com | | |
| | | |
| *For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, | | *For defendants*: Brad Bonham, MB & BB Holdings, LLC, and Matt Davis |

4
4

| Kyle Murphy, and Walker Edison Holding Co., LLC | | |
|---|---|---|

5
5

| **PARSONS BEHLE & LATIMER** | **GIBSON, DUNN & CRUTCHER LLP** |
|---|---|
| /s/ Erik Christiansen (with permission) | /s/ Michael M. Farhang (with permission) |
| Erik Christiansen | Michael M. Farhang |
| Alan Mouritsen | Ryan S. Appleby |
| Brian M. Rothschild | Jeffrey C. Krause |
| 201 South Main Street, Suite 1800 | 333 South Grand Avenue |
| Salt Lake City, Utah 84111 | Los Angeles, CA 90071 |
| Telephone: (801) 532-1234 | Telephone: (213) 229-7000 |
| echristiansen@parsonsbehle.com | mfarhang@gibsondunn.com |
| amouritsen@parsonsbehle.com | rappleby@gibsondunn.com |
| brothschild@parsonsbehle.com | jkrause@gibsondunn.com |
| *For plaintiff Blue Owl Capital Corporation* | *For plaintiff Blue Owl Capital Corporation* |

6
6

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October 2024, I electronically filed the foregoing

**ORDER GRANTING STIPULATED MOTION TO EXTEND DEFENDANTS' REPLY**

**DEADLINE TO SEPTEMBER 26, 2024**, which served all counsel of record.

/s/ David C. Reymann

7

7

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano, Kyle
Casella, David Fiorentino, Kyle Murphy, Walker
Edison Holding Co., LLC, Prospect Hill Growth Fund
II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-WE Holdco,
LLC, and JWC-WE Holdings, L.P.

|  |  |
|---|---|
| IN THE THIRD JUDICIAL DISTRICT COURT<br>FOR THE COUNTY OF SALT LAKE, STATE OF UTAH | |
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **ORDER GRANTING MOTION FOR APPOINTMENT OF COMMISSION TO ISSUE UTAH SUBPOENA IN MASSACHUSETTS**<br><br>Consolidated Case No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

THIS CAUSE having come before this Court upon the Motion for Appointment of Commission filed by Defendants Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Phil Damiano, Ken Murphy, Adam Suttin, Kyle Casella, and David Fiorentino ("Defendants") in connection with the issuance of a subpoena duces tecum for production of records and this Court having reviewed the file and being fully advised in the premises, and it appearing to the Court that the terms and conditions set forth for such a commission are just and appropriate, it is hereby

**ORDERED AND ADJUDGED** that:

The Motion is **GRANTED,** and a Commission is issued by this Court to the Clerk of the Superior Court of Suffolk County, Massachusetts, authorizing such court to issue a subpoena duces tecum for records in substantially the same form attached hereto as Exhibit A, and to cause, by its proper and usual process in accordance with the Commonwealth of Massachusetts' rules of court, the compliance with such subpoena.

**\*\*\* End of Order \*\*\***

**[The Court's Signature and Seal on This Order Will Appear at the Top of the First Page]**

# EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                          SUPERIOR COURT

---

PETITIONER WALKER EDISON
HOLDING COMPANY, LLC

Civil Action No.

## SUBPOENA DUCES TECUM WITHOUT
## DEPOSITION ON NON-PARTY BAIN CAPITAL, L.P

TO:    Bain Capital, L.P.
       200 Clarendon Street
       Boston, MA 02116

You are hereby commanded, in connection with proceedings now pending in the Third Judicial District Court for the County of Salt Lake in the State of Utah, entitled *Walker Edison Furniture Company, LLC, v. Brad Bonham, et al*, bearing Consolidated Docket No. 230902160, to produce for inspect and/or copying on or before November 15, 2024 at 9:00 A.M. at Parr Brown Gee & Loveless, 101 South 200 East, Suite 700, Salt Lake City, Utah 84111 (counsel for Petitioner Walker Edison Holding Company, LLC) any and all documents, electronically-stored information, records, or other tangible things which are in your possession or under your control set forth in Schedule "A" attached hereto.

Fail not under penalty of law as your failure to comply may deem you in contempt and may subject you to such penalties as the law provides.

CLERK:

-1-

**ATTACHMENT A**

## INSTRUCTIONS AND DEFINITIONS

1.    The term "Bain" refers to Bain Capital, L.P., as well as any of its present or former parents, subsidiaries, brokers, funds, divisions, subdivisions, affiliates, predecessors, or successors, as well as all present and former executives, officers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, including, but not limited to, the following entities:

    a.  Bain Capital Credit Managed Account (FSS), L.P.;

    b.  Bain Capital Credit Managed Account (g), SCSp;

    c.  Bain Capital Direct Lending 2015 (u), L.P.;

    d.  BCC Middle Market CLO 2018-1, LLC;

    e.  BCC Middle Market CLO 2019-1, LLC;

    f.  Bain Capital Credit, LP;

    g.  Bain Capital Private Equity;

    h.  Bain Capital Credit Managed Account Investors (CMAC Fund 1), LLC; and

    i.  BCC GDL21, LLC.

2.    The term "Blue Owl" refers to Blue Owl Capital, Inc., as well as any of its present or former parents, subsidiaries, brokers, funds, divisions, subdivisions, affiliates, predecessors, or successors, as well as all present and former executives, officers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

3.    The term "Walker Edison" refers to Walker Edison Furniture Company, LLC, as well as any of its present or former parents, subsidiaries, divisions, subdivisions, affiliates,

predecessors, or successors, as well as all present and former executives, officers, managers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

4. The term "Loan Agreement" refers to the Loan Agreement dated March 31, 2021 among Walker Edison Furniture Company, LLC, Walker Edison Intermediate, LLC, and Owl Rock Capital Corporation, among others.

5. The term "Document" refers to and includes, without limitation, papers, correspondence, writings, drawings, graphs, charts, maps, plans, photographs, films, recordings, memoranda, books, records, accounts, communications, notes, phone records, data compilations, as well as computer databases and all retrievable electronically-stored information. The term includes each non-identical copy of each original document.

6. The term "Communication(s)" means any manner or means of disclosure, transfer, exchange, or conveyance of information including, but not limited to, any conversation, discussion, negotiation, offer, agreement, correspondence, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, instant message, or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes, or records any communication.

7. All documents produced in response to these requests shall be produced in their entirety, and shall include all versions or copies of a document that are not identical to the original or any other produced copy of a document, whether through handwritten notations, revisions, or otherwise.

4

8.      If you object to any portion or aspect of a request, specify which portion or aspect and the nature of your objection.

9.      These requests are continuing in nature and require further and supplemental production if you locate or obtain additional documents within their scope between the time of your initial production and the time of any hearing or trial in this matter.

10.     If it is otherwise not possible to produce any document called for by these requests, or if any part of these requests is objected to, state with specificity all reasons for such non- production or for the objection.

11.     With respect to each request, you are requested to produce all documents which are known to you or which can be located or discovered by reasonably diligent efforts, and which are in your possession, custody or control, including all such documents requested to be produced which are in your files (whether personal, business or any other files), possession, custody or control or your attorneys', accountants', subsidiaries', divisions', agents', representatives' or employees' files, possession, custody or control.

12.     If any of the requested documents are withheld based on a claim of privilege or other protection, describe the nature of the privilege or immunity asserted, or the other ground(s) for withholding the document including, if relevant, the attorney, client, and litigation involved.

13.     Unless otherwise stated, the relevant time period for these requests is August 1, 2018, through the present.

## DOCUMENT REQUESTS

1.      Documents and Communications relating to Bain's syndicated loan to Walker Edison.

2.      Documents and Communications relating to the Loan Agreement.

3.      Documents and Communications relating to any potential or realized investment in Walker Edison by Bain.

4.      Documents and Communications relating to any valuation or solvency analysis of Walker Edison.

5.      Documents and Communications relating to any potential acquisition of Walker Edison, including, but not limited to, any valuation or due diligence performed thereto.

6.      Documents and Communications relating to any public or external reports and statements concerning Walker Edison.

7.      Bain's reports to its investment committee and co-lenders regarding any potential or realized investment or loan in Walker Edison.

8.      Documents and Communications relating to Walker Edison's debt-to-equity ratio or Walker Edison's compliance with a debt-to-equity ratio covenant or any other financial covenant.

9.      Documents and Communications relating to any due diligence performed by Bain relating to any potential or realized loan in Walker Edison.

10.     Documents and Communications relating to Walker Edison's freight and shipping costs and/or capacity.

11.     Communications between Bain and Walker Edison relating to Walker Edison's financial performance.

12.     Communications between Bain and Blue Owl relating to Walker Edison's financial performance.

13. Documents and Communications related to the restructuring transaction in 2023 by which Blue Owl acquired indirect ownership of Walker Edison ("Restructuring"), including, but not limited to, Documents and Communications relating to the Restructuring Support Agreement dated January 27, 2023 and the Membership Interest Transfer Agreement dated March 1, 2023.

14. Documents and Communications relating to analyses of the home furniture industry including but not limited to freight and shipping costs.

15. Any financial models provided to Bain by Walker Edison or Blue Owl.

16. Documents and Communications relating to Walker Edison's solvency, including its balance sheet, capitalization (including debt capital), liquidity, and ability to pay its debts.

17. Documents and Communications concerning any indirect equity investments by Bain relating to Walker Edison.

## Appendix A

### Requested Production Format

**I.    Overview**

    A.    All documents shall be produced as Bates-stamped tagged image file format ("TIFF") images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for electronically stored information ("ESI") or optical character recognition ("OCR") text for scanned hard copy documents and non-searchable ESI. Details regarding requirements, including files to be delivered in native format, are below.

**II.    TIFF Image Requirements**

    A.    All documents shall be produced as TIFF images in 300x300 dpi Group IV single-page monochrome format.

    B.    All such images shall be sequentially Bates-stamped using a consistent length with leading zeros in the number. The format of the Bates numbers shall not change across productions.

    C.    Images shall include the following content where present:

        1.    For word processing files (*e.g.,* Microsoft Word) – Comments and "track changes" (and similar in-line editing).

        2.    For spreadsheet files (*e.g.,* Microsoft Excel) – Hidden columns, rows, and sheets; comments; and "track changes" (and similar in-line editing).

        3.    For presentation files (*e.g.,* Microsoft PowerPoint) – Speaker notes and comments.

    D.    For presentation files (*e.g.,* Microsoft PowerPoint) – Speaker notes and comments. Reasonable care shall be taken not to degrade the legibility of documents during the imaging process. If legibility is found to have been degraded, the receiving party may make reasonable requests for re-production of these documents.

**III.    Native Format Requirements**

    A.    Spreadsheet files

1.  Spreadsheet files (*e.g.,* Microsoft Excel) shall be provided in native format.

2.  In lieu of a TIFF image version of each spreadsheet file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

3.  When redaction is necessary, a redacted TIFF image version shall be produced. The parties reserve the right to request access to the native format versions of such files.

B.  Multimedia files

1.  Multimedia files (*e.g.,* audio or video files) shall be provided in native format.

2.  In lieu of a TIFF image version of each multimedia file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

3.  The parties reserve the right to edit multimedia files using industry standard methods if redaction of such files is deemed necessary.

C.  Other files

1.  In limited circumstances, it may be necessary to obtain or view the native format versions of files, including color documents/images and dynamic files, such as databases. The parties reserve the right to reasonably request access to the native format versions of such files and/or an image format that supports viewing color documents.

## IV.  Image Load/Cross Reference File Requirements

A.  A single-page image load/cross-reference file shall be provided with each production.

B.  The file should use the Concordance Image Viewer (.OPT) format, as in the sample below. Note, the volume label information ("MSC001" in the sample .opt file) is optional:

*Sample Concordance Image Viewer .opt file:*
MSC000001,MSC001,MSC\0000\00000001.TIF,Y,,,3
MSC000002,MSC001,MSC\0000\00000002.TIF,,,,
MSC000003,MSC001,MSC\0000\00000003.TIF,,,,

9

> MSC000004,MSC001,MSC\0000\00000004.TIF,Y,,,2
> MSC000005,MSC001,MSC\0000\00000005.TIF,,,,

## V.    Extracted Text/OCR Requirements

A.    Extracted text and/or OCR text shall be provided for all documents as separate, document-level text files; extracted text and/or OCR text shall not be embedded in the .DAT file (as defined below).

B.    Document-level text file names shall consist of the beginning Bates number information of the document.

C.    If a document is provided in native format with a single-page placeholder TIFF image (*e.g.,* spreadsheet files), the text file shall contain the full extracted text of the native file.

D.    OCR text shall be provided for all redacted documents in lieu of extracted text.

E.    With respect to produced text files, the specifications herein address ANSI text-based productions. Unicode text-based productions shall be provided for productions containing non-English language documents.

## VI.    Data Load File Requirements

A.    A data load file shall be provided with each production.

B.    The file shall be a Concordance-loadable data file (".DAT" file) and contain Bates-stamp and metadata information as detailed below.

C.    The delimiters and qualifiers to be used in the .DAT file are:

*Record delimiter:*   Windows newline/Hard return (ASCII 10 followed by ASCII 13)
*Field delimiter:*   (ASCII 20)
*Multi-value delimiter:*   Semicolon ; (ASCII 59)
*Text qualifier:*   Small thorn þ (ASCII 254)

D.    With respect to .DAT files, the specifications herein address ANSI text-based productions. Unicode text-based productions shall be provided for productions containing non-English language documents.

10

E.    The .DAT file shall have a header line with the below listed field names and shall include the corresponding information per each applicable field:

| Field | Comments | Document Types |
|---|---|---|
| BegBates | Beginning Bates number. | All. |
| EndBates | Ending Bates number. | All. |
| BegRange | Bates number of first page of family range (*e.g.,* first page of an email). | All. |
| EndRange | Bates number of last page of family range (*e.g.,* last page of last attachment to an email). | All. |
| PageCount | Number of TIFF image pages in the produced document. | All. |
| FileExtension | File extension of the original document (*e.g.,* .msg, .docx, .jpg). | All. |
| FileSize | File size of the original document. Format: bytes. | All. |
| Title | Title of the original document. | Loose files and attachments. |
| Custodian | Custodian full name. Format: LASTNAME, FIRSTNAME. | All. |

| Field | Comments | Document Types |
|---|---|---|
| AllCustodian | Full name of all custodians for whom the document is being produced. Format: LASTNAME, FIRSTNAME; LASTNAME, FIRSTNAME. | All. |
| Author | Author of document from available metadata. | Loose files and attachments. |
| LastSavedBy | Last Saved By field value extracted from metadata of a native file. | Loose files and attachments. |
| Company | Company field extracted from the metadata of a native file. | Loose files and attachments. |
| From | Email author. | Email only. |
| To | Email addressee(s). | Email only. |
| CC | Email addressee(s), carbon copy. | Email only. |
| BCC | Email addressee(s), blind carbon copy. | Email only. |
| Subject | Email subject. | Email only. |
| DateCreated | File creation date. Format: MM/DD/YYYY. | All. |
| TimeCreated | File creation time. Format: HH:MM:SS AM/PM | All. |
| DateModified | File modification date. Format: MM/DD/YYYY. | All. |
| TimeModified | File modification time. Format: HH:MM:SS AM/PM | All. |
| DateSent | Email sent date. Format: MM/DD/YYYY. | Email only. |
| TimeSent | Email sent time. HH:MM:SS AM/PM. | Email only. |
| DateReceived | Email received date. MM/DD/YYYY. | Email only. |
| TimeReceived | Email received time. HH:MM:SS AM/PM. | Email only. |
| DateAccessed | Date document was last accessed. | All. |
| TimeAccessed | Time document was last accessed. | All. |
| MeetingStartDate | Start date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |

| Field | Comments | Document Types |
|---|---|---|
| MeetingStartTime | Start time of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| MeetingEndDate | End date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |
| MeetingEndTime | End date of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| TimeZone | The time zone in which files were standardized during processing (*e.g.*, GMT). | All. |
| MessageID | Globally unique identifier for a message which typically includes messageid and a domain name (*e.g.*, <0E6648D558F338179524D555@ m1p.contoso.net). | Email only. |
| ConversationIndex | Email thread identification. | Email only. |
| Importance | Email flag indicating priority level set for message. | Email only. |
| Sensitivity | Sensitivity field from email messages. | Email only. |
| FileName | Name of file as maintained in the ordinary course of business. | Loose files and attachments. |
| FilePath | Original path to the file or email message. | All. |
| AllFilePaths | For globally and within custodian de-duplicated productions. Folder paths to this document's duplicates and the original path. Each path will contain the associated custodian. | All. |
| HiddenContent | Denotes if file contains hidden content.  Format: Yes/No value. | Loose files and attachments. |
| MD5Hash | Unique file identifier. | All. |
| TextPath | The production deliverable path to the extracted text or OCR for the document, including the file name. | All. |

| Field | Comments | Document Types |
|-------|----------|----------------|
| NativePath | The production deliverable path to the native-format file for the document, including the file name (if a native-format file is provided). | Loose files and attachments. |

F.    The parties shall de-duplicate stand-alone documents or entire document families globally using MD5 or SHA-1 Hash value matching. Email attachments shall not be eliminated from the parent email. Hard copy documents shall not be eliminated as duplicates of responsive ESI.

G.    In globally de-duped, incremental productions, there will be instances when production of documents from additional custodians will include documents previously produced.  A Custodian Append overlay load file using the load file format described above shall be provided with updated AllCustodian and AllFilePaths fields; BegBates and EndBates fields may be used as the unique identifiers.

## VII.  Miscellaneous

A.    All document family relationships shall be produced together and children files should follow parent files in sequential Bates number order.

B.    Embedded documents shall be extracted from the parent document with family relationship intact.

C.    Productions shall be provided using industry standard encryption software or hardware. Any electronic transmission of produced materials must be done via a secure file transfer system.

D.    If particular documents warrant a different format (*e.g.*, production of color images instead of black and white), the parties shall cooperate to arrange for the mutually acceptable production of such documents.

E.    The parties agree not to knowingly degrade the searchability of documents as part of the document

production process. For example, extracted text should not be replaced by OCR text except where appropriate (*e.g.*, OCR for redacted documents).

F.    Redacted documents may have certain metadata fields withheld from production. The parties shall cooperate to create a list of metadata fields which may be produced for these documents.

G.    All documents shall be processed so as to normalize the time zone.

## Affidavit of the Keeper of the Records

_____ says as follows:

(Custodian of **Bain Capital, L.P.**)

1. I certify that I am the duly authorized custodian of **Bain Capital L.P.'s** records attached hereto and have authority to certify said records; and

2. That the copies of **Bain Capital L.P.'s** statements and records, attached to this Affidavit are true copies of all the records described in the subpoena _duces tecum_; and

3. That **Bain Capital, L.P.** generates and keeps records in the ordinary course of business and that the records contained herein were generated and kept in the ordinary course of business, are true and accurate copies and are a complete response to the subpoena attached.

Signed under the pains and penalties of perjury.

_____                    _____

_Date_                                    (_Signature of Affiant_)

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

IN THE THIRD JUDICIAL DISTRICT COURT
FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **MOTION FOR APPOINTMENT OF COMMISSION TO ISSUE UTAH SUBPOENA IN MASSACHUSETTS** <br><br><br> Consolidated Case No. 230902160 <br><br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

Defendants Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Phil Damiano, Ken Murphy, Adam Suttin, Kyle Casella, and David Fiorentino ("Defendants"), by and through its undersigned attorneys, hereby requests this Court to enter the Proposed Order Granting Motion for Appointment of Commission for Issuance of Subpoena Duces Tecum in the Commonwealth of Massachusetts (the "Proposed Order"), attached hereto as Exhibit A, requesting that the Clerk of the Suffolk County Superior Court, Massachusetts issue a subpoena duces tecum (for document production only) directed to Bain Capital, L.P. ("Bain"), a non-party.

As grounds for this motion, Defendants intend to serve a subpoena duces tecum (for document production only) on Bain, who is a non-party corporation with its principal place of business in the Commonwealth of Massachusetts. Bain is a syndicated lender of Walker Edison Furniture Company, LLC, a Plaintiff in this consolidated action, and thus is expected to have materials relevant to the claims and defenses in this matter including, but not limited to, the operations of Plaintiff's business, its financial stability, and solvency.

Defendants' counsel contacted the Clerk of the Superior Court of Suffolk County, Massachusetts, to ascertain the appropriate procedure for having a foreign subpoena duces tecum served upon a non-party in Massachusetts. The Clerk directed Defendants' counsel to file this Motion and obtain an order containing the language set forth in the Proposed Order. Defendants will provide Plaintiffs with appropriate notice, pursuant to the Utah Rules of Civil Procedure, of its intent to serve Bain.

WHEREFORE, Defendants respectfully request that this Court enter the Proposed Order, requesting that the Clerk of the Superior Court of Suffolk County, Massachusetts issue the

subpoena duces tecum (for document production only) directed to Bain, a copy of which is attached

as an exhibit to the Proposed Order.

Dated: October 10, 2024.

**PARR BROWN GEE & LOVELESS**

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Tammy M Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P., Prospect
Hill Growth Partners, L.P., JWC-WE Holdco,
LLC, and JWC-WE Holdings, L.P.

**SPERLING & SLATER, LLC**

/s/ Greg Shinall
Greg Shinall *(pro hac vice)*
Matthew Rice *(pro hac vice)*

55 West Monroe Street, 32nd Floor
Chicago, Illinois 60603
(312) 641-3200
shinall@sperling-law.com
mrice@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, and Walker Edison Holding Co.,
LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I filed a copy of the foregoing on the Court's

electronic filing system, which automatically provides notice and service to counsel of record.

*/s/ Kade N. Olsen*

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

Additional counsel listed in signature block

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants: Brad Bonham, MB &
BB Holdings, LLC, and Matt Davis*

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION, | **REQUEST TO SUBMIT DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| Plaintiff, | |
| v. | **(Hearing Requested)** |
| BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, | Consolidated Case No. 230902160  Judge Robert P. Faust  Discovery Tier 3 |
| Defendants. | |

Pursuant to Utah Rule of Civil Procedure 7(g), Defendants respectfully submit for decision their Motion to Dismiss the First Amended Complaint ("Motion").  The Motion is fully briefed, and the following documents have been filed in connection with the Motion:

1.  Defendants filed the Motion on August 12, 2024.

2.  Plaintiffs filed the Opposition to the Motion on September 11, 2024.

3.  Defendants filed the Reply in Support of the Motion on September 26, 2024.

Defendants have requested a hearing on the Motion.

DATE: October 10, 2024

**PARR BROWN GEE & LOVELESS**

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Tammy M. Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

**SPERLING & SLATER, LLC**

/s/ Greg Shinall
Greg Shinall
Matthew H. Rice

55 West Monroe Street, 32nd Floor
Chicago, Illinois 60603
(312) 641-3200
shinall@sperling-law.com
mrice@sperling-law.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, and Walker Edison Holding
Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

/s/ Geoffrey Chepiga
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund
II Co-Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**

/s/ Brennan H. Moss
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

2

**The Order of the Court is stated below:**
**Dated:** October 17, 2024       **/s/** ROBERT FAUST
              11:16:13 AM                    District Court Judge

THIRD JUDICIAL DISTRICT - SALT LAKE COUNTY DISTRICT COURT

SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPAN, | RULING |
| Plaintiff, | Denial of Motion to Dismiss |
| vs. | Case No: 230902160 |
| BRAD BONHAM et al., | Judge: ROBERT FAUST |
| Defendant. | Date: October 17, 2024 |

The Motion is denied given that this is a Motion to Dismiss and viewing the facts as appropriate under the legal standard applied to a motion to dismiss. There are disputed issues of material fact exist as to whether Defendants induced Plaintiff into lending the $300 million to Walker Edison based on false representations/omissions about the financial condition of the Company, and thus preclude a ruling as a matter of law at this juncture.

With respect to the fraudulent transfer claims, Plaintiff alleges they did not learn of the Company's financial state until after they took over the Company. The allegations in the First Amended Complaint, accepted as true, require Defendant's Motion be denied.

Plaintiff's fraud-based claims as well as the conspiracy and aiding abetting claims, are pleaded with the requisite particularity as is the unjust enrichment claim (which is pleaded in the alternative and only to the extent it is determined there is no adequate remedy at law),

Finally, as to forum non conveniens, accepting the allegations as true and considering all reasonable inferences there from as appropriate, Defendants' ability to invoke the forum selection clause is in dispute.

**End Of Order - Signature at the Top of the First Page**

**CERTIFICATE OF NOTIFICATION**

I certify that a copy of the attached document was sent to the following people for case 230902160 by the method and on the date specified.

EMAIL: DAVID REYMANN DREYMANN@PARRBROWN.COM

EMAIL: BRENNAN MOSS BMOSS@ATLLP.COM

EMAIL: SEAN G KOLLER skoller@sperling-law.com

EMAIL: GREG SHINALL shinall@sperling-law.com

EMAIL: KADE OLSEN KOLSEN@PARRBROWN.COM

EMAIL: BRIAN ROTHSCHILD BROTHSCHILD@PARSONSBEHLE.COM

EMAIL: ERIK CHRISTIANSEN ECHRISTIANSEN@PARSONSBEHLE.COM

EMAIL: ADAM JANTZI ajantzi@gibsondunn.com

EMAIL: JEFFREY C KRAUSE jkrause@gibsondunn.com

EMAIL: ALAN MOURITSEN AMOURITSEN@PARSONSBEHLE.COM

EMAIL: RYAN S APPLEBY rappleby@gibsondunn.com

            10/17/24          /s/ ROBERT FAUST

Date: _____      _____

                                    Signature

## <u>VERIFIED RETURN OF SERVICE</u>

**State of Florida**                    **County of Miami-Dade**                    **Circuit Court**

Case Number: 2024-25-AF-01   Court Date: 10/31/2024  9:00 am

Plaintiff:
**Walker Edison Furniture Company, Llc**

vs.

Defendant:
**Brad Bonham., et al**

For:
Erik Christiansen
Parsons Behle & Latimer

Received by Vernon Jacobs on the 18th day of October, 2024 at 1:25 pm to be served on **Pennantpark Investment Advisors, Llc, 1691 Michigan Ave, Suite 500, Miami Beach, FL 33139**.

I, Vernon Jacobs, do hereby affirm that on the **21st day of October, 2024** at **10:53 am, I:**

Served the above named Defendant/Witness with a true copy of the **Subpoena, First Amended Complaint With Exhibits** with the date and hour endorsed thereon by me to **Sarah Delavilla** as **Director Of H.R.** at **1691 Michigan Ave, Suite 500, Miami Beach, FL 33139** who stated that they were authorized to accept service of process on behalf of **Pennantpark Investment Advisors, Llc** after informing said person of the contents of the matter therein.

**Military Status:** Based on the conversation with the person accepting service, the defendant is [NOT] in the Military service of the United States of America.

**Additional Information pertaining to this Service:**
10/18/2024  3:10 pm  Attempted service at 1691 Michigan Ave, Suite 500, Miami Beach, FL 33139, No one here

**Description** of Person Served: Age: 38, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 135, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the forgoing Affidavit/Verified Return of service and the facts stated in it are true and correct. In accordance with Florida State Statute 92.525(2), Notary not required. Date: _____ OCT 2 2 2024

**Vernon Jacobs**
Certified Process Server #1429

**L.R.I. (Process Service & Litigation Support)**
**1011 South Federal Highway**
**2nd Floor**
**Hollywood, FL 33020**
**(954) 944-3900**

Our Job Serial Number: LRA-2024010054

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☑ CIVIL ☐ FAMILY ☐ DISTRICTS ☐ OTHER | **SUBPOENA DUCES TECUM WITHOUT DEPOSITION** (a) When Witness Has Option To Furnish Records Instead of Attending Deposition; Issuance by Clerk. | 2024-25-AF-01 |

| PLAINTIFF(S)/PETITIONER | VS. DEFENDANT(S)/RESPONDENT | SERVICE |
|---|---|---|
| Walker Edison Furniture Company, LLC | Brad Bonham, MB & BB Holdings, LLC, Matt Davis, Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Phil Damiano, Ken Murphy, Adam Suttin, Kyle Casella, David Fiorentino, and Does 1-100 | 10/21/24 10:53am 10:J5#1458 |

**STATE OF FLORIDA:** Mail or delivery copies by October 31, 2024. See Schedule A.

**TO:** PennantPark Investment Advisers, LLC

**YOU ARE COMMANDED** to appear at 101 S. 200 East, Suite 200, Salt Lake City, UT

and to have with you at that time and place the following:

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

**THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.**

If you fail to:    (1) appear as specified; or    (2) furnish the records instead of appearing as provided above; or    (3) object to this subpoena, you may be in contempt of court. You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by this attorney or the Court, you shall respond to this subpoena as directed.

CLOCK IN

| JUAN FERNANDEZ-BARQUIN CLERK OF THE COURT AND COMPTROLLER MIAMI-DADE COUNTY CIRCUIT AND COUNTY COURTS | By _____ 126565 AS DEPUTY CLERK | DATE OCT 18 2024 |
|---|---|---|

| Attorney for: | Defendant Walker Edison Holding Company LLC | |
|---|---|---|
| | David C. Reymann dreymann@parrbrown.com | (Court Seal) |
| Address: | 101 S. 200 East, Suite 200 Salt Lake City, UT 84111 | |
| Florida Bar No. | Utah Bar #8495 | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 139 Rev. 06/23                                        Clerk's web address: www.miamidadeclerk.gov

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

---

IN THE THIRD JUDICIAL DISTRICT COURT
FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **REQUEST TO SUBMIT MOTION FOR APPOINTMENT OF COMMISSION TO ISSUE UTAH SUBPOENA IN MASSACHUSETTS**<br><br>Consolidated Case No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

Defendants Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Phil Damiano, Ken Murphy, Adam Suttin, Kyle Casella, and David Fiorentino ("Defendants"), respectfully submit for decision the Motion for Appointment of Commission for Issuance of Subpoena Duces Tecum in the Commonwealth of Massachusetts (the "Motion").

Defendants filed the Motion on October 10, 2024. No party filed a response within fourteen days of the filing of the Motion. No party has requested a hearing. Accordingly, the Motion is now ripe for decision.

Dated: October 25, 2024.

**PARR BROWN GEE & LOVELESS**

*/s/ Kade N. Olsen*
David C. Reymann
Kade N. Olsen
Tammy M Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**SPERLING & SLATER, LLC**

*/s/ Greg Shinall*
Greg Shinall *(pro hac vice)*
Matthew Rice *(pro hac vice)*

55 West Monroe Street, 32nd Floor
Chicago, Illinois 60603
(312) 641-3200
shinall@sperling-law.com
mrice@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, and Walker Edison Holding Co.,
LLC

## **CERTIFICATE OF SERVICE**

I certify that on October 25, 2024, I filed a copy of the foregoing on the Court's

electronic filing system, which automatically provides notice and service to counsel of record.


*/s/ Kade N. Olsen*

**The Order of the Court is stated below:**
**Dated:** October 28, 2024          /s/   ROBERT FAUST
                  11:30:01 AM              District Court Judge

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano, Kyle
Casella, David Fiorentino, Kyle Murphy, Walker
Edison Holding Co., LLC, Prospect Hill Growth Fund
II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-WE Holdco,
LLC, and JWC-WE Holdings, L.P.

|  |  |
|---|---|
| IN THE THIRD JUDICIAL DISTRICT COURT<br>FOR THE COUNTY OF SALT LAKE, STATE OF UTAH | |
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN | **ORDER GRANTING MOTION FOR APPOINTMENT OF COMMISSION TO ISSUE UTAH SUBPOENA IN MASSACHUSETTS**<br><br>Consolidated Case No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

| MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | |

THIS CAUSE having come before this Court upon the Motion for Appointment of Commission filed by Defendants Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Phil Damiano, Ken Murphy, Adam Suttin, Kyle Casella, and David Fiorentino ("Defendants") in connection with the issuance of a subpoena duces tecum for production of records and this Court having reviewed the file and being fully advised in the premises, and it appearing to the Court that the terms and conditions set forth for such a commission are just and appropriate, it is hereby

**ORDERED AND ADJUDGED** that:

The Motion is **GRANTED,** and a Commission is issued by this Court to the Clerk of the Superior Court of Suffolk County, Massachusetts, authorizing such court to issue a subpoena duces tecum for records in substantially the same form attached hereto as Exhibit A, and to cause, by its proper and usual process in accordance with the Commonwealth of Massachusetts' rules of court, the compliance with such subpoena.

**\*\*\* End of Order \*\*\***

**[The Court's Signature and Seal on This Order Will Appear at the Top of the First Page]**

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding
Co., LLC, Prospect Hill Growth Fund II,
L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

*Additional counsel listed in signature blocks*

---

IN THE THIRD JUDICIAL DISTRICT COURT
FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

---

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>    Defendants. | **ANSWER TO FIRST AMENDED COMPLAINT**<br><br><br>Consolidated Case No. 230902160<br><br>Judge Robert P. Faust<br><br>Discovery Tier 3 |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Prospect Hill Growth Fund II, L.P. ("Fund II"), Prospect Hill Growth Fund II Co-Invest, L.P. ("Fund II Co-Invest"), Prospect Hill Growth Partners, L.P. ("Prospect Hill"), JWC-WE Holdco, LLC ("JWC Holdco"), JWC-WE Holdings, L.P. ("JWC Holdings"), Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, Walker Edison Holding Company, LLC ("Holding"), Brad Bonham, MB & BB Holdings, LLC, and Matt Davis, by and through their respective attorneys, hereby answer the First Amended Complaint of Plaintiff Blue Owl Capital Corporation ("Blue Owl," f/k/a Owl Rock Capital Corporation) and state as follows:

## INTRODUCTION

1.      This action arises from Defendants' intentional and fraudulent scheme to extract $300 million in loan proceeds from Plaintiff and other lenders by obtaining new secured debt using the Utah company they controlled, Walker Edison Furniture Company, LLC ("**Walker Edison**" or the "**Company**"), as the borrower, and then causing the Company to make a nearly $210 million dividend distribution (the "**Dividend**") to themselves and their related entities and affiliates. Defendants induced Plaintiff and the lenders to provide this liquidity and extracted for their own benefit while the Company was experiencing substantial profit and cash flow degradation, lacked adequate capital, and could not satisfy its debts as they came due. Plaintiff and the lenders have since been forced to extend at least $66.5 million in additional loans to the Company to maintain operations.

**ANSWER:**    Defendants admit that on March 31, 2021, Walker Edison and Walker Edison Intermediate, LLC ("Intermediate") entered into a loan agreement with Owl Rock Capital Corporation (n/k/a Blue Owl) and others in the amount of $300 million ("Loan Agreement"). The Loan Agreement stated that "[Walker Edison] intends to make a cash Dividend . . . in an amount up to $210,000,000 . . . to existing equityholders and optionholders . . . .," and it obligated Walker Edison to issue such dividend ("Dividend"). Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the existence or amounts of any alleged additional loans by Plaintiff or

2

other lenders. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

2.      Walker Edison, a Utah-based furniture retailer headquartered in West Jordan, was managed and controlled by Defendants for much of the time relevant to this Complaint. In 2020 and 2021, Defendants—who at the time controlled the Company, its board, and its senior management—had sought to extract hundreds of millions of dollars from their holdings in Walker Edison despite the Company's challenges. In March 2021, Defendants used their positions of power to materially misrepresent and misstate Walker Edison's financial position in order to induce Plaintiff Blue Owl and other financial institutions under the Loan Agreement (defined below) (the "**Lenders**") to loan $300 million in secured debt to Walker Edison. Defendants then immediately used their positions of control to direct that the vast majority of the loan proceeds received by Utah-based Walker Edison—nearly $210 million in cash—be paid to themselves[1] as a Dividend with nearly all of the rest used to replace the Company's existing debt. Had Defendants provided Plaintiff and the other Lenders with accurate financial information and projections for the Company rather than the materially false and misleading information they did provide, the Lenders would not have agreed to provide the financing Defendants used to fund the Dividend to themselves.

**ANSWER:**    Defendants admit Walker Edison is a Utah-based furniture retailer and incorporate the answers to Paragraphs 1, 20, 22, 23, 29-33, 38, and 106. Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

3.      At the time of the Dividend transaction, the Company was insolvent. Nevertheless, the Defendants moved forward with a transaction that increased the Company's debt by 3.5 times, from $83 million to $300 million, without providing a single dollar of cash to support the business. Defendants' Dividend exacerbated the Company's ongoing financial struggles and left the Company insolvent, with unreasonably small capital and an inability to pay its debts as they became due as a result of an existential liquidity crisis centered around increased costs, negative cash flow, and numerous inventory problems. Defendants' actions, meanwhile, unlawfully enriched themselves at both the Company's and the Lenders' expense, constituting an egregious fraud on the Lenders, a serious breach of Defendants' fiduciary duties to Walker Edison, and an improper fraudulent transfer.

**ANSWER:**    Denied.

---

[1]      Approximately $1.2 million was distributed to certain employees of the Company as payment on profits interests. Blue Owl does not presently seek to recover from the recipients of these profits interests.

**Defendants' Efforts to Extract Value from Their Investment[2]**

4.      The Dividend was a disastrous decision by the Defendants that harmed the Company and the Lenders, and it was aimed exclusively at extracting as much value as possible for Defendants before they could no longer hide the Company's dire circumstances from existing and would-be investors (including the Lenders). In 2020, seeking to capitalize on a short-term trend of increased revenue prior to late 2020, Defendants first actively sought to monetize their longtime holdings in the Company through a Special Purpose Acquisition Company ("**SPAC**") or other equity transaction. Defendants were unsuccessful, however, and by late 2020, supply chain difficulties caused by the COVID-19 pandemic began to negatively impact the Company's costs and profitability. Beginning no later than late 2020 and early 2021, the Company's ocean freight costs were skyrocketing, profitability was down, and Walker Edison was quickly running out of cash. During this period, it became clear to Defendants that Walker Edison was facing serious financial difficulties. Given the severity of this situation, senior management and the board regularly discussed the gravity of the Company's financial difficulties and continuously demanded updates from the Company's finance and operational departments.

**ANSWER:**    Defendants admit that in 2020 and 2021, Walker Edison considered various potential options to provide a return on investment to its upstream equity holders, including a sale or partial sale, an IPO, a going public transaction (potentially through a SPAC), and a dividend recapitalization. Defendants admit that ocean freight costs increased industry-wide and for Walker Edison in late 2020, but lack knowledge or information sufficient to form a belief about how Plaintiff is using the term "skyrocketing" in regards to freight costs in 2020 and 2021, and on that basis deny that allegation. To the extent this paragraph refers to written communications, Defendants refer to such written communications for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

5.      After a SPAC or equity transaction proved elusive in late 2020 and early 2021, and rather than seeking a transaction that would generate much-needed liquidity and stability for the Company, Defendants settled on a different way to monetize their holdings in the challenging financial environment—a dividend recapitalization, or "recap," a transaction that would involve using their positions of control to cause the Company to take on new (and significantly more) debt

---

[2]      The headings in the First Amended Complaint are argumentative and do not require answers, but for the avoidance of doubt, Defendants deny all allegations and characterizations in the headings in the First Amended Complaint.

in order to simultaneously pay a special dividend to themselves and their affiliates as the Company's equity owners.

**ANSWER:**    Defendants incorporate the answer to Paragraph 4. Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

6.    In the first quarter of 2021, Defendants made contact with Plaintiff Blue Owl, a specialty finance and business development company that provides loans to U.S. middle market companies and also ultimately served as the administrative agent to the Lenders (including itself) under the new $300 million term loan. Defendants proposed a potential dividend recapitalization and began providing to Blue Owl the Company's financial results, projections, and models as part of pre-loan diligence. Critically, while Defendants and others within the Company were focused on the Company's unrelenting financial difficulties, Defendants knowingly provided Blue Owl and the other Lenders with materially false, misleading, and erroneous financial statements and projections that lacked any reasonable basis and did not reflect the actual known current conditions facing the Company. Because they concealed material issues regarding the Company's spiraling costs and worsening profitability and liquidity position, the projections and financial information Defendants provided to Blue Owl and the other Lenders were materially false and misleading.

**ANSWER:**    To the extent this paragraph refers to written communications, Defendants refer to such written communications for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Defendants refer to Walker Edison's financial reports and projections for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

**Defendants Conceal and Misrepresent Walker Edison's Financial Condition**

7.    Moreover, at the same time that Blue Owl, Defendants, and Walker Edison were in discussions about a new loan, Defendants were aware of a material accounting error that resulted in dramatic understatement of the Company's freight expenses and was resulting in substantial overstatements of Walker Edison's financial health and performance. Worse, in March 2021, leading up to the completion of the dividend recap transaction, internal Company projections and models not provided to Blue Owl showed that the Company was severely undercapitalized and did not have the liquidity to pay debts as they came due. One projection, in fact, showed that the Company would burn through more than $100 million in cash—which it did not have—by

5

December 2021. Things were so bad at Walker Edison that Defendants were already discussing the need to start short paying the Company's critical suppliers and to implement immediate and drastic hiring cuts because based on projections not provided to Blue Owl or the other Lenders, the Company would run out of availability under its bank line of credit within weeks.

**ANSWER:**     To the extent this paragraph refers to written communications, Defendants refer to such written communications for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Defendants refer to Walker Edison's financial reports and projections for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

8.     Defendants were aware of sufficient facts to know at the time of the Dividend, among other things, that (i) the Company had substantial cash flow problems and problems meeting its EBITDA forecasts, would be unable to pay its suppliers on time, and was internally discussing slashes to hiring and other measures to address its liquidity shortage; (ii) the historical financial statements for the Company overstated profitability by failing to properly account for incurred freight expenses that were rapidly increasing; (iii) the Company would be unable to meet the financial covenants required under the Loan Agreement; and (iv) the financial projections used by Defendants to justify the $210 million Dividend were materially inflated and failed to account for the massive increase in expenses the Company had experienced during the preceding months that were expected to persist for the foreseeable future. Had Defendants disclosed any of this to Blue Owl and the other Lenders, Lenders would not have provided $300 million in new money loans that Defendants used to pay themselves a $210 million Dividend. Instead, despite full knowledge of the circumstances making the dividend recap transaction wholly improper under such dire circumstances, Defendants plowed ahead undeterred with their material misrepresentations about the Company's condition in order to obtain the Dividend they sought. Even the Company's own President lamented several weeks after Defendants took their nearly $210 million Dividend that "we were saying from the very beginning that the forecast for this year was way too high and no one listened."

**ANSWER:**     To the extent this paragraph refers to written communications, Defendants refer to such written communications for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Defendants refer to Walker Edison's financial reports and projections for the complete contents thereof and deny all allegations and characterizations

inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and

characterizations in this paragraph.

**Defendants' Extraction of $210 Million in Cash Leaves Walker Edison Insolvent**

9.    On March 31, 2021, the Loan Agreement closed, and Defendants caused Walker Edison to immediately pay out the $210 million Dividend to Defendants. At the time of, and as a result of, the Dividend transaction, Walker Edison was insolvent, undercapitalized, and unable to pay its debts as they became due.

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and deny

all allegations and characterizations inconsistent therewith. Defendants incorporate the answer to

Paragraph 105. Except as so admitted and stated, Defendants deny all allegations and

characterizations in this paragraph.

10.    The already dire circumstances at Walker Edison only intensified after Defendants withdrew their windfall Dividend payment, consistent with what Defendants knew about market conditions and the Company's situation at the time of the transaction. In the span of only one year—the very year Defendants decided to take approximately $210 million in badly needed cash out of the Company that could have been used to weather difficult times—the Company burned through over $100 million of cash due in large part to the same spiraling costs and inventory challenges that were known to Defendants prior to the Dividend. Within just months of receiving their Dividend, Defendants discussed the Company's financial position with statements like "the house is on fire" and "the precarious situation we are in," as they discussed firing all employees who were not "mission critical," and questioned whether the Company would have "the cash and profitability to actually survive this."

**ANSWER:**    To the extent this paragraph refers to written communications, Defendants refer to

such written communications for the complete contents thereof and deny all allegations and

characterizations inconsistent therewith. Defendants refer to the Loan Agreement for the complete

contents thereof and deny all allegations and characterizations inconsistent therewith. Except as

so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

11.    The Company's performance never recovered from Defendants' actions. In fact, by early 2023, unable to reverse the effects of their misconduct, Defendants abandoned the Company in a change-of-control transaction and exited the disaster they had created.  The Lenders assumed ownership and control of the Company and have been forced to lend approximately $66.5 million of new capital to support operations. Plaintiff Blue Owl and the Lenders are current creditors of

the Company. Plaintiff Blue Owl brings the instant suit on its own behalf as a current lender of the Company and on behalf of the other current Lenders to right this egregious wrong and to address Defendants' fraudulent transfer of $210 million and to recoup the amount of the loan fraudulently induced by Defendants as well as the amounts of Blue Owl's and the other Lenders' subsequent loans to the Company following the fraudulent transfer. Pursuant to an Assignment and Assumption Agreement, the other Lenders have assigned their claims and causes of action relating to the matters alleged herein to Blue Owl.

**ANSWER:**    Defendants refer to the Restructuring Support Agreement, dated January 27, 2023

("RSA") for the complete contents thereof and deny all allegations and characterizations

inconsistent therewith. Defendants incorporate the answer to Paragraph 1. Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations in the fourth

sentence and the last sentence of this paragraph, and on that basis deny. Except as so admitted and

stated, Defendants deny all allegations and characterizations in this paragraph.

## JURISDICTION, VENUE, AND DISCOVERY TIER

12.    Jurisdiction is proper under Utah Code § 78A-5-102(1).

**ANSWER:**    Admitted.

13.    Venue is proper in this Court under Utah Code § 78B-3-307(1)(a) because this is the county in which the causes of action arose, and Utah Code § 78B-3-307(1)(b) because this is the county in which one or more Defendants reside at the commencement of this action.

**ANSWER:**    Denied for the reasons stated in Defendants' motion to dismiss.

14.    Defendants Brad Bonham and Matt Davis are residents of Utah and are therefore subject to the general personal jurisdiction of this Court.

**ANSWER:**    Admitted.

15.    Defendant MB & BB Holdings, LLC is subject to the general personal jurisdiction of this Court because it is a Utah limited liability company with its principal place of business in Utah.

**ANSWER:**    Admitted.

16.    Collectively, Brad Bonham, MB & BB Holdings, LLC, and Matt Davis are referred to as the "**Founder Defendants**."

8

**ANSWER:**    Defendants admit that the First Amended Complaint refers to Brad Bonham, MB & BB Holdings, LLC, and Matt Davis as the "Founder Defendants." Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph, including any suggestion that MB & BB Holdings, LLC was a founder.

17.    Defendants Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Damiano, Murphy, Suttin, Casella, and Fiorentino (collectively, the "**PHGP Defendants**" and with the Founder Defendants, the "**Defendants**") are subject to personal jurisdiction in this Court pursuant to Utah Code § 78B-3-201 et seq.

**ANSWER:**    Denied.

18.    This case involves claims for more than $300,000 and therefore falls within Tier 3 of Rule 26(c)(3) of the Utah Rules of Civil Procedure.

**ANSWER:**    Defendants admit that the amount in controversy exceeds $300,000 but assert that this paragraph contains a legal conclusion that does not require an answer.

## THE PARTIES

### I.    PLAINTIFF BLUE OWL.

19.    Blue Owl is a Maryland corporation, with its principal place of business at 399 Park Avenue, New York, New York. Blue Owl is the Administrative Agent and a Lender under the Loan Agreement dated March 31, 2021. Blue Owl has continuously been a lender and creditor to the Company since shortly before the challenged dividend and remains a current lender and creditor to the Company. Blue Owl, and the Lenders who have assigned their claims to Blue Owl, are currently owed over $160 million by the Company.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and last sentence of this paragraph. Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

## II.    DEFENDANTS.

20.    Brad Edison Bonham is the former Chief Executive Officer and co-owner of Walker Edison, as well as a member of the board that controlled Walker Edison at all times relevant to this Complaint ("**Board**"). On information and belief, he resides in Salt Lake City, Utah.

**ANSWER:**    Mr. Bonham admits he is the former Chief Executive Officer and former co-owner of Walker Edison and he resides in Salt Lake City, Utah. Mr. Bonham denies he was a member of the board of directors of Walker Edison, but admits he was a member of the board of managers of Holding. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

21.    MB & BB Holdings, LLC is a Utah limited liability company with its principal place of business at 4350 West 2100 South, Suite A, Salt Lake City, Utah. On information and belief, Defendant Brad Bonham owns, manages, and is a member of MB & BB Holdings, and Defendant Bonham directly or indirectly benefited from MB & BB Holdings' receipt of its portion of the Dividend.

**ANSWER:**    MB & BB Holdings, LLC admits that it is a Utah limited liability company with its principal place of business at 4350 West 2100 South, Suite A, Salt Lake City, Utah, and it admits that Mr. Bonham owns, manages, and is a member of MB & BB Holdings, LLC. The allegation that Mr. Bonham directly or indirectly benefited from MB & BB Holdings' receipt of its portion of the Dividend is vague, undefined, and unclear to the point that MB & BB Holdings, LLC does not know whether it can admit or deny the allegation and therefore denies the same.

22.    Matthew Brown Davis is the former Chief Operating Officer and co-owner of Walker Edison, as well as a member of the Board that controlled Walker Edison at all times relevant to this Complaint. On information and belief, he resides in Salt Lake City, Utah.

**ANSWER:**    Mr. Davis denies that he is known as Matthew Brown Davis. To the extent "Matthew Brown Davis" refers to Matt Davis, Mr. Davis admits he is the former Chief Operating Officer and former co-owner of Walker Edison and that he resides in Salt Lake City, Utah. Mr. Davis denies he was a member of the board of directors of Walker Edison, but admits he was a

member of the board of managers of Holding. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

23.    Walker Edison Holding Company, LLC ("**Walker Edison Holding**") is a Delaware limited liability company. On information and belief, its principal place of business is in West Jordan, Utah.

**ANSWER:**    Holding admits it is a Delaware limited liability company. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

24.    Prospect Hill Growth Partners, L.P. ("**Prospect Hill**") is a Delaware limited partnership, with its principal place of business at 500 Totten Pond Road, 6th Floor, Waltham, Massachusetts.

**ANSWER:**    Prospect Hill admits it is a Delaware limited partnership with its principal place of business in Waltham, Massachusetts. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

25.    JWC-WE Holdco, LLC is a Delaware limited liability company. On information and belief, its principal place of business is in Waltham, Massachusetts.  On information and belief, it is an entity owned and/or controlled by Prospect Hill.

**ANSWER:**    JWC Holdco admits it is a Delaware limited liability company with its principal place of business in Waltham, Massachusetts. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

26.    JWC-WE Holdings, L.P. is a Delaware limited partnership. On information and belief, its principal place of business is in Waltham, Massachusetts. On information and belief, it is an entity owned and/or controlled by Prospect Hill.

**ANSWER:**    JWC Holdings admits it is a Delaware limited partnership with its principal place of business in Waltham, Massachusetts. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

27.    Prospect Hill Growth Fund II, L.P. is a Delaware limited partnership. On information and belief, its principal place of business is in Waltham, Massachusetts. On information and belief, it is an entity owned and/or controlled by Prospect Hill.

**ANSWER:**     Fund II admits it is a Delaware limited partnership with its principal place of business in Waltham, Massachusetts. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

28.     Prospect Hill Growth Fund II Co-Invest, L.P. is a Delaware limited partnership. On information and belief, its principal place of business is in Waltham, Massachusetts. On information and belief, it is an entity owned and/or controlled by Prospect Hill.

**ANSWER:**     Fund II Co-Invest admits it is a Delaware limited partnership with its principal place of business in Waltham, Massachusetts. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

29.     Phil Damiano is an Operating Partner at Prospect Hill and was the non-executive chairman of the Board that controlled Walker Edison at all times relevant to this Complaint. On information and belief, he resides in or around Waltham, Massachusetts.

**ANSWER:**     Mr. Damiano admits he is an operating partner at Prospect Hill. Mr. Damiano denies he was either chairman or a member of the board of directors of Walker Edison, but admits he is chairman for the board of managers of Holding. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

30.     Ken Murphy is CEO of a Prospect Hill portfolio company and a member of the Board that controlled Walker Edison at all times relevant to this Complaint. On information and belief, he resides in or around Philadelphia, Pennsylvania.

**ANSWER:**     Mr. Murphy admits he is the CEO of Comoto Holdings, a Prospect Hill portfolio company that is unrelated to this action. Mr. Murphy denies he was a member of the board of directors of Walker Edison, but admits he was a member of the board of managers of Holding. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

31.     Adam Suttin is Managing Partner of Prospect Hill and was a member of the Board that controlled Walker Edison at all times relevant to this Complaint. On information and belief, he resides in or around Newton, Massachusetts.

**ANSWER:** Mr. Suttin admits he is managing partner of Prospect Hill and resides in Massachusetts. Mr. Suttin denies he was a member of the board of directors of Walker Edison, but admits he is a member of the board of managers of Holding. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

32.    Kyle Casella is a Principal at Prospect Hill and was a member of the Board that controlled Walker Edison at all times relevant to this Complaint. On information and belief, he resides in or around Boston, Massachusetts.

**ANSWER:** Mr. Casella admits he is a principal at Prospect Hill and resides in Boston, Massachusetts. Mr. Casella denies he was a member of the board of directors of Walker Edison, but admits he is a member of the board of managers of Holding. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

33.    David Fiorentino is a former Partner at Prospect Hill and was a member of the Board that controlled Walker Edison at all times relevant to this Complaint. On information and belief, he resides in or around Winchester, Massachusetts.

**ANSWER:** Mr. Fiorentino admits he is a former partner at Prospect Hill and resides in Winchester, Massachusetts. Mr. Fiorentino denies he was a member of the board of directors of Walker Edison, but admits he was a member of the board of managers of Holding. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

34.    Does 1 through 100 are individuals who received unlawful distributions or transfers or participated in some manner in the events described in this Complaint and therefore proximately caused or are otherwise liable for the injuries and damages that this Complaint describes. The true names and capacities of Does 1 through 100 are not now known to Blue Owl, who therefore sues these Defendants by fictitious names. Blue Owl will amend this Complaint to show their true names and capacities as it learns this information.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to whether "true names and capacities of Does 1 through 100 are not now known to Plaintiff," or whether those unnamed individuals "participated in some manner in the events described in this Complaint." Except as so admitted and stated, Defendants deny all allegations and

characterizations in this paragraph, including the suggestion that Blue Owl is entitled to amend this First Amended Complaint.

## FACTUAL ALLEGATIONS

### III.    WALKER EDISON'S BUSINESS AND ORGANIZATION.

#### A.    Operations.

35.    Walker Edison is a supplier of affordable, ready-to-assemble home furnishing products through e-commerce channels to consumers worldwide. Defendants Brad Bonham and Matthew Davis founded the Company in or around 2006. Defendant Bonham served as Walker Edison's Chief Executive Officer until June 2022 and served on the Board that controlled Walker Edison until the Company changed owners in 2023. Defendant Davis served as Walker Edison's Chief Operating Officer until April 2022 and continued to serve on the Board that controlled Walker Edison until the Company changed owners in 2023. In the years leading up to 2020, Walker Edison was a profitable company with an impressive track record.

**ANSWER:**    Defendants admit that Walker Edison is a supplier of affordable, ready-to-assemble home furnishing products through e-commerce channels; that Messrs. Bonham and Davis founded the Company in 2006; that Mr. Bonham served as Walker Edison's Chief Executive Officer until June 2022; that Mr. Davis served as Walker Edison's Chief Operating Officer until April 2022; and that Walker Edison has been a profitable company with an impressive track record. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

36.    Unlike traditional brick-and-mortar furniture stores, at all relevant times Walker Edison operated exclusively through e-commerce channels, in which orders are placed on platforms such as Wayfair and Amazon. The vast majority of its products are shipped from Walker Edison's manufacturing suppliers in Asia and South America to the Company's own distribution centers or to the distribution centers of its e-commerce channel partners. From these distribution centers, orders are then drop-shipped directly to consumers.

**ANSWER:**    To the extent this paragraph includes the fact that Walker Edison also accepts orders on its website, Defendants admit the allegations therein. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

37.    In order to meet customer demands for prompt delivery, Walker Edison must carefully manage its network of distribution centers and maintain a sophisticated inventory management system and a dedicated logistics team. E-commerce platforms therefore monitor the performance of suppliers like Walker Edison to ensure prompt and satisfactory deliveries to consumers. If Walker Edison fails to meet expectations, its listings on e-commerce platforms will drop lower in the platform's search results, which reduces the visibility of Walker Edison's products and negatively impacts sales.

ANSWER:    Defendants admit that from at least September 2018 through the restructuring

provided for in the RSA, Walker Edison maintained or employed a network of distribution centers,

an inventory management system, and a logistics team; that e-commerce platforms monitor the

performance of suppliers; and that a supplier's performance may affect search result rankings on

e-commerce platforms. Except as so admitted and stated, Defendants deny all allegations and

characterizations in this paragraph.

### B.    Corporate Structure.

38.    Walker Edison is, and has been at all times relevant to this Complaint, fully owned by Walker Edison Intermediate, LLC ("**Walker Edison Intermediate**"). In turn, during the relevant period, Walker Edison Intermediate was fully owned by Defendant Walker Edison Holding. On information and belief, at all relevant times, the Board for Walker Edison Holding controlled all material decisions of Walker Edison Intermediate and Walker Edison. On information and belief, at all relevant times, the Board was controlled and dominated by Defendants Davis, Bonham, and Prospect Hill and its representatives, including Defendants Damiano, Murphy, Suttin, Casella, and Fiorentino, all of whom represented the ownership group of Walker Edison at the time of the events relevant to the Plaintiff's claims alleged herein. On information and belief, the Board did not have a single independent director, and was comprised solely of insiders.

ANSWER:    Defendants admit that Intermediate owns Walker Edison and Holding owned

Intermediate until Holding transferred its equity interests in Intermediate pursuant to the RSA.

Defendants incorporate the answers to Paragraphs 20, 22, and 29-33. Except as so admitted and

stated, Defendants deny all allegations and characterizations in this paragraph.

### C.    Prospect Hill and the Founder Defendants Owned and Controlled Walker Edison.

39.    Prior to September 2018, Walker Edison was jointly owned by the Founder Defendants and a California-based private equity and mezzanine debt provider.

**ANSWER:**    To the extent this paragraph refers to California-based private equity and mezzanine debt provider, "Caltius Capital," Defendants admit the allegations in this paragraph. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

40.    In or around September 2018, the PHGP Defendants, comprising a Massachusetts-based private equity firm and family of funds now known as Prospect Hill, but then known as J.W. Childs Associates, acquired an approximately 55% majority share of the Utah-based Company from the Founder Defendants and the California-based firm, with the Founder Defendants retaining a 45% ownership interest.

**ANSWER:**    Defendants state that as a result of the transaction in 2018 ("2018 Transaction"): Intermediate was owned by Holding; Holding was owned by JWC Holdco, MB & BB, LLC and Mr. Davis; JWC Holdco was owned by JWC Holdings; and JWC Holdings was owned by Fund II and Fund II Co-Invest. To the extent this paragraph purports to characterize transaction documents governing the 2018 Transaction and resulting ownership, Defendants refer to those documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

41.    Prospect Hill is a private equity investor that has invested over $2.8 billion in 37 portfolio companies.

**ANSWER:**    Admitted.

42.    Following Prospect Hill's 2018 investment, Defendant Brad Bonham continued to serve as CEO, and Defendant Matt Davis continued to serve as COO at the Company's headquarters in Utah. Both Defendants Bonham and Davis also continued to serve on the Board. Upon acquiring a majority share of the Company, Prospect Hill added its own Board members, including non-executive chairman Defendant Damiano (Operating Partner at Prospect Hill), Defendant Murphy (CEO of a Prospect Hill portfolio company), Defendant Suttin (Managing Partner of Prospect Hill), Defendant Casella (then-Vice President and now Principal at Prospect Hill), and Defendant Fiorentino (then-Partner at Prospect Hill). Defendants Bonham, Davis,

Damiano, Murphy, Suttin, Casella, and Fiorentino (collectively, the "**Board Defendants**") comprised the Board that governed Walker Edison at all times relevant to this Complaint. On information and belief, there were no independent directors between September 2018 and early 2023.

**ANSWER:**    Defendants admit that following the 2018 Transaction Mr. Bonham continued to serve as CEO of Walker Edison and Mr. Davis continued to serve as COO of Walker Edison. Defendants deny that any of the named defendants served on the board of directors of Walker Edison, but admit that Mr. Bonham, Mr. Davis, Mr. Damiano, Mr. Murphy, Mr. Suttin, Mr. Casella, and Mr. Fiorentino were members of the board of managers of Holding. Defendants incorporate the answers to Paragraphs 20, 22, and 29-33. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

## IV.    DEFENDANTS FALSELY PORTRAYED WALKER EDISON'S FINANCIAL HEALTH TO ATTRACT FINANCING FOR A MASSIVE DIVIDEND.

### A.    Defendants Sought to Cash Out of the Business Following a Period of Explosive Growth.

43.    The Company experienced significant growth in the years leading up to and including portions of 2020 amid the COVID-19 pandemic. During that period, e-commerce furniture sellers experienced increased sales growth as brick-and-mortar competitors shut their doors while consumer demand rose as people were forced to spend more time at home.  Industry-wide, the share of all furniture sales conducted online grew from only 21% pre-COVID-19 to 71% of all furniture sales during the peak of the COVID-19 pandemic from March 19 to May 20, 2020.

**ANSWER:**    Defendants admit that Walker Edison experienced substantial revenue growth over many years through 2020, and that Walker Edison and certain other e-commerce furniture sellers experienced significant sales growth during the COVID-19 pandemic. Defendants lack knowledge or information sufficient to form a belief about the truth of the alleged change in the percentage of online furniture sales pre-COVID-19 to the peak of the COVID-19 pandemic. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

44.    Walker Edison benefited from the significant and immediate growth in the online furniture industry. From 2017 to 2020, Walker Edison saw EBITDA grow from $13 million to $84

million. EBITDA stands for earnings before interest, taxes, depreciation, and amortization. It is one of the most widely used measures of a company's overall financial performance. And while such growth peaked during the pandemic, online furniture sales overall remained above pre-pandemic levels even after brick-and-mortar competitors began to reopen.

**ANSWER:**    Defendants admit that since Walker Edison was founded, e-commerce sales of

furniture have grown significantly; that from 2017 to 2020, Walker Edison's EBITDA grew from

$13 million to $84 million; and that "EBITDA" generally refers to earnings before interest, taxes,

depreciation, and amortization, a widely used measure of a company's overall financial

performance. Except as so admitted and stated, Defendants deny all allegations and

characterizations in this paragraph.

45.    In at least as early as 2020, seeking to capitalize on this explosive growth, the existing Walker Edison shareholders—Defendants Bonham, Davis, and Prospect Hill—decided it was the right time to launch an effort to extract cash from the business for themselves. On information and belief, in order to finance their desired payout, Defendants considered a number of options to allow them to monetize their ownership in the Company, including an acquisition by a SPAC, a large equity investment, or a debt financing. After failing to sell the business or complete a SPAC transaction, Defendants settled on a strategy to finance their payout through a dividend recap transaction.

**ANSWER:**    Defendants admit that in 2020 and 2021, Walker Edison considered various

potential options to provide a return on investment to its upstream equity holders, including a sale

or partial sale, an IPO, a going public transaction (potentially through a SPAC), and a dividend

recapitalization. Defendants state that before Walker Edison entered into the Loan Agreement,

Goldman Sachs proposed a syndicated debt placement to fund a dividend recapitalization for

Walker Edison. Defendants refer to the Loan Agreement for the complete contents thereof and

deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated,

Defendants deny all allegations and characterizations in this paragraph.

46.    The dividend recap transaction required the Company to incur $300 million of additional debt (the "**New Secured Loan**") in order to both clear out existing term loan debt and fund the approximately $210 million Dividend to themselves. Without the loan, Defendants could not have paid such a large dividend to themselves, and with the loan, the Company's debt load

would increase tremendously (without the capital to pay debt service as a result of the Dividend and the Company's dire but concealed financial circumstances). Defendants began soliciting potential lenders on behalf of the Company in or around March 2021. On information and belief, the efforts to fund this dividend recap were led by Defendants Bonham, Davis, and representatives of Defendant Prospect Hill, including Defendants Fiorentino, Damiano, Casella, and others.

**ANSWER:**    Defendants admit that Walker Edison and Intermediate entered into the Loan

Agreement providing for a $300 million loan, with $210 million to be paid as a dividend to

equityholders and optionholders. Defendants state that before Walker Edison entered into the Loan

Agreement, Goldman Sachs proposed a syndicated debt placement to fund a dividend

recapitalization for Walker Edison. Defendants refer to the Loan Agreement for the complete

contents thereof and deny all allegations and characterizations inconsistent therewith. Except as

so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

### B.    The Company Began to Experience Financial Distress before Defendants Received the Dividend.

47.    In late 2020, while Defendants were strategizing on ways to fund their payout, Walker Edison management discovered that overseas freight and shipping costs had been skyrocketing due to pandemic-related supply chain issues and that the Company's accrual accounting method had been inappropriately understating freight costs.

**ANSWER:**    Defendants admit that ocean freight costs increased industry-wide and for Walker

Edison in late 2020, but Defendants lack knowledge or information sufficient to form a belief

about how Plaintiff is using the term "skyrocketing" in regards to freight costs in 2020, and on that

basis deny that allegation. Except as so admitted and stated, Defendants deny all allegations and

characterizations in this paragraph.

48.    From March 2020 to March 2021, the cost of a single ocean freight container used to transport Walker Edison's products from its overseas manufacturers nearly tripled, rising from approximately $2,600 to $7,300, with management anticipating that elevated ocean freight rates would persist.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph, except that Defendants admit that ocean freight costs increased

significantly industry-wide and for Walker Edison in late 2020. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

49.     Not later than October 2020, Defendants knew that the Company's ocean freight and shipping expenses were rising rapidly and that their accounting methods were not accurately reflecting real-time increases. On October 9, 2020, for example, the Company's Controller notified the CFO that in working on the month-end closing process for the Company's financial statements, he had noticed an "area of significant concern" relating to a substantial increase in ocean freight and shipping expenses that he could not explain, including that the cost of shipping had grown 57% since the previous month, and that was five times higher than the previous January. The CFO reviewed the income statement figures and replied "my biggest concern is the shipping expenses. Would really like to know what's going on there.  Seems like maybe the cost allocations for capitalizing freight are being understated potentially?" In fact, the Company's accounting at the time was significantly understating freight costs in violation of Generally Accepted Accounting Principles ("**GAAP**") due to a failure to reconcile actual freight costs with capitalized prepaid costs. The Founder Defendants and the PHGP Defendants were notified of this accounting problem between late 2020 and February 2021 and failed to remediate or disclose it prior to the Dividend.

**ANSWER:**    Defendants admit that ocean freight costs increased significantly industry-wide and for Walker Edison in late 2020, but deny the remaining allegations in the first sentence of this paragraph. To the extent the remainder of this paragraph purports to refer to emails exchanged on October 9, 2020, Defendants refer to those documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

50.     A few days after the October 9 communication, Defendant Bonham spoke with the Company's CFO, who told him that the Company had seen an $800,000 increase in shipping charges from the prior month, "but no revenue offset of that expense which we would expect to see." A month later, on November 11, the CFO told Defendants Bonham and Davis that shipping charges continued to rise month-over-month and that the Company would miss budgeted EBITDA in part because "we are getting killed by FedEx peak season charges."

**ANSWER:**    On information and belief, this paragraph refers to emails dated October 13, 2020 and November 11, 2020. Defendants refer to those documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Defendants deny the allegations in this paragraph to the extent they assert that "an $800,000 increase in shipping

charges" is related to the "FedEx peak season charges." Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

51.    Almost immediately, the Founder Defendants began discussing the precipitous increases in shipping and ocean freight expenses affecting the Company with the PHGP Defendants. The Founder Defendants and PHGP Defendants were well aware of the risk to the Company's forecasted performance posed by freight and shipping price increases and the impact it would have on the Company's ability to meet its forecast. On October 15, 2020, Defendant Fiorentino recounted that the PHGP Defendants had been told in a management presentation that ocean freight costs were "way up" and advised that "[a]t the least, we should calculate the hit we have taken vs. last year," noting that Defendant Davis would be following up with information on this point.

**ANSWER:**    On information and belief, this paragraph refers to emails dated October 15, 2020.

Defendants refer to those documents for the complete contents thereof and deny all allegations and

characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all

allegations and characterizations in this paragraph.

52.    Defendants understood the serious problem posed by rising freight and shipping charges (and the Company's improper understatement of freight charges in its financial statements) by not later than December 2020, and they quickly realized that it could spook potential investors and therefore jeopardize their desired payout. Accordingly, the Founder Defendants and PHGP Defendants discussed the need to suppress mention of these issues in Company promotional materials.

- On December 2, 2020, Defendants Fiorentino, Casella, and Damiano were told that "[freight] rates are increasing all over the map due to capacity limitations." Defendant Fiorentino then told Defendants Casella and Damiano that he had hoped the ocean freight market would improve but that "doesn't seem to be the case."
- On December 8, 2020, a PHGP representative told the Founder Defendants that "[we] thought not ideal to call out ocean freight at this point as the market dynamics are still fluctuating and we might not want buyers scrutinizing this." (Emphasis added.)
- Two weeks later, Defendant Fiorentino reinforced his concern about highlighting freight prices to buyers, saying "I don't think we want to open the ocean freight can of worms."
- On December 21, a Walker Edison employee sent an email to Defendant Fiorentino noting concerns about an "increase in ocean freight charges" and stating that, upon discussions with Defendant Casella and Defendant Fiorentino, they had concluded that "there doesn't seem to be relief on the horizon and forecasts for the future rates are up in the air." Defendant Bonham relayed similar comments to Defendants Damiano and Casella, stating "everyone knows ocean freight isn't abating anytime soon."
- On information and belief, Defendants continued to investigate, monitor, and discuss the increased freight and shipping costs—and the Company's failure to properly account for freight costs—over the next two months, including during the Company's closing of its

year-end financial statements in February 2021, when the Company again confirmed that there were, in fact, significant errors with the Company's freight accounting that had the effect of understating freight expenses and materially overstating gross profit and EBITDA.

**ANSWER:**    On information and belief, this paragraph refers to emails from December 2020.

Defendants refer to those emails for the complete contents thereof and deny all allegations and

characterizations inconsistent therewith. Defendants state that certain of the individual defendants

monitored and discussed freight and shipping costs in late 2020 and early 2021. Except as so

admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

53.    By early March 2021, Defendants knew that the Company's financial statements—which understated costs and thereby overstated EBITDA, profit margins, and net income—did not reflect the Company's true financial position, and that Blue Owl and the other Lenders were relying on those financial statements in deciding whether to extend a $300 million term loan to the Company. But Defendants chose not to rectify the accounting misstatements until after the closing of the New Secured Loan.

**ANSWER:**    Denied.

54.    Rising freight and shipping costs and delays were not the only problem that the Company was beginning to face. The same supply chain disruptions that were causing increased freight and shipping costs were also causing a spike in Walker Edison's out-of-stock rates and on-time delivery rates, both of which directly impact Walker Edison's sales. High out-of-stock rates lead to lost revenue because Walker Edison cannot sell what it does not have. And both high out-of-stock rates and low on-time delivery rates negatively impact a seller's relationship with e-commerce platforms and can cause their listings to appear lower in the platform's search results. As Defendant Bonham acknowledged in February 2021, "[i]nventory seems like it underperforms every month," leading to "[m]issing $40 million in revenue from the last four months."

**ANSWER:**    On information and belief, this paragraph refers to written communications in

February 2021. Defendants refer to those communications for the complete contents thereof and

deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated,

Defendants deny all allegations and characterizations in this paragraph.

55.    By December 2020, shipping delays had become so pronounced that they caused one of Walker Edison's largest e-commerce platform customers to shut off the Company's sales on the platform entirely for much of the month of December as punishment, causing the loss of millions of dollars in revenue. Referring to the negative impacts on the Company's performance caused by the shipping problems, Defendant Bonham told Defendant Davis and his management

team, "I expect all of us to ask ourselves how did we [expletive] December this badly . . . if we don't take drastic action right now, we can kiss January goodbye as well." In combination, these problems were also creating significant cash flow problems for the Company.

**ANSWER:**    On information and belief, this paragraph refers to instant messages dated

December 13, 2020. Defendants refer to those documents for the complete contents thereof and

deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated,

Defendants deny all allegations and characterizations in this paragraph.

56.    Defendants knew that problems were mounting with their out-of-stock and on-time delivery rates, which would cause problems down the road prior to Defendants paying themselves the Dividend. But as with freight expenses, Defendants caused to be prepared, prepared, and reported financial information that did not reflect the realities that the business was facing.

**ANSWER:**    Denied.

57.    All of these issues, among others, meant that Defendants knew that the financial projections did not properly reflect the Company's circumstances prior to the issuance of the Dividend. Defendants knew that the Company's cash flow challenges would worsen as a result of the significant headwinds impacting the business and that the Company would be undercapitalized and unable to pay debts as they came due. And that is exactly what happened. As subsequent months played out, and as a result of these known circumstances, the Company did in fact hemorrhage cash to such an extent that it faced challenges in funding ongoing operations.

**ANSWER:**    Denied.

### C.    Defendants Fraudulently Portrayed a Financially Healthy Company When Walker Edison Was Actually in Crisis.

58.    To induce Blue Owl and the other Lenders to enter into a loan agreement (the "**Loan Agreement**") and fund the $300 million New Secured Loan, and to justify taking the Dividend out of the Company despite the imminent cash flow problems that Defendants knew were on the horizon, Defendants disclosed to Blue Owl and the other Lenders erroneous financial data through February 2021 and projections that they knew were not reasonable or realistic under the circumstances. Defendants represented in forecasts that the Company's explosive growth—including the "bump" in sales that the Company and industry experienced during the first year of the COVID-19 pandemic—would continue without disruption. In other words, Defendants premised their efforts to solicit $300 million in the New Secured Loan on (a) knowingly unwarranted assumptions that the Company would continue the substantial growth it experienced as a result of the COVID-19 pandemic; and (b) fraudulent projections that they knew falsely misrepresented and omitted the material impact of increased freight, shipping, and other costs, all of which negatively impacted profitability, liquidity, and the Company's ability to pay its debts as they became due.

**ANSWER:**    Denied.

59.    The reality was that Defendants knew by no later than early March 2021 that the Company was experiencing decreased profits and sales, increased expenses, and a substantial liquidity shortage. Undeterred in their mission to gain financing in order to extract the Dividend from the Company, Defendants knowingly provided materially false, misleading, and inaccurate information to induce Blue Owl and the other Lenders into providing the New Secured Loan.

**ANSWER:**    Denied.

60.    On March 10, 2021, the PHGP Defendants, led by Defendant Fiorentino, reached out to principals at Blue Owl about a potential investment in Walker Edison. On March 11, 2021, Defendant Casella had an introductory call with a Blue Owl representative regarding this investment.

**ANSWER:**    To the extent this paragraph refers to written communications between Mr. Fiorentino and principals at Blue Owl in March 2021, Defendants refer to those communications for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Defendants admit that in March 2021, Mr. Casella, representatives of Blue Owl, and others communicated about the dividend recapitalization transaction reflected in the Loan Agreement. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

61.    On March 13, 2021, following the introductory call, Defendant Casella sent a financial model that captured both historical and estimated future modeling for Walker Edison (the "**Financial Projections**"). The PHGP Defendants and Founder Defendants (among others) prepared and approved the Financial Projections and, upon information and belief, authorized Defendant Casella to send the financial projection to Blue Owl. The Financial Projections were relied upon by Blue Owl in its evaluation of the Walker Edison transaction. But the Financial Projections contained multiple material misrepresentations or omissions and Defendants had full knowledge of these material inaccuracies.

**ANSWER:**    On information and belief, this paragraph refers to communications dated March 13, 2021 and a financial model. Defendants refer to those documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. To the extent this paragraph refers to other Walker Edison financial projections, Defendants refer to those

financial projections for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

62.    More specifically, the Financial Projections that Defendant Casella sent to Blue Owl and the other Lenders in March 2021 contemplated that Walker Edison would continue its earlier strong performance despite known and knowable facts to the contrary. The fraudulent projections included the below.

- Cost of Goods Sold: Despite months of increased costs, including the increasing ocean freight costs, Defendants projected the same Costs of Good Sold as a percentage of net sales for 2021 through 2025 as they had in earlier projections as of November 2020.
- Cost of Shipping: Despite awareness of rapidly spiraling shipping costs for at least five months prior, Defendants also projected the same Cost of Shipping as a percentage of net sales for 2021 as they had in earlier projections.
- Gross Profit: Defendants projected increased gross profit of $197.2 million in 2021, which was higher than the Company's last-twelve-month ("**LTM**") gross profit of $146.5 million.
- Reported EBITDA: Defendants projected reported EBITDA of $104.4 million for 2021.Because the Financial Projections understated increased costs, they overstated EBITDA growth.
- Adjusted EBITDA: Defendants projected adjusted EBITDA of $111.6 million for 2021. Adjusted EBITDA is a measure of EBITDA that adds back into EBITDA what the Company considers to be nonrecurring or one-time expense items. Because the Financial Projections understated the known higher costs that were recurring, they overstated Adjusted EBITDA growth.

**ANSWER:**    On information and belief, this paragraph refers to Walker Edison financial projections dated in or around November 2020 and March 2021. Defendants refer to those projections for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. To the extent this paragraph refers to other Walker Edison financial projections or documents, Defendants refer to those financial projections and documents for the complete contents thereof deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

63.    The next day, March 14, the PHGP Defendants, including Defendant Casella, participated in a sponsor diligence call with Blue Owl. During that call, Defendant Casella, on behalf of the PHGP and Founder Defendants and consistent with the Financial Projections, falsely

represented that they were confident that EBITDA would continue to demonstrate strong growth in 2021. Defendants were aware of, and authorized and aided, Defendant Casella's false statements despite all Defendants' contemporaneous knowledge that there was no reasonable basis to project EBITDA and profitability growth under the Company's then-current circumstances. These circumstances, as reflected in meetings, discussions, and communications among the Defendants, included rapidly spiraling freight and shipping costs and internal assessments from the Company's management that reduced profitability and an EBITDA decline was likely, as alleged below and herein. Despite Defendants' awareness by this time that the Company would be forced to short pay its vendors in order to avoid running out of liquidity, Defendant Casella did not disclose this serious situation but instead misrepresented Walker Edison's position by emphasizing its purported success due to quick sourcing from vendors. None of the Defendants ever corrected the material omissions and misrepresentations in the Financial Projections.

**ANSWER:**    Defendants admit that in March 2021, Mr. Casella and certain other members of the board of Holding communicated with representatives of Blue Owl about the dividend recapitalization transaction reflected in the Loan Agreement. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

64.    On March 16, Defendant Casella, with the knowledge and authorization of all Defendants, sent further data to Blue Owl, including actual financial data through February 2021 (the "**Original Actuals**"). Blue Owl and the other Lenders justifiably relied upon the Original Actuals in deciding whether to extend the $300 million loan to the Company.  And as stated above, at the time the Original Actuals were transmitted to Blue Owl, Walker Edison management, the Founder Defendants, and the PHGP Defendants were all aware of a material accounting error that adversely impacted Walker Edison's historical financial performance as reflected in the Original Actuals, rendering them materially false and fraudulent as to, among other things, Walker Edison's gross profit, gross margin, EBITDA, and EBITDA margin. Specifically, the financial statements provided to Blue Owl failed to account for material freight expenses the Company had already incurred, thus causing the Company to appear significantly more profitable than it actually was and causing the fraudulent Financial Projections to appear more reasonable. The Original Actuals misrepresented all of these figures due to its reliance on the known accounting errors. These accounting errors resulted in an actual EBITDA that was $6.6 million lower than represented in the October 2020 to February 2021 financial information provided to, and relied on by, Blue Owl.

**ANSWER:**    Defendants admit that in March 2021, Mr. Casella forwarded certain Walker Edison financial reports to representatives of Blue Owl. Defendants refer to those Walker Edison financial reports for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

65.     Despite knowledge of these accounting errors that rendered the Original Actuals, Financial Projections, and other financial data presented materially false and misleading, Defendants Bonham, Davis, and the other Defendant Board members never notified Blue Owl of this material discrepancy or alerted Blue Owl that the financial statements or projections themselves were materially false and misleading and should not be relied upon before the Loan Agreement closed. Once Walker Edison's CFO further confirmed the accounting errors no later than February 2021 and before the closing of the New Secured Loan, Walker Edison's CFO immediately notified Defendants Bonham and Davis about the material accounting error. Walker Edison's CFO, Defendant Bonham, and Defendant Davis thereafter promptly raised this issue with the rest of the Board members. Had Defendants disclosed that the financial results materially understated freight costs, Blue Owl and the other Lenders would also have been in a position to conclude that the Financial Projections and other projections were completely unrealistic and inaccurate. Defendants' fraud prevented this from happening.

**ANSWER:**     Denied.

66.     To the contrary, Defendants continued to knowingly present a materially false and misleading picture of the Company's financial situation.  In addition to the March 14 call described above wherein Defendants made numerous material misrepresentations and omissions, Blue Owl also met with Defendants and Walker Edison's CFO on March 19, during which discussion Blue Owl was told, with Defendants' authorization and awareness, that the Company would be shocked if 2021 growth was even as low as the Financial Projections, and that internally Walker Edison had a higher target, an expression of optimism that Defendants knew was materially false and misleading for all the reasons alleged herein, and that echoed Defendant Casella's false statements on March 14.

**ANSWER:**     Denied.

67.     Blue Owl and the other Lenders justifiably relied upon these financial statements and projections and statements that Defendants made about them in connection with entering into the Loan Agreement and funding the New Secured Loan. On information and belief, Defendants decided not to correct these misstatements because correcting the accounting information and modifying the projections to reflect known facts could impair Defendants' chances of achieving a large payday through a new equity investment or dividend recap transaction. In reliance on the Original Actuals and the Financial Projections, Blue Owl and the other Lenders agreed to enter into the Loan Agreement and fund the New Secured Loan to their detriment.

**ANSWER:**     Denied.

68.     But before Defendants presented these rosy and false assessments of the Company's financial position and prospects to Blue Owl and the other Lenders throughout March 2021, Defendants had already been made aware of Company management's decidedly pessimistic assessment of the Company's financial position that made Defendants' statements materially false and fraudulent. Defendants discussed and accepted these negative assessments, none of which were disclosed to Blue Owl and the other Lenders. When these internal and external statements

are compared, they make clear that Defendants' fraud was not accidental but was intentional and motivated by financial gain.

**ANSWER:**    Denied.

69.    On March 9, 2021, for example, Walker Edison's President told Defendants Bonham and Davis that "FedEx fees will continue to increase and raw material costs may also increase." Further, on March 11, 2021—approximately three weeks before closing the new $300 million loan and causing the Dividend to be issued—Defendant Bonham told Defendant Davis and other Walker Edison employees that they "just had a meeting with the P[rospect] H[ill] guys," where the Company's CFO "shared an erosion happening in our profit profile due to inbound freight and outbound increased FedEx charges." (Emphasis added). On the same day, the CFO warned Defendants Bonham and Davis that "I know we 'think' we will see relief in May or June on the ocean freight, but I wouldn't count on it and I'm really worried about the raw materials market." There was no disagreement from Defendant Bonham, who, in another email, expressly stated that he did not "see ocean freight or fedex costs reverting."

**ANSWER:**    On information and belief, this paragraph refers to written communications dated March 9, 2021, and instant messages dated March 11, 2021. Defendants refer to those documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

70.    That day, unbeknownst to Blue Owl and the other Lenders, tempers were flaring inside the Company as Defendants tried to deal with the Company's financial woes. On March 11, 2021, the Company's Controller put it bluntly: "cash is short right now." On the same day, Defendants had attended a meeting to discuss the Company's "recent underperformance." The Company's President expressed regrets that "the meeting did not go well and could have been better managed," alluding to Defendants' frustration with the management team that had brought them more bad news without providing any reassurance. The Company's President then provided the Founder Defendants and PHGP Defendants a summary of next steps that were necessary to address the Company's "reduced profitability, increased costs, and the impact on the FY21 EBITDA forecast."

**ANSWER:**    On information and belief, this paragraph refers to emails dated March 11, 2021. Defendants refer to those documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

71.    Two days later, Defendants presented Blue Owl and the other Lenders with the Financial Projections showing freight and shipping costs remaining stable and the Company gaining dramatically increased EBITDA and profit margins throughout 2021. Thus, despite receiving all of this alarmingly bad news on March 11, 2021 regarding the Company's "reduced profitability," "underperformance," the "impact on the FY21 EBITDA forecast," and the "erosion happening in our profit profile due to inbound freight and outbound increased FedEx charges," the Founder and PHGP Defendants just two days later presented Blue Owl with a misleadingly bullish picture of the Company's prospects, providing the false and misleading Financial Projections that reflected increased gross profit and EBITDA for 2021 and assumed no significant increase in cost of goods sold due to freight charges and no significant increase in cost of shipping. These projections were completely at odds with material undisclosed facts of which Defendants were already aware. The very next day, on March 14, 2021, Defendant Casella and the other Defendants reinforced this unwarranted optimism, misrepresenting to Blue Owl that Defendants were "very confident" the Company's EBITDA performance would be "bigger this year."

**ANSWER:**    To the extent this paragraph refers to Walker Edison financial projections, Defendants refer to those financial projections for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. To the extent this paragraph refers to written communications from March 2021, Defendants refer to those documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

72.    On March 16, 2021, just two days after communicating the falsely positive outlook to Blue Owl on March 14, Defendant Fiorentino privately wrote to Defendants Bonham, Davis, Casella, and Damiano that there were "very high hurdles for gross margin/EBITDA year over year starting in April."

**ANSWER:**    On information and belief, this paragraph refers to written communications dated March 16, 2021. Defendants refer to those written communication for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

73.    On March 19, Blue Owl met with Defendants and the Company CFO and was told that the Company would be shocked if 2021 growth was even as low as the Financial Projections, and that internally Walker Edison had a higher target, an expression of optimism that Defendants knew was materially false and misleading, and that echoed Defendant Casella's false statements on March 14.

**ANSWER:**    Defendants admit that in March 2021, certain members of the board of managers of Holding, certain senior executives at Walker Edison, including the CFO, and representatives of Blue Owl communicated about Walker Edison's financial projections. Defendants refer to Walker Edison's financial projections for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

74.    The highly material negative information was ***never*** disclosed to Blue Owl or the other Lenders; in fact, the opposite was conveyed by Defendants through their statements to Blue Owl and the other Lenders, and through the distribution of false and misleading financial statements and projections for the Company. These material facts and others were not disclosed because, as Defendant Fiorentino put it, the focus was still on a "dividend path to private deal," meaning the Dividend following the closing of the New Secured Loan.

**ANSWER:**    To the extent this paragraph refers to a written communication, Defendants refer to that communication for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

75.    As the days passed, other management-level employees shared concerns that the Company would continue to suffer from spiraling freight costs well beyond March 2021. On March 19, 2021, the very same day that Blue Owl was being told that the Company's performance had been outstanding and was expected to be higher than the Financial Projections, a Company vice president complained internally that "ocean freight increases will be persistent," and that the increasing freight costs plaguing the Company and the global supply chain would not be "short term/temp." The Company's Treasurer told the CFO that "it seems like [freight expenses] ha[ve] been going up every month since the first of the year." On information and belief, the Founder Defendants and PHGP Defendants began holding "all hands" meetings to discuss how to handle the soaring freight and shipping costs, which were quickly burning up the Company's cash resources and were making the Company's financial position untenable. Defendants never even told Blue Owl and the other Lenders about the remarkable fact, as alleged above, that ongoing shipping problems had recently disrupted one of its most significant customer relationships in December 2020 when the Company was kicked off of the customer's e-commerce platform as punishment for delays, an event that caused Defendant Bonham to say, "I expect all of us to ask ourselves how did we [expletive] December this badly." Again, none of these material facts were disclosed to Plaintiff and the other Lenders.

**ANSWER:**     On information and belief, this paragraph refers to communications dated in March 2021. Defendants refer to those documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

76.     Despite these regular internal discussions, the Company's projections that Defendants used to justify and support the incurrence of the Loan Agreement and New Secured Loan did not reflect Defendants' actual knowledge that the Company would continue to suffer from increased freight and shipping costs and that costs would continue to increase after consummation of the transaction. In fact, Defendants knew that the projections they used to promote and justify the Loan Agreement and New Secured Loan failed to account for the increased freight and shipping expenses the Company had encountered since at least as early as October 2020 and failed to account for the resulting erosion in EBITDA that Defendants knew would continue to occur. Defendants did not even properly account for the EBITDA misses that they knew had already resulted from these issues and other performance challenges. Moreover, Defendants were well aware that the Company's financial projections were unreasonably high and ignored reality in order to justify the Dividend. Walker Edison's own President lamented weeks after the Dividend was issued that "we were saying from the beginning that the forecast for this year was way too high and no one listened."

**ANSWER:**     On information and belief, this paragraph refers to instant messages dated April 20, 2021. Defendants refer to those documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

77.     To the contrary, Defendants sought to downplay the Company's margin, profitability, and liquidity problems as potential issues. At the same time that Defendants and Walker Edison management were internally discussing the "persistent" and "inevitable" increases in freight and shipping costs and the "erosion in our profit profile"—as Defendant Bonham put it—caused by those increases that were not accounted for in the Financial Projections, Defendants were telling prospective lenders that freight and shipping issues had been resolved.

**ANSWER:**     On information and belief, this paragraph refers to instant messages dated March 11, 2021. Defendants refer to those instant messages for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

78.     For example, in the March 3, 2021 memorandum titled "Confidential Information Memorandum – Public Lender Information" (the "**March 2021 Confidential Memo**") and given by the Board Defendants to Blue Owl and the other Lenders in March 2021, Defendants told Plaintiff and the Lenders that although Walker Edison had "experienced unprecedented supply chain challenges" in November 2020, it "has since worked through the supply chain challenges, which no longer pose an issue" and that "[t]he Company's January 2021 performance recovered well from December 2020, as the supply chain challenges subsided and Walker Edison continued to experience increased demand." Upon information and belief, the Board Defendants—who constituted the entire Board and several key leadership positions—caused or approved this false representation to be placed in the March 2021 Confidential Memo, which itself "represent[ed] and warrant[ed] . . . that the information contained in [the March 2021 Confidential Memo] . . . does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements contained herein not materially misleading in light of the circumstances under which such statements are made."

**ANSWER:**    On information and belief, this paragraph refers to documents, including the Walker Edison Confidential Information Memorandum dated in March 2021. Defendants refer to these documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

79.     These materially false and misleading statements came at the same time that Defendant Bonham was telling management internally, "I don't see ocean freight or fedex costs reverting" and the Company's president was warning Bonham, Davis, and the PHGP Defendants of "reduced profitability, increased costs, and the impact on the FY21 EBITDA forecast." In addition, on March 22 and 24, 2021, just days before closing the New Secured Loan, employees of Walker Edison were still grappling with the related errors with the Company's freight accounting, noting that there had been "$6.4 million of freight costs" that were "not being allocated to inventory timely," which had been known since year-end 2020.  Again, this was never conveyed to Blue Owl or the other Lenders prior to closing of the New Secured Loan, despite Defendants' knowledge.

**ANSWER:**    On information and belief, this paragraph refers to written communications dated in March 2021. Defendants refer to these communications for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

80.     As problems mounted, the Company was forced to take drastic steps to deal with its lack of liquidity to pay ongoing debts due to its deteriorating financial condition. On information

and belief, not later than March 2021, the Company started to discuss intentionally short paying invoices to certain critical vendors, *i.e.*, paying less than the invoiced amount due and delaying payment, to manage its cash liquidity. While helpful on paper to slow cash burn, this strategy of underpaying and delaying critical vendor payments would cause material risk to the Company's relationships and business going forward. Delaying and short paying critical vendor payables was not part of the Company's regular and normal working capital management. Defendants made this intentional decision because the Company would be running precariously low on money soon without such a strategy, and the Company modeled various percentages of vendor short paying so that it could preserve liquidity and remain in compliance under its asset- based loan facility ("**ABL Facility**"). Yet, when cash did become available through the Loan Agreement, Defendants did not leave a single dollar of cash in the Company and rather siphoned off the cash for their own benefit through the Dividend.

**ANSWER:**     To the extent this paragraph refers to written communications, Defendants refer to these communications for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

81.     The Founder Defendants and PHGP Defendants were fully aware of the liquidity crisis faced by the Company and were advised of various measures Company management was proposing to deal with the Company's growing inability to pay its debts. Between March 3 and 8, 2021, for example, the Company's CFO requested that a four-week cash flow forecast be drawn up showing that the Company would only be able to pay 86% of what it was scheduled to pay to its suppliers in China and Brazil and stated that he was "going to talk to [Defendant Bonham], [Walker Edison's President], and [Defendant Davis] today about pushing orders out," *i.e.*, delaying critical orders from suppliers, "since we aren't hitting sales goals." According to an internal cash flow forecast dated March 16, 2021, the Company had determined that it could not pay its debts to vendors and suppliers as they came due without running out of availability on its bank line of credit and being in breach of its credit requirements within five weeks.

**ANSWER:**     On information and belief, this paragraph refers to emails dated March 3 and 8, 2021 and documents dated in March 2021. Defendants refer to those documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

82.     As of at least March 17, 2021, management expressed concern that the Company's factory relationships—absolutely essential to the Company's business and survival—could be seriously jeopardized if the Company stretched payments beyond due dates and short paid for orders that it had placed. They also debated which part of the Company was better positioned to "weather this storm."

**ANSWER:**    On information and belief, this paragraph refers to emails dated March 17, 2021.

Defendants refer to those documents for the complete contents thereof and deny all allegations and

characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all

allegations and characterizations in this paragraph.

83.    Defendant Bonham also started pushing the idea of slashing hiring at the Company given the dire financial conditions, telling Defendant Davis and others on the management team, "revenue miss plus increasing expenses = stop hiring." However, this formula did not stop Defendants from, just days later at the end of March 2021, causing the Company to incur $300 million via the New Secured Loan (resulting in increased debt service costs) or funding an approximately $210 million distribution to line their own pockets. And as Walker Edison's CFO told Defendants Bonham and Davis, a hiring freeze would not resolve the financial problems alone, and other factors like costs of goods and shipping costs "are the more significant drive[r]s of future performance."

**ANSWER:**    On information and belief, this paragraph refers to instant messages dated March

11, 2021 and Walker Edison communications dated in March 2021. Defendants refer to those

documents for the complete contents thereof and deny all allegations and characterizations

inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and

characterizations in this paragraph.

84.    By March 16, 2021—the same day Defendants provided Blue Owl and the other Lenders with the inflated Original Financials—the Company had completed an internal 16-week projection showing that in order to preserve capacity under its current $55 million ABL Facility—the Company's key source of liquidity—the Company would only be able to pay a portion of invoices owed to suppliers for the two weeks preceding the Dividend and through at least June 2021.

**ANSWER:**    To the extent this paragraph refers to a Walker Edison financial report or projection,

Defendants refer to that document for the complete contents thereof and deny all allegations and

characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all

allegations and characterizations in this paragraph.

85.    Two days later, on March 18, the Company had completed another internal projection showing that it would exceed its borrowing capacity under its ABL by May 2021. It

also showed that the Company would burn through more than $100 million in cash—which it did not have—by December 2021. Upon information and belief, Defendants were aware of these projections that reaffirmed the on-the-ground reality yet failed to disclose this information to the Lenders.

**ANSWER:**    To the extent this paragraph refers to a Walker Edison financial report or projection,

Defendants refer to that document for the complete contents thereof and deny all allegations and

characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all

allegations and characterizations in this paragraph.

86.    On March 18, the day before Defendants communicated to Blue Owl and the other Lenders that 2021 growth was expected to surpass even current expectations, the Company's President advised Defendants Bonham, Davis, Fiorentino, Damiano, and Casella as members of the Walker Edison Board that the Company should delay certain critical hiring and implement a 31% reduction in hiring of non-critical roles "immediately" and not reintroduce non-critical hiring until "performance improves." These discussions and others alleged herein reflect that all of the Defendants were fully aware and in regular communication regarding the Company's lack of adequate capital and inability to pay its debts as they came due while they continued to plan the consummation of the dividend recap transaction.

**ANSWER:**     On information and belief, this paragraph refers to Walker Edison communications

dated March 18, 2021. Defendants refer those documents for the complete contents thereof and

deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated,

Defendants deny all allegations and characterizations in this paragraph.

87.    The Company's actual performance with respect to freight and shipping delays and increased costs not only impacted its cash liquidity in the form of reduced profits, but it also reduced the Company's ability to access the bank borrowing that was essential for it to meet its debts. Specifically, the freight and shipping issues had an immediate impact on the Company's ability to borrow cash under its ABL Facility.  In connection with incurrence of the debt financing, on March 31, 2021, the ABL Facility was also amended to increase the available loan capacity from $55 million to $75 million. But the increased loan capacity did not mean that the Company was able to actually access that full capacity. Indeed, even prior to the amendment of the ABL Facility, the Company's ability to access the full capacity of the ABL was uncertain.

**ANSWER:**    Defendants state that on or around March 31, 2021, Walker Edison's asset based

loan credit agreement ("ABL Credit Agreement") was amended to increase its Aggregate

Commitments (as defined therein) by $25 million. Defendants refer to the ABL Credit Agreement

and loan balances for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

88.     On March 26, 2021—and consistent with the March 16 and 18 internal forecasts about the difficulties with retaining availability under the ABL Facility while continuing to pay the Company's obligations to its vendors and suppliers—the Company's CFO sent an email to representatives of Prospect Hill and to the Company's lender under the ABL Facility telling them that the Company's projections (which were used to justify the new loan and the issuance of the Dividend) depended on the Company having access to the full $75 million available under the ABL Facility, but that delays in shipments of the Company's inventory would preclude the Company from borrowing the full amount it needed under the ABL Facility because the inventory necessary to supply the necessary collateral had been averaging in-transit times far beyond the lender's permitted 45-day time limits. Defendants ultimately declined to make a request to the ABL lender to increase the limits because Defendant Casella responded that he did not want such a request to "slow down the process," meaning the "process" by which Defendants were to cause Walker Edison within the next few days to incur $300 million in new debt so that Defendants could take the $210 million Dividend out of the Company. Again, Defendants did not disclose the Company's liquidity problems to Blue Owl or the other Lenders prior to the closing of the loan transaction.

**ANSWER:**    On information and belief, this paragraph refers to Walker Edison communications dated March 26, 2021. Defendants refer to those documents for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

### D.    <u>Defendants' Fraudulent Representations Caused the Lenders to Fund a $300 Million Term Loan and Caused the Company to Fund an Approximately $210 Million Dividend to Defendants.</u>

89.     All of these issues, among others, meant that Defendants knew the Company, prior to closing on the New Secured Loan, was facing disruptions to its business that made its financial reporting and financial projections inaccurate and unreliable and would impact the Company's ability to pay debts as they came due.  None of these facts caused Defendants to refrain from using their knowledge and control over Walker Edison to wrongfully (and fraudulently) induce Blue Owl and the other Lenders to enter into the Loan Agreement and provide $300 million in added funds in the form of the New Secured Loan, which Defendants knew Walker Edison could not repay.

**ANSWER:**    Denied.

Defendants Continue Their Fraud in the Loan Agreement

90.    In the Loan Agreement and in written and oral communications during the loan diligence process in March 2021, the Board Defendants made, and caused to be made, additional numerous materially false and misleading representations and warranties to Blue Owl and the other Lenders. Defendants' misrepresentations in the Loan Agreement and elsewhere were belied by the facts on the ground that were known to Defendants but not to Blue Owl or the other Lenders. In addition to the oral and written misrepresentations and omissions made by Defendants as alleged herein, below is a description of certain further material misrepresentations and omissions made, and authorized to be made, by Defendants in the Loan Agreement itself.

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and deny

all allegations and characterizations inconsistent therewith. Except as so admitted and stated,

Defendants deny all allegations and characterizations in this paragraph.

91.    The Board Defendants caused the making of a representation in Section 3.04(a) of the Loan Agreement that historical financial statements were prepared in accordance with GAAP and presented fairly the financial condition of the Company and Section 3.13(a) provided that no written information, report, or financial statement furnished to the Lenders contained a material misstatement of fact. These representations were materially false because among other things, the Company's historical financial statements actually violated GAAP, materially misstated the Company's freight costs, costs of goods sold, gross margin, EBITDA, and other metrics, and had to be restated for 2018 and 2019 as a result of the 2020 audit completed in July 2021, and the October 2020 to February 2021 financial statements that had been provided to Blue Owl and the other Lenders had to be corrected.

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and

deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated,

Defendants deny all allegations and characterizations in this paragraph.

92.    In Section 3.04(b), the Board Defendants caused the making of a representation that there had been no event, change, circumstance, or occurrence that was or was expected to be a material adverse effect. This representation was materially false because in reality, there continued to be materially adverse changes in the financial state of the Company—including reduced profitability, increased costs, and imminent inability to pay critical vendors—that rendered the Company unable to pay its debts as they came due and lacking adequate capital through the date of the dividend recap transaction.

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

93.    In Section 3.13(b), the Board Defendants caused the making of a representation that any projections were prepared in good faith and "utilized only assumptions believed by it to be reasonable when made in light of the then current circumstances." The Financial Projections delivered by Defendants to the Lenders were known by Defendants to be unreasonable and false in that the Financial Projections, among other things, projected a decrease in shipping and freight costs, even though the Board Defendants internally acknowledged they did not "see ocean freight or fedex costs reverting." The Board Defendants likewise were aware of reduced profitability, increased costs, and the impact of those issues on the Company's forecasts. The projections provided to Blue Owl and the other Lenders were therefore not made in good faith and did not utilize assumptions believed by Defendants to be reasonable when made in light of the then-current circumstances.

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

94.    In Section 3.15 (Solvency), the Board Defendants caused the making of a representation that as of the closing date, and after giving effect to the refinancing, Dividend, and payment of fees under the Loan Agreement, the Company "on a consolidated basis" would be solvent. In reality, the Company was not solvent under any standard, as alleged herein. Notably, the Company was already unable to pay ongoing debts, internal projections suggested the Company would soon exceed its borrowing capacity, and the Board Defendants recommended slashing critical hiring in order to deal with the lack of liquidity.

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

95.    The Loan Agreement further contained no provision disclaiming reliance by Blue Owl or the Lenders on any representations made by the Board Defendants either outside of the Loan Agreement or inside it (in the form of the representations and warranties made). In all respects, Plaintiff Blue Owl and the Lenders were legally entitled to, and did rely, on the material false representations and omissions by Defendants in connection with the Loan Agreement.

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

96.    Upon information and belief, Defendants—who constituted the governing board of, and substantially all of the equity ownership interests in, Walker Edison—made and caused to be made the material misrepresentations and omissions in the Loan Agreement and those otherwise communicated to Blue Owl and the other Lenders during the loan transaction diligence. Defendants knowingly made, and caused Walker Edison and its affiliates, employees, and representatives to make, these material misrepresentations and omissions, on which Blue Owl and the other Lenders reasonably and justifiably relied, in order to induce Blue Owl and the other Lenders to enter into the Loan Agreement, which allowed Defendants to extract hundreds of millions of dollars.

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

97.    Defendants controlled Walker Edison (both the Board and its top management positions). The Founder Defendants and PHGP Defendants who served on the Walker Edison Board caused and authorized Walker Edison (through its corporate CFO) to sign the Loan Agreement on behalf of the relevant Walker Edison entities.  Corporate authorizations for the Loan Agreement confirm that Defendants knowingly caused, approved, authorized, and ratified the illegal acts and fraud in connection with the loan transaction and financially benefited thereby and are therefore liable for them.

**ANSWER:**    Defendants incorporate the answer to Paragraph 2. In their capacities as members of the board of managers of Holding, Messrs. Bonham, Casella, Damiano, Davis, Fiorentino, Murphy, and Suttin participated in the approval of the Loan Agreement by WE Holding, as the sole member of Walker Edison Intermediate, LLC, the sole member of Walker Edison Furniture Company, LLC. Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

98.    Because Defendants arranged and caused the Company, Walker Edison Intermediate, and another subsidiary (EW Furniture, LLC) to serve as the only borrower/guarantor

signatories to the Loan Agreement, Defendants arranged to avoid having themselves serve as signatories or parties to the Loan Agreement in order to further distance themselves from the fraud they had committed. As a result, Defendants cannot avail themselves of or otherwise invoke any of the Loan Agreement's provisions (including the choice-of-law or venue provisions) in their defense, as the Loan Agreement expressly prohibits this. Pursuant to Section 10.04(a), the Loan Agreement provides that "[n]othing in this Agreement or any other Loan Document . . . shall be construed to confer upon any person (other than the parties hereto, their respective successors and assigns permitted hereby . . . ) any legal or equitable right, remedy or claim under or by reason of this Agreement or any other Loan Document."

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and deny

all allegations and characterizations inconsistent therewith. Except as so admitted and stated,

Defendants deny all allegations and characterizations in this paragraph.

<u>Agency Allegations</u>

99.    In connection with the Loan Agreement, the Board Defendants caused to be created, executed, and delivered to Blue Owl and the other Lenders, in connection with an Omnibus Officer's Certificate dated March 31, 2021 (the same date as the signing and closing of the Loan Agreement), an Omnibus Written Consent by Defendant Walker Edison Holding Company LLC, the Utah-based entity owned and controlled by the Defendants: (1) stating that Blue Owl and the other Lenders were entitled to rely upon the terms (including the materially false and misleading representations and omissions) of the executed Loan Agreement as having been authorized by Defendant Walker Edison Holding Company, LLC; (2) falsely representing that Walker Edison would not be rendered insolvent as a result of the Term Loan or transactions contemplated by the Term Loan guaranties (including the Dividend); and (3) stating that any acts by any manager, officer, employee, or agent of each Walker Edison affiliate in connection with the Term Loan transaction were "in all respects ratified, approved, confirmed, and adopted as acts and deeds by and on behalf of" Walker Edison Holding Company, LLC.

**ANSWER:**    Defendants refer to the Omnibus Officer's Certificate dated March 31, 2021, for

the complete contents thereof and deny all allegations and characterizations inconsistent therewith.

Except as so admitted and stated, Defendants deny all allegations and characterizations in this

paragraph.

100.    Defendants, as members of the controlling board and equity owners (or their representatives) of Defendant Walker Edison Holding, Walker Edison Intermediate, and Walker Edison, knowingly caused, approved, authorized, and ratified the acts undertaken by Defendant Walker Edison Holding and the other companies (including Plaintiff Walker Edison, Walker Edison Intermediate, and EW Furniture LLC as borrowers/guarantors) and their affiliates, employees, and representatives, all of whom acted as Defendants' agents within the course and

scope of such agency in connection with the Loan Agreement and acts and transactions relating thereto for Defendants' benefit. Based on the facts alleged herein and to be proven at trial, Defendants are themselves liable for those acts directly and also vicariously as principals, and their acts and knowledge are thereby imputed to Defendants.

**ANSWER:**   Denied.

101.   In addition, each of the Board Defendants at all times acted on his own behalf and on behalf of the other entity Defendants that had the remaining direct or indirect ownership interests in Walker Edison. Defendant Brad Bonham acted at all times alleged herein both in his own personal interest and as an authorized agent and representative of Defendant MB & BB Holdings, which was the Utah-based investment vehicle through which he held ownership in Walker Edison and whose interests were aligned with his own. In undertaking the acts alleged herein, Defendant Bonham acted within the scope of his authority and agency to pursue the interests of Defendant MB & BB Holdings in causing the New Secured Loan and the Dividend, the proceeds of which were paid to MB & BB Holdings. Defendants Damiano, Murphy, Suttin, Casella, and Fiorentino, who were all affiliated with Prospect Hill, acted at all times alleged herein both in their own individual personal interests and as authorized agents and representatives of Defendants Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P. (collectively, the "Prospect Hill Entities"), which constituted the various Prospect Hill-related entities with direct or indirect ownership interests in Walker Edison and whose interests aligned with their own. In undertaking the acts alleged herein, Defendants Damiano, Murphy, Suttin, Casella, and Fiorentino acted within the scope of their authority to pursue the interests of the Defendant Prospect Hill Entities in causing the New Secured Loan and the Dividend, the proceeds of which were paid to the Prospect Hill Entities. In addition, all of the Board Defendants served as managers and directors of Defendant Walker Edison Holding Company, LLC, which controlled Walker Edison Intermediate and Walker Edison. As a result of these relationships, each of the Board Defendants and Defendant Walker Edison Holding was an agent of the remaining Defendants and the conduct and knowledge of the Board Defendants and Walker Edison Holding LLC as alleged herein are imputed to the remaining Defendant entities, on whose behalf they acted within the scope of their authority and which are equally liable both directly and vicariously as principals.

**ANSWER:**   Denied.

<u>Defendants Use the Loan Proceeds to Pay Themselves the $210 Million Dividend</u>

102.   As explained above, the representations and warranties contained in the Loan Agreement and the related financial statements and projections and the omissions therefrom were materially false and misleading. Defendants had exclusive and unique knowledge of the true material facts and information such that the exercise of reasonable diligence would not have uncovered the fraud, and Defendants fraudulently concealed, misrepresented, and omitted to disclose the true material facts in order to induce and cause Blue Owl and the other Lenders to fund $300 million under the New Secured Loan, the majority of which went directly to Defendants' pockets.

**ANSWER:**    Denied.

103.    In reasonable reliance on the financial statements and projections prepared and provided by Defendants, as well as the representations and warranties in the Loan Agreement and Omnibus Written Consent, Blue Owl and the other Lenders executed the Loan Agreement on March 31, 2021.  This transaction resulted in the New Secured Loan, which provided $294,921,250 in net cash for the Company. Defendants, however, did not permit the Company to retain a single dollar of the New Secured Loan to fund its ongoing operating costs or to solve the known liquidity issues. Rather, 100% of the proceeds of the New Secured Loan was used to pay transaction fees, to repay existing debt of $82,874,156.25, and to fund the Dividend and various employee profit interests of $209,320,503.41. The liens under the Loan Agreement on the Company's cash were not perfected prior to the Dividend (which was paid on the same day), and the funds used for the Dividend were not fully encumbered by valid liens when transferred from the Company's accounts.

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. The Loan Agreement stated that "[Walker Edison] intends to make a cash Dividend . . . in an amount up to $210,000,000 . . . to existing equityholders and optionholders . . . .," and it obligated Walker Edison to issue the Dividend. Defendants admit that the proceeds from the Loan Agreement were used to repay existing debt, fund the Dividend, fund payments to certain employees of Walker Edison, and pay transaction costs. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

104.    Defendants also caused the Company to increase its loan capacity under the ABL Facility from $55 million to $75 million, notwithstanding the $300 million term loan debt they had just caused the Company to incur, but projections and internal emails showed that even this increased loan capacity under the ABL Facility would either not be available or would be insufficient given the Company's substantial liquidity needs and cash burn.

**ANSWER:**    Defendants state that on or around March 31, 2021, Walker Edison's ABL Credit Agreement was amended to increase its Aggregate Commitments (as defined therein) by $25 million. Defendants refer to the ABL Credit Agreement for the complete contents thereof and deny

all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

105.    Had Defendants observed corporate formalities, the Dividend would have been distributed through the Company's corporate structure—(i) first to Walker Edison Intermediate, (ii) then to Walker Edison Holding, and (iii) then to the beneficial owners of Walker Edison Holding. The Dividend, however, was not distributed in accordance with this corporate structure. Rather, it was paid in cash directly by Walker Edison to Defendants JWC-WE Holdco, Inc. (on information and belief, an entity owned and/or controlled by Prospect Hill), MB & BB Holdings, LLC (on information and belief, an entity owned and controlled by Brad Bonham), and Matthew Davis (collectively, the "**Transfer Recipients**"). The cash amounts of the Dividend transferred to the Transfer Recipients (the "**Transfers**") are reflected in the below chart and represent 99.4% of the total Dividend amount above.

| Transfer Recipient | Transfer Amount |
|---|---|
| JWC-WE Holdco, Inc. | $119,895,590.37 |
| MB & BB Holdings, LLC | $66,143,473.13 |
| Matthew Davis | $22,049,157.32 |

**ANSWER:**    Defendants admit that the Defendants identified in this paragraph received funds on or about March 31, 2021 in approximately the amounts alleged. Except as so admitted and stated, Defendants deny the allegations and characterizations in this paragraph.

106.    In addition to the Transfers to the Transfer Recipients, the Company also distributed a very minor amount of the Dividend, $1,232,282.60 (representing 0.6% of the Dividend Amount) for certain senior employee profit interests. As with the Dividend payouts, the Company did not receive any of the funds distributed to these employee recipients.

**ANSWER:**    Defendants admit that certain employees of Walker Edison were intended to receive funds on or about March 31, 2021 in approximately the amount alleged. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph and, on that basis, deny the same.

107.    The Transfers were made to and for the benefit of the Transfer Recipients, each of which were either insiders and controlling owners of Walker Edison or controlled by insiders or controlling owners of Walker Edison. Walker Edison received no consideration in return for the Transfers.

**ANSWER:**    Denied.

108.    On information and belief, after completion of the Transfers by Walker Edison, the Transfer Recipients subsequently transferred some or all of the proceeds of the Dividend to additional persons and entities, including Defendants Brad Bonham, Matt Davis, Walker Edison Holding Company, LLC, the remaining Defendant Prospect Hill Entities, and certain Doe defendants who have not yet been identified.

**ANSWER:**    Defendants state that following its receipt of $119,895,590.17, JWC Holdco

transferred all or most of that amount to JWC-WE Holding and other persons or entities. Except

as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

109.    Not only did the Dividend strip the Company of loan proceeds that should have been used to address its liquidity and performance issues, but the $300 million New Secured Loan left the Company with massively increased debt and monthly costs of debt service. Prior to the consummation of the Loan Agreement and Dividend, the Company had less than $83 million in funded term loan debt and had approximately $22 million outstanding under the ABL Facility that had a borrowing limit of $55 million. After consummation of the Loan Agreement and the Dividend at the end of March 2021, however, the Company had $300 million in funded term loan debt under the Loan Agreement, with an increased borrowing limit under the ABL Facility of $75 million. As a result of the closing of the New Secured Loan, the cost of the Company's monthly debt service had therefore more than tripled, from an average of approximately $640,000 per month in the six months prior to the closing of the New Secured Loan to an average of approximately $2 million per month in the six months following the closing of the New Secured Loan.

**ANSWER:**    Defendants refer to the Loan Agreement, the ABL Credit Agreement, and the loan

balances, borrowing limits, and debt service amounts in Walker Edison's financial statements and

reports for the complete contents thereof, and Defendants deny all allegations and characterizations

inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and

characterizations in this paragraph.

110.    In other words, the Loan Agreement substantially increased the required cash necessary to fund the Company's debt by more than $1.4 million per month at a time when the Company was already experiencing liquidity and cash problems and an inability to pay debts as they came due in the ordinary course of the Company's activities and affairs. At the same time, the Dividend depleted the Company of approximately $210 million of cash that could have been used to mitigate the Company's operating losses and fund its debt payments. All of this was directed and facilitated by Defendants, who used their positions of power over the Company to misrepresent the state of the Company, to the detriment of Blue Owl and the other Lenders. Had Blue Owl and the other Lenders known the truth about the financial status of the Company, they

would not have supported a transaction that resulted in approximately $210 million departing the Company when those cash proceeds were sorely needed to fund operations and satisfy debt service.

**ANSWER:**    Defendants refer to the Loan Agreement, the ABL Credit Agreement, and the loan

balances, borrowing limits, and debt service amounts in Walker Edison's financial statements and

reports for the complete contents thereof, and Defendants deny all allegations and characterizations

inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and

characterizations in this paragraph.

111.    Blue Owl and the other Lenders justifiably relied upon the financial statements and projections prepared and sent by, or at the direction of, Defendants, as well as other materially false and misleading statements and omissions by Defendants alleged herein, made to induce the Lenders to fund the cash necessary to make the Dividend. In reliance on the Original Actuals and the Financial Projections, which were materially false and misleading, Blue Owl and the other Lenders agreed to enter into the Loan Agreement.

**ANSWER:**    Denied.

112.    Blue Owl and the other Lenders were misled by Defendants into lending money to a company whose financial health and cash position was worse than Defendants represented—a company that was already considering drastic cuts to spending and jeopardizing its own vendor relationships due to struggles to pay its debts even before it took out a $300 million loan that would not increase its cash position by a single dollar. As a result of Defendants' fraud and misconduct, Blue Owl and the other Lenders did not have full knowledge of all material facts surrounding the Loan Agreement and the Dividend or the impacts that such transactions would have on the Company and its ability to perform under the Loan Agreement. In particular, this is because Defendants concealed and misrepresented that the Company's financial statements and projections were materially inflated, false, and inaccurate due to spiraling costs, inventory challenges, and poor cash flow that would render the Company unable to pay its debts.

**ANSWER:**    Denied.

113.    Blue Owl and the other Lenders were therefore unaware of the Company's financial struggles, which was a material undisclosed fact, and moreover that the $210 million Dividend the Defendants arranged to pay themselves would render the Company insolvent, including leaving it with inadequate capital, an inability to pay its debts as they became due, and unreasonably small assets in relation to its business. Blue Owl and the other Lenders did not intend to loan $300 million to a Company that was struggling financially, nor did they intend to loan to the Company that would be insolvent at the time of the $210 million Dividend and would soon be unable to pay its vendors. Defendants' fraud prevented Blue Owl and the other Lenders from becoming aware of the true material facts regarding the transaction and the state of the Company so that they could decline to provide the loan that funded the Dividend. Because of the state of circumstances

Defendants' fraud created, Blue Owl and the other Lenders did not have knowledge of all material facts and therefore did not ratify, and cannot be deemed to have ratified, the transfer of the $210 million Dividend to Defendants.

**ANSWER:**    Denied.

## V.    AS THE DEFENDANTS FORESAW, WALKER EDISON'S ACTUAL PERFORMANCE DID NOT IMPROVE AFTER CLOSING THE NEW SECURED LOAN AND WALKER EDISON WAS INSOLVENT.

114.    Contrary to Defendants' fraudulently positive portrayal of the Company's financial health, the Company's gross profit and EBITDA in the period leading up to the closing of the New Secured Loan were materially lower than the projections Defendants had provided to obtain the New Secured Loan.  In reality, the Company was facing a severe liquidity shortage and significant increases in expenses (primarily freight, shipping, and distribution center costs) that were not likely to dissipate soon.

**ANSWER:**    Defendants refer to Walker Edison's financial reports and projections for the complete contents thereof and deny all allegations and characterizations inconsistent therewith.

Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

115.    Defendants were aware that as of the closing of the New Secured Loan, the Company was inadequately capitalized and would not be able to pay its debts as they came due in the ordinary course of the Company's activities and affairs. This was borne out almost immediately after the closing of the New Secured Loan. Further, the additional debt caused Walker Edison's debts to be greater than all of its assets. In other words, as of the closing of the Loan Agreement, the Company was insolvent.

**ANSWER:**    Denied.

116.    Following the closing of the New Secured Loan on March 31, 2021, the Company missed the projections Defendants had presented to Blue Owl and the other Lenders to justify the New Secured Loan by a material margin. The Company's actual 2021 net sales of $399.6 million fell more than ***$100 million short*** of its projected forecast of $504.2 million. And its 2021 actual reported EBITDA of ***negative*** $1.6 million fell well short of its projected $104.4 million. By the end of 2021, the Company burned through $100 million in cash due substantially to the spiraling costs and inventory challenges that were known prior to the Dividend transaction.

**ANSWER:**    Defendants refer to Walker Edison's financial reports and projections for the complete contents thereof and deny all allegations and characterizations inconsistent therewith.

Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

117.    These significant misses reflected the fact that the monthly financials and financial forecasts that Defendants used to justify the Dividend prior to the transaction closing on March 31, 2021 did not reflect the operative reality of the Company due to Defendants' willful and intentional failure to properly allocate freight expenses for accounting purposes, and due to the known persistent increase in freight, shipping, and other costs that the Company experienced in the months preceding and following the issuance of the Dividend.

**ANSWER:**    Defendants refer to Walker Edison's financial reports and projections for the complete contents thereof and deny all allegations and characterizations inconsistent therewith.

Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

118.    The Company's actual financial information, which was known to Defendants but intentionally withheld from Blue Owl, showed significant financial and liquidity problems well before the New Secured Loan closed. Based on this, Defendants should not have caused the Company to take on $300 million in new debt and should have refrained from extracting hundreds of millions of dollars from the Company because such actions immediately jeopardized the Company's ability to continue operations and pay its debts on time.

**ANSWER:**    Denied.

119.    Had Defendants disclosed the true financial information that was available to them, neither Defendants nor the Company could have rationalized borrowing and paying the Dividend of approximately $210 million solely from borrowed funds. Nor would Blue Owl and the other Lenders have been willing to provide the New Secured Loan.

**ANSWER:**    Denied.

## VI.    THE COMPANY ENGAGED IN AN ADDITIONAL EQUITY TRANSACTION.

120.    Just a few months later, Defendants sought and obtained from a New York-based private equity growth firm an additional $250 million equity investment in Walker Edison Holding. Upon information and belief, Defendants did not disclose material facts regarding their actual expectations that freight and shipping costs would continue to increase in 2021 and to pose solvency and liquidity challenges for the Company, and instead Defendants presented unreasonable and inflated projections to the private equity growth firm in order to induce it to enter into the equity transaction.

**ANSWER:**    Defendants state that in May 2021, an entity owned or controlled by Blackstone Inc. paid $250 million to acquire equity in Holding. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

121.    As with the New Secured Loan, this May 2021 investment was used to fund a second dividend to Defendants. Thus, although Defendants personally profited from the deal, barely any of this cash infusion was used to help fund the Company's operations and get it back on its feet. Ultimately, Walker Edison did not receive any of the proceeds from the May 2021 investment other than the amount necessary to cover the associated transaction costs. This was a *de minimis* amount compared to the $250 million equity investment and the size of the dividends, and to the cash needed by Walker Edison to solve its continued liquidity and operations problems. Following the additional equity investment, the Company's continuing insolvency only worsened. Ultimately, the private equity growth firm's investment in Walker Edison came to an end a little more than a year later in a restructuring transaction made necessary by the Company's deepening liquidity problems.

**ANSWER:**    Denied.

## VII.    WALKER EDISON WAS INSOLVENT WHEN THE COMPANY ISSUED THE DIVIDEND.

122.    As a result of the financial difficulties described above, rational projections of the Company's performance and cash flow based on the information actually known by Defendants would have shown that Walker Edison was insolvent, unable to pay its debts as they came due, and/or would be left with unreasonably small assets at the time of, and as a result of, the Dividend. It was clear internally that the Company would have little cash to help "weather this storm" that it was facing and that the combination of the "erosion in our profit profile" that Defendant Bonham identified and the increase in operating and debt expenses would leave the Company in an untenable financial position.

**ANSWER:**    Denied.

123.    Defendants, however, refused to correct their materially false and misleading projections to conform to what they knew. Defendants therefore induced Blue Owl and the other Lenders to enter into the Loan Agreement and Defendants received the Dividend with knowledge that Walker Edison would not be able to pay its debts as they came due in the ordinary course of the Company's activities and affairs, would be left with inadequate capital, and had otherwise unreasonably small assets in relation to its business.

**ANSWER:**    Denied.

124.    Throughout 2021, based on facts and circumstances that were known to Defendants as of the time of the Company's entry into the Loan Agreement and issuance of the Dividend, Walker Edison experienced a significant cash shortage and failed to pay its vendors on time and

in full. This state of affairs forced the Company to choose which manufacturers would get paid and which ones would have to wait, and which manufacturers would be short paid, including in situations where this would contravene the Company's legal and contractual obligations. The Company's liquidity worsened as a result of the New Secured Loan, as the Company's debt service requirements increased tremendously, and no proceeds of that loan were made available to the Company for anything other than distribution of the Dividend, repayment of existing debt, or payment of transaction fees. After the closing of the New Secured Loan and the Dividend, the Company was only able to fund operations through the later incurrence of more debt, including additional debt provided by Blue Owl and the other Lenders, as well as new infusions of equity capital, neither of which was reasonably certain nor guaranteed to occur when the Dividend was distributed.

**ANSWER:**    Denied.

125.    As detailed above, the Company's ability to borrow cash under its ABL Facility was limited. And by March 16, 2021, the Company's internal projections showed that it would exceed its borrowing capacity under its ABL Facility, its key source of liquidity, by April 2021. This was not disclosed to Blue Owl or the other Lenders prior to the closing of the New Secured Loan. Therefore, Defendants knew at the time of the funding of the New Secured Loan and Defendants' receipt of the Dividend that the Company would be left with inadequate capital, total assets less than total liabilities, and otherwise unreasonably small assets and capital, and would be unable to pay its debts as they became due.

**ANSWER:**    Defendants refer to the ABL Credit Agreement and loan balances for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

126.    Such anticipated problems were borne out as the months passed. As of March 31, 2021, the Company had borrowed approximately $22 million under its $75 million ABL Facility. Less than five months later, in August 2021, the Company increased the availability under its ABL Facility to $100 million. By the end of 2021, the Company had fully drawn the amount available under the ABL Facility, made necessary by the Company's continued failure to meet its projections, which failure was the inevitable consequence of known facts and circumstances, including rising freight and shipping costs, and inventory challenges known to Defendants before commencing discussions with Blue Owl about the dividend recap.

**ANSWER:**    Defendants refer to the ABL Credit Agreement, the borrowing capacity, and the loan balances for the complete contents thereof, and Defendants deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

127.    Even the increase in availability under the ABL Facility was not sufficient to prevent the Company from running out of cash in 2021.  Between September and December 2021, the Company obtained an additional $60 million in cash through capital contributions made by Defendants and other shareholders, who upon information and belief were trying to extend the Company's runway to avoid attention being focused on their prior fraud. During this period, Defendant Bonham told Defendants Damiano and Casella that "everyone knows ocean freight isn't abating anytime soon." This confirmed what Defendants knew when they caused the fraudulent Financial Projections to be sent to Blue Owl—that there were severe cost and expense issues drastically impacting the Company's bottom line. Describing the Company's financial position, Defendant Bonham stated that "the house is on fire," the situation was "precarious," and the Company should fire all Company employees not deemed "mission critical." In the face of the challenges created by Defendants' extraction of $210 million in badly needed liquidity that might have helped avert these disasters, Defendant Bonham simply told Defendants Damiano and Casella that "*honestly, I want to sail off into the sunset*."

**ANSWER:**    Defendants state that in 2021 certain of Walker Edison's equityholders contributed $60 million that flowed to Walker Edison. On information and belief, this paragraph refers to an email dated October 21, 2021. Defendants refer to that document for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

128.    Because Defendants negotiated the Loan Agreement without properly taking account of the Company's negative financial condition and performance at that time, within months of issuing the Dividend, the Company was also in danger of breaching the financial covenants under the Loan Agreement that Defendants caused in order to fund their own massive $210 million Dividend. Specifically, during the life of the New Secured Loan, the Company was required to maintain a specific "Total Net Leverage Ratio," which was to be tested quarterly.

**ANSWER:**    Defendants refer to the Loan Agreement and Walker Edison's financial statements and reports for the complete contents thereof, and Defendants deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

129.    In fact, by July 2021, less than *four months* after their $210 million Dividend and only two months after their additional equity transaction with a different private equity growth firm, Defendants had informed Blue Owl and the other Lenders that the Company's financial picture was so bleak that it might breach the Total Net Leverage Ratio covenant under the Loan Agreement. Further, on August 27, 2021, less than *five months* after their $210 million Dividend, Defendants notified Walker Edison's lenders that, due to the additional pressures and an influx of

pre-bought inventory from Q4 2020, the Company was facing a severe liquidity crisis and likely only had two to four *weeks* of liquidity left. By six months after Defendants' $210 million Dividend, the Company was in fact unable to even satisfy the *very first* Total Net Leverage ratio test on September 30, 2021, a disastrous result that Defendants knew and understood was likely before receiving the Dividend, given the "erosion" of the Company's profit profile and the fact that Defendants didn't "see ocean freight and fedex costs reverting," as Defendant Bonham put it.

**ANSWER:**    On information and belief, this paragraph refers to communications dated in July

2021 and August 27, 2021. Defendants refer to those communications for the complete contents

thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted

and stated, Defendants deny all allegations and characterizations in this paragraph.

130.    The Company's insolvency was known and knowable to Defendants at the time of the Dividend and the New Secured Loan. The failure to satisfy the Total Net Leverage Ratio covenant under the Loan Agreement, if not timely cured, threatened to constitute an "Event of Default" under the Loan Agreement, which would allow the full amount of the New Secured Loan to be accelerated and become immediately due, meaning that the full, approximately $300 million New Secured Loan would have been immediately due and payable, a consequence that would have caused the Company to fall into bankruptcy. The Company did not have sufficient cash or refinancing capability to pay such debt when due. Based on the facts and circumstances known by Defendants but concealed from Blue Owl and the other Lenders when Defendants induced them to enter into the Loan Agreement and fund the New Secured Loan, the Company did not have a realistic chance of satisfying the Total Net Leverage Ratio covenant under the Loan Agreement and was otherwise unable to satisfy its debts as they came due in the ordinary course of business.

**ANSWER:**    Denied.

## VIII.    DEFENDANTS EXECUTE A RESTRUCTURING SUPPORT AGREEMENT AND CHANGE OF CONTROL.

131.    By January 2023, it became clear that because of Defendants' misuse of Walker Edison's financial resources, Walker Edison would not be able to survive without more drastic action. Unable to fix the problems they had created, Defendants decided to turn over ownership of the Company to Blue Owl and the other Lenders. Accordingly, Walker Edison, its investors, Blue Owl, and the other Lenders entered into a Restructuring Support Agreement, dated January 27, 2023 (the "**RSA**").

**ANSWER:**    Defendants refer to the RSA for the complete contents thereof and deny all

allegations and characterizations inconsistent therewith. Except as so admitted and stated,

Defendants deny all allegations and characterizations in this paragraph.

132.    The purpose of the RSA was to (i) preserve and maximize the value of the Company by improving its balance sheet, (ii) provide necessary liquidity to address the Company's operating needs by providing for an additional $13 million loan under the Loan Agreement, (iii) preserve employee jobs, and (iv) satisfy certain of the Company's ongoing obligations. Pursuant to the transactions attendant to the RSA, the Lenders assumed ownership and control over Walker Edison Intermediate, and, in turn, Walker Edison and its subsidiaries. The Lenders, including Blue Owl, retained a significant portion of their loans to Walker Edison following the RSA. The RSA also expressly preserved the Lenders' claims against Defendants. The RSA would not have been necessary had Defendants acted properly in exercising their fiduciary and managerial duties, and had Defendants not imposed added debt obligations that Defendants knew Walker Edison could not pay.

**ANSWER:**    Defendants refer to the RSA for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

133.    By early 2023, Defendants' wasteful and unnecessary looting of Walker Edison, a once-successful Utah-based global furniture business, had jeopardized the long-term survival of the Company. Defendants, in the face of this disastrous result and having improperly caused a massive liquidity event at the worst possible time simply to line their own pockets, exited the Company hundreds of millions of dollars richer and left Blue Owl and the other Lenders to pick up the pieces and rebuild.

**ANSWER:**    Denied.

134.    Following the RSA, in 2023, Blue Owl and the other Lenders have been forced to extend an additional $66.5 million in loans to the Company to fund ongoing operations, in addition to their pre-existing loans. Therefore, as of the date of this Amended Complaint, the Company has issued at least $366.5 million of debt to Blue Owl and the other Lenders.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the existence or amounts of any alleged additional loans. Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

135.    Until the transfer of ownership in early 2023, Defendants were able to conceal the full extent of their fraud and the existence of Walker Edison's solvency from Blue Owl and the other Lenders. Once Defendants relinquished control over Walker Edison and access to its books and records and employees, their wrongdoing became apparent.

**ANSWER:**    Denied.

136.    On July 24, 2023, Blue Owl (as administrative agent and on behalf of the Lenders) and Defendants entered into a tolling agreement, whereby the parties agreed that the statute of limitations for any claims brought by Blue Owl or the other Lenders shall be tolled and extended through dates subsequent to the date of the original and amended Complaints.

**ANSWER:**    Defendants refer to that certain Tolling and Reservation of Rights Agreement made and entered into as of July 24, 2023 for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

## CAUSES OF ACTION

### COUNT I: Constructive Fraudulent Transfer Under Utah Code §§ 25-6-202, 203, 304, And Other Equivalent State Laws
*(Against Defendants Brad Bonham, Matthew Davis, MB & BB Holdings, LLC, Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., and Does 1-100)*

137.    Blue Owl restates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Defendants incorporate their responses to the preceding paragraphs.

138.    Blue Owl, on its own behalf and on behalf of the Lenders, was a creditor of Walker Edison before the Transfers were distributed to the Transfer Recipients.

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

139.    Blue Owl and the other Lenders have been, and remain, creditors of Walker Edison at all subsequent times and are current creditors of Walker Edison.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations, except that Defendants

refer to the Loan Agreement and the RSA for the complete contents thereof and deny all allegations and characterizations inconsistent therewith.

140.    On or around March 31, 2021, following the closing of the New Secured Loan, Walker Edison made the Transfers to the Transfer Recipients (JWC-WE Holdco, Inc., MB & BB Holdings, LLC, and Davis). On information and belief, Walker Edison Holding also received a legal right to some or all of the Transfers pursuant to its operating agreement or other governance documents and therefore can be considered a recipient of the Transfers.

**ANSWER:**    Defendants incorporate the answer to Paragraph 105. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

141.    On information and belief, after completion of the Transfers by Walker Edison, the Transfer Recipients subsequently transferred some or all of the proceeds of the Dividend (collectively, the "**Uptier Transfers**") to persons or entities, including Brad Bonham, Matt Davis, Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., and certain Doe defendants who have not yet been identified (collectively, the "**Uptier Transfer Defendants**").

**ANSWER:**    Defendants incorporate the answer to Paragraph 105. Defendants state that following its receipt of $119,895,590.17, JWC Holdco transferred all or most that amount to JWC-WE Holding and other persons or entities. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

142.    On information and belief, Walker Edison did not receive reasonably equivalent value for the Transfers.

**ANSWER:**    Denied.

143.    At the time of and after completion of the Transfers, Walker Edison was unable to pay its debts as they came due in the ordinary course of Walker Edison's activities and affairs, including payments to manufacturers and suppliers and its obligations under the Loan Agreement. To continue operations in 2021, the Company required an additional $60 million in equity contributions and an additional $20 million in availability under the ABL Facility.

**ANSWER:**    Denied.

144.    At the time of and after the Transfers, Walker Edison's financial statements showed that its total assets were less than the sum of its total liabilities.

**ANSWER:**    Denied.

145.    At the time of and after the Transfers, Walker Edison was engaged, or was about to be engaged, in a business or a transaction for which its remaining assets were unreasonably small in relation to their business or transaction.

**ANSWER:**    Denied.

146.    At the time of and after the Transfers, Walker Edison intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they came due.

**ANSWER:**    Denied.

147.    Walker Edison was insolvent at the time of the Transfers, and became insolvent as a result of the Transfers, which were eventually distributed by the Transfer Recipients to the Uptier Transfer Defendants via the Uptier Transfers.

**ANSWER:**    Denied.

148.    The Transfer Recipients and any immediate or mediate transferee of the Transfer Recipients, including but not limited to the Uptier Transfer Defendants, did not receive any interests or proceeds of the Transfers in good faith or for value.

**ANSWER:**    Denied.

149.    The Transfers and the Uptier Transfers are avoidable as constructive fraudulent transfers under both Utah Code §§ 25-6-202 and 203. Under Utah Code § 25-6-304, Blue Owl is entitled to a judgment against the Transfer Recipients and the Uptier Transfer Defendants for the lesser of the value of the Transfers or the amount necessary to satisfy Blue Owl's and the other Lenders' claims, both those incurred before and after the Transfers, together with prejudgment interest from the date of such transfers, costs, all other relief set forth in Utah Code § 25-6-303 (including avoidance of the full value of the Transfers), or compensatory damages in an amount to be determined for the value thereof, and any further relief that this Court deems just, fair, and equitable.

**ANSWER:**    Denied.

**COUNT II: Actual Fraudulent Transfer Under Utah Code § 25-6-202 And Other Equivalent State Laws**
*(Against Defendants Brad Bonham, Matthew Davis, MB & BB Holdings, Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., and Does 1-100)*

150.    Blue Owl restates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Defendants incorporate their responses to the preceding paragraphs.

151.    Blue Owl, on its own behalf and on behalf of the other Lenders, was a creditor of Walker Edison before the Transfers were distributed to the Transfer Recipients.

**ANSWER:**    Defendants refer to the Loan Agreement for the complete contents thereof and deny all allegations and characterizations inconsistent therewith. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

152.    Blue Owl and the other Lenders have been, and remain, creditors of Walker Edison at all subsequent times and are current creditors of Walker Edison.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations, except that Defendants refer to the Loan Agreement and the RSA for the complete contents thereof and deny all allegations and characterizations inconsistent therewith.

153.    On information and belief, after completion of the Transfers by Walker Edison, the Transfer Recipients subsequently made the Uptier Transfers to the Uptier Transfer Defendants.

**ANSWER:**    Defendants incorporate the answers to Paragraphs 140 and 141.

154.    The Transfer Recipients and any immediate or mediate transferee of the Transfer Recipients, including but not limited to the Uptier Transfer Defendants, did not receive any interests or proceeds of the Transfers in good faith or for value.

**ANSWER:**    Denied.

155.    The Transfers were made with an actual intent to hinder, delay, and/or defraud creditors of Walker Edison to the detriment and harm of its creditors, including Blue Owl and the other Lenders. Such intent can be inferred from several badges of fraud, as set forth in Utah Code

§ 25-6-202(1)(a), including, among other things, on information and belief: (i) the Transfers were made to and for the benefit of Defendants or their related entities, each of which was an insider of the applicable debtor; (ii) the Transfers were in effect transfers of substantially all of Walker Edison's assets in light of the Company's severe liquidity constraints and operational pressures; the value of the consideration received by Walker Edison was not reasonably equivalent to the value of the Transfers; (iv) Walker Edison was insolvent or became insolvent as a result of the Transfers that were made; and (v) the Transfers occurred shortly after a substantial debt was incurred in the form of the obligation under the Loan Agreement.

**ANSWER:**    Denied.

156.    The Transfers and the Uptier Transfers are avoidable as actual fraudulent transfers under both Utah Code §§ 25-6-202 and 203. Under Utah Code § 25-6-304, Blue Owl is entitled to a judgment against the Transfer Recipients or the Uptier Transfer Defendants for the lesser of the value of the Transfers or the amount necessary to satisfy Blue Owl's and the other Lenders' claims, both those incurred before and after the Transfers, together with prejudgment interest from the date of such transfers, costs, all other relief set forth in Utah Code § 25-6-303 (including avoidance of the full value of the Transfers), or compensatory damages in an amount to be determined for the value thereof, and any further relief that this Court deems just, fair, and equitable.

**ANSWER:**    Denied.

## COUNT III: Civil Conspiracy
### (*Against All Defendants*)

157.    Blue Owl restates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:**     Defendants incorporate their responses to the preceding paragraphs.

158.    Defendants and their representatives formed a combination of two or more persons.

**ANSWER:**    Denied.

159.    Defendants each sought to accomplish the object of committing fraud in order to cause Blue Owl to provide the New Secured Loan, which would enable Defendants to cause Walker Edison pay out the Dividend for their own benefit and for the benefit of their affiliates and assigns.

**ANSWER:**    Denied.

160.    Defendants had a meeting of the minds to accomplish their object by providing and causing to be provided materially false, misleading, and fraudulent financial projections, statements, and omissions that would induce Blue Owl to invest in the Company in order to finance the New Secured Loan.

**ANSWER:**    Denied.

161.    As alleged herein, Defendants conspired and participated in the commission of one or more unlawful, overt acts in furtherance of their object, as alleged herein, including but not limited to making and causing to be made fraudulent and false statements to Blue Owl and its representatives during the course of the diligence leading up to the Loan Agreement; distributing erroneous and fraudulent financial reports and projections to Blue Owl and its representatives; failing to notify Blue Owl of the materially false and fraudulent financial reports and projections; omitting material information regarding the rising freight and shipping costs, declining margin, and declining EBITDA that made the financial reports and forecasts materially false and fraudulent; and causing the Company to enter into the Loan Agreement and distribute the Dividend to the Transfer Recipients.

**ANSWER:**    Denied.

162.    Blue Owl has suffered damages as a direct result of these actions. As a result, Blue Owl is entitled to a judgment of liability against the Defendants for civil conspiracy.

**ANSWER:**    Denied.

## COUNT IV: Fraud
### (*Against All Defendants*)

163.    Blue Owl restates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:**     Defendants incorporate their responses to the preceding paragraphs.

164.    As alleged herein, Defendants prepared and caused to be prepared the Original Actuals and the Financial Projections, both of which contained material misstatements and omissions, and caused them to be provided to Blue Owl and the Lenders. Defendants knew that the Original Actuals and Financial Projections were materially false, misleading, and incorrect when they were sent to Blue Owl, and at no point before the closing of the New Secured Loan did they attempt to notify Blue Owl or the other Lenders of any errors or omissions. Further, Defendant Casella, acting on behalf of all the Defendants and with their prior authorization and knowledge, transmitted those documents to Blue Owl.

**ANSWER:**    Denied.

165.    Defendants made, and caused to be made, material misrepresentations in oral and written communications with Blue Owl during the course of Blue Owl's diligence, as alleged herein. In addition, Defendants made, caused, and authorized material misrepresentations and omissions to Blue Owl during the course of its diligence and in the Loan Agreement, as alleged herein. At no point did Defendants attempt to notify Blue Owl or the other Lenders of any errors or omissions.

**ANSWER:**    Denied.

166.    Defendants made, caused to be made, authorized, ratified, and approved materially false and misleading representations and omissions in the Loan Agreement on March 31, 2021, including but not limited to the representations in sections 3.04(a) (Financial Statements), 3.04(b) (Absence of a Material Adverse Effect), 3.13(a) (No Material Misstatements), 3.13(b) (Projections), and 3.15 (Solvency) of the Loan Agreement. Defendants knew these representations, and the other representations alleged herein, were materially false and misleading or contained material omissions when they caused and authorized the Loan Agreement to be executed on Walker Edison's behalf. In addition to being directly liable for fraud based on Defendants' knowingly causing to be made, and making, material misrepresentations and omissions, Defendants as principals are vicariously liable for the actions and imputed knowledge of their authorized agents, including but not limited to Walker Edison, Walker Edison Intermediate, and members of Walker Edison's management acting within the course and scope of their authority in transmitting those material misrepresentations and omissions to Blue Owl at Defendants' direction and for Defendants' benefit, as alleged herein.

**ANSWER:**    Denied.

167.    As alleged herein, Defendants authorized and ratified an Omnibus Officer's Certificate and an Omnibus Written Consent on behalf of Defendant Walker Edison Holding Co. LLC dated March 31, 2021 that authorized Walker Edison to enter into the Loan Agreement and authorized the acts undertaken by their agents in connection with the Loan Agreement, thereby causing, approving, and adopting all of the material false statements contained within the Loan Agreement and in the diligence leading up to the execution of the Loan Agreement. The Omnibus Written Consent also falsely represented that Walker Edison would not be rendered insolvent, lack adequate capital, be unable to pay its debts, or have assets with a saleable value less than its liabilities as a result of the Loan Agreement, materially false representations that were a material inducement to Blue Owl and the other Lenders to enter into the Loan Agreement. For all the reasons alleged herein, these representations were knowingly false when made. The Board (which includes Defendants) oversaw and controlled Defendant Walker Edison Holding Company LLC, and the Board Defendants authorized the Loan Agreement, and caused Walker Edison, its affiliates, and its employees and agents to execute the Loan Agreement, and are therefore liable for the material misrepresentations and omissions made to Blue Owl and the other Lenders in the Loan Agreement and during the loan diligence process, which they knowingly caused, approved, authorized, and ratified.

**ANSWER:**    Denied.

168.    Defendants made these misrepresentations and caused the misrepresentations to be prepared and made to Blue Owl and the Lenders. Defendants did so with the intent to fraudulently induce Blue Owl and the Lenders to enter into the Loan Agreement, thereby allowing Defendants to extract hundreds of millions of dollars from Blue Owl and the Lenders to enrich themselves.

**ANSWER:**    Denied.

169.    Defendants knew these material misrepresentations and omissions were false. Defendants also made, and caused these statements to be made recklessly, knowing that there was insufficient basis for these representations.

**ANSWER:**    Denied.

170.    These misrepresentations and omissions were made for the purpose of inducing Blue Owl and the other Lenders to enter into the Loan Agreement and provide $300 million in New Secured Loan, approximately $210 million of which was paid as a Dividend to line Defendants' pocketbooks.

**ANSWER:**    Denied.

171.    When these misrepresentations and omissions were made, Blue Owl and the other Lenders were not aware of their falsity. These fraudulent misrepresentations and omissions concealed the truth about Walker Edison and prevented Blue Owl and the other Lenders from being able to determine the true state of Walker Edison's financials and future business outlook.

**ANSWER:**    Denied.

172.    Blue Owl and the other Lenders did, in fact, reasonably rely upon these materially false, misleading, and fraudulent statements and omissions by, among other things, entering into the Loan Agreement and funding the New Secured Loan, which allowed Defendants to extract the Dividend from Walker Edison.

**ANSWER:**    Denied.

173.    As a direct and proximate result of Defendants' fraudulent statements, Blue Owl and the other Lenders have been damaged by, among other things, providing $300 million to Walker Edison under the Loan Agreement that Defendants subsequently used to pay themselves the Dividend. Had Blue Owl and the other Lenders known the true material facts that were concealed and misrepresented by Defendants and their agents, they would not have entered into the Loan Agreement.

**ANSWER:**    Denied.

174.    Blue Owl and the other Lenders have suffered at least $300 million in damages as a result of Defendants' fraud. Blue Owl is entitled to: (1) damages and restitution of the amounts that Defendants extracted from Blue Owl and the other Lenders as a result of Defendants' fraudulent statements; (2) disgorgement of all ill-gotten gains to the Controlling Defendants as a result of their fraudulent conduct; and (3) punitive damages by reason of the fraudulent, wanton, willful, reckless, and malicious acts of the Controlling Defendants.

**ANSWER:**    Denied.

## COUNT V: Aiding And Abetting Fraud
### (*Against All Defendants*)

175.    Blue Owl restates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Defendants incorporate their responses to the preceding paragraphs.

176.    Each Defendant aided and abetted the wrongful conduct perpetrated against Blue Owl and the other Lenders by every other Defendant.

**ANSWER:**    Denied.

177.    As alleged herein, every Defendant thereby aided and abetted the fraudulent conduct described above, including that each Defendant counseled, induced, commanded, assisted, aided, abetted, and provided substantial assistance to every other Defendant in: (1) preparing and causing to be prepared the Original Actuals and the Financial Projections that contained material misstatements and omissions that they knew would be provided by Blue Owl and the Lenders to induce them to enter into the loan transaction; (2) making and causing to be made material misrepresentations in oral and written communications with Blue Owl during the course of Blue Owl's diligence; (3) making, causing to be made, authorizing, ratifying, and approving material misrepresentations and omissions to Blue Owl and the other Lenders in the Loan Agreement; and (4) authorizing and ratifying an Omnibus Officer's Certificate and Omnibus Written Consent dated March 31, 2021 that authorized Walker Edison to enter into the Loan Agreement, approved and adopted all of the false statements contained within the Loan Agreement and elsewhere, and falsely represented that the Company would not be rendered insolvent as a result of the transactions contemplated by the Loan Agreement.

**ANSWER:**    Denied.

178.    Each and every Defendant knowingly counseled, induced, commanded, assisted, aided, abetted, and provided substantial assistance and encouragement to the other Defendants to commit fraud, and each and every Defendant knew the true facts regarding the fraudulent statements, materially false or misleading statements, and statements containing material omissions and acted intentionally to induce Blue Owl and the other Lenders to enter into the Loan Agreement. Defendants nonetheless kept their knowledge of these problems concealed from Blue Owl and other Lenders and thereby aided and abetted the fraud perpetrated against Blue Owl and the other Lenders.

**ANSWER:**    Denied.

179.    As a result of Defendants' bad acts, Defendants are jointly responsible for the damages to Blue Owl and the other Lenders resulting from the fraud.

**ANSWER:**    Denied.

## COUNT VI: Unjust Enrichment
### (*Against All Defendants*)

180.    Blue Owl restates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

**ANSWER:**    Defendants incorporate their responses to the preceding paragraphs.

181.    This unjust enrichment claim is asserted in the alternative, in the event the remedies asserted in the preceding claims do not provide an adequate remedy at law.

**ANSWER:**    Defendants assert that this paragraph contains a legal conclusion that does not require an answer. Except as so admitted and stated, Defendants deny all allegations and characterizations in this paragraph.

182.    Defendants received benefits when they wrongfully received the Transfers and/or the Uptier Transfers.

**ANSWER:**    Denied.

183.    Defendants knowingly and voluntarily accepted and retained benefits in the form of the Transfers and/or the Uptier Transfers.

**ANSWER:**    Denied.

184.    The circumstances alleged in this Complaint render Defendants' retention of those benefits unjust and inequitable.

**ANSWER:**    Denied.

185.    Defendants have been unjustly enriched at the expense of Blue Owl in the amount of the Transfers and/or the Uptier Transfers, and Blue Owl is entitled to judgment in those amounts.

**ANSWER:**    Denied.

186.    Blue Owl is entitled to the return of the Transfers and/or the Uptier Transfers through disgorgement or any other applicable remedy and judgment against Defendants.

**ANSWER:**    Denied.

## PRAYER FOR RELIEF

### GENERAL DENIALS

Defendants deny every allegation in the First Amended Complaint, including those set forth in the Prayer for Relief and in all headings and subheadings, except as expressly admitted or stated herein.

Defendants incorporate this general denial into each and every defense below as if set forth fully therein.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and/or separate defenses. By asserting these defenses, Defendants do not assume any burden of proof or persuasion they would not otherwise bear, and no defense constitutes an admission that Defendants bear any such burden.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's allegations fail to state a claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part due to a failure of a condition precedent.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of unclean hands and/or *in pari delicto*.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to act in good faith and/or has breached the covenant and duty of good faith and fair dealing.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, estoppel, laches, assumption of risk, acceptance of contractual benefits, and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's own conduct and/or misrepresentations or statements to Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Plaintiff's alleged harm, if any, was caused by a third party or by a supervening event.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of its failure to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Defendants had no scheme to defraud Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail under the doctrines of a frustration of purposes, impossibility, and/or impracticability.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because its alleged damages, if any, were proximately caused by acts or omissions, negligence, carelessness, or intentional acts by third parties that Defendants had no control or right of control over, or such damages were caused by conditions or events over which Defendants had no control or right of control.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Defendants' communications were not in furtherance of a scheme to defraud.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the alleged misrepresentations were not material.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of fraud, misrepresentation, and/or illegality.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Defendants' substantial compliance with their alleged duties, imputed or otherwise.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations or statutes of repose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants observed sufficient corporate formalities for their corporate actions to be respected and observed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Walker Edison was sufficiently capitalized for its corporate actions to be respected and observed.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Walker Edison paid dividends sufficiently for its corporate actions to be respected and observed.

### TWENTIETH AFFIRMATIVE DEFENSE

Utah Code Ann. § 48-3a-304 bars one or more of Plaintiff's claims and/or the evidence offered in support of such claim(s).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's fraudulent transfer, fraud, and aiding and abetting fraud claims fail because they are not stated with the particularity required by Rule 9 of the Utah Rules of Civil Procedure.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants owed no duty of disclosure to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Dividend recipients took the Dividend in good faith and in exchange for reasonably equivalent value.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Dividend was not issued with actual intent to hinder, delay, or defraud any creditors of Walker Edison or any other person or entity.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Walker Edison's remaining assets following the Dividend were not unreasonably small in relation to its business or to the Dividend, and Defendants did not intend, nor reasonably should have believed, that the Dividend would cause Walker Edison to incur debts beyond its ability to pay as they became due.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims asserted in the First Amended Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to bring the claims asserted in the First Amended Complaint in a representative capacity or on behalf of non-parties.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims asserted in the First Amended Complaint are barred by the Loan Agreement, the RSA, or both.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by, and Defendants are entitled to the benefit of, defenses of Walker Edison and Walker Edison Intermediate.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join parties necessary for the just adjudication of this action, including without limitation Walker Edison.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's alleged reliance on any alleged misrepresentations was not reasonable, justified, or justifiable, and because Plaintiff failed to make reasonable inquiries or otherwise act as a reasonable and prudent investor.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are subject to reduction and/or setoff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction, including but not limited to Plaintiff's entry into the RSA, and the acceptance of benefits of the RSA thereafter.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff ratified the transactions and conduct giving rise to the purported claims in the First Amended Compliant, including but not limited to its acceptance of the terms of the Loan Agreement, its acceptance of contractual benefits thereafter, entry into the RSA, and the acceptance of benefits of the RSA thereafter.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered any injury.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's fraudulent transfer claims are barred because no "asset" was transferred within the meaning of Utah's Uniform Voidable Transfer Act.

## <u>RESERVATION OF RIGHTS</u>

Defendants reserve the right to supplement or amend their affirmative defenses with reasonable notice under the Utah Rules of Civil Procedure, as well as to assert any counterclaims or cross-claims that may come to light as a result of discovery conducted in this action.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendants pray that Plaintiff takes nothing by its First Amended Complaint, that all claims asserted against Defendants therein be dismissed with prejudice and on the merits, that Defendants be awarded their costs and expenses, including their reasonable attorneys' fees incurred in defending against Plaintiff's First Amended Complaint, and for such other and further relief as may be just and proper under the circumstances.

**PARR BROWN GEE & LOVELESS**

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Tammy M Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P., Prospect
Hill Growth Partners, L.P., JWC-WE Holdco,
LLC, and JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**

/s/ Brennan Moss
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham; MB & BB
Holdings, LLC, and Matt Davis

**SPERLING & SLATER, LLC**

/s/ Greg Shinall
Greg Shinall
Matthew Rice

55 West Monroe Street, 32nd Floor
Chicago, Illinois 60603
(312) 641-3200
shinall@sperling-law.com
mrice@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, and Walker Edison Holding Co.,
LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ Geoffrey Chepiga
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth Fund
II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth Partners,
L.P., JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

**CERTIFICATE OF SERVICE**

I certify that on this 31st day of October, 2024, a true and correct copy of the foregoing

**ANSWER TO FIRST AMENDED COMPLAINT** was filed electronically through the court's

electronic filing system, which caused all counsel appearing in the case to be served by electronic

means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Sarah Jenkins Dewey*

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding
Co., LLC, Prospect Hill Growth Fund II,
L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

*Additional counsel listed in signature blocks*

---

IN THE THIRD JUDICIAL DISTRICT COURT
FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

---

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>    Plaintiff,<br><br>        v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>    Defendants. | **DEFENDANTS' JURY DEMAND**<br><br><br>Consolidated Case No. 230902160<br><br>Judge Robert P. Faust<br><br>Discovery Tier 3 |

Defendants Prospect Hill Growth Fund II, L.P. ("Fund II"), Prospect Hill Growth Fund II Co-Invest, L.P. ("Fund II Co-Invest"), Prospect Hill Growth Partners, L.P. ("Prospect Hill"), JWC-WE Holdco, LLC ("JWC Holdco"), JWC-WE Holdings, L.P. ("JWC Holdings"), Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, Walker Edison Holding Company, LLC ("Holding"), Brad Bonham, MB & BB Holdings, LLC, and Matt Davis, by and through their respective attorneys, and pursuant to Utah Rule of Civil Procedure 38(b), demand a trial by jury on all claims, and counterclaims, and issue so triable.

DATED: November 8, 2024.

**PARR BROWN GEE & LOVELESS**

*/s/ Kade N. Olsen*
David C. Reymann
Kade N. Olsen
Tammy M Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P., Prospect
Hill Growth Partners, L.P., JWC-WE Holdco,
LLC, and JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**

*/s/ Brennan H. Moss*
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham; MB & BB
Holdings, LLC, and Matt Davis

**SPERLING & SLATER, LLC**

*/s/ Greg Shinall*
Greg Shinall
Matthew Rice

55 West Monroe Street, 32nd Floor
Chicago, Illinois 60603
(312) 641-3200
shinall@sperling-law.com
mrice@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, and Walker Edison Holding Co.,
LLC

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

*/s/ Geoffrey Chepiga*
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth Fund
II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth Partners,
L.P., JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of November 2024, a true and correct copy of the foregoing **JURY DEMAND** was filed electronically through the court's electronic filing system, which caused all counsel appearing in the case to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Kade N. Olsen*

Mark O. Morris (4636)
Aline Marie H. Longstaff (16089)
**SNELL & WILMER L.L.P.**
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email:  mmorris@swlaw.com
        alongstaff@swlaw.com

*Attorneys for Non-Party PennantPark Investment Advisers, LLC*

---

IN THE THIRD JUDICIAL DISTRICT COURT
FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

---

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BOHAM, et al. <br><br> Defendants. | **NON-PARTY PENNANTPARK INVESTMENT ADVISERS, LLC'S OBJECTION TO SUBPOENA DUCES TECUM** <br><br> Case No. 230902160 <br><br> Judge Robert Faust |

---

Pursuant to Utah Rule of Civil Procedure 26 and 45, non-party PennantPark Investment Advisers, LLC ("**PennantPark**") objects to Plaintiff Walker Edison Furniture Company, LLC's ("**Walker Edison**") Subpoena Duces Tecum (the "**Subpoena**", attached hereto as **Exhibit A**) for the reasons stated herein.

### *Undue Burden*

The Subpoena fails "to take reasonable steps to avoid imposing an undue burden or expense on the person subject to the subpoena". *See* Utah R. Civ. P. 45(e)(1), (3)(F)-(H). Because of Walker Edison's failure to take reasonable steps to avoid imposing an undue

burden, pursuant to subpart (d) and (e)(1) of Utah Rule of Civil Procedure 45, PennantPark reserves the right to seek "an appropriate sanction, which may include . . . lost earnings and a reasonable attorney fee" as well as reimbursement of costs and fees for responding to the Subpoena.

First, the Subpoena imposes an undue burden or expense on PennantPark because many of the non-privileged and/or non-confidential documents sought in the Subpoena are in the possession or control of Walker Edison. For example, Walker Edison is in possession of documents relating to: (1) PennantPark's loan to Walker Edison;[1] (2) the Loan Agreement, dated March 31, 2021, of which Walker Edison was a party;[2] (3) Walker Edison's debt-to-equity ratio or its compliance with debt-to-equity covenant or any other financial covenant;[3] (4) communications with PennantPark relating to Walker Edison's financial performance;[4] (5) financial models provided to PennantPark by Walker Edison;[5] (6) any solvency analysis of Walker Edison;[6] (7) public or external reports and statements concerning Walker Edison;[7] (8) Walker Edison's freight and shipping costs and/or capacity; (9) the restructuring transaction in 2023 by which Blue Owl acquired indirect ownership of Walker Edison.[8] Several of these documents and communications were either were directly exchanged between Walker Edison and PennantPark or are publicly available. It is unclear what benefit,

---

[1] *See* Subpoena, Document Requests (the "**Requests**" or a "**Request**") Nos.1, 9.
[2] *See id.*, Request No. 2.
[3] *See id.*, Requests Nos. 3, 5.
[4] *See id.*, Request No. 11.
[5] *See id.*, Request No. 5.
[6] *See* Subpoena, Requests Nos. 4, 16.
[7] *See id.*, Request No. 6.
[8] *See id.*, Request No. 13.

if any, in requiring non-party PennantPark to produce the requested documents would have in the litigation.

Second, the undue burden imposed on PennantPark is further compounded by the fact that the Document Requests (the "**Requests**" or a "**Request**") found in the Subpoena are vague, overbroad, and fail to sufficiently identify requested documents with any reasonable particularity. "Discovery requests should be reasonably specific to allow the responding party to readily identify what is needed . . . . Requests that are worded too broadly or are too all inclusive of a general topic require the responding party to engage in 'mental gymnastics' to determine what information may or may not be remotely responsive." *J White, L.C. v. Wiseman*, No. 2:16-CV-01179-CWJCB, 2020 WL 3507408, at *2 (D. Utah June 29, 2020) (applying the same standard to quash a subpoena). The use of "blanket" and "open-ended" terms, such as "all documents related to," shows cause to quash a subpoena as overbroad and unduly burdensome. *Id.* PennantPark objects to the Requests to the extent they purport to require unreasonably costly or time-consuming measures for PennantPark to locate and produce responsive documents. Likewise, several key terms have been left undefined and are vague and ambiguous as a result. For example, the Subpoena does not define "investment," "financial performance," "financial models," "valuation," or "solvency" in the Subpoena. Absent definitions, these terms are unreasonably vague and ambiguous. PennantPark is left to wonder what exactly is encompassed by these requests. That vagueness will foist additional response costs on PennantPark, causing it to examine documents that may not be relevant to the underlying lawsuit or even within the scope of the Requests.

Third, the vague and overbroad nature of the Requests impose undue costs on PennantPark because it will be required to incur substantial expense associated with locating responsive

documents. Specifically, in order to produce documents in the requested format and under the broad scope of the Subpoena PennantPark must hire an e-discovery vendor to process its documents into a format that legal counsel can then review for privilege and responsiveness. This will require PennantPark to incur costs associated with hosting a large amount of data with an e-discovery vendor as well as legal fees associated with the review of these documents to ensure their responsiveness as well as the implementation of protections for privileged and confidential information. Given the vague and expansive scope of the Requests, it is difficult for PennantPark to provide a quote for the completion of this work, but the costs for counsel to review a complete and unqualified documentary response to this subpoena for privilege, trade secret, and proportionality could exceed $1,000,000.00. This burden especially weighs heavy on PennantPark who is not a party to this lawsuit. *See Pinehaven Plantation Properties, LLC v. Mountcastle Fam. LLC*, No. 1:12-CV-62 WLS, 2013 WL 6734117, at *2 (M.D. Ga. Dec. 19, 2013) ("Non-party status is a factor courts may consider when analyzing whether a subpoena is unduly burdensome.").

### Privileged Documents

PennantPark objects to the Subpoena because it seeks information protected from disclosure, including by the attorney-client privilege, work product doctrine, and/or any other privileges and immunities under the law because several of the documents sought by the Subpoena are communications between PennantPark and its counsel. For example, documents relating to the following categories are protected by the attorney-client privilege and/or the work product

doctrine: (1) the loan to Walker Edison;[9] (2) the Loan Agreement, dated March 31, 2021;[10] (3) investment in Walker Edison;[11] (4) Walker Edison's financial situation and/or performance;[12] (5) solvency analysis of Walker Edison;[13] (6) freight and shipping costs associated with Walker Edison or the home furniture industry at large;[14] and (7) documents related to the restricting transaction in 2023 by which Blue Owl acquired indirect ownership of Walker Edison.[15] Assuming Walker Edison demands a privilege log for documents being withheld on that basis, PennantPark will incur further attorneys' fees and costs, for which it will need to be compensated.

### *Trade Secret or Confidential Research, Development, or Commercial Information*

PennantPark objects to the Subpoena because it seeks trade secret or other confidential research, development, or commercial information entrusted to them, and belonging to them, the public disclosure of which would harm PennantPark and provide its competitors, including Blue Owl (fka Owl Rock), Bain, Evolution Credit, and other competitors in the market place would cause irreparable harm to PennantPark and provide others with an unfair competitive advantage. *See* Utah R. Civ. P. 45(e)(3)(E). For example, documents sought through the Subpoena include communications, documents, reports, and/or internal memorandum analyzed by PennantPark for the purpose of providing tailored financing solutions to its clients. How PennantPark conducts this analysis is a proprietary and confidential trade secret and the disclosure of this analysis would

---

[9] *See id.*, Request Nos. 1, 9.
[10] Subpoena, Request No. 2.
[11] *See id.*, Request Nos. 3, 5, 7, 17.
[12] *See id.*, Request Nos. 8, 11, 12, 15.
[13] *See id.*, Request Nos. 4, 16.
[14] Subpoena, Requests Nos. 10, 14.
[15] *See id.*, Request No. 3.

harm PennantPark and provide its competitors and others with an unfair competitive advantage, and will cause irreparable harm.

The disclosure of these proprietary and confidential trade secrets is also unduly burdensome because this information is not relevant or proportional to the underlying claims. While relevance by itself is not grounds to object to a subpoena under Rule 45, any discovery – including discovery under Rule 45 via a third-party subpoena – must fall within the parameters of discovery under Rule 26, which limits discovery to "any matter, not privileged, which is *relevant to the claim or defense* of any party if the discovery satisfies the standards of proportionality" set forth in Rule 26(b). *See Ennis v. Alder Prot. Holdings, LLC*, No. 2:19-CV-512 CW, 2022 WL 4290099, at *4 (D. Utah Sept. 16, 2022) (emphasis added). How PennantPark analyzed information it received from Walker Edison, Blue Owl, or any other source is irrelevant to the underlying claims which consist of allegations against defendants for fraudulent transfers, breaches of fiduciary duties, breach of the implied covenant of good faith and fair dealing, civil conspiracy, and unjust enrichment. To the extent Walker Edison claims that defendants used PennantPark to commit elements associated with any of these claims, information on how defendants interacted with PennantPark or what communications and documents defendants provided to PennantPark can be discovered directly from those defendants without burdening PennantPark. Because the information sought through the subpoena can be obtained from the defendants, who serve as another source that is more convenient, less burdensome, or less expensive, the disclosure of PennantPark's proprietary and confidential trade secrets fails to satisfy proportionality standards. *See* Utah R. Civ. P. 26 (noting that discovery which can be obtained from another source that is more convenient, less burdensome, or less expensive is not

proportional). Thus, the search for PennantPark's trade secrets is an unscrupulous fishing expedition that places an undue burden on PennantPark to bear the cost of production as well as the risk of producing proprietary and confidential trade secrets that are irrelevant to the dispute in this litigation and damaging in the hands of competitors or in the public domain.

    For the foregoing reasons this Court should sustain these objections.

    DATED: November 25, 2024

                **SNELL & WILMER L.L.P.**

                */s/ Mark O. Morris*
                Mark O. Morris
                Aline Marie H. Longstaff
                *Attorneys for Non-Party PennantPark Investment*
                *Advisers, LLC*

## **CERTIFICATE OF MAILING**

This is to certify that on the 25th day of November, 2024, a true and correct copy of the

foregoing **NON-PARTY PENNANTPARK INVESTMENT ADVISERS, LLC'S**

**OBJECTION TO SUBPOENA DUCES TECUM** was filed via Greenfiling, which effectuated

electronic notification upon all parties of record.


*/s/ Mary Batchelor*
Legal Administrative Assistant
Snell & Wilmer L.L.P.


4885-7053-5933

8

**IN THE THIRD JUDICIAL DISTRICT COURT**
**FOR THE COUNTY OF SALT LAKE, STATE OF UTAH**

Plaintiff
WALKER EDISON FURNITURE
COMPANY, LLC

Case No. 230902160

V.

Defendants
BRAD BONHAM; MB & BB HOLDINGS, LLC;
MATT DAVIS; WALKER EDISON HOLDING
COMPANY, LLC; PROSPECT HILL GROWTH
PARTNERS, L.P.; JWC-WE HOLDCO, LLC;
JWC-WE HOLDING, L.P.; PROSPECT HILL
GROWTH FUND II, L.P.; PROSPECT HILL
GROWTH FUND II CO-INVEST, L.P.; PHIL
DAMIANO; KEN MURPHY; ADAM SUTTIN;
KYLE CASELLA; DAVID FIORENTINO;
AND DOES 1-100

## Proof of Service

I Cynthia Paris, being duly sworn, depose and say, I have been duly authorized to make service of the document(s) listed herein in the above styled case. I am over the age of 18, and am not a party to or otherwise interested in this matter.

**Date Received:** NOVEMBER 26, 2024

**Document(s):** COVER LETTER; ORDER GRANTING MOTION FOR APPOINTMENT OF COMMISSION TO ISSUE UTAH SUBPOENA IN MASSACHUSETTS; ORDER FOR PRODUCTION OF DOCUMENTS IN THE COMMONWEALTH FOR PROCEEDING IN TRIBUNAL OUTSIDE COMMONWEALTH PURSUANT TO M.G.L. CH. 223A, § 11; SIGNED ORDER BY SUFFOLK COUNTY SUPERIOR COURT; COMPLAINT IN THE SUFFOLK COUNTY SUPERIOR COURT; SUBPOENA FOR PRODUCTION OF DOCUMENTS BY BAIN CAPITAL, L.P.

**Serve To:** BAIN CAPITAL, L.P. C/O CORPORATE CREATIONS NETWORK, INC., REGISTERED AGENT

**Address:** 225 CEDAR HILL STREET, #200, MARLBOROUGH, MA 01752

**Date Served:** NOVEMBER 27, 2024 AT 10:27 AM

**Person Served:** MARK PROKES, INTAKE SPECIALIST AS AUTHORIZED TO ACCEPT SERVICE

**Method of Service:** IN HAND

**Address:** 225 CEDAR HILL STREET, #200, MARLBOROUGH, MA 01752

**Military Status:** N/A

**Description:** Caucasian, Male, 40 yrs, 5' 8", 180 lbs, black hair

**Comments:**

**I declare under penalties of perjury that the information contained herein is true and correct to the best of my knowledge.**

Date: 11/27/2024

_____
Cynthia Paris

Boston Process Server, LLC
P.O. Box 230261
Boston, MA 02123
617-480-8777

Brennan H. Moss (10267)
**PARKINSON BENSON POTTER**
2750 Rasmussen Rd., Ste H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*:  Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

*Additional counsel listed in signature block*

---

**IN THE THIRD JUDICIAL DISTRICT COURT
IN AND FOR SALT LAKE COUNTY, STATE OF UTAH**

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **CERTIFICATE OF SERVICE OF DEFENDANTS' SUPPLEMENTAL INITIAL DISCLOSURES IN CONSOLIDATED MATTER PURSUANT TO RULE 26(a)(1)** <br><br> Consolidated Case No. 230902160 <br><br> Judge Robert Faust <br><br> Discovery Tier 3 |

I hereby certify that on December 12, 2024, a true and correct copy of **DEFENDANTS'**

**SUPPLEMENTAL INITIAL DISCLOSURES IN CONSOLIDATED MATTER**

**PURSUANT TO RULE 26(a)(1)** was served by email on the following:

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800 Salt
Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

Michael M. Farhang (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
C. Lee Wilson
Andrew Kasabian
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
jkrause@gibsondunn.com
rappleby@gibsondunn.com
CLWilson@gibsondunn.com
akasabian@gibsondunn.com

*For plaintiffs*: Blue Owl Capital, Inc. and Walker Edison Furniture Company

DATED this 13th day of December, 2024.

**PARR BROWN GEE & LOVELESS**

/s/ Tammy M. Frisby
David C. Reymann
Kade N. Olsen
Tammy M Frisby

*For defendants:* Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle Murphy,
Walker Edison Holding Co., LLC, Prospect
Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**
Brennan H. Moss

*For defendants*: Brad Bonham; MB & BB
Holdings, LLC, and Matt Davis

**SPERLING & SLATER, LLC**
Greg Shinall
Matthew Rice

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, and Walker Edison Holding Co.,
LLC

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Geoffrey Chepiga
William Clareman

*For defendants*: Prospect Hill Growth Fund
II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth Partners,
L.P., JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of December 2024, I electronically filed the

foregoing **CERTIFICATE OF SERVICE OF DEFENDANTS' SUPPLEMENTAL**

**INITIAL DISCLOSURES IN CONSOLIDATED MATTER PURSUANT TO RULE**

**26(a)(1)**, which served all counsel of record.

/s/ *Tammy M. Frisby*

3

Brennan H. Moss (10267)
**PARKINSON BENSON POTTER**
2750 Rasmussen Rd., Ste H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*:  Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

*Additional counsel listed in signature block*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>        Defendants. | **NOTICE OF APPEARANCE OF COUNSEL**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert Faust<br><br>Discovery Tier 3 |

Tammy M. Frisby of the firm PARR BROWN GEE & LOVELESS, P.C. hereby enters her appearance as counsel for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P in this matter and requests inclusion on all certificates of service.

DATED this 13th day of December, 2024.

**PARR BROWN GEE & LOVELESS**

<u>/s/ Tammy M. Frisby</u>
David C. Reymann
Kade N. Olsen
Tammy M Frisby

*For defendants:* Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of December 2024, I electronically filed the

foregoing **NOTICE OF APPEARANCE OF COUNSEL**, which served all counsel of

record.

/s/ *Tammy M. Frisby*

Brennan H. Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd., Ste H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*:  Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

*Additional counsel listed in signature block*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>      Defendants. | **CERTIFICATE OF SERVICE OF DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF BLUE OWL CAPITAL CORPORATION**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert Faust<br><br>Discovery Tier 3 |

I hereby certify that on March 3, 2025, a true and correct copy of **DEFENDANTS'**

**FIRST SET OF INTERROGATORIES TO PLAINTIFF BLUE OWL CAPITAL**

**CORPORATION** was served by email on the following:

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800 Salt
Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

Michael M. Farhang (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
C. Lee Wilson
Andrew M. Kasabian
**GIBSON, DUNN & CRUTCHER**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
jkrause@gibsondunn.com
rappleby@gibsondunn.com
CLWilson@gibsondunn.com
akasabian@gibsondunn.com

*For plaintiffs*: Blue Owl Capital, Inc. and Walker Edison Furniture Company

DATED this 3rd day of March 2025.

**PARR BROWN GEE & LOVELESS**

/s/ Tammy M. Frisby
David C. Reymann
Kade N. Olsen
Tammy M Frisby

*For defendants:* Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle Murphy,
Walker Edison Holding Co., LLC, Prospect
Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**
Brennan H. Moss

*For defendants*: Brad Bonham; MB & BB
Holdings, LLC, and Matt Davis

**SPERLING & SLATER, LLC**
Greg Shinall
Matthew Rice

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Kyle
Murphy, and Walker Edison Holding Co.,
LLC

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Geoffrey Chepiga
William Clareman

*For defendants*: Prospect Hill Growth Fund
II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth Partners,
L.P., JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of March 2025, I electronically filed the

foregoing **CERTIFICATE OF SERVICE OF DEFENDANTS' FIRST SET OF**

**INTERROGATORIES TO PLAINTIFF BLUE OWL CAPITAL CORPORATION**, which

served all counsel of record.

_/s/ Tammy M. Frisby_

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC*

Michael M. Farhang (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)
Ryan S. Appleby (pro hac vice pending)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
jkrause@gibsondunn.com
rappleby@gibsondunn.com

---

## IN THE THIRD JUDICIAL DISTRICT COURT

### FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **NOTICE OF WITHDRAWAL OF JEFFREY C. KRAUSE AS COUNSEL** <br><br> Consolidated Case No. 230902160 <br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

Counsel for Walker Edison Furniture Company, LLC ("Walker Edison") and Blue Owl

Capital Corporation ("Blue Owl") hereby notifies the Court, counsel, and the parties that Jeffrey

C. Krause is withdrawing as counsel for Walker Edison and Blue Owl in this consolidated action.

Please note this withdrawal is limited only to Mr. Krause; other attorneys associated with Parsons

Behle & Latimer and Gibson, Dunn & Crutcher LLP will continue to represent Walker Edison and

Blue Owl.

DATED        March 28, 2025

**PARSONS BEHLE & LATIMER**

*/s/ Erik A. Christiansen*
ERIK A. CHRISTIANSEN

*Attorneys for Walker Edison Furniture Company
LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 28th day of March, 2025, a true and correct copy of the foregoing

**NOTICE OF WITHDRAWAL OF JEFFREY C. KRAUSE AS COUNSEL** was filed with the

Court using the Court's e-filing system which sent notice to those registered to receive notice in

the above-captioned matter.


     */s/ Erik A. Christiansen*

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **ORDER GRANTING MOTION FOR APPOINTMENT OF COMMISSION TO ISSUE UTAH SUBPOENA IN MASSACHUSETTS** <br><br> Consolidated Case No. 230902160 <br><br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

THIS CAUSE having come before this Court upon the Motion for Appointment of Commission filed by Defendants Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Phil Damiano, Ken Murphy, Adam Suttin, Kyle Casella, and David Fiorentino ("Defendants") in connection with the issuance of a subpoena duces tecum for production of records and this Court having reviewed the file and being fully advised in the premises, and it appearing to the Court that the terms and conditions set forth for such a commission are just and appropriate, it is hereby

**ORDERED AND ADJUDGED** that:

The Motion is **GRANTED,** and a Commission is issued by this Court to the Clerk of the Superior Court of Suffolk County, Massachusetts, authorizing such court to issue a subpoena duces tecum for records in substantially the same form attached hereto as Exhibit A, and to cause, by its proper and usual process in accordance with the Commonwealth of Massachusetts' rules of court, the compliance with such subpoena.

<center>*    *    **END OF ORDER**    *    *    *</center>

**Pursuant to Rule 10(e) of the Utah Rules of Civil Procedure, this Order will be entered by the Clerk of the Court and/or the Court's signature at the top of this page.**

# COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                                      SUPERIOR COURT

---

|  |  |
| PETITIONER WALKER EDISON HOLDING COMPANY, LLC |  |
|  | Civil Action No. |

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION ON NON-PARTY EVOLUTION CREDIT PARTNERS MANAGEMENT, LLC

TO:    Evolution Credit Partners Management, LLC
       28 State Street
       Boston, MA 02109

You are hereby commanded, in connection with proceedings now pending in the Third Judicial District Court for the County of Salt Lake in the State of Utah, entitled *Walker Edison Furniture Company, LLC, v. Brad Bonham, et al*, bearing Consolidated Docket No. 230902160, to produce for inspect and/or copying on or before May 15, 2024 at 9:00 A.M. at Parr Brown Gee & Loveless, 101 South 200 East, Suite 700, Salt Lake City, Utah 84111 (counsel for Petitioner Walker Edison Holding Company, LLC) any and all documents, electronically-stored information, records, or other tangible things which are in your possession or under your control set forth in Schedule "A" attached hereto.

Fail not under penalty of law as your failure to comply may deem you in contempt and may subject you to such penalties as the law provides.

CLERK:

-1-

**ATTACHMENT A**

## INSTRUCTIONS AND DEFINITIONS

1.     The term "Evolution" refers to Evolution Credit Partners Management, LLC, as well as any of its present or former parents, subsidiaries, brokers, funds, divisions, subdivisions, affiliates, related entities, portfolio companies, business development companies, private investment vehicles, institutional limited partners, predecessors, or successors, as well as all present and former executives, officers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf including, but not limited to: Evolution Credit Partners I, L.P., Evolution Credit Advisors I, L.P., Evolution Credit Advisors GP, LLC, and ECP I SPV, LLC.

2.     The term "Blue Owl" refers to Blue Owl Capital, Inc., as well as any of its present or former parents, subsidiaries, brokers, funds, divisions, subdivisions, affiliates, predecessors, or successors, as well as all present and former executives, officers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

3.     The term "Walker Edison" refers to Walker Edison Furniture Company, LLC, Walker Edison Intermediate, LLC, as well as any of their present or former parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, or successors, as well as all present and former executives, officers, managers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

4.    The term "Loan Agreement" refers to the Loan Agreement dated March 31, 2021 among Walker Edison Furniture Company, LLC, Walker Edison Intermediate, LLC, and Owl Rock Capital Corporation, among others.

5.    The term "Participant Register" shall have the meaning ascribed to this term in section 10.04(d)(iii) of the Loan Agreement.

6.    The term "Participations" refers to the participations that are the subject of section 10.04(d) of the Loan Agreement and shall have the meaning reflected in the usage of that term in section 10.04(d) of the Loan Agreement.

7.    The term "Register" shall have the meaning ascribed to this term in section 10.04(c) of the Loan Agreement.

8.    The term "Document" refers to and includes, without limitation, papers, correspondence, writings, drawings, graphs, charts, maps, plans, photographs, films, recordings, memoranda, books, records, accounts, communications, notes, phone records, data compilations, as well as computer databases and all retrievable electronically-stored information. The term includes each non-identical copy of each original document.

9.    The term "Communication(s)" means any manner or means of disclosure, transfer, exchange, or conveyance of information including, but not limited to, any conversation, discussion, negotiation, offer, agreement, correspondence, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, instant message, or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes, or records any communication.

4

10. All documents produced in response to these requests shall be produced in their entirety, and shall include all versions or copies of a document that are not identical to the original or any other produced copy of a document, whether through handwritten notations, revisions, or otherwise.

11. If you object to any portion or aspect of a request, specify which portion or aspect and the nature of your objection.

12. These requests are continuing in nature and require further and supplemental production if you locate or obtain additional documents within their scope between the time of your initial production and the time of any hearing or trial in this matter.

13. If it is otherwise not possible to produce any document called for by these requests, or if any part of these requests is objected to, state with specificity all reasons for such non- production or for the objection.

14. With respect to each request, you are requested to produce all documents which are known to you or which can be located or discovered by reasonably diligent efforts, and which are in your possession, custody or control, including all such documents requested to be produced which are in your files (whether personal, business or any other files), possession, custody or control or your attorneys', accountants', subsidiaries', divisions', agents', representatives' or employees' files, possession, custody or control.

15. If any of the requested documents are withheld based on a claim of privilege or other protection, describe the nature of the privilege or immunity asserted, or the other ground(s) for withholding the document including, if relevant, the attorney, client, and litigation involved.

16.     Unless otherwise stated, the relevant time period for these requests is August 1, 2018, through the present.

## DOCUMENT REQUESTS

1.     Documents and Communications relating to any loan by Evolution to Walker Edison.

2.     Documents and Communications relating to the Loan Agreement or any amendment thereto.

3.     Documents and Communications relating to any potential or actual investment in Walker Edison by Evolution.

4.     Documents and Communications relating to any valuation or solvency analysis of Walker Edison.

5.     Documents and Communications relating to any potential acquisition of Walker Edison, including, but not limited to, any valuation or due diligence performed thereto.

6.     Documents and Communications relating to any public or external reports and statements concerning Walker Edison.

7.     Documents and Communications relating to any "accounting errors" relating to Walker Edison or its financial reporting.

8.     Evolution's reports to its investment committee and co-lenders regarding any potential or actual investment or loan in Walker Edison.

9.     Documents and Communications relating to Walker Edison's debt-to-equity ratio or Walker Edison's compliance with a debt-to-equity ratio covenant or any other financial covenant.

10.     Documents and Communications relating to Evolution's analysis of Walker Edison's compliance or non-compliance with financial covenants in the Loan Agreement,

including internal assessments of Walker Edison's financial condition before and after the March 31, 2021 dividend transaction.

11.    Documents and Communications relating to any due diligence performed by Evolution relating to any potential or actual loan in Walker Edison.

12.    Documents and Communications between Evolution and any third party (including other lenders, investors, or financial institutions) relating to Walker Edison's solvency, financial stability, or ability to meet its financial obligations following the March 31, 2021 dividend transaction.

13.    Documents and Communications relating to Walker Edison's freight and shipping costs and/or capacity.

14.    Documents and Communications relating to Evolution's participation in any syndicated loan facilities involving Walker Edison, including syndication agreements, participation agreements, and communications with other syndicate members regarding Walker Edison's financial condition.

15.    Documents and Communications related to the restructuring transaction in 2023 by which Blue Owl and other entities acquired indirect ownership of Walker Edison, including, but not limited to, Documents and Communications relating to the Restructuring Support Agreement dated January 27, 2023 and the Membership Interest Transfer Agreement dated March 1, 2023.

16.    Documents and Communications relating to analyses of the home furniture industry including but not limited to freight and shipping costs.

17.    Any financial models provided to Evolution by Walker Edison or Blue Owl.

18.     Documents and Communications relating to Walker Edison's solvency, including its balance sheet, capitalization (including debt capital), liquidity, and ability to pay its debts.

19.     Documents and Communications relating to any indirect equity investments by Evolution in or relating to Walker Edison.

20.     Documents and Communications relating to the Assumption and Assignment Agreement entered into by Evolution and Blue Owl, dated April 23, 2024.

21.     Documents and Communications relating to any Participations, the Register required to be maintained by the Administrative Agent, and/or the Participant Register required to be maintained by each lender that sells a Participation.

## Appendix A

## Requested Production Format

### I.   Overview

    A.    All documents shall be produced as Bates-stamped tagged image file format ("TIFF") images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for electronically stored information ("ESI") or optical character recognition ("OCR") text for scanned hard copy documents and non-searchable ESI. Details regarding requirements, including files to be delivered in native format, are below.

### II.   TIFF Image Requirements

    A.    All documents shall be produced as TIFF images in 300x300 dpi Group IV single-page monochrome format.

    B.    All such images shall be sequentially Bates-stamped using a consistent length with leading zeros in the number. The format of the Bates numbers shall not change across productions.

    C.    Images shall include the following content where present:

        1.    For word processing files (*e.g.,* Microsoft Word) – Comments and "track changes" (and similar in-line editing).

        2.    For spreadsheet files (*e.g.,* Microsoft Excel) – Hidden columns, rows, and sheets; comments; and "track changes" (and similar in-line editing).

        3.    For presentation files (*e.g.,* Microsoft PowerPoint) – Speaker notes and comments.

    D.    For presentation files (*e.g.,* Microsoft PowerPoint) – Speaker notes and comments. Reasonable care shall be taken not to degrade the legibility of documents during the imaging process. If legibility is found to have been degraded, the receiving party may make reasonable requests for re-production of these documents.

### III.   Native Format Requirements

    A.    Spreadsheet files

1. Spreadsheet files (*e.g.,* Microsoft Excel) shall be provided in native format.

2. In lieu of a TIFF image version of each spreadsheet file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

3. When redaction is necessary, a redacted TIFF image version shall be produced. The parties reserve the right to request access to the native format versions of such files.

B. Multimedia files

1. Multimedia files (*e.g.,* audio or video files) shall be provided in native format.

2. In lieu of a TIFF image version of each multimedia file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

3. The parties reserve the right to edit multimedia files using industry standard methods if redaction of such files is deemed necessary.

C. Other files

1. In limited circumstances, it may be necessary to obtain or view the native format versions of files, including color documents/images and dynamic files, such as databases. The parties reserve the right to reasonably request access to the native format versions of such files and/or an image format that supports viewing color documents.

## IV. Image Load/Cross Reference File Requirements

A. A single-page image load/cross-reference file shall be provided with each production.

B. The file should use the Concordance Image Viewer (.OPT) format, as in the sample below. Note, the volume label information ("MSC001" in the sample .opt file) is optional:

*Sample Concordance Image Viewer .opt file:*
MSC000001,MSC001,MSC\0000\00000001.TIF,Y,,,3
MSC000002,MSC001,MSC\0000\00000002.TIF,,,,
MSC000003,MSC001,MSC\0000\00000003.TIF,,,,

MSC000004,MSC001,MSC\0000\00000004.TIF,Y,,,2
MSC000005,MSC001,MSC\0000\00000005.TIF,,,,

## V. Extracted Text/OCR Requirements

A. Extracted text and/or OCR text shall be provided for all documents as separate, document-level text files; extracted text and/or OCR text shall not be embedded in the .DAT file (as defined below).

B. Document-level text file names shall consist of the beginning Bates number information of the document.

C. If a document is provided in native format with a single-page placeholder TIFF image (*e.g.,* spreadsheet files), the text file shall contain the full extracted text of the native file.

D. OCR text shall be provided for all redacted documents in lieu of extracted text.

E. With respect to produced text files, the specifications herein address ANSI text-based productions. Unicode text-based productions shall be provided for productions containing non-English language documents.

## VI. Data Load File Requirements

A. A data load file shall be provided with each production.

B. The file shall be a Concordance-loadable data file ("·DAT" file) and contain Bates-stamp and metadata information as detailed below.

C. The delimiters and qualifiers to be used in the .DAT file are:

*Record delimiter:*   Windows newline/Hard return (ASCII 10 followed by ASCII 13)
*Field delimiter:*   (ASCII 20)
*Multi-value delimiter:*   Semicolon ; (ASCII 59)
*Text qualifier:*   Small thorn þ (ASCII 254)

D. With respect to .DAT files, the specifications herein address ANSI text-based productions. Unicode text-based productions shall be provided for productions containing non-English language documents.

E.     The .DAT file shall have a header line with the below listed field names and shall include the corresponding information per each applicable field:

| Field | Comments | Document Types |
|-------|----------|----------------|
| BegBates | Beginning Bates number. | All. |
| EndBates | Ending Bates number. | All. |
| BegRange | Bates number of first page of family range (*e.g.,* first page of an email). | All. |
| EndRange | Bates number of last page of family range (*e.g.,* last page of last attachment to an email). | All. |
| PageCount | Number of TIFF image pages in the produced document. | All. |
| FileExtension | File extension of the original document (*e.g.,* .msg, .docx, .jpg). | All. |
| FileSize | File size of the original document. Format: bytes. | All. |
| Title | Title of the original document. | Loose files and attachments. |
| Custodian | Custodian full name. Format: LASTNAME, FIRSTNAME. | All. |

| Field | Comments | Document Types |
|---|---|---|
| AllCustodian | Full name of all custodians for whom the document is being produced. Format: LASTNAME, FIRSTNAME; LASTNAME, FIRSTNAME. | All. |
| Author | Author of document from available metadata. | Loose files and attachments. |
| LastSavedBy | Last Saved By field value extracted from metadata of a native file. | Loose files and attachments. |
| Company | Company field extracted from the metadata of a native file. | Loose files and attachments. |
| From | Email author. | Email only. |
| To | Email addressee(s). | Email only. |
| CC | Email addressee(s), carbon copy. | Email only. |
| BCC | Email addressee(s), blind carbon copy. | Email only. |
| Subject | Email subject. | Email only. |
| DateCreated | File creation date. Format: MM/DD/YYYY. | All. |
| TimeCreated | File creation time. Format: HH:MM:SS AM/PM | All. |
| DateModified | File modification date. Format: MM/DD/YYYY. | All. |
| TimeModified | File modification time. Format: HH:MM:SS AM/PM | All. |
| DateSent | Email sent date. Format: MM/DD/YYYY. | Email only. |
| TimeSent | Email sent time. HH:MM:SS AM/PM. | Email only. |
| DateReceived | Email received date. MM/DD/YYYY. | Email only. |
| TimeReceived | Email received time. HH:MM:SS AM/PM. | Email only. |
| DateAccessed | Date document was last accessed. | All. |
| TimeAccessed | Time document was last accessed. | All. |
| MeetingStartDate | Start date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |

| Field | Comments | Document Types |
|---|---|---|
| MeetingStartTime | Start time of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| MeetingEndDate | End date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |
| MeetingEndTime | End date of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| TimeZone | The time zone in which files were standardized during processing (*e.g.*, GMT). | All. |
| MessageID | Globally unique identifier for a message which typically includes messageid and a domain name (*e.g.*, <0E6648D558F338179524D555@ m1p.contoso.net). | Email only. |
| ConversationIndex | Email thread identification. | Email only. |
| Importance | Email flag indicating priority level set for message. | Email only. |
| Sensitivity | Sensitivity field from email messages. | Email only. |
| FileName | Name of file as maintained in the ordinary course of business. | Loose files and attachments. |
| FilePath | Original path to the file or email message. | All. |
| AllFilePaths | For globally and within custodian de-duplicated productions. Folder paths to this document's duplicates and the original path. Each path will contain the associated custodian. | All. |
| HiddenContent | Denotes if file contains hidden content.  Format: Yes/No value. | Loose files and attachments. |
| MD5Hash | Unique file identifier. | All. |
| TextPath | The production deliverable path to the extracted text or OCR for the document, including the file name. | All. |

| Field | Comments | Document Types |
|---|---|---|
| NativePath | The production deliverable path to the native-format file for the document, including the file name (if a native-format file is provided). | Loose files and attachments. |

F.   The parties shall de-duplicate stand-alone documents or entire document families globally using MD5 or SHA-1 Hash value matching. Email attachments shall not be eliminated from the parent email. Hard copy documents shall not be eliminated as duplicates of responsive ESI.

G.   In globally de-duped, incremental productions, there will be instances when production of documents from additional custodians will include documents previously produced.  A Custodian Append overlay load file using the load file format described above shall be provided with updated AllCustodian and AllFilePaths fields; BegBates and EndBates fields may be used as the unique identifiers.

## VII.   Miscellaneous

A.   All document family relationships shall be produced together and children files should follow parent files in sequential Bates number order.

B.   Embedded documents shall be extracted from the parent document with family relationship intact.

C.   Productions shall be provided using industry standard encryption software or hardware. Any electronic transmission of produced materials must be done via a secure file transfer system.

D.   If particular documents warrant a different format (*e.g.*, production of color images instead of black and white), the parties shall cooperate to arrange for the mutually acceptable production of such documents.

E.   The parties agree not to knowingly degrade the searchability of documents as part of the document

production process. For example, extracted text should not be replaced by OCR text except where appropriate (*e.g.*, OCR for redacted documents).

F.    Redacted documents may have certain metadata fields withheld from production. The parties shall cooperate to create a list of metadata fields which may be produced for these documents.

G.    All documents shall be processed so as to normalize the time zone.

## Affidavit of the Keeper of the Records

_____ says as follows:

(Custodian of **Evolution Credit Partners Management, LLC**)

1.  I certify that I am the duly authorized custodian of **Evolution Credit Partners Management, LLC's** records attached hereto and have authority to certify said records; and

2.  That the copies of **Evolution Credit Partners Management, LLC's** statements and records, attached to this Affidavit are true copies of all the records described in the subpoena *duces tecum*; and

3.  That **Evolution Credit Partners Management, LLC** generates and keeps records in the ordinary course of business and that the records contained herein were generated and kept in the ordinary course of business, are true and accurate copies and are a complete response to the subpoena attached.

Signed under the pains and penalties of perjury.

_____                _____

*Date*                                      (*Signature of Affiant*)

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Ken Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

---

IN THE THIRD JUDICIAL DISTRICT COURT
FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **MOTION FOR APPOINTMENT OF COMMISSION TO ISSUE UTAH SUBPOENA IN MASSACHUSETTS** <br><br> Consolidated Case No. 230902160 <br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

Defendants Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Phil Damiano, Ken Murphy, Adam Suttin, Kyle Casella, and David Fiorentino ("Defendants"), by and through its undersigned attorneys, hereby request this Court to enter the Proposed Order Granting Motion for Appointment of Commission for Issuance of Subpoena Duces Tecum in the Commonwealth of Massachusetts (the "Proposed Order"), attached hereto as Exhibit A, requesting that the Clerk of the Suffolk County Superior Court, Massachusetts issue a subpoena duces tecum (for document production only) directed to Evolution Credit Partners Management, LLC ("Evolution"), a non-party.

As grounds for this motion, Defendants intend to serve a subpoena duces tecum (for document production only) on Evolution, who is a non-party corporation with its principal place of business in the Commonwealth of Massachusetts. Evolution is a syndicated lender of Walker Edison Furniture Company, LLC, a Plaintiff in this consolidated action, and thus is expected to have materials relevant to the claims and defenses in this matter including, but not limited to, the operations of Plaintiff's business, its financial stability, and solvency.

Defendants' counsel previously contacted the Clerk of the Superior Court of Suffolk County, Massachusetts, to ascertain the appropriate procedure for having a foreign subpoena duces tecum served upon a non-party in Massachusetts. The Clerk directed Defendants' counsel to file this Motion and obtain an order containing the language set forth in the Proposed Order. Defendants will provide Plaintiffs with appropriate notice, pursuant to the Utah Rules of Civil Procedure, of its intent to serve Evolution.

WHEREFORE, Defendants respectfully request that this Court enter the Proposed Order, requesting that the Clerk of the Superior Court of Suffolk County, Massachusetts issue the

subpoena duces tecum (for document production only) directed to Evolution, a copy of which is

attached as an exhibit to the Proposed Order.

RESPECTFULLY SUBMITTED THIS 23rd DAY OF APRIL 2025.

**PARR BROWN GEE & LOVELESS**

/s/ Kade N. Olsen
David C. Reymann
Kade N. Olsen
Tammy M Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken Murphy,
Walker Edison Holding Co., LLC, Prospect
Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco,
LLC, and JWC-WE Holdings, L.P.

**SPERLING KENNY NACHWALTER**

/s/ Greg Shinall
Greg Shinall *(pro hac vice)*
Matthew Rice *(pro hac vice)*

321 N. Clark Street
Chicago, Illinois 60654
(312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken Murphy,
and Walker Edison Holding Co., LLC

The Order of the Court is stated below:
**Dated:**  May 05, 2025        **/s/**  ROBERT FAUST
        07:52:38 PM              District Court Judge

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy,
Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth
Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-
WE Holdings, L.P.

---

IN THE THIRD JUDICIAL DISTRICT COURT
FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

---

| WALKER EDISON FURNITURE COMPANY, LLC, | **ORDER GRANTING MOTION FOR APPOINTMENT OF COMMISSION TO ISSUE UTAH SUBPOENA IN MASSACHUSETTS** |
|---|---|
| Plaintiff, | |
| | Consolidated Case No. 230902160 |
| v. | |
| BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, | Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |
| Defendants. | |

THIS CAUSE having come before this Court upon the Motion for Appointment of Commission filed by Defendants Walker Edison Holding Company, LLC, Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Phil Damiano, Ken Murphy, Adam Suttin, Kyle Casella, and David Fiorentino ("Defendants") in connection with the issuance of a subpoena duces tecum for production of records and this Court having reviewed the file and being fully advised in the premises, and it appearing to the Court that the terms and conditions set forth for such a commission are just and appropriate, it is hereby

**ORDERED AND ADJUDGED** that:

The Motion is **GRANTED,** and a Commission is issued by this Court to the Clerk of the Superior Court of Suffolk County, Massachusetts, authorizing such court to issue a subpoena duces tecum for records in substantially the same form attached hereto as Exhibit A, and to

cause, by its proper and usual process in accordance with the Commonwealth of Massachusetts'

rules of court, the compliance with such subpoena.

**\*     \*     END OF ORDER     \*     \*     \***

**Pursuant to Rule 10(e) of the Utah Rules of Civil Procedure, this Order will be entered by the Clerk of the Court and/or the Court's signature at the top of this page.**

PARR BROWN GEE & LOVELESS P.C.
101 SOUTH 200 EAST, SUITE 700
Salt Lake City, UT 84111

Atty File #: 230902160
Job ID #: 594737

# IN THE THIRD JUDICIAL DISTRICT COURT, SALT LAKE DEPARTMENT, COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| Plaintiff/Petitioner: Walker Edison Furniture Company, LLC<br>vs.<br>Defendant/Respondent: Brad Bonham, et al. | **DECLARATION OF SERVICE**<br>Case No: 230902160 |

Legal documents received by COURT OPS on the May 13, 2025 to be served on:

**RSM US, LLP C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT**
15 WEST SOUTH TEMPLE SUITE 600 SALT LAKE CITY, UT 84101

I, **Randall Brown**, being duly sworn, swear and affirm that on the **May 13, 2025** at **01:59 PM**, I did the following:

**CORPORATE SERVICE:** By personally handing the legal document(s) with a conformed copy of this **SUBPOENA; NOTICE TO PERSONS SERVED WITH A SUBPOENA; OBJECTION TO SUBPOENA; DECLARATION OF COMPLIANCE WITH SUBPOENA** to **SYDNEY ALGER** , **AUTHORIZED TO ACCEPT FOR R.A. COMPANY**, at **15 WEST SOUTH TEMPLE SUITE 600 SALT LAKE CITY, UT 84101** at approximately **01:59 PM** on **MAY, 13TH 2025**.

**Supplemental Data Appropriate to this Service:**

**15 WEST SOUTH TEMPLE SUITE 600 SALT LAKE CITY, UT 84101**

**Description of the person served:**

Gender: Female,  Race/Skin Color: White,  Hair Color: Brown,  Approx. Age: 34,  Approx. Height: Sitting

I HEREBY CERTIFY that I am 18 years of age or older, a resident of the State of Utah, and have no interest in the above legal matter. I further certify that at the time of service of the said article(s), I endorsed my name and official title and added the date thereto. I declare under criminal penalty of the State of Utah that the foregoing is true and correct. (Utah State Code: 78B-18a. Unsworn Declaration in Lieu of Affidavit)

Service Fee: **$105.00**

_Randall Brown_



Randall Brown  R108395
COURT OPS
5693 S Redwood Rd, Ste 13
Taylorsville, UT 84123
(801) 261-9000

 

1 of 1

David C. Reymann
Name

101 South 200 East, Suite 700
Address

Salt Lake City, UT 84111
City, State, Zip

(801) 532-7840
Phone

dreymann@parrbrown.com
Email

**Check your email.** You will receive information and documents at this email address.

I am  [ ]  Plaintiff/Petitioner          [ ]  Defendant/Respondent
      [ ]  Plaintiff/Petitioner's Attorney   [X]  Defendant/Respondent's Attorney  (Utah Bar #:8495)
      [ ]  Plaintiff/Petitioner's Licensed Paralegal Practitioner
      [ ]  Defendant/Respondent's Licensed Paralegal Practitioner          (Utah Bar #:_____)

## In the   [X] District   [ ] Justice   Court of Utah

### Third   Judicial District   Salt Lake   County

Court Address   450 S State Street, Salt Lake City, UT 84111

| | |
|---|---|
| Walker Edison Furniture Company, LLC | **Subpoena** (Utah Rule of Civil Procedure 30 and 45) |
| Plaintiff/Petitioner | |
| | Civil No. 230902160 |
| v. | Case Number |
| | Hon. Robert Faust |
| Brad Bonham, et al. | Judge |
| Defendant/Respondent | |
| | Commissioner |

The following records and forms must be attached to this Subpoena and served with it.
- Notice to Persons Served with a Subpoena.
- Objection to Subpoena.
- Declaration of Compliance with Subpoena.
- Witness fee.
- Application for Subpoena under the Utah Uniform Interstate Depositions and Discovery Act with attachments (for cases from states in which the Uniform Act applies).
- Notice of Deposition and Request for Subpoena in Case Pending Out of State (for cases from states in which the Uniform Act does not apply).

Serve all of these documents by one of the methods described in Utah Rule of Civil Procedure 4(d).

To: RSM US, LLP, 2755 E Cottonwood Pkwy, Salt Lake City, UT 84121

_____

Name and Address

_____

Name and Address

1.    [ ]    You must appear at:

          Address (Dirección):

          _____

          Date (Fecha): _____ Time (Hora): _____ [ ] a.m. [ ] p.m.

          Room (Sala): _____

     To:   (Choose all that apply.)

          [ ] testify at a trial or hearing.

               **Interpretation.** If you do not speak or understand English, the court will provide an interpreter. Contact court staff immediately to ask for an interpreter.
               **Interpretación.** Si usted no habla ni entiende el Inglés el tribunal le proveeré un intérprete. Contacte a un empleado del tribunal inmediatamente para pedir un intérprete.
               **ADA Accommodation.** If you need an accommodation, including an ASL interpreter, contact court staff immediately to ask for an accommodation.
               **Adaptación o Arreglo en Caso de Discapacidad.** Si usted requiere una adaptación o arreglo, que incluye un intérprete de la lengua de signos americana, contacte a un empleado del tribunal inmediatamente para pedir una adaptación.

          [ ] testify at a deposition.

          [ ] permit inspection of the following premises:

               _____ (address)

          [ ] produce the following documents or tangible things:

               _____

               _____

2.    [X]    You must copy the documents or electronically stored information listed below. You must mail or deliver the copies to the person at the address at the top of the first page of this Subpoena by:  __May 29, 2025__  (date).

          _____

          See Attachment A.

          _____

3.      The Notice to Persons Served with a Subpoena must be served with this Subpoena. The notice explains your rights and obligations.

4.      [  ]   This subpoena is for a deposition and is being served on a corporation, partnership, association or governmental agency. (Utah Rule of Civil Procedure 30). You must designate one or more persons who will be questioned on your behalf .

The questions will be about (describe):

_____

_____

_____

5.      [  ]   This Subpoena includes the terms of the attached subpoena issued by

_____ (state).

If you are representing yourself or you checked paragraph 5, only the court clerk may sign this subpoena.

| 05/13/2025 | Signature ▶ | /s/ David C. Reymann |

05/13/2025 _____    Signature ▶   /s/ David C. Reymann
Date

Printed name of:
Court Clerk [  ]     _____

Attorney for
Plaintiff/Petitioner [  ]
Defendant/Respondent [ X ]   David C. Reymann

Licensed Paralegal Practitioner for
Plaintiff/Petitioner [  ]
Defendant/Respondent [  ]   _____

## Appendix A

## Requested Production Format

I.   **Overview**

    A.    All documents shall be produced as Bates-stamped tagged image file format ("TIFF") images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for electronically stored information ("ESI") or optical character recognition ("OCR") text for scanned hard copy documents and non-searchable ESI.  Details regarding requirements, including files to be delivered in native format, are below.

II.  **TIFF Image Requirements**

    A.    All documents shall be produced as TIFF images in 300x300 dpi Group IV single-page monochrome format.

    B.    All such images shall be sequentially Bates-stamped using a consistent length with leading zeros in the number.  The format of the Bates numbers shall not change across productions.

    C.    Images shall include the following content where present:

        1.    For word processing files (*e.g.,* Microsoft Word) – Comments and "track changes" (and similar in-line editing).

        2.    For spreadsheet files (*e.g.,* Microsoft Excel) – Hidden columns, rows, and sheets; comments; and "track changes" (and similar in-line editing).

        3.    For presentation files (*e.g.,* Microsoft PowerPoint) – Speaker notes and comments.

    D.    Reasonable care shall be taken not to degrade the legibility of documents during the imaging process.  If legibility is found to have been degraded, the receiving party may make reasonable requests for re-production of these documents.

III.   **Native Format Requirements**

    A.    Spreadsheet files

        1.    Spreadsheet files (*e.g.,* Microsoft Excel) shall be provided in native format.

        2.    In lieu of a TIFF image version of each spreadsheet file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

        3.    When redaction is necessary, a redacted TIFF image version shall be produced.  The parties reserve the right to request access to the native format versions of such files.

    B.    Multimedia files

        1.    Multimedia files (*e.g.,* audio or video files) shall be provided in native format.

        2.    In lieu of a TIFF image version of each multimedia file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

        3.    The parties reserve the right to edit multimedia files using industry standard methods if redaction of such files is deemed necessary.

    C.    Other files

        1.    In limited circumstances, it may be necessary to obtain or view the native format versions of files, including color documents/images and dynamic files, such as databases.  The parties reserve the right to reasonably request access to the native format versions of such files and/or an image format that supports viewing color documents.

IV.  **Image Load/Cross Reference File Requirements**

    A.    A single-page image load/cross-reference file shall be provided with each production.

    B.    The file should use the Concordance Image Viewer (.OPT) format, as in the sample below.  Note, the volume label information ("MSC001" in the sample .opt file) is optional:

        *Sample Concordance Image Viewer .opt file:*
        MSC000001,MSC001,MSC\0000\00000001.TIF,Y,,,3
        MSC000002,MSC001,MSC\0000\00000002.TIF,,,,
        MSC000003,MSC001,MSC\0000\00000003.TIF,,,,
        MSC000004,MSC001,MSC\0000\00000004.TIF,Y,,,2
        MSC000005,MSC001,MSC\0000\00000005.TIF,,,,

V.  **Extracted Text/OCR Requirements**

    A.    Extracted text and/or OCR text shall be provided for all documents as separate, document-level text files; extracted text and/or OCR text shall not be embedded in the .DAT file (as defined below).

    B.    Document-level text file names shall consist of the beginning Bates number information of the document.

    C.    If a document is provided in native format with a single-page placeholder TIFF image (*e.g.,* spreadsheet files), the text file shall contain the full extracted text of the native file.

    D.    OCR text shall be provided for all redacted documents in lieu of extracted text.

    E.    With respect to produced text files, the specifications herein address ANSI text-based productions.  Unicode text-based productions shall be provided for productions containing non-English language documents.

VI.   **Data Load File Requirements**

A.   A data load file shall be provided with each production.

B.   The file shall be a Concordance-loadable data file ("".DAT" file) and contain Bates-stamp and metadata information as detailed below.

C.   The delimiters and qualifiers to be used in the .DAT file are:

*Record delimiter:*   Windows newline/Hard return (ASCII 10 followed by ASCII 13)
*Field delimiter:*   (ASCII 20)
*Multi-value delimiter:*   Semicolon ; (ASCII 59)
*Text qualifier:*   Small thorn þ (ASCII 254)

D.   With respect to .DAT files, the specifications herein address ANSI text-based productions.  Unicode text-based productions shall be provided for productions containing non-English language documents.

E.   The .DAT file shall have a header line with the below listed field names and shall include the corresponding information per each applicable field:

| Field | Comments | Document Types |
|---|---|---|
| BegBates | Beginning Bates number. | All. |
| EndBates | Ending Bates number. | All. |
| BegRange | Bates number of first page of family range (*e.g.,* first page of an email). | All. |
| EndRange | Bates number of last page of family range (*e.g.,* last page of last attachment to an email). | All. |
| PageCount | Number of TIFF image pages in the produced document. | All. |
| FileExtension | File extension of the original document (*e.g.,* .msg, .docx, .jpg). | All. |
| FileSize | File size of the original document. Format: bytes. | All. |
| Title | Title of the original document. | Loose files and attachments. |
| Custodian | Custodian full name.  Format: LASTNAME, FIRSTNAME. | All. |

| Field | Comments | Document Types |
|---|---|---|
| AllCustodian | Full name of all custodians for whom the document is being produced. Format: LASTNAME, FIRSTNAME; LASTNAME, FIRSTNAME. | All. |
| Author | Author of document from available metadata. | Loose files and attachments. |
| LastSavedBy | Last Saved By field value extracted from metadata of a native file. | Loose files and attachments. |
| Company | Company field extracted from the metadata of a native file. | Loose files and attachments. |
| From | Email author. | Email only. |
| To | Email addressee(s). | Email only. |
| CC | Email addressee(s), carbon copy. | Email only. |
| BCC | Email addressee(s), blind carbon copy. | Email only. |
| Subject | Email subject. | Email only. |
| DateCreated | File creation date. Format: MM/DD/YYYY. | All. |
| TimeCreated | File creation time. Format: HH:MM:SS AM/PM | All. |
| DateModified | File modification date. Format: MM/DD/YYYY. | All. |
| TimeModified | File modification time. Format: HH:MM:SS AM/PM | All. |
| DateSent | Email sent date. Format: MM/DD/YYYY. | Email only. |
| TimeSent | Email sent time. HH:MM:SS AM/PM. | Email only. |
| DateReceived | Email received date. MM/DD/YYYY. | Email only. |
| TimeReceived | Email received time. HH:MM:SS AM/PM. | Email only. |
| DateAccessed | Date document was last accessed. | All. |
| TimeAccessed | Time document was last accessed. | All. |
| MeetingStartDate | Start date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |

| Field | Comments | Document Types |
|---|---|---|
| MeetingStartTime | Start time of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| MeetingEndDate | End date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |
| MeetingEndTime | End date of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| TimeZone | The time zone in which files were standardized during processing (*e.g.*, GMT). | All. |
| MessageID | Globally unique identifier for a message which typically includes messageid and a domain name (*e.g.*, <0E6648D558F338179524D555@ m1p.contoso.net). | Email only. |
| ConversationIndex | Email thread identification. | Email only. |
| Importance | Email flag indicating priority level set for message. | Email only. |
| Sensitivity | Sensitivity field from email messages. | Email only. |
| FileName | Name of file as maintained in the ordinary course of business. | Loose files and attachments. |
| FilePath | Original path to the file or email message. | All. |
| AllFilePaths | For globally and within custodian de-duplicated productions. Folder paths to this document's duplicates and the original path. Each path will contain the associated custodian. | All. |
| HiddenContent | Denotes if file contains hidden content. Format: Yes/No value. | Loose files and attachments. |
| MD5Hash | Unique file identifier. | All. |
| TextPath | The production deliverable path to the extracted text or OCR for the document, including the file name. | All. |

| Field | Comments | Document Types |
|---|---|---|
| NativePath | The production deliverable path to the native-format file for the document, including the file name (if a native-format file is provided). | Loose files and attachments. |

F.      The parties shall de-duplicate stand-alone documents or entire document families globally using MD5 or SHA-1 Hash value matching.  Email attachments shall not be eliminated from the parent email.  Hard copy documents shall not be eliminated as duplicates of responsive ESI.

G.      In globally de-duped, incremental productions, there will be instances when production of documents from additional custodians will include documents previously produced.  A Custodian Append overlay load file using the load file format described above shall be provided with updated AllCustodian and AllFilePaths fields; BegBates and EndBates fields may be used as the unique identifiers.

## VII.  Miscellaneous

A.      All document family relationships shall be produced together and children files should follow parent files in sequential Bates number order.

B.      Embedded documents shall be extracted from the parent document with family relationship intact.

C.      Productions shall be provided using industry standard encryption software or hardware.  Any electronic transmission of produced materials must be done via a secure file transfer system.

D.      If particular documents warrant a different format (*e.g.*, production of color images instead of black and white), the parties shall cooperate to arrange for the mutually acceptable production of such documents.

E.      The parties agree not to knowingly degrade the searchability of documents as part of the document production process.  For example, extracted text should not be replaced by OCR text

except where appropriate (*e.g.*, OCR for redacted documents).

F.    Redacted documents may have certain metadata fields withheld from production.  The parties shall cooperate to create a list of metadata fields which may be produced for these documents.

G.    All documents shall be processed so as to normalize the time zone.

**ATTACHMENT A**

## INSTRUCTIONS AND DEFINITIONS

1.  The term "RSM" refers to RSM US, LLP, as well as any of its present or former parents, subsidiaries, brokers, funds, divisions, subdivisions, affiliates, related entities, portfolio companies, business development companies, private investment vehicles, institutional limited partners, predecessors, or successors, as well as all present and former executives, officers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

2.  The term "Walker Edison" refers to Walker Edison Furniture Company, LLC, as well as any of its present or former parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, or successors, as well as all present and former executives, officers, managers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

3.  The term "Document" refers to and includes, without limitation, papers, correspondence, writings, drawings, graphs, charts, maps, plans, photographs, films, recordings, memoranda, books, records, accounts, communications, notes, phone records, data compilations, as well as computer databases and all retrievable electronically-stored information. The term includes each non-identical copy of each original document.

4.  The term "Communication(s)" means any manner or means of disclosure, transfer, exchange, or conveyance of information including, but not limited to, any conversation, discussion, negotiation, offer, agreement, correspondence, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, instant message, or other transfer of information, whether oral or written, or by any other means and

includes any document that abstracts, digests, transcribes, or records any communication.

5.     All documents produced in response to these requests shall be produced in their entirety, and shall include all versions or copies of a document that are not identical to the original or any other produced copy of a document, whether through handwritten notations, revisions, or otherwise.

6.     If you object to any portion or aspect of a request, specify which portion or aspect and the nature of your objection.

7.     These requests are continuing in nature and require further and supplemental production if you locate or obtain additional documents within their scope between the time of your initial production and the time of any hearing or trial in this matter.

8.     If it is otherwise not possible to produce any document called for by these requests, or if any part of these requests is objected to, state with specificity all reasons for such non- production or for the objection.

9.     With respect to each request, you are requested to produce all documents which are known to you or which can be located or discovered by reasonably diligent efforts, and which are in your possession, custody or control, including all such documents requested to be produced which are in your files (whether personal, business or any other files), possession, custody or control or your attorneys', accountants', subsidiaries', divisions', agents', representatives' or employees' files, possession, custody or control.

10.    If any of the requested documents are withheld based on a claim of privilege or other protection, describe the nature of the privilege or immunity asserted, or the other

ground(s) for withholding the document including, if relevant, the attorney, client, and litigation involved.

## DOCUMENT REQUEST

1.  Documents and Communications relating to RSM's audits of the financial statements of Walker Edison for the fiscal years ending December 31, 2018 and December 31, 2019.

# Notice to Persons Served with a Subpoena

A subpoena may require you to copy and mail documents, produce documents or tangible things, appear at a hearing, trial, or deposition, or allow inspection of a location.

A subpoena can be issued by the court clerk or by a licensed attorney. You must do what it says or file an objection. If you don't comply, you can be fined or go to jail.

You can find more information about subpoenas and forms you may need at: www.utcourts.gov/resources/forms/subpoena/

1.  If the subpoena requires you to **appear to at a trial, hearing, deposition, or for inspection of a place,** you must appear at the date, time, and place designated in the subpoena. You will be required to either answer questions under oath or allow inspection of a place.

    For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

    - If you are a resident of Utah:
        - where you reside;
        - where you are employed;
        - where you transact business in person; or
        - where the court orders.

    - If you are not a resident of Utah:
        - where you are served with the subpoena; or
        - where the court orders.

2.  If the subpoena requires you to **copy documents or electronically stored information,** you must:

    - organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

    - mail or deliver the copies and the Declaration of Compliance with the Subpoena to the attorney or party requesting the documents. You may need to modify the Declaration to fit your circumstances.

    The party who requested the documents must pay the reasonable cost of copying the documents.

3.  If the subpoena requires you to **produce documents or tangible things,** you must appear in person with the documents or tangible things so that they may be tested, copied, sampled, or inspected. You must:

- produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

- mail or deliver the Declaration of Compliance with the Subpoena to the requesting attorney or party.

The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney.

The subpoena must be served on you at least 14 days before the date designated for compliance.

The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things.

4.  **Witness fee.** If the subpoena requires you to appear, a one-day witness fee must be served with the subpoena. A one-day witness fee is $18.50 plus mileage. The witness fee for each subsequent day is $49.00 plus mileage. Mileage is $1.00 for each 4 miles you have to travel over 50 miles (one direction).

A subpoena issued on behalf of the United States or Utah does not have to include a witness fee and mileage.

5.  **Objection to a subpoena.** You may object to all or part of the subpoena if :

- it does not give you a reasonable amount of time to comply.

- it creates an undue burden for you.

- it requires you to disclose privileged or other protected matter and no exception or waiver applies.

- it requires you to disclose a trade secret or other confidential research, development, or commercial information.

- it requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

- you are a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county:

  o  in which you do not reside,
  o  are not employed, or
  o  do not transact business in person,

  unless the judge orders otherwise.

- you are not a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit

inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise.

You must comply with those parts of the subpoena to which you do not object.

6.    **How to object.** To object to the subpoena, complete and serve the Objection to Subpoena on the party or attorney issuing the subpoena before the compliance date.

Once you have filed the objection, you do not have to comply with the subpoena unless ordered to do so by the court.

7.    **Motion to compel.** If you serve an Objection to Subpoena on the party or attorney issuing the subpoena, they may file a motion asking the court to make you comply with the subpoena. They may also ask for a hearing on the motion.

If you do not agree with the motion, you can file a Memorandum Opposing the Motion. See the court's Motions web page for information and forms: www.utcourts.gov/howto/filing/motions/.

It is possible to ask the judge to order conditions for complying with the subpoena. Consider talking to an attorney to go over your options. See the Finding Legal Help web page for information about free and low cost ways to get legal help: www.utcourts.gov/howto/legalassist/.

8.    **Organizations.** If the subpoena orders  a corporation, partnership, association or governmental agency that is not a party to the suit to appear at a deposition, they must designate one or more persons to answer questions on their behalf. (Utah Rule of Civil Procedure 30).

_____
Name

_____
Address

_____
City, State, Zip

_____
Phone

_____
Email

In the   [  ] District   [  ] Justice   Court of Utah

_____ Judicial District _____ County

Court Address _____

|  | **Objection to Subpoena**<br>(Utah Rule of Civil Procedure 45(e)(3)-(4)) |
|---|---|
| _____<br>Plaintiff/Petitioner<br><br>v.<br><br>_____<br>Defendant/Respondent | _____<br>Case Number<br><br>_____<br>Judge<br><br>_____<br>Commissioner (domestic cases) |

I have been served with a subpoena in this case, and I object because the subpoena:

1.     [  ]    Does not give me a reasonable amount of time to comply (Explain).

_____

_____

_____

2.     [  ]    Creates an undue burden for me (Explain. Attach additional pages if needed).

_____

_____

_____

3.    [ ]    Requires me to disclose privileged or other protected matter and no exception or waiver applies. (Describe the document or thing. Be specific.)

_____

_____

_____

4.    [ ]    Requires me to disclose a trade secret or other confidential research, development, or commercial information. (Describe the document or thing. Be specific.)

_____

_____

_____

5.    [ ]    Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

_____

_____

_____

6.    [ ]    Requires me, a resident of Utah, to:

      [ ]    appear at a deposition;
      [ ]    produce documents, electronic records or tangible things; or
      [ ]    permit inspection of a premises

in a county in which I do not reside, am not employed, and do not transact business in person.

7.    [ ]    Requires me, a non-resident of Utah, to:

      [ ]    appear at a deposition;
      [ ]    produce documents, electronic records or tangible things; or
      [ ]    permit inspection of a premises

in a county other than the county in which I was served.

8.    [ ]    Other.

_____

_____

**Person subject to subpoena**

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at _____ (city, and state or country).

_____          Signature ▶ _____
Date

                                                    Printed Name _____


**Attorney or Licensed Paralegal Practitioner of record** (if applicable)

_____          Signature ▶ _____
Date

                                                    Printed Name _____

## Certificate of Service

I certify that I filed with the court and am serving a copy of this Objection to Subpoena on the following people.

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____     Signature ▶ _____
Date

Printed Name _____

_____
Name

_____
Address

_____
City, State, Zip

_____
Phone

_____
Email

_____

In the   [ ] District   [ ] Justice   Court of Utah

_____ Judicial District _____ County

Court Address _____

| | Declaration of Compliance with Subpoena |
|---|---|
| | **Declaration of Compliance with Subpoena**<br>(Utah Rule of Civil Procedure 45(f)) |
| _____<br>Plaintiff/Petitioner<br><br>v.<br><br>_____<br>Defendant/Respondent | _____<br>Case Number<br><br>_____<br>Judge<br><br>_____<br>Commissioner (domestic cases) |

1.  I am the recipient of the subpoena. I have knowledge of the facts in this declaration.

2.  The documents or tangible things copied or produced are a full and complete response to the subpoena.

3.  The documents or tangible things are:

     [ ] the originals.
     [ ] true copies of the originals.

4.  The reasonable cost of copying or producing the documents or tangible things is

     $_____. Here is how I calculated the cost:

_____

_____

_____

_____

## Custodian of the records

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at _____ (city, and state or country).

_____    Signature ▶ _____
Date

Printed Name _____

## Attorney or Licensed Paralegal Practitioner of record (if applicable)

_____    Signature ▶ _____
Date

Printed Name _____

## Certificate of Service

I certify that I filed with the court and am serving a copy of this Declaration of Compliance with Subpoena on the following people.

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____        Signature ▶ _____
Date

                                Printed Name _____

**IN THE THIRD JUDICIAL DISTRICT COURT**

**FOR THE COUNTY OF SALT LAKE, STATE OF UTAH**

Plaintiff
WALKER EDISON FURNITURE
COMPANY, LLC

Consolidated Case No. 230902160

vs.

Defendants:
BRAD BONHAM; MB & BB HOLDINGS,
LLC; MATT DAVIS; WALKER EDISON
HOLDING COMPANY, LLC; PROSPECT
HILL GROWTH PARTNERS, L.P.; JWC-
WE HOLDCO, LLC; SWC-WE
HOLDINGS, L.P.; PROSPECT HILL
GROWTH FUND II, L.P.; PROSPECT
HILL GROWTH FUND II CO-INVEST,
L.P.; PHIL DAMIANO; KEN MURPHY;
ADAM SUTTIN; KYLE CASELLA;

DAVID FIORENTINO; AND DOES 1-100         **Affidavit of Service**

I Cynthia Paris, being duly sworn, depose and say, I have been duly authorized to make service of the document(s) listed herein in the above styled case. I am over the age of 18, and am not a party to or otherwise interested in this matter.

**Date Received:**  MAY 19, 2025

**Document(s):**   COVER LETTER; ORDER GRANTING MOTION FOR APPOINTMENT OF COMMISSION TO ISSUE UTAH SUBPOENA IN MASSACHUSETTS; FIRST AMENDED COMPLAINT; SUBPOENA FOR PRODUCTION OF DOCUMENTS

**Serve To:**  EVOLUTION CREDIT PARTNERS MANAGEMENT, LLC C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT

**Address:**  84 STATE STREET, 6TH FLOOR, BOSTON, MA 02109

**Date Served:**  MAY 19, 2025 AT 12:50 PM

**Person Served:**   KAYLIEGH MARSHALL, INTAKE SPECIALIST. AS AUTHORIZED TO ACCEPT SERVICE

**Method of Service:**  IN HAND

**Address:**  84 STATE STREET, 6TH FLOOR, BOSTON, MA 02109

**Military Status:**  N/A

**Description::**  Caucasian, Female, 30 yrs, 5' 4", 130 lbs, black hair, glasses

**Comments:**

**I declare under penalties of perjury that the information contained herein is true and correct to the best of my knowledge.**

Commonwealth of Massachusetts,
Suffolk County

Signed and sworn to before me
CYNTHIA PARIS

on this  19TH  day of  MAY , 2025
who proved to me on the basis of satisfactory
evidence of identification to be the person(s) who
appeared before me and signed in my presence

NOTARY PUBLIC

Cynthia Paris, Process Server

Boston Process Server
P.O. Box 230261
Boston, MA 02123
617-480-8777



SANDRA GALLICE
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
May 15, 2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
Attorney: Tannenbaum Helpern Syracuse & Hirschtrit
Address: 900 Third Avenue New York, NY 10022

Job #: 1499205

---

WALKER EDISON FURNITURE COMPANY, LLC,

*vs*                                                                                      Plaintiff

BRAD BONHAM, MB & BB HOLDINGS, LLC, et al.,

Originating State: Utah, Originating County: Salt Lake County, Originating Court: Third Judicial District, Originating Case No. 230902160

Defendant

Civil Action No.: 230902160
Client's File No.:
Court Date:
Court Time:

Consolidated Civil No.: 230902160

---

# AFFIRMATION OF SERVICE

**Baldeo C. Drepaul**, affirms and says:

Affirmant is not a party herein; is over the age of 18 years and resides in the State of New York.

On **6/2/2025**, at **11:49 AM** at: **399 PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10022.** Affirmant served the within **Subpoena Duces Tecum (pursuant to the Uniform Interstate Depositions and Discovery Act and CPLR § 3119) and Originating State Subpoena (Utah Rule of Civil Procedure 30 and 45) with Attachment A, Appendix A, Notice to Persons Served with a Subpoena, Objection to Subpoena, Declaration of Compliance with Subpoena, First Amended Complaint of Walker Edison Furniture Company LLC, Answer to First Amended Complaint and Affirmative Defenses, First Amended Complaint Blue Owl Capital Corporation and Answer to First Amended Complaint**

On: **TRILANTIC CAPITAL MANAGEMENT, L.P.**,  therein named.
Said documents were conformed with index number endorsed thereon.

☒ **#1 Corporation or Partnership or Trust or LLC or Agency or P.C. or Banking Institution or Insurance Company/ Agency**
By delivering thereat a true copy of each to Jiulianna Ruiz personally.  Affirmant knew said entity to be the corporation/partnership /trust /LLC/ agency/ P.C. /banking institution / insurance company/ agency described in said aforementioned document as said defendant and knew said individual to be General Counsel thereof, authorized to accept on behalf.

☒ **#2 PERCEIVED DESCRIPTION**
Gender: Female    Race: Hispanic    Color of hair: Black    Glasses: No
Age: 36-50    Height: 5ft 0inch - 5ft 3inch    Weight: 100-130 Lbs.    Other Features:

☒ **#3 WITNESS FEES**
Subpoena Fee Tendered in the amount of $18.00.

☒ **#4 OTHER**
Ms. Ruiz as General Counsel stated that she is authorized to accept service on behalf of the Subject.

I affirm on 06/03/2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.



Baldeo C. Drepaul
License# 2093579-DCA

*COURT SUPPORT, INC., 265 POST AVE #150, WESTBURY, NY 11590 LICENSE #1382542-DCA*

*TD's Legal Process*

*&*

*Investigations*

*P.O. Box 18118*

*Salt Lake City, Utah 84118*

*Office: 801-964-9393*

*Cell: 801-347-1038*

6/6/2025

*Return of Service*

| | | |
|---|---|---|
| ROS# 189609 | **PARR BROWN GEE & LOVELESS** | |
| Rcvd: 06/05/2025 | 101 so. 200 e. ste. 700 | |
| Attn: Kira N. | S.L.C., UT 84111 | 532-7840 |
| Case: 230902160     Civil# | Doc# | |

| Plaintiff(s) | | VS | Defendant(s) |
|---|---|---|---|
| Walker Edison Furniture Company, LLC | | | Brad Bonham, et al., |

**Process: SUBPOENA - Attached Process below**

**To:        Target Corporation**

The undersigned Person Hereby Certifies:

I am, at the time of service, a duly qualified Process server / Private investigator over 21 years of age and am not a party to the above action being taken. I have endorsed each copy served with the date, time and my signature.

**Title:    Process Server and/or Private Investigator**

I Served:  CT Corporation System ; Reg. Agent % Dani Snow

Date:      06/05/2025        Time:      1302

Address:   1108 E South Union Ave Midvale, UT 84047

Phone:                Work:

Linda Alvey, Private Investigator - A103475

**Type of Service:     DESIGNATED TO ACCEPT SERVICE. / Authorized to accept**

Subscribed and Sworn Before Me This 6th  Day of June     2025

Notary public residing in Salt Lake County. My commission expires 01/06/2027

HILARIE PETTY
Notary Public - State of Utah
Comm. No. 728645
My Commission Expires on
Jan 6, 2027

| Service fee: | $ 15.00 | Milage Fee: | $ 18.00 | Other Fee: | $ 0.00 | Rush Fee: | $ 30.00 |
|---|---|---|---|---|---|---|---|
| Addresses: | 1 | Attempts: | 1 | Attempts Charged: | 1 | Total Mileage: | 12 |

**Total Due:   $ 65.00**

Comments:   Produce Documents by: 06/23/25

ATTACHED PROCESS: Attachment A, Appendix A, Notice to Persons served with a Subpoena, Objection to Subpoena, Declaration of Compliance with Subpoena, Certificate of Service

9

TIME _1302_ DATE _6-5-2025_
SERVED - _Dani Snow_
RELATIONSHIP _CT Corporation System_
ADDRESS _1108 E South Union Ave_
_Sandy_                    SERVER
TD's LEGAL PROCESS LLC        ~~964-9393~~

David C. Reymann
Name

101 South 200 East, Suite 700
Address

Salt Lake City, UT 84111
City, State, Zip

(801) 532-7840
Phone

dreymann@parrbrown.com
Email

**Check your email.** You will receive information and documents at this email address.

I am  [ ] Plaintiff/Petitioner        [ ] Defendant/Respondent
      [ ] Plaintiff/Petitioner's Attorney  [X] Defendant/Respondent's Attorney (Utah Bar #:_8495_)
      [ ] Plaintiff/Petitioner's Licensed Paralegal Practitioner
      [ ] Defendant/Respondent's Licensed Paralegal Practitioner        (Utah Bar #:_____)

---

In the    [X] District    [ ] Justice    Court of Utah

_Third_    Judicial District  _Salt Lake_    County

Court Address  _450 S State Street, Salt Lake City, UT 84111_

---

| | |
|---|---|
| Walker Edison Furniture Company, LLC<br>Plaintiff/Petitioner | **Subpoena**<br>(Utah Rule of Civil Procedure 30 and 45)<br><br>Civil No. 230902160<br>Case Number |
| v. | Hon. Robert Faust<br>Judge |
| Brad Bonham, et al.<br>Defendant/Respondent | Commissioner |

The following records and forms must be attached to this Subpoena and served with it.

- Notice to Persons Served with a Subpoena.
- Objection to Subpoena.
- Declaration of Compliance with Subpoena.
- Witness fee.
- Application for Subpoena under the Utah Uniform Interstate Depositions and Discovery Act with attachments (for cases from states in which the Uniform Act applies).
- Notice of Deposition and Request for Subpoena in Case Pending Out of State (for cases from states in which the Uniform Act does not apply).

Serve all of these documents by one of the methods described in Utah Rule of Civil Procedure 4(d).

To: Target Corporation, c/o CT Corporation System, 1108 E South Union Ave, Midvale, UT 84047

_____

Name and Address

_____

Name and Address

1.    [ ]    You must appear at:

Address (Dirección):

_____

Date (Fecha): _____ Time (Hora): _____ [ ] a.m. [ ] p.m.

Room (Sala): _____

To:    (Choose all that apply.)

[ ] testify at a trial or hearing.

**Interpretation.** If you do not speak or understand English, the court will provide an interpreter. Contact court staff immediately to ask for an interpreter.

**Interpretación.** Si usted no habla ni entiende el Inglés el tribunal le proveeré un intérprete. Contacte a un empleado del tribunal inmediatamente para pedir un intérprete.

**ADA Accommodation.** If you need an accommodation, including an ASL interpreter, contact court staff immediately to ask for an accommodation.

**Adaptación o Arreglo en Caso de Discapacidad.** Si usted requiere una adaptación o arreglo, que incluye un intérprete de la lengua de signos americana, contacte a un empleado del tribunal inmediatamente para pedir una adaptación.

[ ] testify at a deposition.

[ ] permit inspection of the following premises:

_____ (address)

[ ] produce the following documents or tangible things:

_____

_____

2.    [X]    You must copy the documents or electronically stored information listed below. You must mail or deliver the copies to the person at the address at the top of the first page of this Subpoena by: __June 23, 2025__ (date).

_____

    See Attachment A.
_____

3.    The Notice to Persons Served with a Subpoena must be served with this Subpoena. The notice explains your rights and obligations.

4.    [ ]    This subpoena is for a deposition and is being served on a corporation, partnership, association or governmental agency. (Utah Rule of Civil Procedure 30). You must designate one or more persons who will be questioned on your behalf .

The questions will be about (describe):

_____

_____

_____

5.    [ ]    This Subpoena includes the terms of the attached subpoena issued by

_____ (state).

If you are representing yourself or you checked paragraph 5, only the court clerk may sign this subpoena.

| 06/05/2025 | Signature ▶ | /s/ David C. Reymann |
|---|---|---|
| Date | | |

Printed name of:
Court Clerk [ ]    _____

Attorney for
Plaintiff/Petitioner [ ]
Defendant/Respondent [ X ]    David C. Reymann_____

Licensed Paralegal Practitioner for
Plaintiff/Petitioner [ ]
Defendant/Respondent [ ]    _____

6/6/2025

*TD's Legal Process*
*&*
*Investigations*

*P.O. Box 18118*
*Salt Lake City, Utah 84118*
*Office: 801-964-9393*
*Cell: 801-347-1038*

*Return of Service*

| ROS# 189610 | PARR BROWN GEE & LOVELESS | |
|---|---|---|
| Rcvd: 06/05/2025 | 101 so. 200 e. ste. 700 | |
| | S.L.C., UT 84111 | 532-7840 |
| Attn: Kira N. | | |
| Case: 230902160     Civil# | | Doc# |

Plaintiff(s)                                    VS    Defendant(s)

Walker Edison Furniture Company, LLC                    Brad Bonham, et al.,

---

**Process:** **SUBPOENA -  Attached Process below**

**To:      Wayfair, Inc.,**

The undersigned Person Hereby Certifies:

I am, at the time of service, a duly qualified Process server / Private investigator over 21 years of age and am not a party to the above action being taken. I have endorsed each copy served with the date, time and my signature.

**Title:**    **Process Server and/or Private Investigator**

I Served:   Incorporating Services  LTD; Reg. Agent % Dani Snow

Date:     06/05/2025          Time:      1302

Address:    1108 E South Union Ave  Midvale, Ut 84047

Phone:                 Work:                                              Linda Alvey, Private Investigator A103475

**Type of Service:**    **DESIGNATED TO ACCEPT SERVICE. / Authorized to accept**

Subscribed and Sworn Before Me This  6th    Day of June        2025

Notary public residing in Salt Lake County. My commission expires 01/06/2027

HILARIE PETTY
Notary Public - State of Utah
Comm. No. 728645
My Commission Expires on
Jan 6, 2027

| Service fee: $ 15.00 | Milage Fee: $ 0.00 | Other Fee: $ 0.00 | Rush Fee: $ 0.00 |
|---|---|---|---|
| Addresses: 1 | Attempts: 1 | Attempts Charged: 0 | Total Mileage: 12 |

**Total Due:  $ 17.00**

Comments:    Produce Documents by: 06/23/25

ATTACHED PROCESS: Attachment A, Appendix A, Notice to Persons served with a Subpoena, Objection to Subpoena, Declaration of Compliance with Subpoena, Certificate of Service

8

David C. Reymann
_____
Name

101 South 200 East, Suite 700
_____
Address

Salt Lake City, UT 84111
_____
City, State, Zip

(801) 532-7840
_____
Phone

dreymann@parrbrown.com
_____
Email

TIME _1302_ DATE _6-5-2025_
SERVED _Dani Snow_
RELATIONSHIP _Incorporating Service_ oft
ADDRESS _1108 E South Union Ave_
_____ SERVER
TD's LEGAL PROCESS LLC    964-9393

**Check your email.** You will receive information and documents at this email address.

I am  [ ] Plaintiff/Petitioner          [ ] Defendant/Respondent
     [ ] Plaintiff/Petitioner's Attorney  [X] Defendant/Respondent's Attorney  (Utah Bar #:8495)
     [ ] Plaintiff/Petitioner's Licensed Paralegal Practitioner
     [ ] Defendant/Respondent's Licensed Paralegal Practitioner          (Utah Bar #:_____)

In the  [X] District  [ ] Justice  Court of Utah

_Third_ Judicial District _Salt Lake_ County

Court Address _450 S State Street, Salt Lake City, UT 84111_

| | |
|---|---|
| Walker Edison Furniture Company, LLC<br>Plaintiff/Petitioner<br><br>v.<br><br>Brad Bonham, et al.<br>Defendant/Respondent | **Subpoena**<br>(Utah Rule of Civil Procedure 30 and 45)<br><br>Civil No. 230902160<br>Case Number<br><br>Hon. Robert Faust<br>Judge<br><br>_____<br>Commissioner |

The following records and forms must be attached to this Subpoena and served with it.
- Notice to Persons Served with a Subpoena.
- Objection to Subpoena.
- Declaration of Compliance with Subpoena.
- Witness fee.
- Application for Subpoena under the Utah Uniform Interstate Depositions and Discovery Act with attachments (for cases from states in which the Uniform Act applies).
- Notice of Deposition and Request for Subpoena in Case Pending Out of State (for cases from states in which the Uniform Act does not apply).

Serve all of these documents by one of the methods described in Utah Rule of Civil Procedure 4(d).

12220GEJ Approved August 21, 2020          **Subpoena**          Page 1 of 3

To: Wayfair, Inc., c/o Incorporating Services, Ltd., Inc., 1108 E South Union Avenue, Midvale, UT 84047

Name and Address

Name and Address

1.   [ ]   You must appear at:

Address (Dirección): 

_____

Date (Fecha): _____   Time (Hora): _____ [ ] a.m. [ ] p.m.

Room (Sala): _____

To:   (Choose all that apply.)

[ ] testify at a trial or hearing.

**Interpretation.** If you do not speak or understand English, the court will provide an interpreter. Contact court staff immediately to ask for an interpreter.

**Interpretación.** Si usted no habla ni entiende el Inglés el tribunal le proveeré un intérprete. Contacte a un empleado del tribunal inmediatamente para pedir un intérprete.

**ADA Accommodation.** If you need an accommodation, including an ASL interpreter, contact court staff immediately to ask for an accommodation.

**Adaptación o Arreglo en Caso de Discapacidad.** Si usted requiere una adaptación o arreglo, que incluye un intérprete de la lengua de signos americana, contacte a un empleado del tribunal inmediatamente para pedir una adaptación.

[ ] testify at a deposition.

[ ] permit inspection of the following premises:

_____ (address)

[ ] produce the following documents or tangible things:

_____

_____

2.   [X]   You must copy the documents or electronically stored information listed below. You must mail or deliver the copies to the person at the address at the top of the first page of this Subpoena by:  __June 23, 2025__ (date).

See Attachment A.

3.      The Notice to Persons Served with a Subpoena must be served with this Subpoena. The notice explains your rights and obligations.

4.    [ ]    This subpoena is for a deposition and is being served on a corporation, partnership, association or governmental agency. (Utah Rule of Civil Procedure 30). You must designate one or more persons who will be questioned on your behalf .

The questions will be about (describe):

_____

_____

_____

5.    [ ]    This Subpoena includes the terms of the attached subpoena issued by

_____ (state).

If you are representing yourself or you checked paragraph 5, only the court clerk may sign this subpoena.

06/05/2025                                    Signature ▶    /s/ David C. Reymann
Date

Printed name of:
Court Clerk [ ]      _____

Attorney for
Plaintiff/Petitioner [ ]
Defendant/Respondent [ X ]    David C. Reymann    _____

Licensed Paralegal Practitioner for
Plaintiff/Petitioner [ ]
Defendant/Respondent [ ]    _____

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **ERRATA TO NOTICE OF INTENT TO SERVE SUBPOENA (KPMG, LLP)**<br><br>Civil No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

Plaintiff, by and through counsel, hereby provide a Notice of Errata regarding its filing of the Notice of Intent to Serve Subpoena (KPMG, LLP) on June 12, 2025. After filing the Notice, counsel discovered that an incorrect deadline for KPMG to comply with the subpoena was listed. Counsel hereby submits the correct subpoena, which was attached as Exhibit A to the Notice.

DATED June 12, 2025.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorneys for Walker Edison Furniture Company, LLC*

4932-5176-9421.v1

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of June, 2025, I caused a true and correct copy of this **ERRATA TO NOTICE OF INTENT TO SERVE SUBPOENA (KPMG, LLP)** to be electronically filed using GreenFiling, which serves all counsel of record by email.

**PARR BROWN GEE & LOVELESS, P.C.**
David C. Reymann
Jonathan O. Hafen
101 South 200 East, Suite 700
Salt Lake City, UT 84111
dreymann@parrbrown.com
jhafen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC; and, *for purposes of the Stipulated Motion to Stay Responsive Pleading Deadline, for defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**SPERLING & SLATER, LLC**
Greg Shinall
55 West Monroe Street, 32nd Floor
Chicago, IL 60603
shinall@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Geoffrey Chepiga
1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**ARMSTRONG TEASDALE LLP**
Brennan H. Moss
222 South Main St.
Suite 1830
Salt Lake City, UT 84101
bmoss@atllp.com

*For defendants*: Brad Bonham; MB & BB Holdings, LLC; Matt Davis

DATED this 12th day of June, 2025.

*/s/ Sarah Jenkins Dewey*

# EXHIBIT A

4932-5176-9421.v1

Erik A. Christiansen
_____
Name

201 South Main Street, Suite 1800
_____
Address

Salt Lake City, Utah  84111
_____
City, State, Zip

801.532.1234
_____
Phone

EChristiansen@parsonsbehle.com
_____
Email

**Check your email.** You will receive information and documents at this email address.

I am  [ ]  Plaintiff/Petitioner          [ ]  Defendant/Respondent
      [ ]  Plaintiff/Petitioner's Attorney   [X]  Defendant/Respondent's Attorney   (Utah Bar #: 7372_____)
      [ ]  Plaintiff/Petitioner's Licensed Paralegal Practitioner
      [ ]  Defendant/Respondent's Licensed Paralegal Practitioner          (Utah Bar #:_____)

In the    [X] District    [ ] Justice    Court of Utah

Third Judicial District Salt Lake County

Court Address 450 S State Street, Salt Lake City, UT 84111

| | |
|---|---|
| Walker Edison Furniture Company, LLC | **Subpoena**<br>(Utah Rule of Civil Procedure 30 and 45) |
| Plaintiff/Petitioner | |
| | Civil No. 230902160 |
| v. | Case Number |
| | Hon. Robert Faust |
| Brad Bonham, et al. | Judge |
| Defendant/Respondent | |
| | Commissioner |

The following records and forms must be attached to this Subpoena and served with it.
- Notice to Persons Served with a Subpoena.
- Objection to Subpoena.
- Declaration of Compliance with Subpoena.
- Witness fee.
- Application for Subpoena under the Utah Uniform Interstate Depositions and Discovery Act with attachments (for cases from states in which the Uniform Act applies).
- Notice of Deposition and Request for Subpoena in Case Pending Out of State (for cases from states in which the Uniform Act does not apply).

Serve all of these documents by one of the methods described in Utah Rule of Civil Procedure 4(d).

To:  KPMG, LLP, 15 W South Temple, Suite 1500, Salt Lake City, UT  84101

_____
Name and Address

_____
Name and Address

1.    [  ]    You must appear at:

Address (Dirección):

_____

Date (Fecha): _____  Time (Hora): _____  [  ] a.m.  [  ] p.m.

Room (Sala): _____

To:    (Choose all that apply.)

[  ] testify at a trial or hearing.

**Interpretation.** If you do not speak or understand English, the court will provide an interpreter. Contact court staff immediately to ask for an interpreter.

**Interpretación.** Si usted no habla ni entiende el Inglés el tribunal le proveeré un intérprete. Contacte a un empleado del tribunal inmediatamente para pedir un intérprete.

**ADA Accommodation.** If you need an accommodation, including an ASL interpreter, contact court staff immediately to ask for an accommodation.

**Adaptación o Arreglo en Caso de Discapacidad.**  Si usted requiere una adaptación o arreglo, que incluye un intérprete de la lengua de signos americana, contacte a un empleado del tribunal inmediatamente para pedir una adaptación.

[  ] testify at a deposition.

[  ] permit inspection of the following premises:

_____ (address)

[  ] produce the following documents or tangible things:

_____

_____

2.    [X]    You must copy the documents or electronically stored information listed below. You must mail or deliver the copies to the person at the address at the top of the first page of this Subpoena by:  _July 10, 2025_____  (date).

_____

See Attachment A

_____

3.      The Notice to Persons Served with a Subpoena must be served with this
        Subpoena. The notice explains your rights and obligations.

4.      [  ]    This subpoena is for a deposition and is being served on a corporation,
                partnership, association or governmental agency. (Utah Rule of Civil Procedure
                30). You must designate one or more persons who will be questioned on
                your behalf .

                The questions will be about (describe):
                _____

                _____

                _____

5.      [  ]    This Subpoena includes the terms of the attached subpoena issued by
                _____ (state).

If you are representing yourself or you checked paragraph 5, only the court clerk may
sign this subpoena.

06/12/2025
_____    Signature ▶    */s/ Erik A. Christiansen*
Date                                                  Printed name of:
                                                      Court Clerk [  ]    _____

                                                      Attorney for
                                                      Plaintiff/Petitioner [  ]
                                                      Defendant/Respondent [X]    David C. Reymann
                                                                                  _____

                                                      Licensed Paralegal Practitioner for
                                                      Plaintiff/Petitioner [  ]
                                                      Defendant/Respondent [  ]    _____

## Appendix A

### Requested Production Format

I.    **Overview**

A.    All documents shall be produced as Bates-stamped tagged image file format ("TIFF") images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for electronically stored information ("ESI") or optical character recognition ("OCR") text for scanned hard copy documents and non-searchable ESI.  Details regarding requirements, including files to be delivered in native format, are below.

II.   **TIFF Image Requirements**

A.    All documents shall be produced as TIFF images in 300x300 dpi Group IV single-page monochrome format.

B.    All such images shall be sequentially Bates-stamped using a consistent length with leading zeros in the number.  The format of the Bates numbers shall not change across productions.

C.    Images shall include the following content where present:

1.    For word processing files (*e.g.,* Microsoft Word) – Comments and "track changes" (and similar in-line editing).

2.    For spreadsheet files (*e.g.,* Microsoft Excel) – Hidden columns, rows, and sheets; comments; and "track changes" (and similar in-line editing).

3.    For presentation files (*e.g.,* Microsoft PowerPoint) – Speaker notes and comments.

D.   Reasonable care shall be taken not to degrade the legibility of documents during the imaging process.  If legibility is found to have been degraded, the receiving party may make reasonable requests for re-production of these documents.

III.  **Native Format Requirements**

A.   Spreadsheet files

1.   Spreadsheet files (*e.g.,* Microsoft Excel) shall be provided in native format.

2.   In lieu of a TIFF image version of each spreadsheet file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

3.   When redaction is necessary, a redacted TIFF image version shall be produced.  The parties reserve the right to request access to the native format versions of such files.

B.   Multimedia files

1.   Multimedia files (*e.g.,* audio or video files) shall be provided in native format.

2.   In lieu of a TIFF image version of each multimedia file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

3.   The parties reserve the right to edit multimedia files using industry standard methods if redaction of such files is deemed necessary.

C.   Other files

1.   In limited circumstances, it may be necessary to obtain or view the native format versions of files, including color documents/images and dynamic files, such as databases.  The parties reserve the right to reasonably request access to the native format versions of such files and/or an image format that supports viewing color documents.

IV. **Image Load/Cross Reference File Requirements**

    A.    A single-page image load/cross-reference file shall be provided with each production.

    B.    The file should use the Concordance Image Viewer (.OPT) format, as in the sample below.  Note, the volume label information ("MSC001" in the sample .opt file) is optional:

        *Sample Concordance Image Viewer .opt file:*
        MSC000001,MSC001,MSC\0000\00000001.TIF,Y,,,3
        MSC000002,MSC001,MSC\0000\00000002.TIF,,,,
        MSC000003,MSC001,MSC\0000\00000003.TIF,,,,
        MSC000004,MSC001,MSC\0000\00000004.TIF,Y,,,2
        MSC000005,MSC001,MSC\0000\00000005.TIF,,,,

V. **Extracted Text/OCR Requirements**

    A.    Extracted text and/or OCR text shall be provided for all documents as separate, document-level text files; extracted text and/or OCR text shall not be embedded in the .DAT file (as defined below).

    B.    Document-level text file names shall consist of the beginning Bates number information of the document.

    C.    If a document is provided in native format with a single-page placeholder TIFF image (*e.g.,* spreadsheet files), the text file shall contain the full extracted text of the native file.

    D.    OCR text shall be provided for all redacted documents in lieu of extracted text.

    E.    With respect to produced text files, the specifications herein address ANSI text-based productions.  Unicode text-based productions shall be provided for productions containing non-English language documents.

VI.   **Data Load File Requirements**

A.   A data load file shall be provided with each production.

B.   The file shall be a Concordance-loadable data file ("DAT" file) and contain Bates-stamp and metadata information as detailed below.

C.   The delimiters and qualifiers to be used in the .DAT file are:

*Record delimiter:*   Windows newline/Hard return (ASCII 10 followed by ASCII 13)
*Field delimiter:*   (ASCII 20)
*Multi-value delimiter:*   Semicolon ; (ASCII 59)
*Text qualifier:*   Small thorn þ (ASCII 254)

D.   With respect to .DAT files, the specifications herein address ANSI text-based productions.  Unicode text-based productions shall be provided for productions containing non-English language documents.

E.   The .DAT file shall have a header line with the below listed field names and shall include the corresponding information per each applicable field:

| Field | Comments | Document Types |
|---|---|---|
| BegBates | Beginning Bates number. | All. |
| EndBates | Ending Bates number. | All. |
| BegRange | Bates number of first page of family range (*e.g.,* first page of an email). | All. |
| EndRange | Bates number of last page of family range (*e.g.,* last page of last attachment to an email). | All. |
| PageCount | Number of TIFF image pages in the produced document. | All. |
| FileExtension | File extension of the original document (*e.g.,* .msg, .docx, .jpg). | All. |
| FileSize | File size of the original document. Format: bytes. | All. |
| Title | Title of the original document. | Loose files and attachments. |
| Custodian | Custodian full name.  Format: LASTNAME, FIRSTNAME. | All. |

5

| Field | Comments | Document Types |
|---|---|---|
| AllCustodian | Full name of all custodians for whom the document is being produced. Format: LASTNAME, FIRSTNAME; LASTNAME, FIRSTNAME. | All. |
| Author | Author of document from available metadata. | Loose files and attachments. |
| LastSavedBy | Last Saved By field value extracted from metadata of a native file. | Loose files and attachments. |
| Company | Company field extracted from the metadata of a native file. | Loose files and attachments. |
| From | Email author. | Email only. |
| To | Email addressee(s). | Email only. |
| CC | Email addressee(s), carbon copy. | Email only. |
| BCC | Email addressee(s), blind carbon copy. | Email only. |
| Subject | Email subject. | Email only. |
| DateCreated | File creation date. Format: MM/DD/YYYY. | All. |
| TimeCreated | File creation time. Format: HH:MM:SS AM/PM | All. |
| DateModified | File modification date. Format: MM/DD/YYYY. | All. |
| TimeModified | File modification time. Format: HH:MM:SS AM/PM | All. |
| DateSent | Email sent date. Format: MM/DD/YYYY. | Email only. |
| TimeSent | Email sent time. HH:MM:SS AM/PM. | Email only. |
| DateReceived | Email received date. MM/DD/YYYY. | Email only. |
| TimeReceived | Email received time. HH:MM:SS AM/PM. | Email only. |
| DateAccessed | Date document was last accessed. | All. |
| TimeAccessed | Time document was last accessed. | All. |
| MeetingStartDate | Start date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |

| Field | Comments | Document Types |
|---|---|---|
| MeetingStartTime | Start time of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| MeetingEndDate | End date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |
| MeetingEndTime | End date of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| TimeZone | The time zone in which files were standardized during processing (*e.g.*, GMT). | All. |
| MessageID | Globally unique identifier for a message which typically includes messageid and a domain name (*e.g.*, <0E6648D558F338179524D555@ m1p.contoso.net). | Email only. |
| ConversationIndex | Email thread identification. | Email only. |
| Importance | Email flag indicating priority level set for message. | Email only. |
| Sensitivity | Sensitivity field from email messages. | Email only. |
| FileName | Name of file as maintained in the ordinary course of business. | Loose files and attachments. |
| FilePath | Original path to the file or email message. | All. |
| AllFilePaths | For globally and within custodian de-duplicated productions. Folder paths to this document's duplicates and the original path. Each path will contain the associated custodian. | All. |
| HiddenContent | Denotes if file contains hidden content. Format: Yes/No value. | Loose files and attachments. |
| MD5Hash | Unique file identifier. | All. |
| TextPath | The production deliverable path to the extracted text or OCR for the document, including the file name. | All. |

| Field | Comments | Document Types |
|-------|----------|----------------|
| NativePath | The production deliverable path to the native-format file for the document, including the file name (if a native-format file is provided). | Loose files and attachments. |

F.    The parties shall de-duplicate stand-alone documents or entire document families globally using MD5 or SHA-1 Hash value matching.  Email attachments shall not be eliminated from the parent email.  Hard copy documents shall not be eliminated as duplicates of responsive ESI.

G.    In globally de-duped, incremental productions, there will be instances when production of documents from additional custodians will include documents previously produced.  A Custodian Append overlay load file using the load file format described above shall be provided with updated AllCustodian and AllFilePaths fields; BegBates and EndBates fields may be used as the unique identifiers.

## VII.    Miscellaneous

A.    All document family relationships shall be produced together and children files should follow parent files in sequential Bates number order.

B.    Embedded documents shall be extracted from the parent document with family relationship intact.

C.    Productions shall be provided using industry standard encryption software or hardware.  Any electronic transmission of produced materials must be done via a secure file transfer system.

D.    If particular documents warrant a different format (*e.g.*, production of color images instead of black and white), the parties shall cooperate to arrange for the mutually acceptable production of such documents.

E.    The parties agree not to knowingly degrade the searchability of documents as part of the document production process.  For example, extracted text should not be replaced by OCR text

except where appropriate (*e.g.*, OCR for redacted documents).

F.    Redacted documents may have certain metadata fields withheld from production.  The parties shall cooperate to create a list of metadata fields which may be produced for these documents.

G.    All documents shall be processed so as to normalize the time zone.

**ATTACHMENT A**

## INSTRUCTIONS AND DEFINITIONS

1.   The term "KPMG" refers to KPMG, LLP, as well as any of its present or former parents, subsidiaries, brokers, funds, divisions, subdivisions, affiliates, related entities, portfolio companies, business development companies, private investment vehicles, institutional limited partners, predecessors, or successors, as well as all present and former executives, officers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

2.   The term "Walker Edison" refers to Walker Edison Furniture Company, LLC, as well as any of its present or former parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, or successors, as well as all present and former executives, officers, managers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

3.   The term "Document" refers to and includes, without limitation, papers, correspondence, writings, drawings, graphs, charts, maps, plans, photographs, films, recordings, memoranda, books, records, accounts, communications, notes, phone records, data compilations, as well as computer databases and all retrievable electronically-stored information. The term includes each non-identical copy of each original document.

4.   The term "Communication(s)" means any manner or means of disclosure, transfer, exchange, or conveyance of information including, but not limited to, any conversation, discussion, negotiation, offer, agreement, correspondence, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, instant message, or other transfer of information, whether oral or written, or by any other means and

2

includes any document that abstracts, digests, transcribes, or records any communication.

5.   All documents produced in response to these requests shall be produced in their entirety, and shall include all versions or copies of a document that are not identical to the original or any other produced copy of a document, whether through handwritten notations, revisions, or otherwise.

6.   If you object to any portion or aspect of a request, specify which portion or aspect and the nature of your objection.

7.   These requests are continuing in nature and require further and supplemental production if you locate or obtain additional documents within their scope between the time of your initial production and the time of any hearing or trial in this matter.

8.   If it is otherwise not possible to produce any document called for by these requests, or if any part of these requests is objected to, state with specificity all reasons for such non- production or for the objection.

9.   With respect to each request, you are requested to produce all documents which are known to you or which can be located or discovered by reasonably diligent efforts, and which are in your possession, custody or control, including all such documents requested to be produced which are in your files (whether personal, business or any other files), possession, custody or control or your attorneys', accountants', subsidiaries', divisions', agents', representatives' or employees' files, possession, custody or control.

10.  If any of the requested documents are withheld based on a claim of privilege or other protection, describe the nature of the privilege or immunity asserted, or the other

ground(s) for withholding the document including, if relevant, the attorney, client, and litigation involved.

## DOCUMENT REQUESTS

1.  Documents and Communications relating to KPMG's audit referenced in its July 30, 2021 letter to the Board of Directors of Walker Edison Holding Company, LLC, including the restatement of the Company's 2019 and 2018 financial statements referenced in that letter.

2.  Documents and Communications relating to KPMG's identification of a material weakness in its letter to Management and Board of Directors of Walker Edison Holding Company, LLC, dated July 30, 2021, that "Management did not design a control to properly reconcile estimated freight and duties to actual freight and duties resulting in an impact to inventory, cost of sales, prepaid assets and accrued liabilities."

3.  Documents and Communications relating to any audit performed by KPMG with respect to Walker Edison's financial statements for the year ending December 31, 2021.

# Notice to Persons Served with a Subpoena

A subpoena may require you to copy and mail documents, produce documents or tangible things, appear at a hearing, trial, or deposition, or allow inspection of a location.

A subpoena can be issued by the court clerk or by a licensed attorney. You must do what it says or file an objection. If you don't comply, you can be fined or go to jail.

You can find more information about subpoenas and forms you may need at: www.utcourts.gov/resources/forms/subpoena/

1.  If the subpoena requires you to **appear to at a trial, hearing, deposition, or for inspection of a place,** you must appear at the date, time, and place designated in the subpoena. You will be required to either answer questions under oath or allow inspection of a place.

    For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

    - If you are a resident of Utah:
        - where you reside;
        - where you are employed;
        - where you transact business in person; or
        - where the court orders.

    - If you are not a resident of Utah:
        - where you are served with the subpoena; or
        - where the court orders.

2.  If the subpoena requires you to **copy documents or electronically stored information,** you must:

    - organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

    - mail or deliver the copies and the Declaration of Compliance with the Subpoena to the attorney or party requesting the documents. You may need to modify the Declaration to fit your circumstances.

    The party who requested the documents must pay the reasonable cost of copying the documents.

3.  If the subpoena requires you to **produce documents or tangible things,** you must appear in person with the documents or tangible things so that they may be tested, copied, sampled, or inspected. You must:

- produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

- mail or deliver the Declaration of Compliance with the Subpoena to the requesting attorney or party.

The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney.

The subpoena must be served on you at least 14 days before the date designated for compliance.

The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things.

4. **Witness fee.** If the subpoena requires you to appear, a one-day witness fee must be served with the subpoena. A one-day witness fee is $18.50 plus mileage. The witness fee for each subsequent day is $49.00 plus mileage. Mileage is $1.00 for each 4 miles you have to travel over 50 miles (one direction).

A subpoena issued on behalf of the United States or Utah does not have to include a witness fee and mileage.

5. **Objection to a subpoena.** You may object to all or part of the subpoena if :

- it does not give you a reasonable amount of time to comply.

- it creates an undue burden for you.

- it requires you to disclose privileged or other protected matter and no exception or waiver applies.

- it requires you to disclose a trade secret or other confidential research, development, or commercial information.

- it requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

- you are a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county:

  o in which you do not reside,
  o are not employed, or
  o do not transact business in person,

  unless the judge orders otherwise.

- you are not a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit

inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise.

You must comply with those parts of the subpoena to which you do not object.

6.    **How to object.** To object to the subpoena, complete and serve the Objection to Subpoena on the party or attorney issuing the subpoena before the compliance date.

Once you have filed the objection, you do not have to comply with the subpoena unless ordered to do so by the court.

7.    **Motion to compel.** If you serve an Objection to Subpoena on the party or attorney issuing the subpoena, they may file a motion asking the court to make you comply with the subpoena. They may also ask for a hearing on the motion.

If you do not agree with the motion, you can file a Memorandum Opposing the Motion. See the court's Motions web page for information and forms: www.utcourts.gov/howto/filing/motions/.

It is possible to ask the judge to order conditions for complying with the subpoena. Consider talking to an attorney to go over your options. See the Finding Legal Help web page for information about free and low cost ways to get legal help: www.utcourts.gov/howto/legalassist/.

8.    **Organizations.** If the subpoena orders  a corporation, partnership, association or governmental agency that is not a party to the suit to appear at a deposition, they must designate one or more persons to answer questions on their behalf. (Utah Rule of Civil Procedure 30).

_____
Name

_____
Address

_____
City, State, Zip

_____
Phone

_____
Email

_____

In the   [ ] District   [ ] Justice   Court of Utah

_____ Judicial District _____ County

Court Address _____

_____

| | **Objection to Subpoena**<br>(Utah Rule of Civil Procedure 45(e)(3)-(4)) |
|---|---|
| _____ | _____ |
| Plaintiff/Petitioner | Case Number |
| v. | _____ |
| _____ | Judge |
| Defendant/Respondent | _____ |
| | Commissioner (domestic cases) |

I have been served with a subpoena in this case, and I object because the subpoena:

1.    [  ]    Does not give me a reasonable amount of time to comply (Explain).

_____

_____

_____

2.    [  ]    Creates an undue burden for me (Explain. Attach additional pages if needed).

_____

_____

_____

3.     [ ]     Requires me to disclose privileged or other protected matter and no exception or waiver applies. (Describe the document or thing. Be specific.)

_____

_____

_____

4.     [ ]     Requires me to disclose a trade secret or other confidential research, development, or commercial information. (Describe the document or thing. Be specific.)

_____

_____

_____

5.     [ ]     Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

_____

_____

_____

6.     [ ]     Requires me, a resident of Utah, to:

        [ ]    appear at a deposition;
        [ ]    produce documents, electronic records or tangible things; or
        [ ]    permit inspection of a premises

in a county in which I do not reside, am not employed, and do not transact business in person.

7.     [ ]     Requires me, a non-resident of Utah, to:

        [ ]    appear at a deposition;
        [ ]    produce documents, electronic records or tangible things; or
        [ ]    permit inspection of a premises

in a county other than the county in which I was served.

8.     [ ]     Other.

_____

_____

## Person subject to subpoena

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at _____ (city, and state or country).

_____          Signature ▶ _____
Date                                                     Printed Name _____

## Attorney or Licensed Paralegal Practitioner of record (if applicable)

_____          Signature ▶ _____
Date                                                     Printed Name _____

## Certificate of Service

I certify that I filed with the court and am serving a copy of this Objection to Subpoena on the following people.

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____    Signature ▶ _____
Date

Printed Name _____

_____
Name

_____
Address

_____
City, State, Zip

_____
Phone

_____
Email

_____

In the   [ ] District   [ ] Justice   Court of Utah

_____ Judicial District _____ County

Court Address _____

_____

| | **Declaration of Compliance with Subpoena** |
|---|---|
| | (Utah Rule of Civil Procedure 45(f)) |
| _____ | |
| Plaintiff/Petitioner | _____ |
| | Case Number |
| v. | |
| | _____ |
| | Judge |
| _____ | |
| Defendant/Respondent | _____ |
| | Commissioner (domestic cases) |

1.    I am the recipient of the subpoena. I have knowledge of the facts in this declaration.

2.    The documents or tangible things copied or produced are a full and complete response to the subpoena.

3.    The documents or tangible things are:

        [ ] the originals.
        [ ] true copies of the originals.

4.    The reasonable cost of copying or producing the documents or tangible things is

        $_____. Here is how I calculated the cost:

_____

_____

_____

_____

## Custodian of the records

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at _____ (city, and state or country).

_____     Signature ▶ _____
Date

Printed Name _____

## Attorney or Licensed Paralegal Practitioner of record (if applicable)

_____     Signature ▶ _____
Date

Printed Name _____

## Certificate of Service

I certify that I filed with the court and am serving a copy of this Declaration of Compliance with Subpoena on the following people.

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
|  | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) |  |  |
|  | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) |  |  |
|  | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) |  |  |

_____    Signature ▶ _____
Date

Printed Name _____

Brennan H. Moss (10267)
PARKINSON BENSON POTTER
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
Tel: (415) 534-7970
Email: brennan@pbp.law

## IN THE THIRD JUDICIAL DISTRICT COURT
## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC<br><br>Plaintiff,<br>vs.<br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC- WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **NOTICE OF INTENT TO SERVE SUBPOENA (HOULIHAN LOKEY, INC)**<br><br>Civil No. 230902160<br><br><br>Judge Robert Faust<br><br>Discovery Tier 3 |

Defendants Brad Bonham, MB & BB Holdings, LLC, and Matt Davis, by and through counsel, and pursuant to Utah Rule of Civil Procedure 45(b)(3) do hereby provide notice of their intent to serve a Subpoena Duces Tecum to **HOULIHAN LOKEY, INC.** A copy of the subpoena is attached hereto as Exhibit A.

DATED this 12th day of June 2025.

**PARKINSON BENSON POTTER**


____/s Brennan H. Moss_____
Brennan H. Moss

*Attorneys for Defendants Brad Bonham, MB & BB Holdings, LLC, and Matt Davis*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June 2025, I caused a copy of the

foregoing to be served on all counsel of record via the Court's Electronic Filing System.

/s/ Brennan H. Moss

**Brennan H. Moss (10267)**
_____
Name
**2750 Rasmussen Rd., Suite H-107**
_____
Address
**Park City, UT 84098**
_____
City, State, Zip
**Tel: (415) 534-7970**
_____
Phone
**brennan@pbp.law**                    **Check your email.** You will receive information and
_____   documents at this email address.
Email

I am  [ ] Plaintiff/Petitioner         [ ] Defendant/Respondent
      [ ] Plaintiff/Petitioner's Attorney  [x] Defendant/Respondent's Attorney  (Utah Bar #:_**10267**___)
      [ ] Plaintiff/Petitioner's Licensed Paralegal Practitioner
      [ ] Defendant/Respondent's Licensed Paralegal Practitioner         (Utah Bar #:_____)

<div align="center">

In the   [x] District   [ ] Justice   Court of Utah

___**Third**___  Judicial District  ___**Salt Lake**___  County

Court Address  ___**450 South State Street, Salt Lake City, Utah 84111**___

</div>

| | |
|---|---|
| **Walker Edison Furniture Company, LLC** _____ Plaintiff/Petitioner | **Subpoena** (Utah Rule of Civil Procedure 30 and 45) ___**230902160**_____ Case Number |
| v. | **Judge Robert Faust** _____ Judge |
| **Brad Bonham, et al.** _____ Defendant/Respondent | _____ Commissioner |

The following records and forms must be attached to this Subpoena and served with it.
- Notice to Persons Served with a Subpoena.
- Objection to Subpoena.
- Declaration of Compliance with Subpoena.
- Witness fee.
- Application for Subpoena under the Utah Uniform Interstate Depositions and Discovery Act with attachments (for cases from states in which the Uniform Act applies).
- Notice of Deposition and Request for Subpoena in Case Pending Out of State (for cases from states in which the Uniform Act does not apply).

Serve all of these documents by one of the methods described in Utah Rule of Civil Procedure 4(d).

To: **HOULIHAN LOKEY, INC**
**C/O CORPORATION SERVICE COMPANY**

Name and Address

**15 WEST SOUTH TEMPLE, SUITE 600, Salt Lake City, UT, 84101**

Name and Address

1.    [ ]    You must appear at:

Address (Dirección): 

_____

Date (Fecha): _____ Time (Hora): _____ [ ] a.m. [ ] p.m.

Room (Sala): _____

To:    (Choose all that apply.)

[ ] testify at a trial or hearing.

**Interpretation.** If you do not speak or understand English, the court will provide an interpreter. Contact court staff immediately to ask for an interpreter.

**Interpretación.** Si usted no habla ni entiende el Inglés el tribunal le proveeré un intérprete. Contacte a un empleado del tribunal inmediatamente para pedir un intérprete.

**ADA Accommodation.** If you need an accommodation, including an ASL interpreter, contact court staff immediately to ask for an accommodation.

**Adaptación o Arreglo en Caso de Discapacidad.** Si usted requiere una adaptación o arreglo, que incluye un intérprete de la lengua de signos americana, contacte a un empleado del tribunal inmediatamente para pedir una adaptación.

[ ] testify at a deposition.

[ ] permit inspection of the following premises:

_____ (address)

[ ] produce the following documents or tangible things:

_____

_____

2.    [x]    You must copy the documents or electronically stored information listed below. You must mail or deliver the copies to the person at the address at the top of the first page of this Subpoena by: __**July 14, 2025**_____ (date).

____**See Attachment A**_____

_____

3.      The Notice to Persons Served with a Subpoena must be served with this Subpoena. The notice explains your rights and obligations.

4.      [  ]    This subpoena is for a deposition and is being served on a corporation, partnership, association or governmental agency. (Utah Rule of Civil Procedure 30). You must designate one or more persons who will be questioned on your behalf .

        The questions will be about (describe):

        _____

        _____

        _____

5.      [  ]    This Subpoena includes the terms of the attached subpoena issued by

        _____ (state).

If you are representing yourself or you checked paragraph 5, only the court clerk may sign this subpoena.

| **June 12, 2025** | Signature ▶ | **s/ Brennan H. Moss** |

Date

Printed name of:
Court Clerk [  ]    _____

Attorney for
Plaintiff/Petitioner [  ]
Defendant/Respondent [**x**]    **Brad Bonham, MB & BB Holdings, LLC, and Matt Davis**

Licensed Paralegal Practitioner for
Plaintiff/Petitioner [  ]
Defendant/Respondent [  ]    _____

**ATTACHMENT A**

## INSTRUCTIONS AND DEFINITIONS

1.      The term "**Analysis or Advice**" refers to means any examination, evaluation, review, investigation, recommendation, opinion, guidance, counsel, suggestion, or strategic direction, including any work product reflecting the same.

2.      The term "**Blue Owl**" refers to Blue Owl Capital Corporation, as well as any of its present or former parents, subsidiaries, brokers, funds, divisions, subdivisions, affiliates, predecessors, or successors, as well as all present and former executives, officers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

3.      The term "**Communication(s)**" means any manner or means of disclosure, transfer, exchange, or conveyance of information including, but not limited to, any conversation, discussion, negotiation, offer, agreement, correspondence, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, instant message, or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes, or records any communication.

4.      "**Document**" or "**Documents**" has the same broad meaning as in Utah Rule of Civil Procedure 34 and shall also mean those matters defined in Utah Rule of Evidence 1001, including, without limitation, any kind of tangible material, whether written, recorded, microfiled, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including agreements; advertisements; books; ledgers; communications; correspondence; photographs; invoices; charts; telegrams; memoranda; notes, summaries, or records of telephone conversations; notes, summaries, or records of personal conversations or interviews; tape recordings; diaries; reports; notebooks; file cards; logs; minutes, notes, summaries, or records of meetings or conferences; notes, summaries, or records of

investigations and negotiations; analyses, opinions, or reports of consultants; brochures; pamphlets; circulars; press releases; letters; minutes; computer printouts; microfilm; tapes; disks; computer hard drives; servers; word processing documents; spreadsheets; presentation documents; graphics; animations; images; electronic mail (including attachments that shall be kept with the accompanying email); instant messages; text messages; voicemail; audio recordings; video recordings; audiovisual recordings; databases and database subsets; other user or machine created digital information stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, an intranet, archives, discs, CDs, diskettes, drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, any Blackberry or other mobile devises, pagers, and voicemail systems; any other electronic data compilations from which information can be obtained; and/or any and all written, printed, recorded, transcribed, punched, taped, typed, filmed, duplicated, reproduced, or other tangible matter in your possession, custody, or control, including, originals, electronic documents in their native format, all file copies, all other copies (no matter how or by whom prepared) that differ in any respect from an original, and all drafts in connection with such writings.

5.      The term "**Houlihan Lokey**" refers to Houlihan Lokey, Inc., as well as any of its present or former parents, subsidiaries, brokers, funds, divisions, subdivisions, affiliates, predecessors, or successors, as well as all present and former executives, officers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

6.      The term "**Walker Edison**" refers to Walker Edison Furniture Company, LLC, as well as any of its present or former parents, subsidiaries, divisions, subdivisions, affiliates,

predecessors, or successors, as well as all present and former executives, officers, managers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

7.     The term "**Walker Edison Intermediate**" refers to Walker Edison Intermediate, LLC, as well any of its present or former parents, affiliates, predecessors, or successors, as well as all present and former executives, officers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

8.     The term "**Restructuring Transactions**" refers to all transactions consummated under, in connection with, or related to the Restructuring Support Agreement.

9.     The term "**Restructuring Support Agreement**" refers to the agreement dated January 27, 2023.

10.     The term "**Valuation**" refers to any estimate, calculation, opinion, or analysis of the value, fair market value, enterprise value, equity value, or net worth, including formal valuation reports, fairness opinions, pricing models, comparable company analyses, discounted cash flow analyses, and any supporting calculations, assumptions, or methodologies used in connection therewith.

11.     All documents produced in response to these requests shall be produced in their entirety, and shall include all versions or copies of a document that are not identical to the original or any other produced copy of a document, whether through handwritten notations, revisions, or otherwise.

12.     If you object to any portion or aspect of a request, specify which portion or aspect and the nature of your objection.

13.     These requests are continuing in nature, and require further and supplemental production if you locate or obtain additional documents within their scope between the time of your initial production and the time of any hearing or trial in this matter.

14.     If it is otherwise not possible to produce any document called for by these requests, or if any part of these requests is objected to, state with specificity all reasons for such non- production or for the objection.

15.     With respect to each request, you are requested to produce all documents which are known to you or which can be located or discovered by reasonably diligent efforts, and which are in your possession, custody or control, including all such documents requested to be produced which are in your files (whether personal, business or any other files), possession, custody or control or your attorneys', accountants', subsidiaries', divisions', agents', representatives' or employees' files, possession, custody or control.

16.     If any of the requested documents are withheld based on a claim of privilege or other protection, describe the nature of the privilege or immunity asserted, or the other ground(s) for withholding the document including, if relevant, the attorney, client, and litigation involved.

17.     The words "all," "any," "each," "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such a dual construction will serve to bring within the scope of a Request any Documents or information that would not otherwise be within its scope.  The terms "include" or "including" mean "include, but do not limit to," or "including, but not limited to."

18.      The singular form shall be construed to include the plural, and vice versa, whenever such a dual construction will serve to bring within the scope of a Request that would otherwise not be within its scope.

19.     The past tense form shall be construed to include the present tense, and vice versa, whenever such a dual construction will serve to bring within the scope of a Request that would otherwise not be within its scope.

20.     Unless otherwise stated, the relevant time period for these requests is August 1, 2018, through the present.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1**:  Provide all Documents and Communications related to Blue Owl's retention of, or engagement with, Houlihan Lokey related to Walker Edison or Walker Edison Intermediate, including any engagement or retention agreements governing the same.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2:**  Provide all Documents and Communications containing any analysis or advice provided by Houlihan Lokey to Blue Owl in connection with the Restructuring Support Agreement, the Restructuring Transactions, or any Valuation of Walker Edison or Walker Edison Intermediate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**:  Provide all Documents and Communications presented to, relied upon, or considered by Houlihan Lokey in providing Analysis or Advice related to Walker Edison or Walker Edison Intermediate to Blue Owl.

**RESPONSE:**

# Notice to Persons Served with a Subpoena

A subpoena may require you to copy and mail documents, produce documents or tangible things, appear at a hearing, trial, or deposition, or allow inspection of a location.

A subpoena can be issued by the court clerk or by a licensed attorney. You must do what it says or file an objection. If you don't comply, you can be fined or go to jail.

You can find more information about subpoenas and forms you may need at: www.utcourts.gov/resources/forms/subpoena/

1.  If the subpoena requires you to **appear to at a trial, hearing, deposition, or for inspection of a place,** you must appear at the date, time, and place designated in the subpoena. You will be required to either answer questions under oath or allow inspection of a place.

    For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

    - If you are a resident of Utah:
      - where you reside;
      - where you are employed;
      - where you transact business in person; or
      - where the court orders.

    - If you are not a resident of Utah:
      - where you are served with the subpoena; or
      - where the court orders.

2.  If the subpoena requires you to **copy documents or electronically stored information,** you must:

    - organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

    - mail or deliver the copies and the Declaration of Compliance with the Subpoena to the attorney or party requesting the documents. You may need to modify the Declaration to fit your circumstances.

    The party who requested the documents must pay the reasonable cost of copying the documents.

3.  If the subpoena requires you to **produce documents or tangible things,**  you must appear in person with the documents or tangible things so that they may be tested, copied, sampled, or inspected. You must:

- produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

- mail or deliver the Declaration of Compliance with the Subpoena to the requesting attorney or party.

The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney.

The subpoena must be served on you at least 14 days before the date designated for compliance.

The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things.

4.    **Witness fee.** If the subpoena requires you to appear, a one-day witness fee must be served with the subpoena. A one-day witness fee is $18.50 plus mileage. The witness fee for each subsequent day is $49.00 plus mileage. Mileage is $1.00 for each 4 miles you have to travel over 50 miles (one direction).

A subpoena issued on behalf of the United States or Utah does not have to include a witness fee and mileage.

5.    **Objection to a subpoena.** You may object to all or part of the subpoena if :

- it does not give you a reasonable amount of time to comply.

- it creates an undue burden for you.

- it requires you to disclose privileged or other protected matter and no exception or waiver applies.

- it requires you to disclose a trade secret or other confidential research, development, or commercial information.

- it requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

- you are a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county:

    o   in which you do not reside,
    o   are not employed, or
    o   do not transact business in person,

    unless the judge orders otherwise.

- you are not a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit

inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise.

You must comply with those parts of the subpoena to which you do not object.

6.    **How to object.** To object to the subpoena, complete and serve the Objection to Subpoena on the party or attorney issuing the subpoena before the compliance date.

Once you have filed the objection, you do not have to comply with the subpoena unless ordered to do so by the court.

7.    **Motion to compel.** If you serve an Objection to Subpoena on the party or attorney issuing the subpoena, they may file a motion asking the court to make you comply with the subpoena. They may also ask for a hearing on the motion.

If you do not agree with the motion, you can file a Memorandum Opposing the Motion. See the court's Motions web page for information and forms: www.utcourts.gov/howto/filing/motions/.

It is possible to ask the judge to order conditions for complying with the subpoena. Consider talking to an attorney to go over your options. See the Finding Legal Help web page for information about free and low cost ways to get legal help: www.utcourts.gov/howto/legalassist/.

8.    **Organizations.** If the subpoena orders  a corporation, partnership, association or governmental agency that is not a party to the suit to appear at a deposition, they must designate one or more persons to answer questions on their behalf. (Utah Rule of Civil Procedure 30).

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **NOTICE OF INTENT TO SERVE SUBPOENA (KPMG, LLP)** <br><br> Civil No. 230902160 <br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

PLEASE TAKE NOTICE that, pursuant to Rule 45(b)(3) of the Utah Rules of Civil Procedure, Plaintiff intends to issue and serve a Subpoena Duces Tecum to **KPMG, LLP.** A copy of the subpoena is attached hereto as Exhibit "A" and will be served following service of this Notice.

DATED June 12, 2025.

**PARSONS BEHLE & LATIMER**

/s/ Erik A. Christiansen
Erik A. Christiansen

*Attorneys for Walker Edison Furniture Company, LLC*

2

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of June, 2025, I caused a true and correct copy of this **NOTICE OF INTENT TO SERVE SUBPOENA (KPMG, LLP)** to be electronically filed using GreenFiling, which serves all counsel of record by email.

**PARR BROWN GEE & LOVELESS, P.C.**
David C. Reymann
Jonathan O. Hafen
101 South 200 East, Suite 700
Salt Lake City, UT 84111
dreymann@parrbrown.com
jhafen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC; and, *for purposes of the Stipulated Motion to Stay Responsive Pleading Deadline, for defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**SPERLING & SLATER, LLC**
Greg Shinall
55 West Monroe Street, 32nd Floor
Chicago, IL 60603
shinall@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Geoffrey Chepiga
1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**ARMSTRONG TEASDALE LLP**
Brennan H. Moss
222 South Main St.
Suite 1830
Salt Lake City, UT 84101
bmoss@atllp.com

*For defendants*: Brad Bonham; MB & BB Holdings, LLC; Matt Davis

DATED this 12th day of June, 2025.

/s/ Sarah Jenkins Dewey
_____

# EXHIBIT A

Erik A. Christiansen
_____
Name

201 South Main Street, Suite 1800
_____
Address

Salt Lake City, Utah  84111
_____
City, State, Zip

801.532.1234
_____
Phone

EChristiansen@parsonsbehle.com
_____
Email

**Check your email.** You will receive information and documents at this email address.

I am  [ ]  Plaintiff/Petitioner          [ ]  Defendant/Respondent
      [ ]  Plaintiff/Petitioner's Attorney   [X]  Defendant/Respondent's Attorney   (Utah Bar #: 7372_____)
      [ ]  Plaintiff/Petitioner's Licensed Paralegal Practitioner
      [ ]  Defendant/Respondent's Licensed Paralegal Practitioner          (Utah Bar #:_____)

In the    [X] District    [ ] Justice    Court of Utah

Third Judicial District Salt Lake County

Court Address 450 S State Street, Salt Lake City, UT 84111

| | |
|---|---|
| Walker Edison Furniture Company, LLC<br>_____<br>Plaintiff/Petitioner<br><br>v.<br><br><br>Brad Bonham, et al.<br>_____<br>Defendant/Respondent | **Subpoena**<br>(Utah Rule of Civil Procedure 30 and 45)<br><br>Civil No. 230902160<br>_____<br>Case Number<br><br>Hon. Robert Faust<br>_____<br>Judge<br><br>_____<br>Commissioner |

The following records and forms must be attached to this Subpoena and served with it.
- Notice to Persons Served with a Subpoena.
- Objection to Subpoena.
- Declaration of Compliance with Subpoena.
- Witness fee.
- Application for Subpoena under the Utah Uniform Interstate Depositions and Discovery Act with attachments (for cases from states in which the Uniform Act applies).
- Notice of Deposition and Request for Subpoena in Case Pending Out of State (for cases from states in which the Uniform Act does not apply).

Serve all of these documents by one of the methods described in Utah Rule of Civil Procedure 4(d).

To:  KPMG, LLP, 15 W South Temple, Suite 1500, Salt Lake City, UT  84101

_____

Name and Address

_____

Name and Address

1.    [ ]   You must appear at:

       Address (Dirección):

       _____

       Date (Fecha): _____ Time (Hora): _____ [ ] a.m. [ ] p.m.

       Room (Sala): _____

     To:  (Choose all that apply.)

       [ ] testify at a trial or hearing.

          **Interpretation.** If you do not speak or understand English, the court will provide an interpreter. Contact court staff immediately to ask for an interpreter.

          **Interpretación.** Si usted no habla ni entiende el Inglés el tribunal le proveeré un intérprete. Contacte a un empleado del tribunal inmediatamente para pedir un intérprete.

          **ADA Accommodation.** If you need an accommodation, including an ASL interpreter, contact court staff immediately to ask for an accommodation.

          **Adaptación o Arreglo en Caso de Discapacidad.** Si usted requiere una adaptación o arreglo, que incluye un intérprete de la lengua de signos americana, contacte a un empleado del tribunal inmediatamente para pedir una adaptación.

       [ ] testify at a deposition.

       [ ] permit inspection of the following premises:

       _____ (address)

       [ ] produce the following documents or tangible things:

       _____

       _____

2.    [X]   You must copy the documents or electronically stored information listed below. You must mail or deliver the copies to the person at the address at the top of the first page of this Subpoena by: ___ May 29, 2025 ___ (date).

     _____

     See Attachment A

3.     The Notice to Persons Served with a Subpoena must be served with this Subpoena. The notice explains your rights and obligations.

4.     [ ]   This subpoena is for a deposition and is being served on a corporation, partnership, association or governmental agency. (Utah Rule of Civil Procedure 30). You must designate one or more persons who will be questioned on your behalf .

         The questions will be about (describe):
         _____
         _____
         _____

5.     [ ]   This Subpoena includes the terms of the attached subpoena issued by
         _____ (state).

If you are representing yourself or you checked paragraph 5, only the court clerk may sign this subpoena.

_____06/12/2025_____     Signature ▶   */s/ Erik A. Christiansen*
Date

                                    Printed name of:
                                    Court Clerk [ ]   _____

                                    Attorney for
                                    Plaintiff/Petitioner [ ]
                                    Defendant/Respondent [X]   David C. Reymann_____

                        Licensed Paralegal Practitioner for
                                    Plaintiff/Petitioner [ ]
                                    Defendant/Respondent [ ]   _____

## Appendix A

### Requested Production Format

I. **Overview**

    A.    All documents shall be produced as Bates-stamped tagged image file format ("TIFF") images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for electronically stored information ("ESI") or optical character recognition ("OCR") text for scanned hard copy documents and non-searchable ESI.  Details regarding requirements, including files to be delivered in native format, are below.

II. **TIFF Image Requirements**

    A.    All documents shall be produced as TIFF images in 300x300 dpi Group IV single-page monochrome format.

    B.    All such images shall be sequentially Bates-stamped using a consistent length with leading zeros in the number.  The format of the Bates numbers shall not change across productions.

    C.    Images shall include the following content where present:

        1.    For word processing files (*e.g.,* Microsoft Word) – Comments and "track changes" (and similar in-line editing).
        2.    For spreadsheet files (*e.g.,* Microsoft Excel) – Hidden columns, rows, and sheets; comments; and "track changes" (and similar in-line editing).
        3.    For presentation files (*e.g.,* Microsoft PowerPoint) – Speaker notes and comments.

D.    Reasonable care shall be taken not to degrade the legibility of documents during the imaging process.  If legibility is found to have been degraded, the receiving party may make reasonable requests for re-production of these documents.

III.  **Native Format Requirements**

A.    Spreadsheet files

1.    Spreadsheet files (*e.g.,* Microsoft Excel) shall be provided in native format.

2.    In lieu of a TIFF image version of each spreadsheet file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

3.    When redaction is necessary, a redacted TIFF image version shall be produced.  The parties reserve the right to request access to the native format versions of such files.

B.    Multimedia files

1.    Multimedia files (*e.g.,* audio or video files) shall be provided in native format.

2.    In lieu of a TIFF image version of each multimedia file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

3.    The parties reserve the right to edit multimedia files using industry standard methods if redaction of such files is deemed necessary.

C.    Other files

1.    In limited circumstances, it may be necessary to obtain or view the native format versions of files, including color documents/images and dynamic files, such as databases.  The parties reserve the right to reasonably request access to the native format versions of such files and/or an image format that supports viewing color documents.

IV.    **Image Load/Cross Reference File Requirements**

    A.    A single-page image load/cross-reference file shall be provided with each production.

    B.    The file should use the Concordance Image Viewer (.OPT) format, as in the sample below.  Note, the volume label information ("MSC001" in the sample .opt file) is optional:

        *Sample Concordance Image Viewer .opt file:*
        MSC000001,MSC001,MSC\0000\00000001.TIF,Y,,,3
        MSC000002,MSC001,MSC\0000\00000002.TIF,,,,
        MSC000003,MSC001,MSC\0000\00000003.TIF,,,,
        MSC000004,MSC001,MSC\0000\00000004.TIF,Y,,,2
        MSC000005,MSC001,MSC\0000\00000005.TIF,,,,

V.    **Extracted Text/OCR Requirements**

    A.    Extracted text and/or OCR text shall be provided for all documents as separate, document-level text files; extracted text and/or OCR text shall not be embedded in the .DAT file (as defined below).

    B.    Document-level text file names shall consist of the beginning Bates number information of the document.

    C.    If a document is provided in native format with a single-page placeholder TIFF image (*e.g.,* spreadsheet files), the text file shall contain the full extracted text of the native file.

    D.    OCR text shall be provided for all redacted documents in lieu of extracted text.

    E.    With respect to produced text files, the specifications herein address ANSI text-based productions.  Unicode text-based productions shall be provided for productions containing non-English language documents.

VI.  **Data Load File Requirements**

A.  A data load file shall be provided with each production.

B.  The file shall be a Concordance-loadable data file ("DAT" file) and contain Bates-stamp and metadata information as detailed below.

C.  The delimiters and qualifiers to be used in the .DAT file are:

*Record delimiter:*  Windows newline/Hard return (ASCII 10 followed by ASCII 13)
*Field delimiter:*  (ASCII 20)
*Multi-value delimiter:*  Semicolon ; (ASCII 59)
*Text qualifier:*  Small thorn þ (ASCII 254)

D.  With respect to .DAT files, the specifications herein address ANSI text-based productions.  Unicode text-based productions shall be provided for productions containing non-English language documents.

E.  The .DAT file shall have a header line with the below listed field names and shall include the corresponding information per each applicable field:

| Field | Comments | Document Types |
|-------|----------|----------------|
| BegBates | Beginning Bates number. | All. |
| EndBates | Ending Bates number. | All. |
| BegRange | Bates number of first page of family range (*e.g.,* first page of an email). | All. |
| EndRange | Bates number of last page of family range (*e.g.,* last page of last attachment to an email). | All. |
| PageCount | Number of TIFF image pages in the produced document. | All. |
| FileExtension | File extension of the original document (*e.g.,* .msg, .docx, .jpg). | All. |
| FileSize | File size of the original document. Format: bytes. | All. |
| Title | Title of the original document. | Loose files and attachments. |
| Custodian | Custodian full name.  Format: LASTNAME, FIRSTNAME. | All. |

| Field | Comments | Document Types |
|---|---|---|
| AllCustodian | Full name of all custodians for whom the document is being produced.  Format: LASTNAME, FIRSTNAME; LASTNAME, FIRSTNAME. | All. |
| Author | Author of document from available metadata. | Loose files and attachments. |
| LastSavedBy | Last Saved By field value extracted from metadata of a native file. | Loose files and attachments. |
| Company | Company field extracted from the metadata of a native file. | Loose files and attachments. |
| From | Email author. | Email only. |
| To | Email addressee(s). | Email only. |
| CC | Email addressee(s), carbon copy. | Email only. |
| BCC | Email addressee(s), blind carbon copy. | Email only. |
| Subject | Email subject. | Email only. |
| DateCreated | File creation date.  Format: MM/DD/YYYY. | All. |
| TimeCreated | File creation time.  Format: HH:MM:SS AM/PM | All. |
| DateModified | File modification date.  Format: MM/DD/YYYY. | All. |
| TimeModified | File modification time.  Format: HH:MM:SS AM/PM | All. |
| DateSent | Email sent date.  Format: MM/DD/YYYY. | Email only. |
| TimeSent | Email sent time.  HH:MM:SS AM/PM. | Email only. |
| DateReceived | Email received date. MM/DD/YYYY. | Email only. |
| TimeReceived | Email received time.  HH:MM:SS AM/PM. | Email only. |
| DateAccessed | Date document was last accessed. | All. |
| TimeAccessed | Time document was last accessed. | All. |
| MeetingStartDate | Start date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |

| Field | Comments | Document Types |
|---|---|---|
| MeetingStartTime | Start time of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| MeetingEndDate | End date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |
| MeetingEndTime | End date of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| TimeZone | The time zone in which files were standardized during processing (*e.g.*, GMT). | All. |
| MessageID | Globally unique identifier for a message which typically includes messageid and a domain name (*e.g.*, <0E6648D558F338179524D555@ m1p.contoso.net). | Email only. |
| ConversationIndex | Email thread identification. | Email only. |
| Importance | Email flag indicating priority level set for message. | Email only. |
| Sensitivity | Sensitivity field from email messages. | Email only. |
| FileName | Name of file as maintained in the ordinary course of business. | Loose files and attachments. |
| FilePath | Original path to the file or email message. | All. |
| AllFilePaths | For globally and within custodian de-duplicated productions. Folder paths to this document's duplicates and the original path. Each path will contain the associated custodian. | All. |
| HiddenContent | Denotes if file contains hidden content. Format: Yes/No value. | Loose files and attachments. |
| MD5Hash | Unique file identifier. | All. |
| TextPath | The production deliverable path to the extracted text or OCR for the document, including the file name. | All. |

| Field | Comments | Document Types |
|-------|----------|----------------|
| NativePath | The production deliverable path to the native-format file for the document, including the file name (if a native-format file is provided). | Loose files and attachments. |

F.    The parties shall de-duplicate stand-alone documents or entire document families globally using MD5 or SHA-1 Hash value matching. Email attachments shall not be eliminated from the parent email. Hard copy documents shall not be eliminated as duplicates of responsive ESI.

G.    In globally de-duped, incremental productions, there will be instances when production of documents from additional custodians will include documents previously produced. A Custodian Append overlay load file using the load file format described above shall be provided with updated AllCustodian and AllFilePaths fields; BegBates and EndBates fields may be used as the unique identifiers.

## VII.    Miscellaneous

A.    All document family relationships shall be produced together and children files should follow parent files in sequential Bates number order.

B.    Embedded documents shall be extracted from the parent document with family relationship intact.

C.    Productions shall be provided using industry standard encryption software or hardware. Any electronic transmission of produced materials must be done via a secure file transfer system.

D.    If particular documents warrant a different format (*e.g.*, production of color images instead of black and white), the parties shall cooperate to arrange for the mutually acceptable production of such documents.

E.    The parties agree not to knowingly degrade the searchability of documents as part of the document production process. For example, extracted text should not be replaced by OCR text

except where appropriate (*e.g.*, OCR for redacted documents).

F.    Redacted documents may have certain metadata fields withheld from production.  The parties shall cooperate to create a list of metadata fields which may be produced for these documents.

G.    All documents shall be processed so as to normalize the time zone.

**ATTACHMENT A**

## INSTRUCTIONS AND DEFINITIONS

1.      The term "KPMG" refers to KPMG, LLP, as well as any of its present or former parents, subsidiaries, brokers, funds, divisions, subdivisions, affiliates, related entities, portfolio companies, business development companies, private investment vehicles, institutional limited partners, predecessors, or successors, as well as all present and former executives, officers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

2.      The term "Walker Edison" refers to Walker Edison Furniture Company, LLC, as well as any of its present or former parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, or successors, as well as all present and former executives, officers, managers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

3.      The term "Document" refers to and includes, without limitation, papers, correspondence, writings, drawings, graphs, charts, maps, plans, photographs, films, recordings, memoranda, books, records, accounts, communications, notes, phone records, data compilations, as well as computer databases and all retrievable electronically-stored information. The term includes each non-identical copy of each original document.

4.      The term "Communication(s)" means any manner or means of disclosure, transfer, exchange, or conveyance of information including, but not limited to, any conversation, discussion, negotiation, offer, agreement, correspondence, letter, memorandum, facsimile transmission, note, meeting, electronic mail, text message, instant message, or other transfer of information, whether oral or written, or by any other means and

includes any document that abstracts, digests, transcribes, or records any communication.

5. All documents produced in response to these requests shall be produced in their entirety, and shall include all versions or copies of a document that are not identical to the original or any other produced copy of a document, whether through handwritten notations, revisions, or otherwise.

6. If you object to any portion or aspect of a request, specify which portion or aspect and the nature of your objection.

7. These requests are continuing in nature and require further and supplemental production if you locate or obtain additional documents within their scope between the time of your initial production and the time of any hearing or trial in this matter.

8. If it is otherwise not possible to produce any document called for by these requests, or if any part of these requests is objected to, state with specificity all reasons for such non- production or for the objection.

9. With respect to each request, you are requested to produce all documents which are known to you or which can be located or discovered by reasonably diligent efforts, and which are in your possession, custody or control, including all such documents requested to be produced which are in your files (whether personal, business or any other files), possession, custody or control or your attorneys', accountants', subsidiaries', divisions', agents', representatives' or employees' files, possession, custody or control.

10. If any of the requested documents are withheld based on a claim of privilege or other protection, describe the nature of the privilege or immunity asserted, or the other

3

ground(s) for withholding the document including, if relevant, the attorney, client, and litigation involved.

## DOCUMENT REQUESTS

1.  Documents and Communications relating to KPMG's audit referenced in its July 30, 2021 letter to the Board of Directors of Walker Edison Holding Company, LLC, including the restatement of the Company's 2019 and 2018 financial statements referenced in that letter.

2.  Documents and Communications relating to KPMG's identification of a material weakness in its letter to Management and Board of Directors of Walker Edison Holding Company, LLC, dated July 30, 2021, that "Management did not design a control to properly reconcile estimated freight and duties to actual freight and duties resulting in an impact to inventory, cost of sales, prepaid assets and accrued liabilities."

3.  Documents and Communications relating to any audit performed by KPMG with respect to Walker Edison's financial statements for the year ending December 31, 2021.

# Notice to Persons Served with a Subpoena

A subpoena may require you to copy and mail documents, produce documents or tangible things, appear at a hearing, trial, or deposition, or allow inspection of a location.

A subpoena can be issued by the court clerk or by a licensed attorney. You must do what it says or file an objection. If you don't comply, you can be fined or go to jail.

You can find more information about subpoenas and forms you may need at: www.utcourts.gov/resources/forms/subpoena/

1. If the subpoena requires you to **appear to at a trial, hearing, deposition, or for inspection of a place,** you must appear at the date, time, and place designated in the subpoena. You will be required to either answer questions under oath or allow inspection of a place.

   For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

   - If you are a resident of Utah:
     - where you reside;
     - where you are employed;
     - where you transact business in person; or
     - where the court orders.

   - If you are not a resident of Utah:
     - where you are served with the subpoena; or
     - where the court orders.

2. If the subpoena requires you to **copy documents or electronically stored information,** you must:

   - organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

   - mail or deliver the copies and the Declaration of Compliance with the Subpoena to the attorney or party requesting the documents. You may need to modify the Declaration to fit your circumstances.

   The party who requested the documents must pay the reasonable cost of copying the documents.

3. If the subpoena requires you to **produce documents or tangible things,** you must appear in person with the documents or tangible things so that they may be tested, copied, sampled, or inspected. You must:

- produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

- mail or deliver the Declaration of Compliance with the Subpoena to the requesting attorney or party.

The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney.

The subpoena must be served on you at least 14 days before the date designated for compliance.

The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things.

4.    **Witness fee.** If the subpoena requires you to appear, a one-day witness fee must be served with the subpoena. A one-day witness fee is $18.50 plus mileage. The witness fee for each subsequent day is $49.00 plus mileage. Mileage is $1.00 for each 4 miles you have to travel over 50 miles (one direction).

A subpoena issued on behalf of the United States or Utah does not have to include a witness fee and mileage.

5.    **Objection to a subpoena.** You may object to all or part of the subpoena if :

- it does not give you a reasonable amount of time to comply.

- it creates an undue burden for you.

- it requires you to disclose privileged or other protected matter and no exception or waiver applies.

- it requires you to disclose a trade secret or other confidential research, development, or commercial information.

- it requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

- you are a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county:

  o  in which you do not reside,
  o  are not employed, or
  o  do not transact business in person,

  unless the judge orders otherwise.

- you are not a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit

inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise.

You must comply with those parts of the subpoena to which you do not object.

6.  **How to object.** To object to the subpoena, complete and serve the Objection to Subpoena on the party or attorney issuing the subpoena before the compliance date.

    Once you have filed the objection, you do not have to comply with the subpoena unless ordered to do so by the court.

7.  **Motion to compel.** If you serve an Objection to Subpoena on the party or attorney issuing the subpoena, they may file a motion asking the court to make you comply with the subpoena. They may also ask for a hearing on the motion.

    If you do not agree with the motion, you can file a Memorandum Opposing the Motion. See the court's Motions web page for information and forms: www.utcourts.gov/howto/filing/motions/.

    It is possible to ask the judge to order conditions for complying with the subpoena. Consider talking to an attorney to go over your options. See the Finding Legal Help web page for information about free and low cost ways to get legal help: www.utcourts.gov/howto/legalassist/.

8.  **Organizations.** If the subpoena orders  a corporation, partnership, association or governmental agency that is not a party to the suit to appear at a deposition, they must designate one or more persons to answer questions on their behalf. (Utah Rule of Civil Procedure 30).

_____
Name

_____
Address

_____
City, State, Zip

_____
Phone

_____
Email

In the   [  ] District   [  ] Justice   Court of Utah

_____ Judicial District _____ County

Court Address _____

|  | **Objection to Subpoena**<br>(Utah Rule of Civil Procedure 45(e)(3)-(4)) |
|---|---|
| _____<br>Plaintiff/Petitioner<br><br>v.<br><br>_____<br>Defendant/Respondent | _____<br>Case Number<br><br>_____<br>Judge<br><br>_____<br>Commissioner (domestic cases) |

I have been served with a subpoena in this case, and I object because the subpoena:

1.      [  ]    Does not give me a reasonable amount of time to comply (Explain).

_____

_____

_____

2.      [  ]    Creates an undue burden for me (Explain. Attach additional pages if needed).

_____

_____

_____

3.    [ ]    Requires me to disclose privileged or other protected matter and no exception or waiver applies. (Describe the document or thing. Be specific.)

_____

_____

_____

4.    [ ]    Requires me to disclose a trade secret or other confidential research, development, or commercial information. (Describe the document or thing. Be specific.)

_____

_____

_____

5.    [ ]    Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

_____

_____

_____

6.    [ ]    Requires me, a resident of Utah, to:

    [ ]    appear at a deposition;
    [ ]    produce documents, electronic records or tangible things; or
    [ ]    permit inspection of a premises

in a county in which I do not reside, am not employed, and do not transact business in person.

7.    [ ]    Requires me, a non-resident of Utah, to:

    [ ]    appear at a deposition;
    [ ]    produce documents, electronic records or tangible things; or
    [ ]    permit inspection of a premises

in a county other than the county in which I was served.

8.    [ ]    Other.

_____

_____

**Person subject to subpoena**

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at _____ (city, and state or country).

_____          Signature ▶ _____
Date

                                           Printed Name _____


**Attorney or Licensed Paralegal Practitioner of record** (if applicable)

_____          Signature ▶ _____
Date

                                           Printed Name _____

## Certificate of Service

I certify that I filed with the court and am serving a copy of this Objection to Subpoena on the following people.

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____        Signature ▶ _____
Date

Printed Name _____

_____
Name

_____
Address

_____
City, State, Zip

_____
Phone

_____
Email

_____

In the   [ ] District   [ ] Justice   Court of Utah

_____ Judicial District _____ County

Court Address _____

_____

|  | **Declaration of Compliance with Subpoena**<br>(Utah Rule of Civil Procedure 45(f)) |
|---|---|
| _____<br>Plaintiff/Petitioner<br><br>v.<br><br>_____<br>Defendant/Respondent | _____<br>Case Number<br><br>_____<br>Judge<br><br>_____<br>Commissioner (domestic cases) |

1.   I am the recipient of the subpoena. I have knowledge of the facts in this declaration.

2.   The documents or tangible things copied or produced are a full and complete response to the subpoena.

3.   The documents or tangible things are:

   [ ] the originals.
   [ ] true copies of the originals.

4.   The reasonable cost of copying or producing the documents or tangible things is

   $_____. Here is how I calculated the cost:

_____

_____

_____

_____

## Custodian of the records

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at _____ (city, and state or country).

_____      Signature ▶ _____
Date

                              Printed Name _____

## Attorney or Licensed Paralegal Practitioner of record (if applicable)

_____      Signature ▶ _____
Date

                              Printed Name _____

## Certificate of Service

I certify that I filed with the court and am serving a copy of this Declaration of Compliance with Subpoena on the following people.

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____     Signature ▶ _____
Date

                          Printed Name  _____

6/24/2025

*TD's Legal Process*

*&*

*Investigations*

P.O. Box 18118

Salt Lake City, Utah 84118

Office: 801-964-9393

Cell: 801-347-1038

*Return of Service*

| | | |
|---|---|---|
| ROS#  190066 | **PARR BROWN GEE & LOVELESS** | |
| Rcvd:  06/20/2025 | 101 so. 200 e. ste. 700 | |
| Attn:  Kira N. | S.L.C., UT 84111 | 532-7840 |
| Case:  230902160        Civil#        | Doc# | |

Plaintiff(s)                    VS    Defendant(s)

Walker Edison Furniture Company, LLC                    Brad Bonham, et al.,

---

**Process:** **Subpoena (Utah Rule of Civil Proc. 30 & 45); See Attached**

**To:    Amazon.Com Services LLC**

The undersigned Person Hereby Certifies:

I am, at the time of service, a duly qualified Process server / Private investigator over 21 years of age and am not a party to the above action being taken. I have endorsed each copy served with the date, time and my signature.

**Title:**    **Process Server and/or Private Investigator**

I Served:   Corporation Service Comp. ; Reg. Agent % Kassidy Murcia

Date:    06/23/2025        Time:        1256

Address:    15 w South Temple ste.600  S.L.C., UT 84101

Phone:                    Work:

Linda Alvey, Private Investigator – A103475

**Type of Service:    DESIGNATED TO ACCEPT SERVICE. / Authorized to accept**

Subscribed and Sworn Before Me This  24th  Day of June        2025

Notary public residing in Salt Lake County. My commission expires 01/06/2027

HILARIE PETTY
Notary Public - State of Utah
Comm. No. 728645
My Commission Expires on
Jan 6, 2027

Service fee:    $ 15.00    Milage Fee:   $ 1.50    Other Fee:    $ 0.00    Rush Fee:    $ 0.00

Addresses:    1    Attempts:    1    Attempts Charged:    1    Total Mileage:    1

**Total Due:   $ 31.50**

Comments:    Produce Documents by: 07/11/2025

Attached Process: Attachment A- Instructions/Definitions: Appendix A, Notice to Persons served with a Subpoena, Objection to Subpoena, Declaration of Compliance with Subpoena, Certificate of Service, First Amended Complaint-Case#23092160, Answer to First Amended Complaint & Affirmative Defenses, First Amended Complaint-Case#240903251, Answer to First Amended Complaint

3

TIME _1256_  DATE _6-23-2025_
SERVED _Kassidy Murga_
RELATIONSHIP _Corporation Service Co_
ADDRESS _15 W South Temple St 600_
_Murray_                                    SERVER
TD'S LEGAL PROCESS LLC              964-9393

David C. Reymann
Name

101 South 200 East, Suite 700
Address

Salt Lake City, UT 84111
City, State, Zip

(801) 532-7840
Phone

**Check your email.** You will receive information and documents at this email address.

dreymann@parrbrown.com
Email

I am [ ] Plaintiff/Petitioner        [ ] Defendant/Respondent
   [ ] Plaintiff/Petitioner's Attorney  [X] Defendant/Respondent's Attorney  (Utah Bar #:8495)
   [ ] Plaintiff/Petitioner's Licensed Paralegal Practitioner
   [ ] Defendant/Respondent's Licensed Paralegal Practitioner      (Utah Bar #:_____)

In the   [X] District  [ ] Justice   Court of Utah

_Third_   Judicial District _Salt Lake_   County

Court Address _450 S State Street, Salt Lake City, UT 84111_

| | |
|---|---|
| Walker Edison Furniture Company, LLC<br>Plaintiff/Petitioner | **Subpoena**<br>(Utah Rule of Civil Procedure 30 and 45)<br><br>Civil No. 230902160<br>Case Number |
| v. | Hon. Robert Faust<br>Judge |
| Brad Bonham, et al.<br>Defendant/Respondent | Commissioner |

The following records and forms must be attached to this Subpoena and served with it.
- Notice to Persons Served with a Subpoena.
- Objection to Subpoena.
- Declaration of Compliance with Subpoena.
- Witness fee.
- Application for Subpoena under the Utah Uniform Interstate Depositions and Discovery Act with attachments (for cases from states in which the Uniform Act applies).
- Notice of Deposition and Request for Subpoena in Case Pending Out of State (for cases from states in which the Uniform Act does not apply).

Serve all of these documents by one of the methods described in Utah Rule of Civil Procedure 4(d).

To: Amazon.com Services, LLC, c/o Corporation Service Company, 15 West South

---
Name and Address

Temple, Suite 600, Salt Lake City, UT 84101
---
Name and Address

1.    [ ]    You must appear at:

Address (Dirección):

_____

Date (Fecha): _____    Time (Hora): _____ [ ] a.m. [ ] p.m.

Room (Sala): _____

To:    (Choose all that apply.)

[ ] testify at a trial or hearing.

**Interpretation.** If you do not speak or understand English, the court will provide an interpreter. Contact court staff immediately to ask for an interpreter.

**Interpretación.** Si usted no habla ni entiende el Inglés el tribunal le proveeré un intérprete. Contacte a un empleado del tribunal inmediatamente para pedir un intérprete.

**ADA Accommodation.** If you need an accommodation, including an ASL interpreter, contact court staff immediately to ask for an accommodation.

**Adaptación o Arreglo en Caso de Discapacidad.** Si usted requiere una adaptación o arreglo, que incluye un intérprete de la lengua de signos americana, contacte a un empleado del tribunal inmediatamente para pedir una adaptación.

[ ] testify at a deposition.

[ ] permit inspection of the following premises:

____ _____ (address)

[ ] produce the following documents or tangible things:

_____

_____

2.    [X]    You must copy the documents or electronically stored information listed below. You must mail or deliver the copies to the person at the address at the top of the first page of this Subpoena by: __July 11, 2025__ (date).

See Attachment A.
_____

3.    The Notice to Persons Served with a Subpoena must be served with this Subpoena. The notice explains your rights and obligations.

4.    [ ]   This subpoena is for a deposition and is being served on a corporation, partnership, association or governmental agency. (Utah Rule of Civil Procedure 30). You must designate one or more persons who will be questioned on your behalf .

The questions will be about (describe):

_____

_____

_____

5.    [ ]   This Subpoena includes the terms of the attached subpoena issued by

_____ (state).

If you are representing yourself or you checked paragraph 5, only the court clerk may sign this subpoena.

| 6/20/2025 | Signature ▶ | /s/ David C. Reymann |
|---|---|---|
| Date | | |
| | Printed name of: | |
| | Court Clerk [ ] | _____ |
| | Attorney for | |
| | Plaintiff/Petitioner [ ] | |
| | Defendant/Respondent [ X ] | David C. Reymann |
| | Licensed Paralegal Practitioner for | |
| | Plaintiff/Petitioner [ ] | |
| | Defendant/Respondent [ ] | _____ |

Brennan H. Moss (10267)
PARKINSON BENSON POTTER
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
Tel: (415) 534-7970
Email: brennan@pbp.law

IN THE THIRD JUDICIAL DISTRICT COURT
FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION, <br><br> Plaintiff, <br> vs. <br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC- WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **NOTICE OF INTENT TO SERVE SUBPOENA (BEYOND, INC.)** <br><br> Civil No. 230902160 <br><br><br> Judge Robert Faust <br><br> Discovery Tier 3 |

Defendants Brad Bonham, MB & BB Holdings, LLC, and Matt Davis, by and through counsel, and pursuant to Utah Rule of Civil Procedure 45(b)(3) do hereby provide notice of their intent to serve a Subpoena Duces Tecum to **BEYOND, INC.** A copy of the subpoena is attached hereto as Exhibit A.

DATED this 30th day of June 2025.

**PARKINSON BENSON POTTER**


____/s Brennan H. Moss_____
Brennan H. Moss

*Attorneys for Defendants Brad Bonham, MB & BB Holdings, LLC, and Matt Davis*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June 2025, I caused a copy of the

foregoing to be served on all counsel of record via the Court's Electronic Filing System.

/s/ Brennan H. Moss

Exhibit A

Brennan H. Moss
_____
Name

2750 Rasmussen Rd., Suite H-107
_____
Address

Park City, UT 84098
_____
City, State, Zip

(801) 532-7840
_____
Phone

brennan@pbp.law
_____
Email

**Check your email.** You will receive information and documents at this email address.

I am  [ ]  Plaintiff/Petitioner          [ ]  Defendant/Respondent
      [ ]  Plaintiff/Petitioner's Attorney  [X]  Defendant/Respondent's Attorney  (Utah Bar #:10267)
      [ ]  Plaintiff/Petitioner's Licensed Paralegal Practitioner
      [ ]  Defendant/Respondent's Licensed Paralegal Practitioner          (Utah Bar #:_____)

In the    [X] District    [ ] Justice    Court of Utah

_Third_    Judicial District  _Salt Lake_    County

Court Address  _450 S State Street, Salt Lake City, UT 84111_____

| | |
|---|---|
| Walker Edison Furniture Company, LLC ____ <br> Plaintiff/Petitioner <br><br> v. <br><br> Brad Bonham, et al. _____. <br> Defendant/Respondent | **Subpoena** <br> (Utah Rule of Civil Procedure 30 and 45) <br><br> Civil No. 230902160 _____ <br> Case Number <br><br> Hon. Robert Faust _____ <br> Judge <br><br> _____ <br> Commissioner |

The following records and forms must be attached to this Subpoena and served with it.
- Notice to Persons Served with a Subpoena.
- Objection to Subpoena.
- Declaration of Compliance with Subpoena.
- Witness fee.
- Application for Subpoena under the Utah Uniform Interstate Depositions and Discovery Act with attachments (for cases from states in which the Uniform Act applies).
- Notice of Deposition and Request for Subpoena in Case Pending Out of State (for cases from states in which the Uniform Act does not apply).

Serve all of these documents by one of the methods described in Utah Rule of Civil Procedure 4(d).

To: Beyond, Inc. 433 W. Ascension Way, Murray, Utah 84123

_____

Name and Address

_____

Name and Address

1.    [ ]    You must appear at:

Address (Dirección):

_____

Date (Fecha): _____ Time (Hora): _____ [ ] a.m. [ ] p.m.

Room (Sala): _____

To:    (Choose all that apply.)

[ ] testify at a trial or hearing.

**Interpretation.** If you do not speak or understand English, the court will provide an interpreter. Contact court staff immediately to ask for an interpreter.

**Interpretación.** Si usted no habla ni entiende el Inglés el tribunal le proveeré un intérprete. Contacte a un empleado del tribunal inmediatamente para pedir un intérprete.

**ADA Accommodation.** If you need an accommodation, including an ASL interpreter, contact court staff immediately to ask for an accommodation.

**Adaptación o Arreglo en Caso de Discapacidad.** Si usted requiere una adaptación o arreglo, que incluye un intérprete de la lengua de signos americana, contacte a un empleado del tribunal inmediatamente para pedir una adaptación.

[ ] testify at a deposition.

[ ] permit inspection of the following premises:

_____ (address)

[ ] produce the following documents or tangible things:

_____

_____

2.    [X]    You must copy the documents or electronically stored information listed below. You must mail or deliver the copies to the person at the address at the top of the first page of this Subpoena by: _ July 16, 2025 _ (date).

_____

  See Attachment A.

_____

3.      The Notice to Persons Served with a Subpoena must be served with this Subpoena. The notice explains your rights and obligations.

4.      [  ]    This subpoena is for a deposition and is being served on a corporation, partnership, association or governmental agency. (Utah Rule of Civil Procedure 30). You must designate one or more persons who will be questioned on your behalf .

        The questions will be about (describe): _____

        _____

        _____

5.      [  ]    This Subpoena includes the terms of the attached subpoena issued by

        _____ (state).

If you are representing yourself or you checked paragraph 5, only the court clerk may sign this subpoena.


06/30/2025_____     Signature ▶    /s/ Brennan H. Moss
Date                                   Printed name of:
                                       Court Clerk [  ]    _____

                            Attorney for
                     Plaintiff/Petitioner [  ]
                  Defendant/Respondent [ X ]    Brennan H. Moss_____

        Licensed Paralegal Practitioner for
                     Plaintiff/Petitioner [  ]
                  Defendant/Respondent [  ]    _____

**ATTACHMENT A**

## INSTRUCTIONS AND DEFINITIONS

1.     The term "Overstock" refers to Overstock.com, as well as any of its present or former parents, subsidiaries, brokers, funds, divisions, subdivisions, affiliates, related entities, portfolio companies, business development companies, private investment vehicles, institutional limited partners, predecessors, or successors, as well as all present and former executives, officers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, including, but not limited to, Beyond, Inc.

2.     The term "Walker Edison" refers to Walker Edison Furniture Company, LLC, as well as any of its present or former parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, members, or successors, as well as all present and former executives, officers, managers, directors, partners, principals, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf.

3.     All documents produced in response to these requests shall be produced in their entirety, and shall include all versions or copies of a document that are not identical to the original or any other produced copy of a document, whether through handwritten notations, revisions, or otherwise.

4.     If you object to any portion or aspect of a request, specify which portion or aspect and the nature of your objection.

5.     These requests are continuing in nature and require further and supplemental production if you locate or obtain additional documents within their scope between the time of your initial production and the time of any hearing or trial in this matter.

6.      If it is otherwise not possible to produce any document called for by these requests, or if any part of these requests is objected to, state with specificity all reasons for such non- production or for the objection.

7.      With respect to each request, you are requested to produce all documents which are known to you or which can be located or discovered by reasonably diligent efforts, and which are in your possession, custody or control, including all such documents requested to be produced which are in your files (whether personal, business or any other files), possession, custody or control or your attorneys', accountants', subsidiaries', divisions', agents', representatives' or employees' files, possession, custody or control.

8.      If any of the requested documents are withheld based on a claim of privilege or other protection, describe the nature of the privilege or immunity asserted, or the other ground(s) for withholding the document including, if relevant, the attorney, client, and litigation involved.

## DOCUMENT REQUESTS

1.      Any Overstock internal sales projections, sales data, sales forecasts, or sales estimates, as to Walker Edison products, including by SKU, from December 1, 2020 to March 31, 2023.

2.      Any Overstock analyses of the online furniture market, including, but not limited to, projections, analyses of current or future demand, and/or trends, from December 1, 2020 to March 31, 2023.

3.      Any Overstock internal sales performance analyses and/or market share assessments relating to Walker Edison products.

## Appendix A

### Requested Production Format

I.    **Overview**

    A.    All documents shall be produced as Bates-stamped tagged image file format ("TIFF") images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for electronically stored information ("ESI") or optical character recognition ("OCR") text for scanned hard copy documents and non-searchable ESI.  Details regarding requirements, including files to be delivered in native format, are below.

II.    **TIFF Image Requirements**

    A.    All documents shall be produced as TIFF images in 300x300 dpi Group IV single-page monochrome format.

    B.    All such images shall be sequentially Bates-stamped using a consistent length with leading zeros in the number.  The format of the Bates numbers shall not change across productions.

    C.    Images shall include the following content where present:

        1.    For word processing files (*e.g.,* Microsoft Word) – Comments and "track changes" (and similar in-line editing).

        2.    For spreadsheet files (*e.g.,* Microsoft Excel) – Hidden columns, rows, and sheets; comments; and "track changes" (and similar in-line editing).

        3.    For presentation files (*e.g.,* Microsoft PowerPoint) – Speaker notes and comments.

D.    Reasonable care shall be taken not to degrade the legibility of documents during the imaging process.  If legibility is found to have been degraded, the receiving party may make reasonable requests for re-production of these documents.

III.   **Native Format Requirements**

A.    Spreadsheet files

1.    Spreadsheet files (*e.g.,* Microsoft Excel) shall be provided in native format.

2.    In lieu of a TIFF image version of each spreadsheet file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

3.    When redaction is necessary, a redacted TIFF image version shall be produced.  The parties reserve the right to request access to the native format versions of such files.

B.    Multimedia files

1.    Multimedia files (*e.g.,* audio or video files) shall be provided in native format.

2.    In lieu of a TIFF image version of each multimedia file, a Bates-stamped single-page TIFF placeholder file shall be produced along with the native format version of each file.

3.    The parties reserve the right to edit multimedia files using industry standard methods if redaction of such files is deemed necessary.

C.    Other files

1.    In limited circumstances, it may be necessary to obtain or view the native format versions of files, including color documents/images and dynamic files, such as databases.  The parties reserve the right to reasonably request access to the native format versions of such files and/or an image format that supports viewing color documents.

3

IV.    **Image Load/Cross Reference File Requirements**

    A.    A single-page image load/cross-reference file shall be provided with each production.

    B.    The file should use the Concordance Image Viewer (.OPT) format, as in the sample below.  Note, the volume label information ("MSC001" in the sample .opt file) is optional:

        *Sample Concordance Image Viewer .opt file:*
        MSC000001,MSC001,MSC\0000\00000001.TIF,Y,,,3
        MSC000002,MSC001,MSC\0000\00000002.TIF,,,,
        MSC000003,MSC001,MSC\0000\00000003.TIF,,,,
        MSC000004,MSC001,MSC\0000\00000004.TIF,Y,,,2
        MSC000005,MSC001,MSC\0000\00000005.TIF,,,,

V.    **Extracted Text/OCR Requirements**

    A.    Extracted text and/or OCR text shall be provided for all documents as separate, document-level text files; extracted text and/or OCR text shall not be embedded in the .DAT file (as defined below).

    B.    Document-level text file names shall consist of the beginning Bates number information of the document.

    C.    If a document is provided in native format with a single-page placeholder TIFF image (*e.g.,* spreadsheet files), the text file shall contain the full extracted text of the native file.

    D.    OCR text shall be provided for all redacted documents in lieu of extracted text.

    E.    With respect to produced text files, the specifications herein address ANSI text-based productions.  Unicode text-based productions shall be provided for productions containing non-English language documents.

VI.   **Data Load File Requirements**

A.   A data load file shall be provided with each production.

B.   The file shall be a Concordance-loadable data file ("DAT" file) and contain Bates-stamp and metadata information as detailed below.

C.   The delimiters and qualifiers to be used in the .DAT file are:

*Record delimiter:*  Windows newline/Hard return (ASCII 10 followed by ASCII 13)
*Field delimiter:*  (ASCII 20)
*Multi-value delimiter:*  Semicolon ; (ASCII 59)
*Text qualifier:*  Small thorn þ (ASCII 254)

D.   With respect to .DAT files, the specifications herein address ANSI text-based productions.  Unicode text-based productions shall be provided for productions containing non-English language documents.

E.   The .DAT file shall have a header line with the below listed field names and shall include the corresponding information per each applicable field:

| Field | Comments | Document Types |
|---|---|---|
| BegBates | Beginning Bates number. | All. |
| EndBates | Ending Bates number. | All. |
| BegRange | Bates number of first page of family range (*e.g.,* first page of an email). | All. |
| EndRange | Bates number of last page of family range (*e.g.,* last page of last attachment to an email). | All. |
| PageCount | Number of TIFF image pages in the produced document. | All. |
| FileExtension | File extension of the original document (*e.g.,* .msg, .docx, .jpg). | All. |
| FileSize | File size of the original document. Format: bytes. | All. |
| Title | Title of the original document. | Loose files and attachments. |
| Custodian | Custodian full name.  Format: LASTNAME, FIRSTNAME. | All. |

| Field | Comments | Document Types |
|---|---|---|
| AllCustodian | Full name of all custodians for whom the document is being produced.  Format: LASTNAME, FIRSTNAME; LASTNAME, FIRSTNAME. | All. |
| Author | Author of document from available metadata. | Loose files and attachments. |
| LastSavedBy | Last Saved By field value extracted from metadata of a native file. | Loose files and attachments. |
| Company | Company field extracted from the metadata of a native file. | Loose files and attachments. |
| From | Email author. | Email only. |
| To | Email addressee(s). | Email only. |
| CC | Email addressee(s), carbon copy. | Email only. |
| BCC | Email addressee(s), blind carbon copy. | Email only. |
| Subject | Email subject. | Email only. |
| DateCreated | File creation date.  Format: MM/DD/YYYY. | All. |
| TimeCreated | File creation time.  Format: HH:MM:SS AM/PM | All. |
| DateModified | File modification date.  Format: MM/DD/YYYY. | All. |
| TimeModified | File modification time.  Format: HH:MM:SS AM/PM | All. |
| DateSent | Email sent date.  Format: MM/DD/YYYY. | Email only. |
| TimeSent | Email sent time.  HH:MM:SS AM/PM. | Email only. |
| DateReceived | Email received date. MM/DD/YYYY. | Email only. |
| TimeReceived | Email received time.  HH:MM:SS AM/PM. | Email only. |
| DateAccessed | Date document was last accessed. | All. |
| TimeAccessed | Time document was last accessed. | All. |
| MeetingStartDate | Start date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |

| Field | Comments | Document Types |
|---|---|---|
| MeetingStartTime | Start time of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| MeetingEndDate | End date of calendar appointment. Format: MM/DD/YYYY | Calendar items only. |
| MeetingEndTime | End date of calendar appointment. Format: HH:MM:SS AM/PM | Calendar items only. |
| TimeZone | The time zone in which files were standardized during processing (*e.g.*, GMT). | All. |
| MessageID | Globally unique identifier for a message which typically includes messageid and a domain name (*e.g.*, <0E6648D558F338179524D555@m1p.contoso.net). | Email only. |
| ConversationIndex | Email thread identification. | Email only. |
| Importance | Email flag indicating priority level set for message. | Email only. |
| Sensitivity | Sensitivity field from email messages. | Email only. |
| FileName | Name of file as maintained in the ordinary course of business. | Loose files and attachments. |
| FilePath | Original path to the file or email message. | All. |
| AllFilePaths | For globally and within custodian de-duplicated productions.  Folder paths to this document's duplicates and the original path.  Each path will contain the associated custodian. | All. |
| HiddenContent | Denotes if file contains hidden content.  Format: Yes/No value. | Loose files and attachments. |
| MD5Hash | Unique file identifier. | All. |
| TextPath | The production deliverable path to the extracted text or OCR for the document, including the file name. | All. |

| Field | Comments | Document Types |
|-------|----------|----------------|
| NativePath | The production deliverable path to the native-format file for the document, including the file name (if a native-format file is provided). | Loose files and attachments. |

F.  The parties shall de-duplicate stand-alone documents or entire document families globally using MD5 or SHA-1 Hash value matching.  Email attachments shall not be eliminated from the parent email.  Hard copy documents shall not be eliminated as duplicates of responsive ESI.

G.  In globally de-duped, incremental productions, there will be instances when production of documents from additional custodians will include documents previously produced.  A Custodian Append overlay load file using the load file format described above shall be provided with updated AllCustodian and AllFilePaths fields; BegBates and EndBates fields may be used as the unique identifiers.

## VII.  Miscellaneous

A.  All document family relationships shall be produced together and children files should follow parent files in sequential Bates number order.

B.  Embedded documents shall be extracted from the parent document with family relationship intact.

C.  Productions shall be provided using industry standard encryption software or hardware.  Any electronic transmission of produced materials must be done via a secure file transfer system.

D.  If particular documents warrant a different format (*e.g.*, production of color images instead of black and white), the parties shall cooperate to arrange for the mutually acceptable production of such documents.

E.  The parties agree not to knowingly degrade the searchability of documents as part of the document production process.  For example, extracted text should not be replaced by OCR text

except where appropriate (*e.g.*, OCR for redacted documents).

F.  Redacted documents may have certain metadata fields withheld from production.  The parties shall cooperate to create a list of metadata fields which may be produced for these documents.

G.  All documents shall be processed so as to normalize the time zone.

# Notice to Persons Served with a Subpoena

A subpoena may require you to copy and mail documents, produce documents or tangible things, appear at a hearing, trial, or deposition, or allow inspection of a location.

A subpoena can be issued by the court clerk or by a licensed attorney. You must do what it says or file an objection. If you don't comply, you can be fined or go to jail.

You can find more information about subpoenas and forms you may need at: www.utcourts.gov/resources/forms/subpoena/

1.  If the subpoena requires you to **appear to at a trial, hearing, deposition, or for inspection of a place,** you must appear at the date, time, and place designated in the subpoena. You will be required to either answer questions under oath or allow inspection of a place.

    For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

    - If you are a resident of Utah:
      - where you reside;
      - where you are employed;
      - where you transact business in person; or
      - where the court orders.

    - If you are not a resident of Utah:
      - where you are served with the subpoena; or
      - where the court orders.

2.  If the subpoena requires you to **copy documents or electronically stored information,** you must:

    - organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

    - mail or deliver the copies and the Declaration of Compliance with the Subpoena to the attorney or party requesting the documents. You may need to modify the Declaration to fit your circumstances.

    The party who requested the documents must pay the reasonable cost of copying the documents.

3.  If the subpoena requires you to **produce documents or tangible things,** you must appear in person with the documents or tangible things so that they may be tested, copied, sampled, or inspected. You must:

- produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

- mail or deliver the Declaration of Compliance with the Subpoena to the requesting attorney or party.

The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney.

The subpoena must be served on you at least 14 days before the date designated for compliance.

The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things.

4.    **Witness fee.** If the subpoena requires you to appear, a one-day witness fee must be served with the subpoena. A one-day witness fee is $18.50 plus mileage. The witness fee for each subsequent day is $49.00 plus mileage. Mileage is $1.00 for each 4 miles you have to travel over 50 miles (one direction).

A subpoena issued on behalf of the United States or Utah does not have to include a witness fee and mileage.

5.    **Objection to a subpoena.** You may object to all or part of the subpoena if :

- it does not give you a reasonable amount of time to comply.

- it creates an undue burden for you.

- it requires you to disclose privileged or other protected matter and no exception or waiver applies.

- it requires you to disclose a trade secret or other confidential research, development, or commercial information.

- it requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

- you are a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county:

  o    in which you do not reside,
  o    are not employed, or
  o    do not transact business in person,

  unless the judge orders otherwise.

- you are not a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit

inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise.

You must comply with those parts of the subpoena to which you do not object.

6. **How to object.** To object to the subpoena, complete and serve the Objection to Subpoena on the party or attorney issuing the subpoena before the compliance date.

Once you have filed the objection, you do not have to comply with the subpoena unless ordered to do so by the court.

7. **Motion to compel.** If you serve an Objection to Subpoena on the party or attorney issuing the subpoena, they may file a motion asking the court to make you comply with the subpoena. They may also ask for a hearing on the motion.

If you do not agree with the motion, you can file a Memorandum Opposing the Motion. See the court's Motions web page for information and forms: www.utcourts.gov/howto/filing/motions/.

It is possible to ask the judge to order conditions for complying with the subpoena. Consider talking to an attorney to go over your options. See the Finding Legal Help web page for information about free and low cost ways to get legal help: www.utcourts.gov/howto/legalassist/.

8. **Organizations.** If the subpoena orders  a corporation, partnership, association or governmental agency that is not a party to the suit to appear at a deposition, they must designate one or more persons to answer questions on their behalf. (Utah Rule of Civil Procedure 30).

_____
Name

_____
Address

_____
City, State, Zip

_____
Phone

_____
Email

## In the   [ ] District   [ ] Justice   Court of Utah

_____ Judicial District _____ County

Court Address _____

| | |
|---|---|
| _____ <br> Plaintiff/Petitioner <br><br> v. <br><br> _____ <br> Defendant/Respondent | **Objection to Subpoena** <br> (Utah Rule of Civil Procedure 45(e)(3)-(4)) <br><br> _____ <br> Case Number <br><br> _____ <br> Judge <br><br> _____ <br> Commissioner (domestic cases) |

I have been served with a subpoena in this case, and I object because the subpoena:

1.    [ ]    Does not give me a reasonable amount of time to comply (Explain).

_____

_____

_____

2.    [ ]    Creates an undue burden for me (Explain. Attach additional pages if needed).

_____

_____

_____

3.    [ ]    Requires me to disclose privileged or other protected matter and no exception or waiver applies. (Describe the document or thing. Be specific.)

_____

_____

_____

4.    [ ]    Requires me to disclose a trade secret or other confidential research, development, or commercial information. (Describe the document or thing. Be specific.)

_____

_____

_____

5.    [ ]    Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

_____

_____

_____

6.    [ ]    Requires me, a resident of Utah, to:

    [ ]    appear at a deposition;
    [ ]    produce documents, electronic records or tangible things; or
    [ ]    permit inspection of a premises

in a county in which I do not reside, am not employed, and do not transact business in person.

7.    [ ]    Requires me, a non-resident of Utah, to:

    [ ]    appear at a deposition;
    [ ]    produce documents, electronic records or tangible things; or
    [ ]    permit inspection of a premises

in a county other than the county in which I was served.

8.    [ ]    Other.

_____

_____

**Person subject to subpoena**

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at _____ (city, and state or country).


_____        Signature ▶ _____

Date

                                        Printed Name _____


**Attorney or Licensed Paralegal Practitioner of record** (if applicable)

_____        Signature ▶ _____

Date

                                        Printed Name _____

## Certificate of Service

I certify that I filed with the court and am serving a copy of this Objection to Subpoena on the following people.

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____    Signature ▶ _____
Date

Printed Name _____

_____
Name

_____
Address

_____
City, State, Zip

_____
Phone

_____
Email

_____

In the   [ ] District   [ ] Justice   Court of Utah

_____ Judicial District _____ County

Court Address _____

_____

| | **Declaration of Compliance with Subpoena**<br>(Utah Rule of Civil Procedure 45(f)) |
|---|---|
| _____<br>Plaintiff/Petitioner<br><br>v.<br><br>_____<br>Defendant/Respondent | _____<br>Case Number<br><br>_____<br>Judge<br><br>_____<br>Commissioner (domestic cases) |

1.    I am the recipient of the subpoena. I have knowledge of the facts in this declaration.

2.    The documents or tangible things copied or produced are a full and complete response to the subpoena.

3.    The documents or tangible things are:

[ ] the originals.
[ ] true copies of the originals.

4.    The reasonable cost of copying or producing the documents or tangible things is $_____. Here is how I calculated the cost:

_____

_____

_____

## Custodian of the records

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at _____ (city, and state or country).

_____     Signature ▶ _____
Date

Printed Name _____

## Attorney or Licensed Paralegal Practitioner of record (if applicable)

_____     Signature ▶ _____
Date

Printed Name _____

## Certificate of Service

I certify that I filed with the court and am serving a copy of this Declaration of Compliance with Subpoena on the following people.

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
|  | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) |  |  |
|  | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) |  |  |
|  | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) |  |  |

_____          Signature ▶ _____
Date

Printed Name _____

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **NOTICE OF INTENT TO SERVE SUBPOENA TO APPEAR AT DEPOSITION (BOYD KEZERIAN)**<br><br>Civil No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

**PLEASE TAKE NOTICE** that, pursuant to Rule 45(b)(3) of the Utah Rules of Civil Procedure, Plaintiffs Walker Edison Furniture Company, LLC, and Blue Owl Capital Corporation intend to cause the Subpoena to Appear at Deposition attached hereto as Exhibit 1 to be served forthwith upon Boyd Kezerian.

DATED July 17, 2025.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*

Erik A. Christiansen

*Attorneys for Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

2

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of July, 2025, I caused a true and correct copy of this **NOTICE OF INTENT TO SERVE SUBPOENA TO APPEAR AT DEPOSITION (BOYD KEZERIAN)** to be electronically filed using GreenFiling, which serves all counsel of record by email.

**PARR BROWN GEE & LOVELESS, P.C.**
David C. Reymann
Jonathan O. Hafen
101 South 200 East, Suite 700
Salt Lake City, UT 84111
dreymann@parrbrown.com
jhafen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC; and, *for purposes of the Stipulated Motion to Stay Responsive Pleading Deadline, for defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**SPERLING & SLATER, LLC**
Greg Shinall
55 West Monroe Street, 32nd Floor
Chicago, IL 60603
shinall@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Geoffrey Chepiga
1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**ARMSTRONG TEASDALE LLP**
Brennan H. Moss
222 South Main St.
Suite 1830
Salt Lake City, UT 84101
bmoss@atllp.com

*For defendants*: Brad Bonham; MB & BB Holdings, LLC; Matt Davis

DATED this 17th day of July, 2025**.**

/s/ Sarah Jenkins Dewey

# Exhibit 1

4914-6879-7270.v1

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **SUBPOENA TO APPEAR AT DEPOSITION (BOYD KEZERIAN)**<br><br>Civil No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

To:    **Boyd Kezerian**
59 S. Mountain Road
Fruit Heights, UT 84037

YOU ARE COMMANDED, pursuant to Rule 45 of the Utah Rules of Civil Procedure, to appear and give testimony at a deposition to be held at the office of **Parsons Behle & Latimer**, located at 201 S. Main Street, Suite 1800, Salt Lake City, Utah.  The deposition is scheduled for **August 27, 2025**, commencing at **9:00 a.m.**  It will be recorded by stenographic means.

A Notice to Persons Served with a Subpoena is attached hereto as <u>Exhibit 1</u> and served with this subpoena. The Notice explains your rights and obligations. A witness fee of $18.50 is also provided herewith in accordance with Utah Code § 78B-1-119(1)(a).

You may object to this Subpoena for any of the reasons listed in paragraph 6 of the Notice by serving a written objection upon the attorney listed at the top of this Subpoena. You must comply with any part of the subpoena to which you do not object.

DATED July 17, 2025.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorneys for Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

2

## Notice to Persons Served with a Subpoena

A subpoena may require you to copy and mail documents, produce documents or tangible things, appear at a hearing, trial, or deposition, or allow inspection of a location.

A subpoena can be issued by the court clerk or by a licensed attorney. You must do what it says or file an objection. If you don't comply, you can be fined or go to jail.

You can find more information about subpoenas and forms you may need at: www.utcourts.gov/resources/forms/subpoena/

1. If the subpoena requires you to **appear to at a trial, hearing, deposition, or for inspection of a place,** you must appear at the date, time, and place designated in the subpoena. You will be required to either answer questions under oath or allow inspection of a place.

    For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

    - If you are a resident of Utah:
        o where you reside;
        o where you are employed;
        o where you transact business in person; or
        o where the court orders.

    - If you are not a resident of Utah:
        o where you are served with the subpoena; or
        o where the court orders.

2. If the subpoena requires you to **copy documents or electronically stored information,** you must:

    - organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and
    - mail or deliver the copies and the Declaration of Compliance with the Subpoena to the attorney or party requesting the documents. You may need to modify the Declaration to fit your circumstances.

    The party who requested the documents must pay the reasonable cost of copying the documents.

3. If the subpoena requires you to **produce documents or tangible things,** you must appear in person with the documents or tangible things so that they may be tested, copied, sampled, or inspected. You must:

4922-7043-4390.v1

- produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

- mail or deliver the Declaration of Compliance with the Subpoena to the requesting attorney or party.

The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney.

The subpoena must be served on you at least 14 days before the date designated for compliance.

The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things.

4.  **Witness fee.** If the subpoena requires you to appear, a one-day witness fee must be served with the subpoena. A one-day witness fee is $18.50 plus mileage. The witness fee for each subsequent day is $49.00 plus mileage. Mileage is $1.00 for each 4 miles you have to travel over 50 miles (one direction).

    A subpoena issued on behalf of the United States or Utah does not have to include a witness fee and mileage.

5.  **Objection to a subpoena.** You may object to all or part of the subpoena if :

    - it does not give you a reasonable amount of time to comply.
    - it creates an undue burden for you.
    - it requires you to disclose privileged or other protected matter and no exception or waiver applies.
    - it requires you to disclose a trade secret or other confidential research, development, or commercial information.
    - it requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.
    - you are a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county:

        o   in which you do not reside,
        o   are not employed, or
        o   do not transact business in person,

    unless the judge orders otherwise.

- you are not a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise.

You must comply with those parts of the subpoena to which you do not object.

6. **How to object.** To object to the subpoena, complete and serve the Objection to Subpoena on the party or attorney issuing the subpoena before the compliance date.

Once you have filed the objection, you do not have to comply with the subpoena unless ordered to do so by the court.

7. **Motion to compel.** If you serve an Objection to Subpoena on the party or attorney issuing the subpoena, they may file a motion asking the court to make you comply with the subpoena. They may also ask for a hearing on the motion.

If you do not agree with the motion, you can file a Memorandum Opposing the Motion. See the court's Motions web page for information and forms: www.utcourts.gov/howto/filing/motions/.

It is possible to ask the judge to order conditions for complying with the subpoena. Consider talking to an attorney to go over your options. See the Finding Legal Help web page for information about free and low cost ways to get legal help: www.utcourts.gov/howto/legalassist/.

8. **Organizations.** If the subpoena orders a corporation, partnership, association or governmental agency that is not a party to the suit to appear at a deposition, they must designate one or more persons to answer questions on their behalf. (Utah Rule of Civil Procedure 30).

_____

Name

_____

Address

_____

City, State, Zip

_____

Phone

_____

Email

In the   [ ] District   [ ] Justice   Court of Utah
_____ Judicial District _____ County
Court Address

| | |
|---|---|
| _____ <br> Plaintiff/Petitioner <br> v. <br><br> _____ <br> Defendant/Respondent | **Objection to Subpoena** <br> (Utah Rule of Civil Procedure 45(e)(3)-(4)) <br> _____ <br> Case Number <br> _____ <br> Judge <br> _____ <br> Commissioner (domestic cases) |

I have been served with a subpoena in this case, and I object because the subpoena:

1.    [ ]    Does not give me a reasonable amount of time to comply (Explain).

_____

_____

_____

2.    [ ]    Creates an undue burden for me (Explain. Attach additional pages if needed).

_____

_____

_____

3.    [ ]    Requires me to disclose privileged or other protected matter and no exception or waiver applies. (Describe the document or thing. Be specific.)

_____

_____

_____

4.    [ ]    Requires me to disclose a trade secret or other confidential research, development, or commercial information. (Describe the document or thing. Be specific.)

_____

6

_____

_____

_____

5.      [ ]      Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

_____

_____

_____

6.      [ ]      Requires me, a resident of Utah, to:
[ ]      appear at a deposition;
[ ]      produce documents, electronic records or tangible things; or
[ ]      permit inspection of a premises
in a county in which I do not reside, am not employed, and do not transact business in person.
7.      [ ]      Requires me, a non-resident of Utah, to:
[ ]      appear at a deposition;
[ ]      produce documents, electronic records or tangible things; or
[ ]      permit inspection of a premises
in a county other than the county in which I was served.
8.      [ ]      Other.

_____

_____

**Person subject to subpoena**
I declare under criminal penalty under the law of Utah that everything stated in this document is true.
Signed at _____ (city, and state or country).

_____        Signature ▶    _____
Date      Printed Name                              _____


**Attorney or Licensed Paralegal Practitioner of record** (if applicable)

_____        Signature ▶    _____
Date      Printed Name                              _____

7

| | | | | |
|---|---|---|---|---|
| **Certificate of Service** | | | | |
| I certify that I filed with the court and am serving a copy of this Objection to Subpoena on the following people. | | | | |

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
|  | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
|  | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
|  | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____     Signature ▶     _____

Date        Printed Name        _____

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **NOTICE OF INTENT TO SERVE SUBPOENA TO APPEAR AT DEPOSITION (BRADLEY HENN)** <br><br> Civil No. 230902160 <br><br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

**PLEASE TAKE NOTICE** that, pursuant to Rule 45(b)(3) of the Utah Rules of Civil Procedure, Plaintiffs Walker Edison Furniture Company, LLC, and Blue Owl Capital Corporation intend to cause the Subpoena to Appear at Deposition attached hereto as Exhibit 1 to be served forthwith upon Bradley Henn (c/o FTI Consulting, Inc.).

DATED July 17, 2025.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorneys for Walker Edison Furniture Company, LLC*

2

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of July, 2025, I caused a true and correct copy of this **NOTICE OF INTENT TO SERVE SUBPOENA TO APPEAR AT DEPOSITION (BRADLEY HENN)** to be electronically filed using GreenFiling, which serves all counsel of record by email.

**PARR BROWN GEE & LOVELESS, P.C.**
David C. Reymann
Jonathan O. Hafen
101 South 200 East, Suite 700
Salt Lake City, UT  84111
dreymann@parrbrown.com
jhafen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC; and, *for purposes of the Stipulated Motion to Stay Responsive Pleading Deadline, for defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**SPERLING & SLATER, LLC**
Greg Shinall
55 West Monroe Street, 32nd Floor
Chicago, IL 60603
shinall@sperling-law.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Geoffrey Chepiga
1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**ARMSTRONG TEASDALE LLP**
Brennan H. Moss
222 South Main St.
Suite 1830
Salt Lake City, UT 84101
bmoss@atllp.com

*For defendants*: Brad Bonham; MB & BB Holdings, LLC; Matt Davis

DATED this 17th day of July, 2025**.**

/s/ *Sarah Jenkins Dewey*

Exhibit 1

4927-9210-0182.v1

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **SUBPOENA TO APPEAR AT DEPOSITION (BRADLEY HENN)**<br><br>Civil No. 230902160<br><br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

To:     **Bradley Henn**
        **c/o FTI Consulting, Inc.**
        1166 Avenue of the Americas, 15th Floor
        New York, NY 10036

        YOU ARE COMMANDED, pursuant to Rule 45 of the Utah Rules of Civil Procedure, to

appear and give testimony at a deposition to be held at the office of **Gibson Dunn & Crutcher,**

**LLP**, located at 200 Park Ave., New York, NY 10166.  The deposition is scheduled for **August 7,**

**2025**, commencing at **9:00 a.m.**  It will be recorded by stenographic means.

        A Notice to Persons Served with a Subpoena is attached hereto as <u>Exhibit 1</u> and served

with this subpoena. The Notice explains your rights and obligations. A witness fee of $18.50 is

also provided herewith in accordance with Utah Code § 78B-1-119(1)(a).

        You may object to this Subpoena for any of the reasons listed in paragraph 6 of the Notice

by serving a written objection upon the attorney listed at the top of this Subpoena. You must

comply with any part of the subpoena to which you do not object.

        DATED July 17, 2025.

                                        PARSONS BEHLE & LATIMER

                                        */s/ Erik A. Christiansen*
                                        Erik A. Christiansen

                                        *Attorneys for Walker Edison Furniture*
                                        *Company, LLC and Blue Owl Capital*
                                        *Corporation*

2

## Notice to Persons Served with a Subpoena

A subpoena may require you to copy and mail documents, produce documents or tangible things, appear at a hearing, trial, or deposition, or allow inspection of a location.

A subpoena can be issued by the court clerk or by a licensed attorney. You must do what it says or file an objection. If you don't comply, you can be fined or go to jail.

You can find more information about subpoenas and forms you may need at: www.utcourts.gov/resources/forms/subpoena/

1.    If the subpoena requires you to **appear to at a trial, hearing, deposition, or for inspection of a place,** you must appear at the date, time, and place designated in the subpoena. You will be required to either answer questions under oath or allow inspection of a place.

   For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

   - If you are a resident of Utah:
     - where you reside;
     - where you are employed;
     - where you transact business in person; or
     - where the court orders.

   - If you are not a resident of Utah:
     - where you are served with the subpoena; or
     - where the court orders.

2.    If the subpoena requires you to **copy documents or electronically stored information,** you must:

   - organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and
   - mail or deliver the copies and the Declaration of Compliance with the Subpoena to the attorney or party requesting the documents. You may need to modify the Declaration to fit your circumstances.

   The party who requested the documents must pay the reasonable cost of copying the documents.

3.    If the subpoena requires you to **produce documents or tangible things,** you must appear in person with the documents or tangible things so that they may be tested, copied, sampled, or inspected. You must:

4899-3492-8214.v1

- produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

- mail or deliver the Declaration of Compliance with the Subpoena to the requesting attorney or party.

The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney.

The subpoena must be served on you at least 14 days before the date designated for compliance.

The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things.

4.    **Witness fee.** If the subpoena requires you to appear, a one-day witness fee must be served with the subpoena. A one-day witness fee is $18.50 plus mileage. The witness fee for each subsequent day is $49.00 plus mileage. Mileage is $1.00 for each 4 miles you have to travel over 50 miles (one direction).

A subpoena issued on behalf of the United States or Utah does not have to include a witness fee and mileage.

5.    **Objection to a subpoena.** You may object to all or part of the subpoena if :

- it does not give you a reasonable amount of time to comply.
- it creates an undue burden for you.
- it requires you to disclose privileged or other protected matter and no exception or waiver applies.
- it requires you to disclose a trade secret or other confidential research, development, or commercial information.
- it requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.
- you are a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county:

    o   in which you do not reside,
    o   are not employed, or
    o   do not transact business in person,

unless the judge orders otherwise.

4

- you are not a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise.

You must comply with those parts of the subpoena to which you do not object.

6. **How to object.** To object to the subpoena, complete and serve the Objection to Subpoena on the party or attorney issuing the subpoena before the compliance date.

Once you have filed the objection, you do not have to comply with the subpoena unless ordered to do so by the court.

7. **Motion to compel.** If you serve an Objection to Subpoena on the party or attorney issuing the subpoena, they may file a motion asking the court to make you comply with the subpoena. They may also ask for a hearing on the motion.

If you do not agree with the motion, you can file a Memorandum Opposing the Motion. See the court's Motions web page for information and forms: www.utcourts.gov/howto/filing/motions/.

It is possible to ask the judge to order conditions for complying with the subpoena. Consider talking to an attorney to go over your options. See the Finding Legal Help web page for information about free and low cost ways to get legal help: www.utcourts.gov/howto/legalassist/.

8. **Organizations.** If the subpoena orders a corporation, partnership, association or governmental agency that is not a party to the suit to appear at a deposition, they must designate one or more persons to answer questions on their behalf. (Utah Rule of Civil Procedure 30).

5

Name _____

Address _____

City, State, Zip _____

Phone _____

Email _____

In the   [ ] District   [ ] Justice   Court of Utah
_____ Judicial District _____ County
Court Address _____

| | |
|---|---|
| _____ <br> Plaintiff/Petitioner <br> v. <br> _____ <br> Defendant/Respondent | **Objection to Subpoena** <br> (Utah Rule of Civil Procedure 45(e)(3)-(4)) <br> _____ <br> Case Number <br> _____ <br> Judge <br> _____ <br> Commissioner (domestic cases) |

I have been served with a subpoena in this case, and I object because the subpoena:

1.    [ ]    Does not give me a reasonable amount of time to comply (Explain).

_____

_____

_____

2.    [ ]    Creates an undue burden for me (Explain. Attach additional pages if needed).

_____

_____

_____

3.    [ ]    Requires me to disclose privileged or other protected matter and no exception or waiver applies. (Describe the document or thing. Be specific.)

_____

_____

_____

4.    [ ]    Requires me to disclose a trade secret or other confidential research, development, or commercial information. (Describe the document or thing. Be specific.)

_____

4899-3492-8214.v1

_____

_____

_____

5.    [ ]    Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

_____

_____

_____

6.    [ ]    Requires me, a resident of Utah, to:
[ ]    appear at a deposition;
[ ]    produce documents, electronic records or tangible things; or
[ ]    permit inspection of a premises
in a county in which I do not reside, am not employed, and do not transact business in person.
7.    [ ]    Requires me, a non-resident of Utah, to:
[ ]    appear at a deposition;
[ ]    produce documents, electronic records or tangible things; or
[ ]    permit inspection of a premises
in a county other than the county in which I was served.
8.    [ ]    Other.

_____

_____

**Person subject to subpoena**
I declare under criminal penalty under the law of Utah that everything stated in this document is true.
Signed at _____ (city, and state or country).

_____    Signature ▶    _____
Date    Printed Name                                     _____


**Attorney or Licensed Paralegal Practitioner of record** (if applicable)

_____    Signature ▶    _____
Date    Printed Name                                     _____

7

| | **Certificate of Service** | | |
|---|---|---|---|
| | I certify that I filed with the court and am serving a copy of this Objection to Subpoena on the following people. | | |
| Person's Name | Service Method | Service Address | Service Date |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____        Signature ►        _____

Date        Printed Name        _____

8

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166
Telephone: 212.351.4000
cleewilson@gibsondunn.com

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **PLAINTIFFS' STATEMENT OF DISCOVERY ISSUES** <br><br> Consolidated Civil No. 230902160 <br><br> Judge Robert Faust <br><br> Discovery Tier 3 |

Pursuant to Rule of Civil Procedure 37(a), Plaintiffs Walker Edison and Blue Owl move for a protective order precluding the depositions of Blue Owl's Chairman and Co-CEO, Doug Ostrover, and Co-President, Craig Packer, noticed for August 18 and 19, under Rule 26(b).

## I.       RELIEF SOUGHT AND GROUNDS THEREFORE

This consolidated case is brought against the founders and former private equity sponsor of Plaintiff Walker Edison who defrauded Plaintiff Blue Owl, a publicly traded global alternative asset manager, into loaning hundreds of millions of dollars to Walker Edison, which Defendants used to pay themselves a $210 million dividend at a time when Walker Edison was insolvent.  As the parties move toward depositions, Defendants have blanketed Blue Owl with eight different deposition notices for various employees.  In a clear pressure tactic, Defendants have noticed the depositions of Blue Owl's Chairman of the Board and Co-CEO, Doug Ostrover, and Co-President, Craig Packer, who together sit at the apex of Blue Owl's operations managing more than $250 billion in assets—regarding this single investment made more than four years ago that represents less than 0.1% of such assets.  ***Plaintiffs do not intend to call either Ostrover or Packer as a witness at trial,*** and Plaintiffs never listed either individual in their initial disclosures.  Despite not having taken even a single deposition in this case, Defendants believe they are permitted under the Utah rules to depose these two apex witnesses.  They are not.

Defendants' deposition notices to Mr. Ostrover and Mr. Packer are a clear violation of Rule 26(b)'s proportionality and burden standards, as well as the well-recognized apex doctrine regularly applied by federal decisions in this state under analogous federal rules—decisions that the Utah Supreme Court has directed state courts to look to for guidance where, as here, there is little state law.  *Bichler v. DEI Sys., Inc.*, 2009 UT 63, ¶ 24 n.2.  The notices are clearly designed to harass Blue Owl and its top executives by seeking time-consuming, distracting, and burdensome discovery from them that can readily be obtained from the numerous lower-level Blue Owl employees whom Defendants are already deposing and who were involved in the same internal discussions regarding the Walker Edison investment, but whose depositions would cause far less disruption and distraction to Plaintiff.  Defendants have not exhausted all other available discovery

1

devices and have not come close to demonstrating that Messrs. Packer and Ostrover have unique information germane to this case.  Defendants cannot justify these two apex depositions, and this Court should issue an order precluding them under Rule 37(a)(7)(A).

Utah Rule 26(b)(4) arguably imposes an even higher burden on Defendants to justify its discovery than the analogous federal Rule 26; a burden they cannot meet.  The apex doctrine under federal Rule 26 protects high-level executives from the burdens of deposition when *any* of the following four circumstances exist: "(1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company." *Cvent Inc. v. RainFocus*, 2020 WL 3828643, at *1 (D. Utah July 8, 2020).  While only a *single* circumstance is required, they all apply here.[1]

***First***, both individuals are quintessential apex executives who would face significant hardship in sitting for depositions.  Mr. Ostrover is Co-CEO and Chairman of Blue Owl's board of directors.  Mr. Packer is Co-President and also a member of the board.  Each holds multiple other day-to-day leadership positions and responsibilities with different components of Plaintiff's public company operations involving more than 1,000 employees and thousands of public shareholders.  These are the very type of "high-ranking executives" who are afforded protection under the apex doctrine.  *Adetula*, 2024 WL 327001, at *3.  Such depositions "create[] a tremendous potential for abuse or harassment" to high-level executives.  *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007); *see In re Mosaic LLM Litig.*, 2025 WL 1768001, at *1 (N.D. Cal. June 26, 2025).  Given their executive and board obligations, these depositions would impose "meaningful burdens" disproportionate to the needs

---

[1] Under federal Rule 26(b)(1), Utah federal courts have consistently recognized the heightened sensitivities associated with deposing high-level executives and have relied on the apex doctrine as a gatekeeper.  *See Cvent*, 2020 WL 3828643, at *1 (applying apex doctrine in issuing motion for protective order barring deposition); *Eagle View Techs., Inc. v. Nearmap US, Inc.*, 2023 WL 137761, at *1 (D. Utah Jan. 9, 2023) (same).  Such depositions are inappropriate because they are not "proportional to the needs of the case" and "the burden or expense of [the depositions] outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1); *see* Utah R. Civ. P. 26(b)(1), (3) (similar).

of the case and disrupt Blue Owl's business functions. *In re Mosaic*, 2025 WL 1768001, at *1. This is especially true given that the Walker Edison investment is but one of thousands of Blue Owl investments and the initial $250 million loan represents less than 0.1% of Blue Owl's current assets under management.

    ***Second,*** neither executive has "unique personal knowledge" of relevant facts that cannot be gained from other knowledgeable witnesses at Blue Owl.[2] *Cvent*, 2020 WL 3828643, at *1. Plaintiffs do not intend to call either as a witness. An executive has unique personal knowledge "only if he has information that cannot be had 'through interrogatories, deposition of a designated [corporate] spokesperson, or deposition testimony of other persons.'" *Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 2535067, at *3 (D. Colo. June 27, 2011). Defendants have noticed (but have not yet taken) the depositions of *six* other Blue Owl employees, including the members of the actual "deal team" in charge of the Walker Edison investment who conducted the pre-loan diligence, who *were* involved with the day-to-day operations and oversight, and who participated in Investment Committee discussions. *See Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) (barring deposition of a company's chairman where lower-level employees had not been deposed). Defendants asserted in the meet and confers that Messrs. Ostrover and Packer should be deposed because they sent or received emails about the Walker Edison investment or made references to it in public statements.[3] But simply making statements or sending or being included on correspondence with other individuals (who have been noticed for depositions) *cannot*, by definition, establish "unique personal knowledge." *Cvent*, 2020 WL 3828643, at *1.

    ***Third***, Defendants have not attempted to exhaust other discovery avenues that would be

---

[2] Courts have acknowledged that high level executives are often familiar "with the big picture" and not the details of "day to day operations," which is particularly true at a company like Blue Owl with thousands of investments covering hundreds of billions of dollars. *Chick-Fil-A, Inc. v. CFT Dev., LLC*, 2009 WL 928226, at *1 (M.D. Fla. Apr. 3, 2009).

[3] In meet and confers, Defendants have relied upon only four emails involving these individuals, all of which post-date Blue Owl's March 2021 loan. Three are internal chains that include other, lower-level employees who are document custodians and are set to be deposed, two of which refer to needing to talk further with employees who have been noticed for depositions, and one which contains brief reactions regarding whether Blue Owl would have considered a minority equity investment. The final is a document produced by *Defendants* where they refer to passing statements made by Mr. Packer in an earnings call, for which they could use other discovery devices to get relevant information. Far from supporting Defendants' position, the emails they have identified undermine it.

less burdensome or provide the same information.  No depositions have yet occurred in this case.  During the meet and confer process, Defendants indicated they needed to depose Messrs. Packer and Ostrover because they were members of the Investment Committee that decided to loan $250 million to Walker Edison.  Even if the Investment Committee had unique information, Defendants have not sought to depose *other* committee members who do not sit at the apex of Blue Owl and have the same knowledge—including document custodians in this case—or the "deposition of a designated [corporate] spokesperson," who could ostensibly provide relevant testimony about the Investment Committee.  *Naylor Farms*, 2011 WL 2535067, at *3.  And Blue Owl has produced more than 800,000 pages of documents, including those pertaining to the Investment Committee's assessment of the loan transaction.  *See Eagle View*, 2023 WL 137761, at *2–3 (barring deposition of the CEO where the company had already produced documents pertaining to the information sought).  Nor can Defendants explain why the information sought cannot be "obtained through less intrusive discovery methods (such as interrogatories)." *Celerity*, 2007 WL 205067, at *3; *see Cvent*, 2020 WL 3828643, at *1.  Defendants therefore have not satisfied Rule 26's requirements and the Court should order these two depositions not be taken under Rule 37.

## II.  <u>STATEMENT REGARDING PROPORTIONALITY</u>

The depositions of Messrs. Packer and Ostrover are neither reasonable nor proportionate to the needs of the case under Rule 26(b)'s requirement that discovery be "reasonable, considering the needs of the case," not "unreasonably cumulative or duplicative," and that it not be sought if the information could be "obtained from another source that is more convenient, less burdensome, or less expensive."  Utah R. Civ. P. 26(b)(3).  Neither Mr. Packer nor Mr. Ostrover has unique personal knowledge relevant to this case that could not be obtained from other employees or through other less burdensome discovery methods.

## III.  <u>CERTIFICATION OF GOOD-FAITH CONFERRAL</u>

Counsel for the parties discussed these issues via a video conference on July 14 and email on July 17, 18, and 21.  Because Defendants insist on these depositions, Plaintiffs filed this Motion.

DATED July 21, 2025.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of July 2025, I caused the foregoing **PLAINTIFFS'**

**STATEMENT OF DISCOVERY ISSUES** to be filed with the Clerk of Court using the

GreenFiling system, which sent notification of such filing to the following:


/s/ Erik A. Christiansen _____

Brennan H. Moss (10267)
**PARKINSON BENSON POTTER**
2750 Rasmussen Rd., Ste H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*:  Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

*Additional counsel listed in signature block*

**IN THE THIRD JUDICIAL DISTRICT COURT
IN AND FOR SALT LAKE COUNTY, STATE OF UTAH**

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, | |
| Plaintiff, | **DEFENDANTS' DEPOSITION NOTICE OF DOUG OSTROVER** |
| v. | Consolidated Case No. 230902160 |
| BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, | Judge Robert Faust |
| | Discovery Tier 3 |
| Defendants. | |

TO:    Doug Ostrover
       c/o Parsons Behle & Latimer
       201 South Main Street, Suite 1800
       Salt Lake City, Utah 84111

  PLEASE TAKE NOTICE that on the 19th day of August at 9:00 a.m., and continuing from time to time until completed, at the offices of Parr Brown Gee & Loveless, 101 South 200 East, Suite 700, Salt Lake City, Utah 84111, counsel will take the deposition of Doug Ostrover before a notary public or before another person authorized by law to administer oaths, to be used for all proper purposes allowed under the Utah Rules of Civil Procedure in the above-titled action now pending in the Third Judicial District Court. The deposition will be recorded by stenographic and videographic means.

Date: June 13, 2025

**PARR BROWN GEE & LOVELESS**

/s/ Kade N. Olsen
David C. Reymann
Kade N. Olsen
Tammy M Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**

/s/ Brennan H. Moss
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham; MB & BB Holdings, LLC, and Matt Davis

**SPERLING KENNY NACHWALTER, LLC**

/s/ Greg Shinall
Greg Shinall
Matthew Rice

321 North Clark Street
Chicago, Illinois 60654
(312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ William Clareman
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

3

Brennan H. Moss (10267)
**PARKINSON BENSON POTTER**
2750 Rasmussen Rd., Ste H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*:  Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

*Additional counsel listed in signature block*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **DEFENDANTS' DEPOSITION NOTICE OF CRAIG PACKER** <br><br> Consolidated Case No. 230902160 <br><br> Judge Robert Faust <br><br> Discovery Tier 3 |

TO:    Craig Packer
       c/o Parsons Behle & Latimer
       201 South Main Street, Suite 1800
       Salt Lake City, Utah 84111

       PLEASE TAKE NOTICE that on the 18th day of August at 9:00 a.m., and continuing from time to time until completed, at the offices of Parr Brown Gee & Loveless, 101 South 200 East, Suite 700, Salt Lake City, Utah 84111, counsel will take the deposition of Craig Packer before a notary public or before another person authorized by law to administer oaths, to be used for all proper purposes allowed under the Utah Rules of Civil Procedure in the above-titled action now pending in the Third Judicial District Court. The deposition will be recorded by stenographic and videographic means.

Date: June 13, 2025

**PARR BROWN GEE & LOVELESS**                **PARKINSON BENSON POTTER LLP**

/s/ Kade N. Olsen                            /s/ Brennan H. Moss
David C. Reymann                             Brennan H. Moss
Kade N. Olsen
Tammy M Frisby                               2750 Rasmussen Rd, Suite H-107
                                             Park City, UT 84098
101 South 200 East, Suite 700               (801) 401-1608
Salt Lake City, Utah 84111                   brennan@pbplaw.com
(801) 532-7840
dreymann@parrbrown.com                       *For defendants*: Brad Bonham; MB & BB
kolsen@parrbrown.com                         Holdings, LLC, and Matt Davis
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken Murphy,
Walker Edison Holding Co., LLC, Prospect
Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

**SPERLING KENNY NACHWALTER, LLC**

/s/ Greg Shinall_____
Greg Shinall
Matthew Rice

321 North Clark Street
Chicago, Illinois 60654
(312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ William Clareman_____
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

3

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166
Telephone: 212.351.4000
cleewilson@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

### FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **ORDER GRANTING PLAINTIFFS' AMENDED STATEMENT OF DISCOVERY ISSUES**<br><br>Civil No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

Before the Court is Plaintiffs' Statement of Discovery issues, filed on July 21, 2025.

**IT IS HEREBY ORDERED** that Plaintiffs' Amended Statement of Discovery Issues is GRANTED.  Craig Packer and Doug Ostrover of Blue Owl are protected from depositions in this case.

**In accordance with the Utah State District Courts Efiling Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order.**

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture*
*Company, LLC and Blue Owl Capital*
*Corporation*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166
Telephone: 212.351.4000
cleewilson@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **PLAINTIFFS' AMENDED STATEMENT OF DISCOVERY ISSUES** <br><br> Consolidated Civil No. 230902160 <br><br> Judge Robert Faust <br><br> Discovery Tier 3 |

Pursuant to Rule of Civil Procedure 37(a), Plaintiffs Walker Edison and Blue Owl move for a protective order precluding the depositions of Blue Owl's Chairman and Co-CEO, Doug Ostrover, and Co-President, Craig Packer, noticed for August 18 and 19, under Rule 26(b).

## I.    RELIEF SOUGHT AND GROUNDS THEREFORE

This consolidated case is brought against the founders and former private equity sponsor of Plaintiff Walker Edison who defrauded Plaintiff Blue Owl, a publicly traded global alternative asset manager, into loaning hundreds of millions of dollars to Walker Edison, which Defendants used to pay themselves a $210 million dividend at a time when Walker Edison was insolvent. As the parties move toward depositions, Defendants have blanketed Blue Owl with eight different deposition notices for various employees. In a clear pressure tactic, Defendants have noticed the depositions of Blue Owl's Chairman of the Board and Co-CEO, Doug Ostrover, and Co-President, Craig Packer, who together sit at the apex of Blue Owl's operations managing more than $250 billion in assets—regarding this single investment made more than four years ago that represents less than 0.1% of such assets. ***Plaintiffs do not intend to call either Ostrover or Packer as a witness at trial,*** and Plaintiffs never listed either individual in their initial disclosures. Despite not having taken even a single deposition in this case, Defendants believe they are permitted under the Utah rules to depose these two apex witnesses. They are not.

Defendants' deposition notices to Mr. Ostrover and Mr. Packer are a clear violation of Rule 26(b)'s proportionality and burden standards, as well as the well-recognized apex doctrine regularly applied by federal decisions in this state under analogous federal rules—decisions that the Utah Supreme Court has directed state courts to look to for guidance where, as here, there is little state law. *Bichler v. DEI Sys., Inc.*, 2009 UT 63, ¶ 24 n.2. The notices are clearly designed to harass Blue Owl and its top executives by seeking time-consuming, distracting, and burdensome discovery from them that can readily be obtained from the numerous lower-level Blue Owl employees whom Defendants are already deposing and who were involved in the same internal discussions regarding the Walker Edison investment, but whose depositions would cause far less disruption and distraction to Plaintiff. Defendants have not exhausted all other available discovery

devices and have not come close to demonstrating that Messrs. Packer and Ostrover have unique information germane to this case. Defendants cannot justify these two apex depositions, and this Court should issue an order precluding them under Rule 37(a)(7)(A).

Utah Rule 26(b)(4) arguably imposes an even higher burden on Defendants to justify its discovery than the analogous federal Rule 26; a burden they cannot meet. The apex doctrine under federal Rule 26 protects high-level executives from the burdens of deposition when *any* of the following four circumstances exist: "(1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company." *Cvent Inc. v. RainFocus*, 2020 WL 3828643, at *1 (D. Utah July 8, 2020). While only a *single* circumstance is required, they all apply here.[1]

***First***, both individuals are quintessential apex executives who would face significant hardship in sitting for depositions. Mr. Ostrover is Co-CEO and Chairman of Blue Owl's board of directors. Mr. Packer is Co-President and also a member of the board. Each holds multiple other day-to-day leadership positions and responsibilities with different components of Plaintiff's public company operations involving more than 1,000 employees and thousands of public shareholders. These are the very type of "high-ranking executives" who are afforded protection under the apex doctrine. *Adetula*, 2024 WL 327001, at *3. Such depositions "create[] a tremendous potential for abuse or harassment" to high-level executives. *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007); *see In re Mosaic LLM Litig.*, 2025 WL 1768001, at *1 (N.D. Cal. June 26, 2025). Given their executive and board obligations, the depositions would impose "meaningful burdens" disproportionate to the needs of

---

[1] Under federal Rule 26(b)(1), Utah federal courts have consistently recognized the heightened sensitivities associated with deposing high-level executives and have relied on the apex doctrine as a gatekeeper. *See Cvent*, 2020 WL 3828643, at *1; *Eagle View Techs., Inc. v. Nearmap US, Inc.*, 2023 WL 137761, at *1 (D. Utah Jan. 9, 2023). Such depositions are inappropriate because they are not "proportional to the needs of the case" and "the burden or expense of [the depositions] outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see* Utah R. Civ. P. 26(b)(1), (3) (similar). In addition, unlike Defendants, Ostrover and Packer are executives of large public companies who are not parties here.

the case and disrupt Blue Owl's business functions.  *In re Mosaic*, 2025 WL 1768001, at \*1.

Moreover, the Walker Edison investment is one of thousands of Blue Owl investments and the

initial loan represents less than 0.1% of Blue Owl's current assets under management.

     ***Second,*** neither executive has "unique personal knowledge" of relevant facts that cannot

be gained from other knowledgeable witnesses at Blue Owl.[2]  *Cvent*, 2020 WL 3828643, at \*1.

Plaintiffs do not intend to call either as a witness.  An executive has unique personal knowledge

"only if he has information that cannot be had 'through interrogatories, deposition of a designated

[corporate] spokesperson, or deposition testimony of other persons.'"  *Naylor Farms, Inc. v.

Anadarko OGC Co.*, 2011 WL 2535067, at \*3 (D. Colo. June 27, 2011).  Defendants have noticed

(but have not yet taken) the depositions of *six* other Blue Owl employees, including the members

of the actual "deal team" in charge of the Walker Edison investment who conducted the pre-loan

diligence, who *were* involved with the day-to-day operations and oversight, and who participated

in Investment Committee discussions.  *See Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th

Cir. 1995) (barring deposition of a company's chairman where lower-level employees had not

been deposed).  Defendants asserted in the meet and confers that Messrs. Ostrover and Packer

should be deposed because they sent or received emails about the Walker Edison investment and

Mr. Packer made a reference to Walker Edison in a public statement.[3]  But simply making

statements or sending or being included on correspondence with other individuals (who have been

noticed for depositions) *cannot*, by definition, establish "unique personal knowledge."  *Cvent*,

2020 WL 3828643, at \*1.

     ***Third***, Defendants have not attempted to exhaust other discovery avenues that would be

---

[2] Courts have acknowledged that high level executives are often familiar "with the big picture" and not the details of "day to day operations," which is particularly true at a company like Blue Owl with thousands of investments covering hundreds of billions of dollars. *Chick-Fil-A, Inc. v. CFT Dev., LLC*, 2009 WL 928226, at \*1 (M.D. Fla. Apr. 3, 2009).

[3] Defendants have relied upon only four emails involving these individuals, all of which post-date Blue Owl's March 2021 loan.  Three are internal chains that include other Blue Owl employees who are document custodians and are set to be deposed, two of which refer to needing to talk further with employees who have been noticed for depositions, and one which contains brief reactions regarding whether Blue Owl would have considered a minority equity investment.  The final is a document produced by *Defendants* where they refer to passing statements made by Mr. Packer in an earnings call, for which they cannot assert any unique knowledge apart from other Blue Owl executives and for which they could use other discovery devices, including a 30(b)(6) deposition, to get relevant information.

less burdensome or provide the same information. No depositions have yet occurred in this case. During the meet and confer process, Defendants indicated they needed to depose Messrs. Packer and Ostrover because they were members of the Investment Committee that decided to loan $250 million to Walker Edison. Even if the Investment Committee had unique information, Defendants have not sought to depose *other* committee members who do not sit at the apex of Blue Owl and have the same knowledge—including document custodians in this case—or the "deposition of a designated [corporate] spokesperson," who could ostensibly provide relevant testimony about the Investment Committee. *Naylor Farms*, 2011 WL 2535067, at *3. And Blue Owl has produced more than 800,000 pages of documents, including those pertaining to the Investment Committee's assessment of the loan transaction. *See Eagle View*, 2023 WL 137761, at *2–3 (barring deposition of the CEO where the company had already produced documents pertaining to the information sought). Nor can Defendants explain why the information sought cannot be "obtained through less intrusive discovery methods (such as interrogatories)." *Celerity*, 2007 WL 205067, at *3; *see Cvent*, 2020 WL 3828643, at *1. Defendants therefore have not satisfied Rule 26's requirements and the Court should order these two depositions not be taken under Rule 37.

## II.    STATEMENT REGARDING PROPORTIONALITY

The depositions of Messrs. Packer and Ostrover are neither reasonable nor proportionate to the needs of the case under Rule 26(b)'s requirement that discovery be "reasonable, considering the needs of the case," not "unreasonably cumulative or duplicative," and that it not be sought if the information could be "obtained from another source that is more convenient, less burdensome, or less expensive." Utah R. Civ. P. 26(b)(3). Neither Mr. Packer nor Mr. Ostrover has unique personal knowledge relevant to this case that could not be obtained from other employees or through other less burdensome discovery methods.

## III.    CERTIFICATION OF GOOD-FAITH CONFERRAL

Counsel for the parties discussed these issues via a video conference on July 14 and email on July 17, 18, and 21. Because Defendants insist on these depositions, Plaintiffs filed this Motion.

DATED July 21, 2025.

PARSONS BEHLE & LATIMER

/s/ Erik A. Christiansen
Erik A. Christiansen

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of July 2025, I caused the foregoing **PLAINTIFFS'**

**AMENDED STATEMENT OF DISCOVERY ISSUES** to be filed with the Clerk of Court using

the GreenFiling system, which sent notification of such filing to the following:


*/s/ Sarah Jenkins Dewey* _____

# Exhibit 1

Brennan H. Moss (10267)
**PARKINSON BENSON POTTER**
2750 Rasmussen Rd., Ste H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*:  Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

*Additional counsel listed in signature block*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **DEFENDANTS' DEPOSITION NOTICE OF DOUG OSTROVER** <br><br> Consolidated Case No. 230902160 <br><br> Judge Robert Faust <br><br> Discovery Tier 3 |

TO:    Doug Ostrover
       c/o Parsons Behle & Latimer
       201 South Main Street, Suite 1800
       Salt Lake City, Utah 84111

       PLEASE TAKE NOTICE that on the 19th day of August at 9:00 a.m., and continuing from time to time until completed, at the offices of Parr Brown Gee & Loveless, 101 South 200 East, Suite 700, Salt Lake City, Utah 84111, counsel will take the deposition of Doug Ostrover before a notary public or before another person authorized by law to administer oaths, to be used for all proper purposes allowed under the Utah Rules of Civil Procedure in the above-titled action now pending in the Third Judicial District Court. The deposition will be recorded by stenographic and videographic means.

Date: June 13, 2025


**PARR BROWN GEE & LOVELESS**

/s/ Kade N. Olsen
David C. Reymann
Kade N. Olsen
Tammy M Frisby

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.


**PARKINSON BENSON POTTER LLP**

/s/ Brennan H. Moss
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham; MB & BB Holdings, LLC, and Matt Davis

**SPERLING KENNY NACHWALTER,**
**LLC**

/s/ Greg Shinall_____
Greg Shinall
Matthew Rice

321 North Clark Street
Chicago, Illinois 60654
(312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken Murphy,
and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON**
**& GARRISON LLP**

/s/ William Clareman_____
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth Fund
II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth Partners,
L.P., JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

3

# Exhibit 2

Brennan H. Moss (10267)
**PARKINSON BENSON POTTER**
2750 Rasmussen Rd., Ste H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*:  Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

*Additional counsel listed in signature block*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>    Defendants. | **DEFENDANTS' DEPOSITION NOTICE OF CRAIG PACKER**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert Faust<br><br>Discovery Tier 3 |

TO:    Craig Packer
       c/o Parsons Behle & Latimer
       201 South Main Street, Suite 1800
       Salt Lake City, Utah 84111

       PLEASE TAKE NOTICE that on the 18th day of August at 9:00 a.m., and continuing from time to time until completed, at the offices of Parr Brown Gee & Loveless, 101 South 200 East, Suite 700, Salt Lake City, Utah 84111, counsel will take the deposition of Craig Packer before a notary public or before another person authorized by law to administer oaths, to be used for all proper purposes allowed under the Utah Rules of Civil Procedure in the above-titled action now pending in the Third Judicial District Court. The deposition will be recorded by stenographic and videographic means.

Date: June 13, 2025


**PARR BROWN GEE & LOVELESS**                    **PARKINSON BENSON POTTER LLP**

/s/ Kade N. Olsen                                /s/ Brennan H. Moss
David C. Reymann                                 Brennan H. Moss
Kade N. Olsen
Tammy M Frisby                                   2750 Rasmussen Rd, Suite H-107
                                                 Park City, UT 84098
101 South 200 East, Suite 700                    (801) 401-1608
Salt Lake City, Utah 84111                       brennan@pbplaw.com
(801) 532-7840
dreymann@parrbrown.com                           *For defendants*: Brad Bonham; MB & BB
kolsen@parrbrown.com                             Holdings, LLC, and Matt Davis
tfrisby@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken Murphy,
Walker Edison Holding Co., LLC, Prospect
Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

2

**SPERLING KENNY NACHWALTER, LLC**

/s/ Greg Shinall
Greg Shinall
Matthew Rice

321 North Clark Street
Chicago, Illinois 60654
(312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ William Clareman
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

3

David C. Reymann (8495)
Kade N. Olsen (17775)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken Murphy,
Walker Edison Holding Co., LLC, Prospect
Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco,
LLC, and JWC-WE Holdings, L.P.

---

## IN THE THIRD DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br>       *Plaintiff*, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br>       *Defendants*. | **ORDER GRANTING STATEMENT OF DISCOVERY ISSUES REGARDING ASSIGNOR DOCUMENT PRODUCTION** <br><br> Consolidated Case No. 230902160 <br><br> Judge Robert P. Faust <br><br> Discovery Tier 3 |

This Court has received and reviewed Defendants' Statement of Discovery Issues Regarding Assignor Document Production, filed on July 21, 2025 (the "Statement of Discovery Issues"). Having read this filing and all other relevant material on file with the Court, and good cause appearing, the Court hereby ORDERS as follows:

1.    Defendants' Statement of Discovery Issues is GRANTED.

2.    Plaintiff Blue Owl Capital Corporation is ordered to produce documents in the possession of its assignor, PennantPark Investment Advisers, LLC ("Pennant"), including in response to Defendants' Request for Production Number 3. Those documents are:

a.    Documents and Communications relating to Pennant's investments in Walker Edison Furniture Company, LLC ("Walker Edison"), including all internal communications by and among representatives or employees of Pennant, held by Pennant;

b.    Documents and Communications regarding Pennant's investment decisions related to Walker Edison, held by Pennant;

c.    Documents and Communications relating to Walker Edison's financial performance, financial reporting, solvency, investments, debt facilities, loans, financial projections or results, or accounting methodology, held by Pennant;

d.    Documents and Communications relating to Pennant's internal diligence, investment analyses, work product, call notes, and memoranda relating to the foregoing, held by Pennant; and

e.    Documents and Communications relating to the purported losses or injuries suffered by Pennant based on the claims and allegations in the Amended Complaint, held by Pennant.

**\*\* In accordance with the Utah State District Courts E-filing Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order. \*\***

David C. Reymann (8495)
Kade N. Olsen (17775)
Tammy M. Frisby (17992)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
tfrisby@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>     Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>     Defendants. | **NOTICE OF WITHDRAWAL OF TAMMY M. FRISBY**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert P. Faust<br><br>Discovery Tier 3 |

NOTICE IS HEREBY GIVEN to all parties that Tammy M. Frisby withdraws as counsel of record for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. in the above-captioned matter. The above-named Defendants continue to be represented by the law firm of Parr Brown Gee & Loveless.

DATED this 21st day of July, 2025.

PARR BROWN GEE & LOVELESS

*/s/ Tammy M. Frisby*
Tammy M. Frisby

*For defendants:* Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

David C. Reymann (8495)
Kade N. Olsen (17775)
Carrisa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

Greg Shinall (*pro hac vice*)
Matthew H. Rice (*pro hac vice*)
Sean M. Koller (*pro hac vice*)
**SPERLING KENNY NACHWALTER LLC**
321 N. Clark Street, 25th Floor
Chicago, Illinois 60654
Telephone: (312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com
skoller@sperlingkenny.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Kyle
Murphy, and Walker Edison Holding Co., LLC

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM, *et al.*, <br><br> Defendants. | **ORDER GRANTING MOTION FOR PRO HAC VICE ADMISSION OF ELIZABETH LAUGHLIN** <br><br> Case No. 230902160 <br><br> Hon. Robert Faust |

Based upon the Motion for Admission Pro Hac Vice of Elizabeth Laughlin and the consent to appear as local counsel by David C. Reymann, it is hereby ordered that Elizabeth Laughlin be admitted pro hac vice as counsel for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC in the above-entitled matter.

**END OF ORDER**
**Entered as indicated by the signature above**

David C. Reymann (8495)
Kade N. Olsen (17775)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken Murphy,
Walker Edison Holding Co., LLC, Prospect
Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco,
LLC, and JWC-WE Holdings, L.P.

---

## IN THE THIRD DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> *Defendants*. | **ORDER GRANTING STATEMENT OF DISCOVERY ISSUES REGARDING ASSIGNOR DOCUMENT PRODUCTION** <br><br> Consolidated Case No. 230902160 <br><br> Judge Robert P. Faust <br><br> Discovery Tier 3 |

This Court has received and reviewed Defendants' Statement of Discovery Issues Regarding Assignor Document Production, filed on July 21, 2025 (the "Statement of Discovery Issues"). Having read this filing and all other relevant material on file with the Court, and good cause appearing, the Court hereby ORDERS as follows:

1.    Defendants' Statement of Discovery Issues is GRANTED.

2.    Plaintiff Blue Owl Capital Corporation is ordered to produce documents in the possession of its assignor, PennantPark Investment Advisers, LLC ("Pennant"), including in response to Defendants' Request for Production Number 3. Those documents are:

    a.    Documents and Communications relating to Pennant's investments in Walker Edison Furniture Company, LLC ("Walker Edison"), including all internal communications by and among representatives or employees of Pennant, held by Pennant;

    b.    Documents and Communications regarding Pennant's investment decisions related to Walker Edison, held by Pennant;

    c.    Documents and Communications relating to Walker Edison's financial performance, financial reporting, solvency, investments, debt facilities, loans, financial projections or results, or accounting methodology, held by Pennant;

    d.    Documents and Communications relating to Pennant's internal diligence, investment analyses, work product, call notes, and memoranda relating to the foregoing, held by Pennant; and

    e.    Documents and Communications relating to the purported losses or injuries suffered by Pennant based on the claims and allegations in the Amended Complaint, held by Pennant.

**\*\* In accordance with the Utah State District Courts E-filing Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order. \*\***

Brennan H. Moss (10267)
**PARKINSON BENSON POTTER**
2750 Rasmussen Rd., Ste H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*:  Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

David C. Reymann (8495)
Kade N. Olsen (17775)
Carrisa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
cursek@parrbrown.com

*For defendants:* Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Ken Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

*Additional counsel listed in signature block*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>         Defendants. | **CERTIFICATE OF SERVICE OF DEFENDANTS' SUPPLEMENTAL INITIAL DISCLOSURES IN CONSOLIDATED MATTER PURSUANT TO RULE 26(a)(1)**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert Faust<br><br>Discovery Tier 3 |

I certify that on July 23, 2025, true and correct copies of **DEFENDANTS'**

**SUPPLEMENTAL INITIAL DISCLOSURES IN CONSOLIDATED MATTER**

**PURSUANT TO RULE 26(a)(1)** were served by email on the following:

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

Michael M. Farhang (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
C. Lee Wilson
Andrew Kasabian
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
jkrause@gibsondunn.com
rappleby@gibsondunn.com
CLWilson@gibsondunn.com
akasabian@gibsondunn.com

*For plaintiffs*: Blue Owl Capital, Inc. and Walker Edison Furniture Company

DATED this 23rd day of July, 2025.

**PARR BROWN GEE & LOVELESS**

/s/ Kade N. Olsen
David C. Reymann
Kade N. Olsen
Carrisa A. Uresk

*For defendants:* Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**
Brennan H. Moss
*For defendants*: Brad Bonham; MB & BB Holdings, LLC, and Matt Davis

**SPERLING & SLATER, LLC**
Greg Shinall
Matthew Rice

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Geoffrey Chepiga
William Clareman

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of July 2025, I electronically filed the foregoing **CERTIFICATE OF SERVICE OF DEFENDANTS' SUPPLEMENTAL INITIAL DISCLOSURES IN CONSOLIDATED MATTER PURSUANT TO RULE 26(a)(1)**, which served all counsel of record.

/s/ *Kade N. Olsen*

3

David C. Reymann (8495)
Kade N. Olsen (17775)
Carrisa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

Greg Shinall (*pro hac vice*)
Matthew H. Rice (*pro hac vice*)
Sean M. Koller (*pro hac vice*)
**SPERLING KENNY NACHWALTER LLC**
321 N. Clark Street, 25th Floor
Chicago, Illinois 60654
Telephone: (312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com
skoller@sperlingkenny.com

Attorneys for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM, *et al.*, <br><br> Defendants. | **MOTION FOR PRO HAC VICE ADMISSION OF ELIZABETH LAUGHLIN AND CONSENT OF SPONSORING LOCAL COUNSEL** <br><br> Case No. 230902160 <br><br> Hon. Robert Faust |

Pursuant to Rule 14-806 of the Utah Code of Judicial Administration, David C. Reymann moves the court for an order admitting Elizabeth Laughlin pro hac vice to act as counsel in the above-captioned matter for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC.  Ms. Laughlin is neither licensed

to practice law in Utah nor a resident of Utah.  Ms. Laughlin is admitted to practice in Illinois, where she is an attorney in good standing as evidenced by the Certificate of Good Standing attached as Exhibit 1, along with the Bar's Acknowledgement of her application.

The undersigned agrees to serve as designated local counsel for the subject case, to comply with all applicable provisions of the Utah Rules of Civil Procedure and the Utah Code of Judicial Administration, and to readily communicate with opposing counsel and the court regarding the conduct of this case.  She also agrees to accept papers when served as well as recognizes the responsibility to act for and on behalf of the clients in all case-related proceedings, including hearings, pretrial conferences, and trials, should Ms. Laughlin fail to respond to any court order.

A proposed order admitting Ms. Laughlin accompanies this Motion.

RESPECTFULLY SUBMITTED this 23rd day of July 2025.

PARR BROWN GEE & LOVELESS, P.C.

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Carrisa A. Uresk

Attorneys for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of July 2025, I electronically filed the foregoing **MOTION FOR PRO HAC VICE ADMISSION OF ELIZABETH LAUGHLIN AND CONSENT OF SPONSORING LOCAL COUNSEL**, which will be served all counsel of record.

/s/ David C. Reymann

# EXHIBIT 1

# Pro Hac Vice Application - Pro Hac Vice

**Application Submitted on 07.17.2025**

---

**Personal Information**

**Personal Information**

| | |
|---|---|
| Applicant Full Name | Elizabeth Laughlin |
| Applicant Firm Name | Sperling Kenny Nachwalter LLC |
| Applicant Firm Address | 321 N Clark St |
| Applicant Firm Address | Fl 25 |
| Applicant City | Chicago |
| Applicant State | |
| Applicant Zip Code | 60654-4714 |
| Applicant Mobile Number | 6304790268 |
| Applicant Office Number | 3126413200 |
| Pro Hac Vice Applicant Email | llaughlin@sperlingkenny.com |

**Local Counsel Information**

| | |
|---|---|
| Local Counsel Name | David C. Reymann |
| Local Counsel Bar Number | 8495 |
| Local Counsel Firm Name | Parr Brown Gee & Loveless, P.C. |
| Local Counsel Firm Address 1 | 101 South 200 East |
| Local Counsel Firm Address 2 | Suite 700 |
| Local Counsel City | Salt Lake City |
| Local Counsel State | UT |
| Local Counsel Zip Code | 84111 |
| Local Counsel Telephone Number | 801-532-7840 |
| Local Counsel Email | dreymann@parrbrown.com |

**Case Information**

| | |
|---|---|
| Case Name | Walker Edison Furniture Company, LLC v. Brad Bonham, et al. |

| Case Number | 230902160 |
|---|---|
| Party on whose behalf Applicant seeks to appear | Attorneys for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC |
| Will you be appearing before a court? | Yes |
| Name of Court and County | Third Judicial District, Salt Lake County |

**Bar Membership**

**Bar Membership**

List every state in which you hold a license to practice law.

NOTE: Please upload <u>separately</u>, a certificate of good standing from the licensing entity of each state that you have been admitted to.

| Jurisdiction | IL |
|---|---|
| Bar Number | 6296401 |
| Date of Admission | 11-6-2008 |

**Disciplinary Actions**

| Have you ever been the subject of disciplinary action by any bar? | No |
|---|---|
| Are you (the Applicant) the subject of any pending disciplinary proceedings by any state's or court's disciplinary agency? | No |

**Prior Pro Hac in Utah**

List previous Pro Hac Vice Admissions in the State of Utah. If not applicable, enter N/A.

| Case Name | N/A |
|---|---|
| Case Number | N/A |

**Attestation**

**Attestation**

| Applicant certifies that they are a member in good standing of all bars to which they have been admitted | No |
|---|---|
| Applicant is familiar with the rules of procedure and evidence, including applicable local rules | No |
| Applicant will be available for all depositions, hearings and conferences | No |
| Applicant will comply with the rulings and orders of the court | No |
| Applicant certifies that they have read and will comply with the Utah Rules of Professional Conduct and the Utah Standards of Professionalism and Civility | No |
| Applicant hereby certifies that they are not a resident of Utah and that the foregoing is true and correct and is subject to the penalty of perjury | No |
| Require Electronic Signature / Date | |

By typing your name, you are signing this document electronically and demonstrating your intent to use this electronic signature as your verification that you have read, understood and agreed to the terms and conditions listed in the Release of Liability and Acknowledgement and Acceptance of Testing Conditions.

Type your name in the box to sign electronically:                                   Elizabeth Laughlin

**Signed on this date: 07/17/2025 14:13:42**

# Certificate of Admission
# To the Bar of Illinois

I, Cynthia A. Grant, Clerk of the Supreme Court of Illinois, do hereby certify that

Elizabeth Adele Laughlin

has been duly licensed and admitted to practice as an Attorney and Counselor at Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on 11/06/2008 and is in good standing, so far as the records of this office disclose.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, this 16th day of July, 2025.

*Cynthia A. Grant*

Clerk,
Supreme Court of the State of Illinois

# Submission Record

Your application **Pro Hac Vice** is SUBMITTED.

| | |
|---|---|
| Name: | **Elizabeth Laughlin** |
| Payment Method: | **Credit** |
| Application Fee: | **$425.00** |
| | |
| **Total Payment:** | **$433.50** A 2% processing fee will be added to all credit card payments. |
| Submit Date: | **Jul 17 2025 14:21** |
| User Id: | **59064** |
| Application Id: | **77609** |
| Approval Code: | **121136733969** |
| Transaction Id: | **13066** |

**Utah Bar Admissions**
**645 South 200 East**
**Salt Lake City, UT 84111**
**TELEPHONE 801 531-9077**



# Utah State Bar ®

645 South 200 East, Suite 310 • Salt Lake City, Utah 84111-3834
Telephone: 801-531-9077
http://www.UtahBar.org

## ACKNOWLEDGEMENT OF SUPPORTING DOCUMENTATION
## AND RECEIPT OF PRO HAC VICE FILING FEE

| | |
|---|---|
| Date Issued: | July 23, 2025 |
| Case Name: | Walker Edison Furniture Company, LLC v. Brad Bonham, et al. |
| Court Name: | In The Third Judicial District, Salt Lake County, State of Utah |
| Case Number: | 230902160 |

This letter serves as an acknowledgement that the $425.00 pro hac vice filing fee for
**Elizabeth Laughlin** in the above-referenced case has been paid to the Utah State Bar and
that the required supporting documentation is complete and in good order. If you have any
questions, please call the Bar at (801) 531-9077.

Maribeth LeHoux
General Counsel

**Note to Counsel:** An original motion signed by a member of the Utah State Bar who
expressly consents to appearing as local counsel should be filed with the court along with: (1)
copies of the Application and Certificate of Good Standing which were provided to the Bar; (2)
this Acknowledgement of Supporting Documentation and Receipt of Pro Hac Vice Filing Fee;
and (3) a proposed order.

*Attorneys admitted Pro Hac Vice must file an "Annual Renewal with the Bar on or before the anniversary date of the filing of the[ir] initial application with the Bar... certify[ing] to the Bar that [they will] continue to act as counsel in the cause or that the cause has been finally adjudicated... And remit to the Bar an annual fee equal to the current dues paid by active members of the Utah State Bar. See Rule 14-806(n). and Rule 14-806(o) for failure to renew.

**For annual renewal information visit: https://www.utahbar.org/pro-hac-vice/

Serving the public. Working for justice.

David C. Reymann (8495)
Kade N. Olsen (17775)
Carrisa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

Greg Shinall (*pro hac vice*)
Matthew H. Rice (*pro hac vice*)
Sean M. Koller (*pro hac vice*)
**SPERLING KENNY NACHWALTER LLC**
321 N. Clark Street, 25th Floor
Chicago, Illinois 60654
Telephone: (312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com
skoller@sperlingkenny.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, and Walker Edison Holding
Co., LLC

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>BRAD BONHAM, *et al.*,<br><br>            Defendants. | **MOTION FOR PRO HAC VICE ADMISSION OF TREVOR SCHEETZ AND CONSENT OF SPONSORING LOCAL COUNSEL**<br><br>Case No. 230902160<br><br>Hon. Robert Faust |

Pursuant to Rule 14-806 of the Utah Code of Judicial Administration, David C. Reymann moves the court for an order admitting Trevor Scheetz pro hac vice to act as counsel in the above-captioned matter for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC.  Mr. Scheetz is neither licensed to practice law in

Utah nor a resident of Utah.  Mr. Scheetz is admitted to practice in Illinois, where he is an attorney in good standing as evidenced by the Certificate of Good Standing attached as Exhibit 1, along with the Bar's Acknowledgement of his application.

The undersigned agrees to serve as designated local counsel for the subject case, to comply with all applicable provisions of the Utah Rules of Civil Procedure and the Utah Code of Judicial Administration, and to readily communicate with opposing counsel and the court regarding the conduct of this case.  He also agrees to accept papers when served as well as recognizes the responsibility to act for and on behalf of the clients in all case-related proceedings, including hearings, pretrial conferences, and trials, should Mr. Scheetz fail to respond to any court order.

A proposed order admitting Mr. Scheetz accompanies this Motion.

RESPECTFULLY SUBMITTED this 23rd day of July 2025.

PARR BROWN GEE & LOVELESS, P.C.

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Carrisa A. Uresk

Attorneys for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of July 2025, I electronically filed the foregoing

**MOTION FOR PRO HAC VICE ADMISSION OF TREVOR SCHEETZ AND CONSENT**

**OF SPONSORING LOCAL COUNSEL**, which will be served all counsel of record.

/s/ David C. Reymann

# EXHIBIT 1

# Pro Hac Vice Application - Pro Hac Vice

**Application Submitted on 07.17.2025**

**Personal Information**

**Personal Information**

| | |
|---|---|
| Applicant Full Name | Trevor Scheetz |
| Applicant Firm Name | Sperling Kenny Nachwalter LLC |
| Applicant Firm Address | 321 N Clark St |
| Applicant Firm Address | Fl 25 |
| Applicant City | Chicago |
| Applicant State | Illinois |
| Applicant Zip Code | 60654-4714 |
| Applicant Mobile Number | 312-509-3332 |
| Applicant Office Number | 312-641-3200 |
| Pro Hac Vice Applicant Email | tscheetz@sperlingkenny.com |

**Local Counsel Information**

| | |
|---|---|
| Local Counsel Name | David C. Reymann |
| Local Counsel Bar Number | 8495 |
| Local Counsel Firm Name | Parr Brown Gee & Loveless, P.C. |
| Local Counsel Firm Address 1 | 101 South 200 East |
| Local Counsel Firm Address 2 | Suite 700 |
| Local Counsel City | Salt Lake City |
| Local Counsel State | UT |
| Local Counsel Zip Code | 84111 |
| Local Counsel Telephone Number | 801-532-7840 |
| Local Counsel Email | dreymann@parrbrown.com |

**Case Information**

| | |
|---|---|
| Case Name | Walker Edison Furniture Company, LLC v. Brad Bonham, et al. |

| Case Number | 230902160 |
| --- | --- |
| Party on whose behalf Applicant seeks to appear | Attorneys for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC |
| Will you be appearing before a court? | Yes |
| Name of Court and County | Third Judicial District, Salt Lake County |

## Bar Membership

## Bar Membership

List every state in which you hold a license to practice law.

NOTE: Please upload <u>separately</u>, a certificate of good standing from the licensing entity of each state that you have been admitted to.

| Jurisdiction | IL |
| --- | --- |
| Bar Number | 6306924 |
| Date of Admission | 11-22-2011 |

## Disciplinary Actions

| Have you ever been the subject of disciplinary action by any bar? | No |
| --- | --- |
| Are you (the Applicant) the subject of any pending disciplinary proceedings by any state's or court's disciplinary agency? | No |

## Prior Pro Hac in Utah

List previous Pro Hac Vice Admissions in the State of Utah. If not applicable, enter N/A.

| Case Name | N/A |
| --- | --- |
| Case Number | N/A |

## Attestation

## Attestation

| Applicant certifies that they are a member in good standing of all bars to which they have been admitted | Yes |
| --- | --- |
| Applicant is familiar with the rules of procedure and evidence, including applicable local rules | Yes |
| Applicant will be available for all depositions, hearings and conferences | Yes |
| Applicant will comply with the rulings and orders of the court | Yes |
| Applicant certifies that they have read and will comply with the Utah Rules of Professional Conduct and the Utah Standards of Professionalism and Civility | Yes |
| Applicant hereby certifies that they are not a resident of Utah and that the foregoing is true and correct and is subject to the penalty of perjury | Yes |
| Require Electronic Signature / Date | |

By typing your name, you are signing this document electronically and demonstrating your intent to use this electronic signature as your verification that you have read, understood and agreed to the terms and conditions listed in the Release of Liability and Acknowledgement and Acceptance of Testing Conditions.

Type your name in the box to sign electronically:                                    Trevor Scheetz

**Signed on this date: 07/17/2025 14:31:23**

# Certificate of Admission
# To the Bar of Illinois

I, Cynthia A. Grant, Clerk of the Supreme Court of Illinois, do hereby certify that

Trevor Killeen Scheetz

has been duly licensed and admitted to practice as an Attorney and Counselor at Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on 11/22/2011 and is in good standing, so far as the records of this office disclose.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, this 16th day of July, 2025.

*Cynthia A. Grant*

Clerk,
Supreme Court of the State of Illinois

# Submission Record

Your application **Pro Hac Vice** is SUBMITTED.

| | |
|---|---|
| Name: | **Trevor Scheetz** |
| Payment Method: | **Credit** |
| Application Fee: | **$425.00** |
| | |
| **Total Payment:** | **$433.50** A 2% processing fee will be added to all credit card payments. |
| Submit Date: | **Jul 17 2025 14:33** |
| User Id: | **59065** |
| Application Id: | **77610** |
| Approval Code: | **121136763877** |
| Transaction Id: | **13067** |

**Utah Bar Admissions**
**645 South 200 East**
**Salt Lake City, UT 84111**
**TELEPHONE 801 531-9077**



# Utah State Bar ®

645 South 200 East, Suite 310 • Salt Lake City, Utah 84111-3834
Telephone: 801-531-9077
http://www.UtahBar.org

## ACKNOWLEDGEMENT OF SUPPORTING DOCUMENTATION
## AND RECEIPT OF PRO HAC VICE FILING FEE

| | |
|---|---|
| Date Issued: | July 21, 2025 |
| Case Name: | Walker Edison Furniture Company, LLC v. Brad Bonham, et al. |
| Court Name: | In The Third Judicial District, Salt Lake County, State of Utah |
| Case Number: | 230902160 |

This letter serves as an acknowledgement that the $425.00 pro hac vice filing fee for **Trevor Scheetz** in the above-referenced case has been paid to the Utah State Bar and that the required supporting documentation is complete and in good order. If you have any questions, please call the Bar at (801) 531-9077.

Maribeth LeHoux
General Counsel

**Note to Counsel:** An original motion signed by a member of the Utah State Bar who expressly consents to appearing as local counsel should be filed with the court along with: (1) copies of the Application and Certificate of Good Standing which were provided to the Bar; (2) this Acknowledgement of Supporting Documentation and Receipt of Pro Hac Vice Filing Fee; and (3) a proposed order.

*Attorneys admitted Pro Hac Vice must file an "Annual Renewal with the Bar on or before the anniversary date of the filing of the[ir] initial application with the Bar... certify[ing] to the Bar that [they will] continue to act as counsel in the cause or that the cause has been finally adjudicated... And remit to the Bar an annual fee equal to the current dues paid by active members of the Utah State Bar. See Rule 14-806(n). and Rule 14-806(o) for failure to renew.

**For annual renewal information visit: https://www.utahbar.org/pro-hac-vice/

Serving the public. Working for justice.

David C. Reymann (8495)
Kade N. Olsen (17775)
Carrisa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

Greg Shinall (*pro hac vice*)
Matthew H. Rice (*pro hac vice*)
Sean M. Koller (*pro hac vice*)
**SPERLING KENNY NACHWALTER LLC**
321 N. Clark Street, 25th Floor
Chicago, Illinois 60654
Telephone: (312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com
skoller@sperlingkenny.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, and Walker Edison Holding
Co., LLC

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM, *et al.*, <br><br> Defendants. | **REQUEST TO SUBMIT FOR DECISION: MOTIONS FOR PRO HAC VICE ADMISSION (ELIZABETH LAUGHLIN AND TREVOR SCHEETZ)** <br><br> Case No. 230902160 <br><br> Hon. Robert Faust |

Pursuant to Rule 7(g) of the Utah Rules of Civil Procedure, Defendants Adam Suttin, Phil

Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

hereby submit for decision the following two motions filed concurrently herewith:

      1.     Motion for Pro Hac Vice Admission of Elizabeth Laughlin; and

2.      Motion for Pro Hac Vice Admission of Trevor Sheetz.

This Court may act upon the motions without awaiting a response.  Utah R. Civ. P.

7(*l*)(1)(C).  Proposed orders for each motion are also filed concurrently herewith.

DATED this 23rd day of July 2025.

<div style="margin-left:40%;">

PARR BROWN GEE & LOVELESS, P.C.

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Carissa A. Uresk

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

</div>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of July 2025, I electronically filed the

foregoing **REQUEST TO SUBMIT FOR DECISION: MOTIONS FOR PRO HAC VICE**

**ADMISSION (ELIZABETH LAUGHLIN AND TREVOR SCHEETZ)**, which served all

counsel of record.

/s/ David C. Reymann

David C. Reymann (8495)
Kade N. Olsen (17775)
Carrisa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

Greg Shinall (*pro hac vice*)
Matthew H. Rice (*pro hac vice*)
Sean M. Koller (*pro hac vice*)
**SPERLING KENNY NACHWALTER LLC**
321 N. Clark Street, 25th Floor
Chicago, Illinois 60654
Telephone: (312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com
skoller@sperlingkenny.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Kyle Murphy, and Walker Edison Holding
Co., LLC

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM, *et al.*, <br><br> Defendants. | **REQUEST TO SUBMIT FOR DECISION: MOTIONS FOR PRO HAC VICE ADMISSION (ELIZABETH LAUGHLIN AND TREVOR SCHEETZ)** <br><br> Case No. 230902160 <br><br> Hon. Robert Faust |

Pursuant to Rule 7(g) of the Utah Rules of Civil Procedure, Defendants Adam Suttin, Phil

Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

hereby submit for decision the following two motions filed concurrently herewith:

1.    Motion for Pro Hac Vice Admission of Elizabeth Laughlin; and

2.     Motion for Pro Hac Vice Admission of Trevor Sheetz.

This Court may act upon the motions without awaiting a response.  Utah R. Civ. P.

7(*l*)(1)(C).  Proposed orders for each motion are also filed concurrently herewith.

DATED this 23rd day of July 2025.

PARR BROWN GEE & LOVELESS, P.C.

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Carissa A. Uresk

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of July 2025, I electronically filed the

foregoing **REQUEST TO SUBMIT FOR DECISION: MOTIONS FOR PRO HAC VICE**

**ADMISSION (ELIZABETH LAUGHLIN AND TREVOR SCHEETZ)**, which served all

counsel of record.

/s/ David C. Reymann

The Order of the Court is stated below:
**Dated:**  July 23, 2025          /s/   ROBERT FAUST
              06:51:29 PM                District Court Judge

David C. Reymann (8495)
Kade N. Olsen (17775)
Carrisa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

Greg Shinall (*pro hac vice*)
Matthew H. Rice (*pro hac vice*)
Sean M. Koller (*pro hac vice*)
**SPERLING KENNY NACHWALTER LLC**
321 N. Clark Street, 25th Floor
Chicago, Illinois 60654
Telephone: (312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com
skoller@sperlingkenny.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Kyle
Murphy, and Walker Edison Holding Co., LLC

---

## 1IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| 2<br>WALKER EDISON FURNITURE<br>COMPANY, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>BRAD BONHAM, *et al.*,<br><br>                    Defendants. | **ORDER GRANTING MOTION FOR PRO HAC VICE ADMISSION OF ELIZABETH LAUGHLIN**<br><br>3Case No. 230902160<br><br>    Hon. Robert Faust |

---

Based upon the Motion for Admission Pro Hac Vice of Elizabeth Laughlin and the

consent to appear as local counsel by David C. Reymann, it is hereby ordered that Elizabeth

Laughlin be admitted pro hac vice as counsel for Defendants Adam Suttin, Phil Damiano, Kyle

Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC in the above-entitled matter.

**END OF ORDER**
**Entered as indicated by the signature above**

The Order of the Court is stated below:
**Dated:** July 23, 2025          /s/   ROBERT FAUST
              06:51:47 PM              District Court Judge

David C. Reymann (8495)
Kade N. Olsen (17775)
Carrisa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Greg Shinall (*pro hac vice*)
Matthew H. Rice (*pro hac vice*)
Sean M. Koller (*pro hac vice*)
**SPERLING KENNY NACHWALTER LLC**
321 N. Clark Street, 25th Floor
Chicago, Illinois 60654
Telephone: (312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com
skoller@sperlingkenny.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Kyle
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Kyle
Murphy, and Walker Edison Holding Co., LLC

## 1IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| 2<br>WALKER EDISON FURNITURE COMPANY, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>BRAD BONHAM, *et al.*,<br><br>          Defendants. | **ORDER GRANTING MOTION FOR PRO HAC VICE ADMISSION OF TREVOR SCHEETZ**<br><br>3Case No. 230902160<br><br>Hon. Robert Faust |

Based upon the Motion for Admission Pro Hac Vice of Trevor Scheetz and the consent to

appear as local counsel by David C. Reymann, it is hereby ordered that Trevor Scheetz be

admitted pro hac vice as counsel for Defendants Adam Suttin, Phil Damiano, Kyle Casella,

David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC in the above-entitled matter.

**END OF ORDER**
**Entered as indicated by the signature above**

4854-7895-3633

2

## RETURN OF SERVICE

State of Utah                    County of SALT LAKE                    Third District Court

Case Number: 230902160   Court Date: 8/27/2025  9:00 am

Plaintiff:
**Walker Edison Furniture Company, LLC**

vs.

Defendant:
**Brad Bonham, et al**

For:
Erik A. Christiansen
PARSONS, BEHLE & LATIMER
201 South Main Street
Suite 1800
Salt Lake City, UT 84111

Received by ANDERSON ATTORNEY SERVICES on the 17th day of July, 2025 at 3:11 pm to be served on **Boyd Kezerian, 59 S. Mountain Road, FRUIT HEIGHTS, UT 84037**.

I, KIMBERLEY COX, do hereby affirm that on the **19th day of July, 2025** at **1:55 pm, I:**

**Individually/Personally Served** by delivering a true copy of the **SUBPOENA TO APPEAR AT DEPOSITION; and NOTICE TO PERSONS SERVED WITH A SUBPOENA; and OBJECTION TO SUBPOENA; CHECK** with the date and hour endorsed thereon by me,to: **Boyd Kezerian** at the address of: **59 S. Mountain Road, FRUIT HEIGHTS, UT 84037** and informed the said person of the contents therein, in compliance with state statutes.

I am over the age of 18 and have no interest in the above action.  I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was executed.  Pursuant to Utah Code Annotated 78B-18a-101 et seq., with the statutory declaration statement form as set forth in 78B-18a-106, I declare under criminal penalty that the foregoing is true and correct.


_____
**KIMBERLEY COX**
Process Server

**ANDERSON ATTORNEY SERVICES**
**P.O. BOX 535**
**Salt Lake City, UT 84110**
**(801) 773-8220**

Our Job Serial Number: AND-2025004138

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0b

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **SUBPOENA TO APPEAR AT DEPOSITION (BOYD KEZERIAN)** <br><br> Civil No. 230902160 <br><br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

To:   **Boyd Kezerian**
      59 S. Mountain Road
      Fruit Heights, UT 84037

YOU ARE COMMANDED, pursuant to Rule 45 of the Utah Rules of Civil Procedure, to appear and give testimony at a deposition to be held at the office of **Parsons Behle & Latimer**, located at 201 S. Main Street, Suite 1800, Salt Lake City, Utah.  The deposition is scheduled for **August 27, 2025**, commencing at **9:00 a.m.**  It will be recorded by stenographic means.

A Notice to Persons Served with a Subpoena is attached hereto as <u>Exhibit 1</u> and served with this subpoena. The Notice explains your rights and obligations. A witness fee of $18.50 is also provided herewith in accordance with Utah Code § 78B-1-119(1)(a).

You may object to this Subpoena for any of the reasons listed in paragraph 6 of the Notice by serving a written objection upon the attorney listed at the top of this Subpoena. You must comply with any part of the subpoena to which you do not object.

DATED July 17, 2025.

<div align="right">

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorneys for Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

</div>

2

## Notice to Persons Served with a Subpoena

A subpoena may require you to copy and mail documents, produce documents or tangible things, appear at a hearing, trial, or deposition, or allow inspection of a location.

A subpoena can be issued by the court clerk or by a licensed attorney. You must do what it says or file an objection. If you don't comply, you can be fined or go to jail.

You can find more information about subpoenas and forms you may need at: www.utcourts.gov/resources/forms/subpoena/

1.    If the subpoena requires you to **appear to at a trial, hearing, deposition, or for inspection of a place,** you must appear at the date, time, and place designated in the subpoena. You will be required to either answer questions under oath or allow inspection of a place.

For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

- If you are a resident of Utah:
  o where you reside;
  o where you are employed;
  o where you transact business in person; or
  o where the court orders.

- If you are not a resident of Utah:
  o where you are served with the subpoena; or
  o where the court orders.

2.    If the subpoena requires you to **copy documents or electronically stored information,** you must:

- organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and
- mail or deliver the copies and the Declaration of Compliance with the Subpoena to the attorney or party requesting the documents. You may need to modify the Declaration to fit your circumstances.

The party who requested the documents must pay the reasonable cost of copying the documents.

3.    If the subpoena requires you to **produce documents or tangible things,** you must appear in person with the documents or tangible things so that they may be tested, copied, sampled, or inspected. You must:

- produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

- mail or deliver the Declaration of Compliance with the Subpoena to the requesting attorney or party.

The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney.

The subpoena must be served on you at least 14 days before the date designated for compliance.

The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things.

4.   **Witness fee.** If the subpoena requires you to appear, a one-day witness fee must be served with the subpoena. A one-day witness fee is $18.50 plus mileage. The witness fee for each subsequent day is $49.00 plus mileage. Mileage is $1.00 for each 4 miles you have to travel over 50 miles (one direction).

A subpoena issued on behalf of the United States or Utah does not have to include a witness fee and mileage.

5.   **Objection to a subpoena.** You may object to all or part of the subpoena if :

- it does not give you a reasonable amount of time to comply.
- it creates an undue burden for you.
- it requires you to disclose privileged or other protected matter and no exception or waiver applies.
- it requires you to disclose a trade secret or other confidential research, development, or commercial information.
- it requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.
- you are a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county:

  o   in which you do not reside,
  o   are not employed, or
  o   do not transact business in person,

unless the judge orders otherwise.

4

- you are not a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise.

You must comply with those parts of the subpoena to which you do not object.

6. **How to object.** To object to the subpoena, complete and serve the Objection to Subpoena on the party or attorney issuing the subpoena before the compliance date.

   Once you have filed the objection, you do not have to comply with the subpoena unless ordered to do so by the court.

7. **Motion to compel.** If you serve an Objection to Subpoena on the party or attorney issuing the subpoena, they may file a motion asking the court to make you comply with the subpoena. They may also ask for a hearing on the motion.

   If you do not agree with the motion, you can file a Memorandum Opposing the Motion. See the court's Motions web page for information and forms: www.utcourts.gov/howto/filing/motions/.

   It is possible to ask the judge to order conditions for complying with the subpoena. Consider talking to an attorney to go over your options. See the Finding Legal Help web page for information about free and low cost ways to get legal help: www.utcourts.gov/howto/legalassist/.

8. **Organizations.** If the subpoena orders a corporation, partnership, association or governmental agency that is not a party to the suit to appear at a deposition, they must designate one or more persons to answer questions on their behalf. (Utah Rule of Civil Procedure 30).

5

Name _____

Address _____

City, State, Zip _____

Phone _____

Email _____

In the    [ ] District   [ ] Justice    Court of Utah
_____ Judicial District _____ County
Court Address

| | |
|---|---|
| _____<br>Plaintiff/Petitioner<br>v.<br><br>_____<br>Defendant/Respondent | **Objection to Subpoena**<br>(Utah Rule of Civil Procedure 45(e)(3)-(4))<br>_____<br>Case Number<br>_____<br>Judge<br>_____<br>Commissioner (domestic cases) |

I have been served with a subpoena in this case, and I object because the subpoena:
1.    [ ]    Does not give me a reasonable amount of time to comply (Explain).

_____

_____

_____

2.    [ ]    Creates an undue burden for me (Explain. Attach additional pages if needed).

_____

_____

_____

3.    [ ]    Requires me to disclose privileged or other protected matter and no exception or waiver applies. (Describe the document or thing. Be specific.)

_____

_____

_____

4.    [ ]    Requires me to disclose a trade secret or other confidential research, development, or commercial information. (Describe the document or thing. Be specific.)

_____

6

_____

_____

_____

5.    [ ]    Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

_____

_____

_____

6.    [ ]    Requires me, a resident of Utah, to:
[ ]    appear at a deposition;
[ ]    produce documents, electronic records or tangible things; or
[ ]    permit inspection of a premises
in a county in which I do not reside, am not employed, and do not transact business in person.
7.    [ ]    Requires me, a non-resident of Utah, to:
[ ]    appear at a deposition;
[ ]    produce documents, electronic records or tangible things; or
[ ]    permit inspection of a premises
in a county other than the county in which I was served.
8.    [ ]    Other.

_____

_____

**Person subject to subpoena**
I declare under criminal penalty under the law of Utah that everything stated in this document is true.
Signed at _____ (city, and state or country).

_____    Signature ▶    _____
Date    Printed Name                                    _____

**Attorney or Licensed Paralegal Practitioner of record** (if applicable)

_____    Signature ▶    _____
Date    Printed Name                                    _____

7

| | **Certificate of Service** | | |
|---|---|---|---|
| | I certify that I filed with the court and am serving a copy of this Objection to Subpoena on the following people. | | |
| Person's Name | Service Method | Service Address | Service Date |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____    Signature ►    _____

Date    Printed Name    _____

8

## RETURN OF SERVICE

State of Utah                              County of SALT LAKE                              Third District Court

Case Number: 230902160   Court Date: 8/25/2025  9:00 am

Plaintiff:
**Walker Edison Furniture Company, LLC**

vs.

Defendant:
**Brad Bonham, et al**

For:
Erik A. Christiansen
PARSONS, BEHLE & LATIMER
201 South Main Street
Suite 1800
Salt Lake City, UT 84111

Received by ANDERSON ATTORNEY SERVICES on the 17th day of July, 2025 at 3:11 pm to be served on **JOANA MCKENNA, 5195 Haystack Ct, PARK CITY, UT 84098**

I, JHELEN SOLSIRE, do hereby affirm that on the **20th day of July, 2025** at **3:15 pm, I:**

**Individually/Personally Served** by delivering a true copy of the **SUBPOENA TO APPEAR AT DEPOSITION; and NOTICE TO PERSONS SERVED WITH A SUBPOENA; and OBJECTION TO SUBPOENA; CHECK** with the date and hour endorsed thereon by me, to: **JOANA MCKENNA** at the address of: **5195 Haystack Ct, PARK CITY, UT 84098** and informed the said person of the contents therein, in compliance with state statutes.

I am over the age of 18 and have no interest in the above action.  I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was executed.  Pursuant to Utah Code Annotated 78B-18a-101 et seq., with the statutory declaration statement form as set forth in 78B-18a-106, I declare under criminal penalty that the foregoing is true and correct.

**JHELEN SOLSIRE**
Process Server

**ANDERSON ATTORNEY SERVICES**
**P.O. BOX 535**
**Salt Lake City, UT 84110**
**(801) 773-8220**

Our Job Serial Number: AND-2025004139

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0b

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

---

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **SUBPOENA TO APPEAR AT DEPOSITION (JOANA MCKENNA)**<br><br>Civil No. 230902160<br><br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

To:   **Joana McKenna**
      5195 Haystack Ct
      Park City, UT 84098

YOU ARE COMMANDED, pursuant to Rule 45 of the Utah Rules of Civil Procedure, to appear and give testimony at a deposition to be held at the office of **Parsons Behle & Latimer**, located at 201 S. Main Street, Suite 1800, Salt Lake City, Utah.  The deposition is scheduled for **August 25, 2025**, commencing at **9:00 a.m.**  It will be recorded by stenographic means.

A Notice to Persons Served with a Subpoena is attached hereto as <u>Exhibit 1</u> and served with this subpoena. The Notice explains your rights and obligations. A witness fee of $18.50 is also provided herewith in accordance with Utah Code § 78B-1-119(1)(a).

You may object to this Subpoena for any of the reasons listed in paragraph 6 of the Notice by serving a written objection upon the attorney listed at the top of this Subpoena. You must comply with any part of the subpoena to which you do not object.

DATED July 17, 2025.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorneys for Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation*

2

## Notice to Persons Served with a Subpoena

A subpoena may require you to copy and mail documents, produce documents or tangible things, appear at a hearing, trial, or deposition, or allow inspection of a location.

A subpoena can be issued by the court clerk or by a licensed attorney. You must do what it says or file an objection. If you don't comply, you can be fined or go to jail.

You can find more information about subpoenas and forms you may need at: www.utcourts.gov/resources/forms/subpoena/

1.    If the subpoena requires you to **appear to at a trial, hearing, deposition, or for inspection of a place,** you must appear at the date, time, and place designated in the subpoena. You will be required to either answer questions under oath or allow inspection of a place.

For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

- If you are a resident of Utah:
  - where you reside;
  - where you are employed;
  - where you transact business in person; or
  - where the court orders.

- If you are not a resident of Utah:
  - where you are served with the subpoena; or
  - where the court orders.

2.    If the subpoena requires you to **copy documents or electronically stored information,** you must:

- organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and
- mail or deliver the copies and the Declaration of Compliance with the Subpoena to the attorney or party requesting the documents. You may need to modify the Declaration to fit your circumstances.

The party who requested the documents must pay the reasonable cost of copying the documents.

3.    If the subpoena requires you to **produce documents or tangible things,** you must appear in person with the documents or tangible things so that they may be tested, copied, sampled, or inspected. You must:

3

- produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

- mail or deliver the Declaration of Compliance with the Subpoena to the requesting attorney or party.

The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney.

The subpoena must be served on you at least 14 days before the date designated for compliance.

The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things.

4.  **Witness fee.** If the subpoena requires you to appear, a one-day witness fee must be served with the subpoena. A one-day witness fee is $18.50 plus mileage. The witness fee for each subsequent day is $49.00 plus mileage. Mileage is $1.00 for each 4 miles you have to travel over 50 miles (one direction).

    A subpoena issued on behalf of the United States or Utah does not have to include a witness fee and mileage.

5.  **Objection to a subpoena.** You may object to all or part of the subpoena if :

    - it does not give you a reasonable amount of time to comply.
    - it creates an undue burden for you.
    - it requires you to disclose privileged or other protected matter and no exception or waiver applies.
    - it requires you to disclose a trade secret or other confidential research, development, or commercial information.
    - it requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.
    - you are a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county:

        o  in which you do not reside,
        o  are not employed, or
        o  do not transact business in person,

    unless the judge orders otherwise.

4

- you are not a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise.

You must comply with those parts of the subpoena to which you do not object.

6. **How to object.** To object to the subpoena, complete and serve the Objection to Subpoena on the party or attorney issuing the subpoena before the compliance date.

Once you have filed the objection, you do not have to comply with the subpoena unless ordered to do so by the court.

7. **Motion to compel.** If you serve an Objection to Subpoena on the party or attorney issuing the subpoena, they may file a motion asking the court to make you comply with the subpoena. They may also ask for a hearing on the motion.

If you do not agree with the motion, you can file a Memorandum Opposing the Motion. See the court's Motions web page for information and forms: www.utcourts.gov/howto/filing/motions/.

It is possible to ask the judge to order conditions for complying with the subpoena. Consider talking to an attorney to go over your options. See the Finding Legal Help web page for information about free and low cost ways to get legal help: www.utcourts.gov/howto/legalassist/.

8. **Organizations.** If the subpoena orders a corporation, partnership, association or governmental agency that is not a party to the suit to appear at a deposition, they must designate one or more persons to answer questions on their behalf. (Utah Rule of Civil Procedure 30).

Name
_____

Address
_____

City, State, Zip
_____

Phone
_____

Email
_____

In the   [ ] District   [ ] Justice   Court of Utah
_____ Judicial District _____ County
Court Address _____

_____

Plaintiff/Petitioner

v.

_____

Defendant/Respondent

**Objection to Subpoena**
(Utah Rule of Civil Procedure 45(e)(3)-(4))

_____

Case Number

_____

Judge

_____

Commissioner (domestic cases)

I have been served with a subpoena in this case, and I object because the subpoena:

1.    [ ]    Does not give me a reasonable amount of time to comply (Explain).

_____

_____

_____

2.    [ ]    Creates an undue burden for me (Explain. Attach additional pages if needed).

_____

_____

_____

3.    [ ]    Requires me to disclose privileged or other protected matter and no exception or waiver applies. (Describe the document or thing. Be specific.)

_____

_____

_____

4.    [ ]    Requires me to disclose a trade secret or other confidential research, development, or commercial information. (Describe the document or thing. Be specific.)

_____

6

_____

_____

_____

5.      [ ]      Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

_____

_____

_____

6.      [ ]      Requires me, a resident of Utah, to:
[ ]      appear at a deposition;
[ ]      produce documents, electronic records or tangible things; or
[ ]      permit inspection of a premises
in a county in which I do not reside, am not employed, and do not transact business in person.
7.      [ ]      Requires me, a non-resident of Utah, to:
[ ]      appear at a deposition;
[ ]      produce documents, electronic records or tangible things; or
[ ]      permit inspection of a premises
in a county other than the county in which I was served.
8.      [ ]      Other.

_____

_____

**Person subject to subpoena**
I declare under criminal penalty under the law of Utah that everything stated in this document is true.
Signed at _____ (city, and state or country).

_____    Signature ▶ _____
Date    Printed Name                                _____

**Attorney or Licensed Paralegal Practitioner of record** (if applicable)

_____    Signature ▶ _____
Date    Printed Name                                _____

7

**Certificate of Service**

I certify that I filed with the court and am serving a copy of this Objection to Subpoena on the following people.

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____                                                                     Signature ▶    _____
Date            Printed Name                                                                                                        _____

4934-1862-5366.v1

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166
Telephone: 212.351.4000
cleewilson@gibsondunn.com

---

## IN THE THIRD JUDICIAL DISTRICT COURT

### FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **PLAINTIFFS' RESPONSE TO STATEMENT OF DISCOVERY ISSUES** <br><br> Consolidated Civil No. 230902160 <br><br><br> Judge Robert Faust <br><br> Discovery Tier 3 |

## SUMMARY

This Court should deny Defendants' Statement of Discovery Issues for several reasons, including because the Court cannot and should not compel a party (Blue Owl) to obtain and produce documents from a third party (PennantPark), when the Defendants themselves have already sought and continue to seek the same documents from PennantPark via subpoena in another state. Defendants' overbroad Florida subpoena to PennantPark is a fight between those parties in Florida and does not merit this Court's involvement now.

## ARGUMENT

Walker Edison and Blue Owl brought these actions to recover the hundreds of millions of dollars that Defendants—the founders and former owners of Walker Edison—procured from Blue Owl and other lenders through fraud and then distributed to themselves despite Walker Edison's insolvency.  Blue Owl is one of four lenders who loaned, in the aggregate, $300 million to Walker Edison in early 2021 and has always been the administrative agent and "lead" lender that facilitated discussions among the lenders, Walker Edison, and Defendants.

Defendants now ask the Court for a puzzling order—to compel *Blue Owl* to produce the documents of another lender, PennantPark, who is a third party to this litigation.  But Defendants have long sought the very same documents from PennantPark via an October 2024 subpoena in Florida, and simultaneously with their filing here, Defendants filed a motion to compel PennantPark's production in response to that subpoena in Florida.  *Walker Edison Holding Co., LLC v. PennantPark Investment Advisers, LLC*, No. 2025-014013-CA-01 (Fla. Cir. Ct.). Defendants cannot now claim, simply because they are unhappy with PennantPark's objections to that subpoena, that this Court should order *Blue Owl* to produce documents that are not within its "possession or control."  Utah R. Civ. P. 34(a)(1).  Defendants' request should be denied for multiple reasons.

*First*, Defendants' request is premature, unnecessary, and duplicative.  Defendants already subpoenaed PennantPark in October 2024 for the very documents and communications they now seek from Blue Owl.  Simultaneous with the filing of this discovery dispute, Defendants filed a

4930-6074-3000.v1

motion in Florida state court to compel PennantPark to comply with their Florida subpoena. Because of Defendants' pending motion to compel against PennantPark—the entity from whom Defendants actually want discovery and who actually has possession and control over the documents sought—there is no reason for Defendants to ask this Court for further action.

*Second*, at no point, to Plaintiffs' knowledge, has PennantPark refused to make a reasonable production of documents. As Plaintiffs understand the situation, PennantPark has long made clear to Defendants that it will produce documents so long as the broad scope of Defendants' subpoena is reasonably narrowed and its costs are reimbursed. While Blue Owl denies that it has an obligation to produce third-party documents that are not in its possession, it has facilitated productions by *other* subpoenaed third-party lenders—Bain and Evolution. Blue Owl has worked to ensure that a reasonable scope of documents is (and will continue to be) produced by these lenders. And while Defendants have proposed search terms for certain Bain and Evolution employees' materials over the last two weeks, no similar proposal, to Plaintiffs' knowledge, has been raised with PennantPark despite Defendants' representation that "the parties have already negotiated discovery parameters." Mot. at 3.

*Third*, Defendants make no mention of what has been produced to date. The parties have produced millions of pages of documents, and Blue Owl alone has produced more than 800,000 pages. Defendants are already in possession of all responsive, non-privileged communications between PennantPark and (1) Blue Owl, (2) Walker Edison, and (3) (presumably) Defendants. That leaves *only* a very small range of materials regarding PennantPark that purportedly have yet to be produced—internal PennantPark documents and communications. Because Defendants make clear that they are focused on two issues: (1) whether "Walker Edison was a solvent, viable company" at the time of the loan transaction (March 2021) and (2) any purported accounting errors (which were discovered sometime between fall 2020 and early 2021), that scope is even narrower, underscoring the overbreadth of Defendants' subpoena to PennantPark, which is why it has objected and tried to narrow the scope reasonably.

*Fourth*, Defendants' Statement of Discovery Issues includes a procedurally improper and extreme request—asking the Court to *strike* any claim for relief to the extent predicated on the claims PennantPark assigned to Blue Owl.  Mot. 3.  Rule 37 is clear that any relief sought in a statement of discovery issues must be limited to those "regarding disclosure or discovery."  Utah R. Civ. P. 37(a)(7).  "A statement of discovery issues" may not include "a request for sanctions," which includes a request that the court "dismiss all or part of the action[ or] strike all or part of the pleadings."  *Id.* 37(a)(8).  Therefore, Defendants' attempt to obtain the real relief they want here— striking claims brought on behalf of PennantPark—is improper and this Court should reject it.

*Fifth*, this dispute is nothing more than a transparent tit-for-tat response to the discovery dispute that Plaintiffs raised earlier the same day.  Despite pursuing this discovery from PennantPark for months, it was only after Plaintiffs told Defendants that Plaintiffs would file a statement of discovery issues if Defendants did not rescind their improper deposition notices for Blue Owl's Co-CEO and its Co-President that Defendants filed this Statement of Discovery Issues.

In an attempt to distract the Court from these issues, Defendants point to a narrow line of federal, out-of-circuit authority to suggest that a plaintiff who is assigned and is pursuing claims on behalf of an assignor is required to produce documents from the assignor.  Mot. 1–2.  The cases cited by Defendants—none of which are Utah state or federal decisions—however, run contrary to the general notion that parties are required to produce only those documents that are within their "possession, custody, or control."  Fed. R. Civ. P. 34(a); *see SiteLock LLC v. GoDaddy.com LLC*, 2023 WL 3344638, at *27–28 (D. Ariz. May 10, 2023) (corporate subsidiary did not have control over document possessed by non-party corporate parent); *Niblack v. Migilio*, 2018 WL 1003266, at *3 (D.N.J. Feb. 21, 2018) (finding a defendant state employee did not have access to documents in the possession of the state and plaintiff failed to show "the existence of any cooperative agreement [between defendant] and the State to provide access to [the state's] documents").  And although "possession, custody, or control" may include "documents that the responding party has the legal right to obtain from third parties," Defendants—as "the part[ies] seeking production"— have not met their "burden of establishing [Blue Owl's] control over the documents sought."

*Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012); *see United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).  Nor could they; documents held by one asset manager (PennantPark) are simply not within the possession of another (Blue Owl).  Utah Rule of Civil Procedure 34 contains the same limitation – the scope of discoverable materials is limited to materials "in the *possession or control* of the responding party."  Utah R. Civ. P. 34(a)(1) (emphasis added).

The reasoning behind the primary case on which Defendants rely—*JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 506 (S.D.N.Y. 2005)—also explains why it is an outlier that does not apply here.  In that case, the Court reasoned that it would be unfair for a plaintiff who had been assigned claims to avoid producing the documents of the assigning non-parties to the litigation because many of the non-party assignors were "located outside the United States and thus beyond the subpoena power of the Court."  *Id.* at 507.  That is not the case here—Defendants plainly have the power to subpoena PennantPark and indeed *did* subpoena PennantPark many months ago and are only now seeking to enforce that subpoena in Florida state court. Moreover, as noted above, throughout this process Blue Owl has made clear that it is willing to help facilitate the reasonable production of the other lenders' documents.  That remains the case today.

## CONCLUSION

Fundamentally, there was no good reason for Defendants to burden this Court at this time with a discovery dispute that, at its essence, is between Defendants and PennantPark and which Defendants have already raised for resolution in Florida state court.  The Court should deny Defendants' requested relief.

DATED July 28, 2025.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorneys for Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of July 2025, I caused the foregoing **PLAINTIFFS'**

**RESPONSE TO STATEMENT OF DISCOVERY ISSUES** to be filed with the Clerk of Court

using the GreenFiling system which sent notification to those registered to receive notice in the

above-captioned matter.

/s/ *Erik A. Christiansen*

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166
Telephone: 212.351.4000
cleewilson@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

### FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **ORDER DENYING DEFENDANTS' STATEMENT OF DISCOVERY ISSUES** <br><br> Civil No. 230902160 <br><br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

Before the Court is Defendants' Statement of Discovery Issues, filed on July 21, 2025.

**IT IS HEREBY ORDERED** that Defendants' Statement of Discovery Issues is DENIED. The Court will not at this time compel Plaintiff to produce documents from PennantPark.

**In accordance with the Utah State District Courts Efiling Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order.**

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

*Additional counsel listed in signature block*

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants:* Brad Bonham, MB &
BB Holdings, LLC, and Matt Davis

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **[PROPOSED] ORDER DENYING PLAINTIFFS' AMENDED STATEMENT OF DISCOVERY ISSUES REGARDING DEPOSITIONS** <br><br> Consolidated Case No. 230902160 <br><br> Judge Robert P. Faust <br><br> Discovery Tier 3 |

Pursuant to Utah Rules of Civil Procedure 26, 34, and 37, and having considered Plaintiffs' Amended Statement of Discovery Issues Regarding Depositions ("SODI") and Defendants' opposition thereto, and good cause appearing, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiffs' SODI is DENIED.

**\*\* Pursuant to URCP 10(e), the Court's signature appears at the top of the first page \*\***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July 2025, I electronically filed the foregoing **[PROPOSED] ORDER DENYING PLAINTIFFS' AMENDED STATEMENT OF DISCOVERY ISSUES REGARDING DEPOSITIONS**, which served all counsel of record.

/s/ Kade N. Olsen

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166
Telephone: 212.351.4000
cleewilson@gibsondunn.com

---

### IN THE THIRD JUDICIAL DISTRICT COURT

### FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>    Defendants. | **PLAINTIFFS' RESPONSE TO STATEMENT OF DISCOVERY ISSUES**<br><br>Consolidated Civil No. 230902160<br><br>Judge Robert Faust<br><br>Discovery Tier 3 |

## SUMMARY

This Court should deny Defendants' Statement of Discovery Issues for several reasons, including because the Court cannot and should not compel a party (Blue Owl) to obtain and produce documents from a third party (PennantPark), when the Defendants themselves have already sought and continue to seek the same documents from PennantPark via subpoena in another state. Defendants' overbroad Florida subpoena to PennantPark is a fight between those parties in Florida and does not merit this Court's involvement now.

## ARGUMENT

Walker Edison and Blue Owl brought these actions to recover the hundreds of millions of dollars that Defendants—the founders and former owners of Walker Edison—procured from Blue Owl and other lenders through fraud and then distributed to themselves despite Walker Edison's insolvency. Blue Owl is one of four lenders who loaned, in the aggregate, $300 million to Walker Edison in early 2021 and has always been the administrative agent and "lead" lender that facilitated discussions among the lenders, Walker Edison, and Defendants.

Defendants now ask the Court for a puzzling order—to compel *Blue Owl* to produce the documents of another lender, PennantPark, who is a third party to this litigation. But Defendants have long sought the very same documents from PennantPark via an October 2024 subpoena in Florida, and simultaneously with their filing here, Defendants filed a motion to compel PennantPark's production in response to that subpoena in Florida. *Walker Edison Holding Co., LLC v. PennantPark Investment Advisers, LLC*, No. 2025-014013-CA-01 (Fla. Cir. Ct.). Defendants cannot now claim, simply because they are unhappy with PennantPark's objections to that subpoena, that this Court should order *Blue Owl* to produce documents that are not within its "possession or control." Utah R. Civ. P. 34(a)(1). Defendants' request should be denied for multiple reasons.

*First*, Defendants' request is premature, unnecessary, and duplicative. Defendants already subpoenaed PennantPark in October 2024 for the very documents and communications they now seek from Blue Owl. Simultaneous with the filing of this discovery dispute, Defendants filed a

motion in Florida state court to compel PennantPark to comply with their Florida subpoena. Because of Defendants' pending motion to compel against PennantPark—the entity from whom Defendants actually want discovery and who actually has possession and control over the documents sought—there is no reason for Defendants to ask this Court for further action.

*Second*, at no point, to Plaintiffs' knowledge, has PennantPark refused to make a reasonable production of documents. As Plaintiffs understand the situation, PennantPark has long made clear to Defendants that it will produce documents so long as the broad scope of Defendants' subpoena is reasonably narrowed and its costs are reimbursed. While Blue Owl denies that it has an obligation to produce third-party documents that are not in its possession, it has facilitated productions by *other* subpoenaed third-party lenders—Bain and Evolution. Blue Owl has worked to ensure that a reasonable scope of documents is (and will continue to be) produced by these lenders. And while Defendants have proposed search terms for certain Bain and Evolution employees' materials over the last two weeks, no similar proposal, to Plaintiffs' knowledge, has been raised with PennantPark despite Defendants' representation that "the parties have already negotiated discovery parameters." Mot. at 3.

*Third*, Defendants make no mention of what has been produced to date. The parties have produced millions of pages of documents, and Blue Owl alone has produced more than 800,000 pages. Defendants are already in possession of all responsive, non-privileged communications between PennantPark and (1) Blue Owl, (2) Walker Edison, and (3) (presumably) Defendants. That leaves *only* a very small range of materials regarding PennantPark that purportedly have yet to be produced—internal PennantPark documents and communications. Because Defendants make clear that they are focused on two issues: (1) whether "Walker Edison was a solvent, viable company" at the time of the loan transaction (March 2021) and (2) any purported accounting errors (which were discovered sometime between fall 2020 and early 2021), that scope is even narrower, underscoring the overbreadth of Defendants' subpoena to PennantPark, which is why it has objected and tried to narrow the scope reasonably.

*Fourth*, Defendants' Statement of Discovery Issues includes a procedurally improper and extreme request—asking the Court to *strike* any claim for relief to the extent predicated on the claims PennantPark assigned to Blue Owl. Mot. 3. Rule 37 is clear that any relief sought in a statement of discovery issues must be limited to those "regarding disclosure or discovery." Utah R. Civ. P. 37(a)(7). "A statement of discovery issues" may not include "a request for sanctions," which includes a request that the court "dismiss all or part of the action[ or] strike all or part of the pleadings." *Id.* 37(a)(8). Therefore, Defendants' attempt to obtain the real relief they want here—striking claims brought on behalf of PennantPark—is improper and this Court should reject it.

*Fifth*, this dispute is nothing more than a transparent tit-for-tat response to the discovery dispute that Plaintiffs raised earlier the same day. Despite pursuing this discovery from PennantPark for months, it was only after Plaintiffs told Defendants that Plaintiffs would file a statement of discovery issues if Defendants did not rescind their improper deposition notices for Blue Owl's Co-CEO and its Co-President that Defendants filed this Statement of Discovery Issues.

In an attempt to distract the Court from these issues, Defendants point to a narrow line of federal, out-of-circuit authority to suggest that a plaintiff who is assigned and is pursuing claims on behalf of an assignor is required to produce documents from the assignor. Mot. 1–2. The cases cited by Defendants—none of which are Utah state or federal decisions—however, run contrary to the general notion that parties are required to produce only those documents that are within their "possession, custody, or control." Fed. R. Civ. P. 34(a); *see SiteLock LLC v. GoDaddy.com LLC*, 2023 WL 3344638, at *27–28 (D. Ariz. May 10, 2023) (corporate subsidiary did not have control over document possessed by non-party corporate parent); *Niblack v. Migilio*, 2018 WL 1003266, at *3 (D.N.J. Feb. 21, 2018) (finding a defendant state employee did not have access to documents in the possession of the state and plaintiff failed to show "the existence of any cooperative agreement [between defendant] and the State to provide access to [the state's] documents"). And although "possession, custody, or control" may include "documents that the responding party has the legal right to obtain from third parties," Defendants—as "the part[ies] seeking production"— have not met their "burden of establishing [Blue Owl's] control over the documents sought."

3

*Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012); *see United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).  Nor could they; documents held by one asset manager (PennantPark) are simply not within the possession of another (Blue Owl).  Utah Rule of Civil Procedure 34 contains the same limitation – the scope of discoverable materials is limited to materials "in the *possession or control* of the responding party."  Utah R. Civ. P. 34(a)(1) (emphasis added).

The reasoning behind the primary case on which Defendants rely—*JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 506 (S.D.N.Y. 2005)—also explains why it is an outlier that does not apply here.  In that case, the Court reasoned that it would be unfair for a plaintiff who had been assigned claims to avoid producing the documents of the assigning non-parties to the litigation because many of the non-party assignors were "located outside the United States and thus beyond the subpoena power of the Court."  *Id.* at 507.  That is not the case here—Defendants plainly have the power to subpoena PennantPark and indeed *did* subpoena PennantPark many months ago and are only now seeking to enforce that subpoena in Florida state court. Moreover, as noted above, throughout this process Blue Owl has made clear that it is willing to help facilitate the reasonable production of the other lenders' documents.  That remains the case today.

## CONCLUSION

Fundamentally, there was no good reason for Defendants to burden this Court at this time with a discovery dispute that, at its essence, is between Defendants and PennantPark and which Defendants have already raised for resolution in Florida state court.  The Court should deny Defendants' requested relief.

DATED July 28, 2025.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorneys for Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of July 2025, I caused the foregoing **PLAINTIFFS'**

**RESPONSE TO STATEMENT OF DISCOVERY ISSUES** to be filed with the Clerk of Court

using the GreenFiling system which sent notification to those registered to receive notice in the

above-captioned matter.


*/s/ Erik A. Christiansen*

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

*Additional counsel listed in signature block*

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants:* Brad Bonham, MB &
BB Holdings, LLC, and Matt Davis

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' AMENDED STATEMENT OF DISCOVERY ISSUES REGARDING DEPOSITIONS** <br><br> Consolidated Case No. 230902160 <br><br> Judge Robert P. Faust <br><br> Discovery Tier 3 |

## I.    Introduction

Mr. Packer and Mr. Ostrover ("Deponents") led the investment committee of Plaintiff Blue Owl and were personally responsible for Blue Owl's decision to make the $300 million loan at the heart of this case. Their involvement does not end there. Both personally oversaw the monitoring of the loan and Blue Owl's marketing of the loan to other investors, and Mr. Packer even made public statements about the loan that undermine the false narrative asserted by Blue Owl.

Given Deponents' extensive personal involvement, Plaintiffs have no good argument to oppose their depositions other than that they are supposedly "top" executives, and that this case is too small to warrant their attention. Plaintiffs suggest that Blue Owl is such a large company that the $300 million loan at issue in this case represents "less than 0.1%" of its "operations managing more than $250 billion in assets." Accordingly, Blue Owl argues that these executives are somehow entitled to special protection from the Utah Rules that apply to everyone else. Opp. at 1. But there is no safe harbor from providing important testimony just because Deponents manage $250 billion in assets. *Id.* Blue Owl's motion is particularly offensive because Blue Owl is the Plaintiff here, and chose—with its executives—to file this lawsuit premised on allegations that its investment committee was purportedly defrauded. Blue Owl cannot simultaneously claim that Deponents were victims of an alleged fraud and argue that they are too important to testify about their own decision-making. These two depositions easily satisfy the requirements of Rule 26.

## II.    The Depositions Will Provide Key Evidence and Readily Satisfy the Proportionality Requirement of Rule 26(b)(3)

Blue Owl, a sophisticated investment firm, alleges that it was fraudulently induced to issue a $300 million loan to Walker Edison based on an accounting mistake in Walker Edison's financial statements and allegedly overoptimistic projections of future performance. *See, e.g.*, Blue Owl Am. Compl. ¶¶ 2, 47–57, 111. Blue Owl's "investment committee" reviews and approves all Blue

Owl investments and meets regularly to monitor their performance. Deponents led that investment committee when it decided to enter into the loan in March 2021.[1]

Discovery has already shown that Blue Owl was not defrauded, and that any freight-related accounting mistake was immaterial. The freight accounting issue, which amounted to less than 3% of revenue, was immediately disclosed to Blue Owl upon discovery and fixed. It was not the reason why Walker Edison's business turned for the worse in the months and years that followed. Blue Owl and its investment committee conducted extensive diligence before approving the loan, and even developed proprietary, bottom-up financial analyses that did not contain the purported error.

Discovery has also shown that Deponents, as leaders of the investment committee, were centrally involved in approving the loan and monitoring its performance. No one other than the members of Blue Owl investment committee can testify about *why* Blue Owl decided to enter into the loan, *what* information they relied on*, and *whether* the purported accounting error would have been material to their decision.

Deponents' direct, personal involvement is beyond dispute. Over 50 produced emails demonstrate that Deponents were personally and directly involved in approving the loan, monitoring the loan,[2] analyzing the freight cost accounting issue when it was identified and fixed, and marketing the loan to subsequent investors.[3] As Walker Edison's financial performance worsened in the following years, due to industry headwinds (not the freight-accounting issue), Mr. Packer commented publicly on a Blue Owl earnings call that the cause of Walker Edison's declining fortunes was *not* the accounting error. To the contrary, Mr. Packer said publicly that the

---

[1] In light of attachment requirements of Rule 37(a)(4), Defendants have not attached the documents referred to herein, but are prepared to provide those documents at the Court's request.

[2] For example, after receiving a report that Walker Edison was underperforming in 2022, Mr. Packer requested a discussion to better "understand the next inflection point."

[3] For example, after the disclosure of the purported accounting error, Mr. Ostrover requested information regarding "any concerns about our sell down [to other lenders]."

decline was driven by "two things": "supply chain issues" and "[previous] benefit[s] from COVID and stay at home" that "impacted [Walker Edison] to a greater extent than we had expected."

Examination of Deponents readily satisfies Rule 26's proportionality requirements: Plaintiffs purport to seek at least $300 million in damages. Blue Owl has ample resources to make Deponents available, and mere document discovery is an insufficient replacement. Deponents have unique knowledge of key facts, no one else from the investment committee is being deposed, and the depositions would not be unreasonably cumulative or duplicative.

**III. This Court Should Reject Plaintiffs' Request For Special Treatment Of Its Executives**

Plaintiffs invoke a so-called "apex doctrine" to try to immunize their "top" executives from having to testify based on their personal knowledge regarding critical events. But the Utah Rules do not adopt any "apex doctrine." Instead, Rule 26(b)(3) states that the "party seeking discovery always has the burden of showing proportionality and relevance," and Rule 26(b)(2) sets forth six specific factors to guide the proportionality showing (none of which refer to apex witnesses).

Plaintiffs make a misleading legal argument based on *Bichler* v. *DEI Sys., Inc.* that "[b]ecause the Utah Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure," courts may look to federal law "where there is little Utah law interpreting a specific rule." 2009 UT 63, ¶ 24 n.2. But *Bichler* was decided in 2009, and the Utah Supreme Court substantially revised the Rules of Civil Procedure two years later, including to consciously break from the discovery-limitation provisions of FRCP 26(b)(2)(C) in order to better serve "the speedy and inexpensive resolution of every action." Rule 26(b) Advisory Committee Note (2011); *see also id.* ("The proper application of the proportionality standards will be defined over time by trial and appellate courts"); *cf. Stratford* v. *Umpqua Bank*, 534 P.3d 1195, 1201 (Wash. 2023) (rejecting the apex doctrine because "Washington discovery rules already protect potential deponents—including high-level officers—from unduly burdensome discovery"). In any event, the apex

doctrine "is not widely followed; its application is inconsistent; and its acceptance is waning." *Stratford*, 534 P.3d at 1201-03 (rejecting the apex doctrine and surveying its application in state and federal courts); *see also BlueMountain Credit Alternatives Master Fund, L.P.* v. *Regal Entertainment Group*, 465 P.3d 122, 130-32 (Colo. App. Ct. 2020) (concluding "the apex doctrine's influence has reached its zenith and has begun to decline"). The Utah federal district court itself emphasizes that "highly-placed executives are not immune from discovery." *Asarco LLC* v. *Noranda Min., Inc.* No. 2:12-CV-00527, 2015 WL 1924882, at *3 (D. Utah Apr. 28, 2015).

Plaintiffs' remaining arguments are unavailing. The federal cases Plaintiffs cite are readily distinguishable because they involved executives with no direct involvement or unique knowledge of the facts at issue.[4] Plaintiffs assert that Defendants have not yet conducted a 30(b)(6) deposition, Opp. 3 n.3, but a corporate representative cannot substitute for a percipient witness. Plaintiffs also assert that no other witnesses have yet been deposed, Opp. 3, but Defendants seek to examine Deponents on their unique knowledge, and, as of today, twelve other depositions have been scheduled for August and September 2025 that Defendants expect will occur first.[5] Finally, Plaintiffs complain about alleged hardship, Opp. 2 & n.1, but Defendants have already agreed to conduct the depositions at a mutually convenient time and place.

This Court should reject Blue Owl's attempt to stymie discovery and prevent highly relevant depositions in a case that it chose to file.

---

[4] *See Cvent Inc.* v. *RainFocus*, 2020 WL 3828643 (D. Utah July 8, 2020) (executive carbon copied on a single email regarding company's attempts to obtain customers, a general topic that could be explored by other means); *Eagle View Techs., Inc.* v. *Nearmap US, Inc.*, 2023 WL 137761 (D. Utah Jan. 9, 2023) (executives' testimony was relevant, at most, to an unpleaded defense); *Naylor Farms, Inc.* v. *Anadarko OGC Co.*, 2011 WL 2535067, at *3 (D. Colo. June 27, 2011) (executive listed as an author of a marketing presentation providing general overview of company and had no knowledge of specific relevant issues); *Chick-Fil-A, Inc.* v. *CFT Dev., LLC*, 2009 WL 928226, at *2–3 (M.D. Fla. Apr. 3, 2009) (executive's signature on a lease he did not recall signing, and the relevant language of which he did not negotiate, draft, or approve); *Celerity, Inc.* v. *Ultra Clean Holding, Inc.*, 2007 WL 205067, at *5 (N.D. Cal. Jan. 25, 2007) (no indication that either executive uniquely possessed information regarding chain-of-title of relevant patent).

[5] Plaintiffs cite *Thomas* v. *Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995), but the executive there lacked any personal knowledge of relevant facts and could not offer any testimony relevant to any pleaded claim.

DATED: July 28, 2025

**PARR BROWN GEE & LOVELESS**

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Carissa A. Uresk

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Ken Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

**SPERLING KENNY NACHWALTER**

/s/ Greg Shinall
Greg Shinall
Matthew H. Rice

321 North Clark Street, 25th Floor
Chicago, Illinois 60654
(312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Ken Murphy, and Walker Edison Holding
Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

/s/ William Clareman
William Clareman
Geoffrey Chepiga

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund
II Co-Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**

/s/ Brennan H. Moss
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham, MB & BB
Holdings, LLC, and Matt Davis

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July 2025, I electronically filed the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' AMENDED STATEMENT OF DISCOVERY ISSUES REGARDING DEPOSITIONS**, which I served all counsel of record.

/s/ Kade N. Olsen

The Order of the Court is stated below:
**Dated:** July 29, 2025          /s/   ROBERT FAUST
          11:04:25 AM                District Court Judge

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

*For defendants*: Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Ken Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest,
L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

*Additional counsel listed in signature block*

Brennan Moss (10267)

**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants:* Brad Bonham, MB &
BB Holdings, LLC, and Matt Davis

---

**IN THE THIRD JUDICIAL DISTRICT COURT**

**FOR THE COUNTY OF SALT LAKE, STATE OF UTAH**

---

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, | **[PROPOSED] ORDER DENYING PLAINTIFFS' AMENDED STATEMENT OF DISCOVERY ISSUES REGARDING DEPOSITIONS** |
| Plaintiff, | |
| v. | |
| BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, | Consolidated Case No. 230902160  Judge Robert P. Faust  Discovery Tier 3 |

|  | |
| --- | --- |
| Defendants. | |

2

Pursuant to Utah Rules of Civil Procedure 26, 34, and 37, and having considered Plaintiffs' Amended Statement of Discovery Issues Regarding Depositions ("SODI") and Defendants' opposition thereto, and good cause appearing, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiffs' SODI is DENIED.

**\*\* Pursuant to URCP 10(e), the Court's signature appears at the top of the first page \*\***

1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July 2025, I electronically filed the foregoing **[PROPOSED] ORDER DENYING PLAINTIFFS' AMENDED STATEMENT OF DISCOVERY ISSUES REGARDING DEPOSITIONS**, which served all counsel of record.

/s/ Kade N. Olsen

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166
Telephone: 212.351.4000
cleewilson@gibsondunn.com

---

IN THE THIRD JUDICIAL DISTRICT COURT

FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

---

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **REQUEST TO SUBMIT FOR DECISION** <br><br> Consolidated Civil No. 230902160 <br><br> Judge Robert Faust <br><br> Discovery Tier 3 <br><br> **[HEARING REQUESTED]** |

Plaintiffs Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation request a hearing on Plaintiffs' Statement of Discovery Issues ("Statement"). Notice is hereby given that the Statement is ready to be submitted to the Court for hearing and decision.

The Statement was filed on July 21, 2025. *See* Dkt. 263. Defendants filed their Opposition to the Statement on July 28, 2025. *See* Dkt. 287.

DATED July 29, 2025.

**PARSONS BEHLE & LATIMER**                    **GIBSON, DUNN & CRUTCHER LLP**

*/s/ Erik A. Christiansen*                    */s/ Michael M. Farhang*
Erik Christiansen                              Michael M. Farhang (admitted pro hac vice)
Alan Mouritsen                                 Ryan S. Appleby (admitted pro hac vice)
Brian M. Rothschild                            C. Lee Wilson (admitted pro hac vice)

201 South Main Street, Suite 1800              333 South Grand Avenue
Salt Lake City, Utah 84111                     Los Angeles, CA 90071
Telephone: 801.532.1234                        Telephone: (213) 229-7000
Facsimile: 801.536.6111                        mfarhang@gibsondunn.com
echristiansen@parsonsbehle.com                 rappleby@gibsondunn.com
amouritsen@parsonsbehle.com                    clwilson@gibsondunn.com
brothschild@parsonsbehle.com

*For Plaintiffs Walker Edison Furniture*        *For Plaintiffs Walker Edison Furniture*
*Company, LLC and Blue Owl Capital*             *Company, LLC and Blue Owl Capital*
*Corporation*                                   *Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of July 2025, I caused the foregoing **REQUEST TO SUBMIT FOR DECISION** to be filed with the Clerk of Court using the GreenFiling system which sent notification to those registered to receive notice in the above-captioned matter.


<u>/s/ *Erik A. Christiansen*            </u>

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166
Telephone: 212.351.4000
cleewilson@gibsondunn.com

---

### IN THE THIRD JUDICIAL DISTRICT COURT

### FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **ORDER GRANTING PLAINTIFFS' AMENDED STATEMENT OF DISCOVERY ISSUES** <br><br> Civil No. 230902160 <br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

Before the Court is Plaintiffs' Statement of Discovery issues, filed on July 21, 2025.

**IT IS HEREBY ORDERED** that Plaintiffs' Amended Statement of Discovery Issues is

GRANTED.  Craig Packer and Doug Ostrover of Blue Owl are protected from depositions in this

case.

**In accordance with the Utah State District Courts Efiling Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order.**

2

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants:* Brad Bonham, MB & BB Holdings, LLC, and Matt Davis

*Additional counsel listed in signature block*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **CERTIFICATE OF SERVICE OF ADAM SUTTIN'S RESPONSE TO PLAINTIFF WALKER EDISON FURNITURE COMPANY, LLC'S FIRST SET OF INTERROGATORIES** <br><br> Consolidated Case No. 230902160 <br><br> Judge Robert Faust <br><br> Discovery Tier 3 |

I certify that on July 30, 2025, I caused true and correct copies of **ADAM SUTTIN'S RESPONSE TO PLAINTIFF WALKER EDISON FURNITURE COMPANY, LLC'S FIRST SET OF INTERROGATORIES** was served by email on the following:

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

Michael M. Farhang (admitted pro hac vice)
Jeffrey C. Krause (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
C. Lee Wilson
Andrew Kasabian
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071

mfarhang@gibsondunn.com
jkrause@gibsondunn.com
rappleby@gibsondunn.com
CLWilson@gibsondunn.com
akasabian@gibsondunn.com

*For plaintiffs*: Blue Owl Capital, Inc. and Walker Edison Furniture Company

DATED this 31st day of July, 2025.

**PARR BROWN GEE & LOVELESS**

/s/ Kade N. Olsen
David C. Reymann
Kade N. Olsen
Carissa A. Uresk

*For defendants:* Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**
Brennan H. Moss
*For defendants*: Brad Bonham; MB & BB Holdings, LLC, and Matt Davis

**SPERLING & SLATER, LLC**
Greg Shinall
Matthew Rice

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Kyle Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Geoffrey Chepiga
William Clareman

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 31st day of July 2025, I electronically filed the foregoing **CERTIFICATE OF SERVICE OF ADAM SUTTIN'S RESPONSE TO PLAINTIFF WALKER EDISON FURNITURE COMPANY, LLC'S FIRST SET OF INTERROGATORIES**, which served all counsel of record.

/s/ *Kade N. Olsen*

3

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect
Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-
WE Holdco, LLC, and JWC-WE Holdings,
L.P.

*Additional counsel listed in signature block*

Brennan Moss (10267)
**PARKINSON BENSON POTTER LLP**
2750 Rasmussen Rd, Suite H-107
Park City, Utah 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants:* Brad Bonham, MB &
BB Holdings, LLC, and Matt Davis

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>        Plaintiff,<br>v.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>        Defendants. | **REQUEST TO SUBMIT FOR DECISION STATEMENT OF DISCOVERY ISSUES REGARDING ASSIGNOR DOCUMENT PRODUCTION**<br><br>**HEARING REQUESTED**<br><br>Consolidated Case No. 230902160<br><br>Judge Robert P. Faust<br><br>Discovery Tier 3 |

Pursuant to Rules 7(g) and 7(k)(4) of the Utah Rules of Civil Procedure, Defendants respectfully submit for decision their Statement of Discovery Issues Regarding Assignor Document Production ("SODI").  Defendants filed the SODI on July 21, 2025.  (Dkt. No. 260.) Plaintiffs filed their Objection to the SODI on July 28, 2025.  (Dkt. No. 284.)

Defendants request a hearing.

DATED: July 31, 2025

**PARR BROWN GEE & LOVELESS**

/s/ Kade N. Olsen
David C. Reymann
Kade N. Olsen
Carissa Uresk

101 South 200 East, Suite 700
Salt Lake City, Utah 84111
(801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

*For defendants:* Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**

/s/ Brennan H. Moss
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham; MB & BB Holdings, LLC, and Matt Davis

1

**SPERLING KENNY NACHWALTER, LLC**

/s/ Greg Shinall
Greg Shinall
Matthew Rice

321 North Clark Street
Chicago, Illinois 60654
(312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ William Clareman
Geoffrey Chepiga
William Clareman

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July 2025, I electronically filed the foregoing, which served all counsel of record.

/s/ Kade N. Olsen



The Order of the Court is stated below:
**Dated:**   July 31, 2025        /s/   ROBERT FAUST
            03:17:29 PM               District Court Judge

David C. Reymann (8495) Kade N. Olsen (17775)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111 (801)
532-7840
dreymann@parrbrown.com kolsen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken Murphy,
Walker Edison Holding Co., LLC, Prospect Hill
Growth Fund II, L.P., Prospect Hill Growth
Fund II Co-Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

---

## IN THE THIRD DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> *Defendants*. | **ORDER GRANTING STATEMENT OF DISCOVERY ISSUES REGARDING ASSIGNOR DOCUMENT PRODUCTION** <br><br> Consolidated Case No. 230902160 <br><br> Judge Robert P. Faust <br><br> Discovery Tier 3 |

2

This Court has received and reviewed Defendants' Statement of Discovery Issues Regarding Assignor Document Production, filed on July 21, 2025 (the "Statement of Discovery Issues"). Having read this filing and all other relevant material on file with the Court, and good cause appearing, the Court hereby ORDERS as follows:

1.    Defendants' Statement of Discovery Issues is GRANTED.

2.    Plaintiff Blue Owl Capital Corporation is ordered to produce documents in the possession of its assignor, PennantPark Investment Advisers, LLC ("Pennant"), including in response to Defendants' Request for Production Number 3. Those documents are:

a.  Documents and Communications relating to Pennant's investments in Walker Edison Furniture Company, LLC ("Walker Edison"), including all internal communications by and among representatives or employees of Pennant, held by Pennant;

b.  Documents and Communications regarding Pennant's investment decisions related to Walker Edison, held by Pennant;

c.  Documents and Communications relating to Walker Edison's financial performance, financial reporting, solvency, investments, debt facilities, loans, financial projections or results, or accounting methodology, held by Pennant;

d.  Documents and Communications relating to Pennant's internal diligence, investment analyses, work product, call notes, and memoranda relating to the foregoing, held by Pennant; and

e.  Documents and Communications relating to the purported losses or injuries suffered by Pennant based on the claims and allegations in the Amended Complaint,

3

held by Pennant.

**\*\* In accordance with the Utah State District Courts E-filing Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order. \*\***

4

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166
Telephone: 212.351.4000
cleewilson@gibsondunn.com

IN THE THIRD JUDICIAL DISTRICT COURT

FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **ORDER DENYING DEFENDANTS' STATEMENT OF DISCOVERY ISSUES**<br><br>Civil No. 230902160<br><br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

Before the Court is Defendants' Statement of Discovery Issues, filed on July 21, 2025.

**IT IS HEREBY ORDERED** that Defendants' Statement of Discovery Issues is DENIED.  The Court will not at this time compel Plaintiff to produce documents from

PennantPark.

**In accordance with the Utah State District Courts Efiling Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge, but instead displays an electronic signature at the upper right-hand corner of the first page of this Order.**

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Blue Owl Capital*
*Corporation and Walker Edison Furniture*
*Company, LLC*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
clwilson@gibsondunn.com

*Co-Counsel for Blue Owl Capital*
*Corporation and Walker Edison Furniture*
*Company, LLC*

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **ORDER GRANTING STIPULATED MOTION FOR EXTENSION OF CASE DEADLINES**<br><br>Consolidated Case No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

Before the Court is the Parties' Stipulated Motion for Extension of Case Deadlines, filed on August 5, 2025.  Based on the stipulation, and for good cause appearing,

**IT IS HEREBY ORDERED** that the request is GRANTED.  The Joint Consolidated Case Schedule is modified solely to update the following deadlines: fact discovery shall close on October 23, 2025; expert discovery shall close on March 23, 2026; the deadline for parties to file any motions for summary judgment shall be May 12, 2026.

**In accordance with the Utah State District Courts Efiling Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge but instead displays an electronic signature at the upper right-hand corner of the first page of this Order.**

Agreed as to form by:

**PARR BROWN GEE & LOVELESS, P.C.**

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Carissa A. Uresk

101 South 200 East, Suite 700
Salt Lake City, UT  84111
dreymann@parrbrown.com
jhafen@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**SPERLING & SLATER, LLC**

/s/ Greg Shinall
Greg Shinall (admitted pro hac vice)
Matthew H. Rice (admitted pro hac vice)

321 North Clark Street, 25th Floor
Chicago, IL 60603
shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, and Walker Edison Holding Co., LLC

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ Geoffrey Chepiga
Geoffrey Chepiga (pro hac vice forthcoming)
William Clareman (pro hac vice forthcoming)

**PARKINSON | BENSON | POTTER**

/s/ Brennan H. Moss
Brennan H. Moss

1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth Fund
II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth Partners,
L.P., JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

**PARSONS BEHLE & LATIMER**


*/s/ Erik Christiansen*
Erik Christiansen
Alan Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For Plaintiffs Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law

*For defendants*: Brad Bonham; MB & BB
Holdings, LLC; Matt Davis

**GIBSON, DUNN & CRUTCHER LLP**


*/s/ Michael M. Farhang*
Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
C. Lee Wilson (admitted pro hac vice)

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
clwilson@gibsondunn.com

*For Plaintiffs Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of August 2025, I electronically filed the foregoing

**ORDER STIPULATED MOTION FOR EXTENSION OF CASE DEADLINES**, which

served all counsel of record.


*/s/ Erik Christiansen*

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Blue Owl Capital
Corporation and Walker Edison Furniture
Company, LLC*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
clwilson@gibsondunn.com

*Co-Counsel for Blue Owl Capital
Corporation and Walker Edison Furniture
Company, LLC*

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **REQUEST TO SUBMIT FOR DECISION**<br><br>Consolidated Case No. 230902160<br><br><br>Judge: Robert Faust<br><br>Discovery Tier 3 |

Notice is hereby given that the parties' joint Stipulated Motion for Extension of Case Deadlines is ready to be submitted to the Court for decision. The Statement was filed on August 5, 2025. *See* Dkt. 304.

DATED August 5, 2025.


**PARR BROWN GEE & LOVELESS, P.C.**

*/s/ David C. Reymann*
David C. Reymann
Kade N. Olsen
Carissa A. Uresk

101 South 200 East, Suite 700
Salt Lake City, UT 84111
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.


**SPERLING KENNY NACHWALTER**

*/s/ Greg Shinall*
Greg Shinall (admitted pro hac vice)
Matthew H. Rice (admitted pro hac vice)

321 North Clark Street, 25th Floor
Chicago, IL 60654
shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, and Walker Edison Holding Co., LLC


**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Geoffrey Chepiga*
Geoffrey Chepiga (pro hac vice forthcoming)
William Clareman (pro hac vice forthcoming)

1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com
wclareman@paulweiss.com
*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners,


**PARKINSON | BENSON | POTTER**

*/s/ Brennan Moss*
Brennan H. Moss

2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law

*For defendants*: Brad Bonham; MB & BB Holdings, LLC; Matt Davis

L.P., JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

**PARSONS BEHLE & LATIMER**                    **GIBSON, DUNN & CRUTCHER LLP**


*/s/ Erik Christiansen*                         */s/ Michael Farhang*
Erik Christiansen                               Michael M. Farhang (admitted pro hac vice)
Alan Mouritsen                                  Ryan S. Appleby (admitted pro hac vice)
Brian M. Rothschild                             C. Lee Wilson (admitted pro hac vice)

201 South Main Street, Suite 1800               333 South Grand Avenue
Salt Lake City, Utah 84111                      Los Angeles, CA 90071
Telephone: 801.532.1234                         Telephone: (213) 229-7000
Facsimile: 801.536.6111                         mfarhang@gibsondunn.com
echristiansen@parsonsbehle.com                  rappleby@gibsondunn.com
amouritsen@parsonsbehle.com                     clwilson@gibsondunn.com
brothschild@parsonsbehle.com

*For Plaintiffs Walker Edison Furniture*        *For Plaintiffs Walker Edison Furniture*
*Company, LLC and Blue Owl Capital*             *Company, LLC and Blue Owl Capital*
*Corporation*                                   *Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 5th day of August 2025, I electronically filed the foregoing

**REQUEST TO SUBMIT FOR DECISION**, which served all counsel of record.


*/s/Erik Christiansen*

Erik Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Blue Owl Capital
Corporation and Walker Edison Furniture
Company, LLC*

Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
C. Lee Wilson (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
clwilson@gibsondunn.com

*Co-Counsel for Blue Owl Capital
Corporation and Walker Edison Furniture
Company, LLC*

IN THE THIRD JUDICIAL DISTRICT COURT

FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **STIPULATED MOTION FOR EXTENSION OF CASE DEADLINES** <br><br> Consolidated Case No. 230902160 <br><br><br> Judge: Robert Faust <br><br> Discovery Tier 3 |

Plaintiff Blue Owl Capital Corporation ("Blue Owl"), Plaintiff Walker Edison Furniture Company, LLC ("Walker Edison"), and Defendants Brad Bonham; MB & BB Holdings, LLC; Matt Davis; Walker Edison Holding Company, LLC; Prospect Hill Growth Partners, LP; JWC-WE Holdco, LLC; JWC-WE Holdings, L.P.; Prospect Hill Growth Fund II, L.P.; Prospect Hill Growth Fund II Co-Invest, L.P.; Phil Damiano; Ken Murphy; Adam Suttin; Kyle Casella; and David Fiorentino (collectively, "Defendants") hereby stipulate and agree to amend the following deadlines. The parties have been working diligently to meet the current discovery deadlines including by producing hundreds of thousands of documents, responding to interrogatories, issuing third party subpoenas, and noticing and conducting depositions. However, due to outstanding subpoenas and scheduling difficulties given the numerous anticipated depositions of party-affiliated and third-party witnesses, Plaintiffs and Defendants agree that they require a minimal extension of 45 days to allow sufficient time to complete fact discovery. As the deadlines for Expert Discovery and Motions for Summary Judgment are keyed off the Fact Discovery deadline, the parties request corresponding extensions of those deadlines as well.

| Case Event | Current Date | New Date |
|---|---|---|
| Close of Fact Discovery | Sept. 8, 2025 | Oct. 23, 2025 |
| Close of Expert Discovery | Feb. 5, 2026 | Mar. 23, 2026 |
| Deadline to File any MSJs | Mar. 27, 2026 | May 12, 2026 |

The parties respectfully request entry of an order reflecting this modification to the Joint Consolidated Case Schedule.

DATED August 5, 2025.

**PARR BROWN GEE & LOVELESS, P.C.**

*/s/ David C. Reymann*
David C. Reymann
Kade N. Olsen
Carissa A. Uresk

101 South 200 East, Suite 700
Salt Lake City, UT  84111
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken Murphy,
Walker Edison Holding Co., LLC, Prospect
Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco,
LLC, and JWC-WE Holdings, L.P.

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Geoffrey Chepiga*
Geoffrey Chepiga (pro hac vice forthcoming)
William Clareman (pro hac vice forthcoming)

1285 Avenue of the Americas
New York, NY 10019
gchepiga@paulweiss.com
wclareman@paulweiss.com

*For defendants*: Prospect Hill Growth Fund
II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth Partners,
L.P., JWC-WE Holdco, LLC, and JWC-WE
Holdings, L.P.

**SPERLING KENNY NACHWALTER**

*/s/ Greg Shinall*
Greg Shinall (admitted pro hac vice)
Matthew H. Rice (admitted pro hac vice)

321 North Clark Street, 25th Floor
Chicago, IL 60654
shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants*: Adam Suttin, Phil Damiano,
Kyle Casella, David Fiorentino, Ken Murphy,
and Walker Edison Holding Co., LLC

**PARKINSON | BENSON | POTTER**

*/s/ Brennan Moss*
Brennan H. Moss

2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
brenna@pbp.law

*For defendants*: Brad Bonham; MB & BB
Holdings, LLC; Matt Davis

**PARSONS BEHLE & LATIMER**

*/s/ Erik Christiansen*
Erik Christiansen
Alan Mouritsen
Brian M. Rothschild

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*For Plaintiffs Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Michael Farhang*
Michael M. Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
C. Lee Wilson (admitted pro hac vice)

333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com
clwilson@gibsondunn.com

*For Plaintiffs Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of August 2025, I electronically filed the foregoing

**STIPULATED MOTION FOR EXTENSION OF CASE DEADLINES**, which served all

counsel of record.


<u>/s/ *Erik Christiansen*</u>

**The Order of the Court is stated below:**
**Dated:** August 08, 2025          /s/   ROBERT FAUST
                05:53:49 PM          District Court Judge



| | |
|---|---|
| Erik Christiansen, USB #7372<br>Alan Mouritsen, USB #13558<br>Brian M. Rothschild, USB #15316<br>**Parsons Behle & Latimer**<br>201 South Main Street, Suite 1800<br>Salt Lake City, Utah 84111<br>Telephone: 801.532.1234<br>Facsimile: 801.536.6111<br>echristiansen@parsonsbehle.com<br>amouritsen@parsonsbehle.com<br>brothschild@parsonsbehle.com<br><br>*Co-Counsel for Blue Owl Capital*<br>*Corporation and Walker Edison Furniture*<br>*Company, LLC* | Michael M. Farhang (admitted pro hac vice)<br>Ryan S. Appleby (admitted pro hac vice)<br>C. Lee Wilson (admitted pro hac vice)<br>**Gibson, Dunn & Crutcher LLP**<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7000<br>mfarhang@gibsondunn.com<br>rappleby@gibsondunn.com<br>clwilson@gibsondunn.com<br><br><br>*Co-Counsel for Blue Owl Capital*<br>*Corporation and Walker Edison Furniture*<br>*Company, LLC* |

<div align="center">

IN THE Third JUDICIAL DISTRICT COURT

FOR THE COUNTY of Salt Lake, STATE OF UTAH

</div>

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **ORDER GRANTING STIPULATED MOTION FOR EXTENSION OF Case deadlines**<br><br>Consolidated Case No. 230902160<br><br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

1

No further time extensions will be granted.

Before the Court is the Parties' Stipulated Motion for Extension of Case Deadlines, filed on August 5, 2025.  Based on the stipulation, and for good cause appearing,

**IT IS HEREBY ORDERED** that the request is GRANTED.  The Joint Consolidated Case Schedule is modified solely to update the following deadlines: fact discovery shall close on October 23, 2025; expert discovery shall close on March 23, 2026; the deadline for parties to file any motions for summary judgment shall be May 12, 2026.

**In accordance with the Utah State District Courts Efiling Standard No. 4, and URCP Rule 10(e), this Order does not bear the handwritten signature of the Judge but instead displays an electronic signature at the upper right-hand corner of the first page of this Order.**

Agreed as to form by:

| **PARR BROWN GEE & LOVELESS, P.C.** | **SPERLING & SLATER, LLC** |
|---|---|
| _/s/ David C. Reymann_<br>David C. Reymann<br>Kade N. Olsen<br>Carissa A. Uresk<br><br>101 South 200 East, Suite 700<br>Salt Lake City, UT  84111<br>dreymann@parrbrown.com<br>jhafen@parrbrown.com<br><br>_For defendants_: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill | _/s/ Greg Shinall_<br>Greg Shinall (admitted pro hac vice)<br>Matthew H. Rice (admitted pro hac vice)<br><br>321 North Clark Street, 25th Floor<br>Chicago, IL 60603<br>shinall@sperlingkenny.com<br>mrice@sperlingkenny.com<br><br>_For defendants_: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, and Walker Edison Holding Co., LLC |

2

| | |
|---|---|
| Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. | |
| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br><br>*/s/ Geoffrey Chepiga*<br>Geoffrey Chepiga (pro hac vice forthcoming)<br>William Clareman (pro hac vice forthcoming)<br>1285 Avenue of the Americas<br>New York, NY 10019<br>gchepiga@paulweiss.com<br>wclareman@paulweiss.com<br><br>*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. | **PARKINSON \| BENSON \| POTTER**<br><br>*/s/ Brennan H. Moss*<br>Brennan H. Moss<br><br>2750 Rasmussen Rd., Suite H-107<br>Park City, UT 84098<br>brenna@pbp.law<br><br>*For defendants*: Brad Bonham; MB & BB Holdings, LLC; Matt Davis |

| | |
|---|---|
| **PARSONS BEHLE & LATIMER**<br><br>*/s/ Erik Christiansen*<br>Erik Christiansen<br>Alan Mouritsen<br>Brian M. Rothschild<br><br>201 South Main Street, Suite 1800<br>Salt Lake City, Utah 84111<br>Telephone: 801.532.1234<br>Facsimile: 801.536.6111<br>echristiansen@parsonsbehle.com<br>amouritsen@parsonsbehle.com<br>brothschild@parsonsbehle.com<br><br>*For Plaintiffs Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation* | **GIBSON, DUNN & CRUTCHER LLP**<br><br>*/s/ Michael M. Farhang*<br>Michael M. Farhang (admitted pro hac vice)<br>Ryan S. Appleby (admitted pro hac vice)<br>C. Lee Wilson (admitted pro hac vice)<br><br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 229-7000<br>mfarhang@gibsondunn.com<br>rappleby@gibsondunn.com<br>clwilson@gibsondunn.com<br><br>*For Plaintiffs Walker Edison Furniture Company, LLC and Blue Owl Capital Corporation* |

3

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 5th day of August 2025, I electronically filed the foregoing

**ORDER STIPULATED MOTION FOR EXTENSION OF CASE DEADLINES**, which

served all counsel of record.


<div align="center">

*/s/ Erik Christiansen*

</div>

5

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM, *et al.*, <br><br> Defendants. | **ORDER GRANTING MOTION FOR PRO HAC VICE ADMISSION OF ADAM SAVITT** <br><br> Consolidated Case No. 230902160 <br><br> Hon. Robert Faust |

Based upon the Motion for Admission Pro Hac Vice of Adam Savitt and the consent to

appear as local counsel by David C. Reymann, it is hereby ordered that Adam Savitt be admitted

pro hac vice as counsel for Defendants Prospect Hill Growth Fund II, L.P., Prospect Hill Growth

Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-

WE Holdings, L.P. in the above-entitled matter.

**END OF ORDER**

**Entered as indicated by the signature above**

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE Holdings,
L.P.

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM, *et al.*, <br><br> Defendants. | **ORDER GRANTING MOTION FOR PRO HAC VICE ADMISSION OF GEOFFREY CHEPIGA** <br><br> Consolidated Case No. 230902160 <br><br> Hon. Robert Faust |

Based upon the Motion for Admission Pro Hac Vice of Geoffrey Chepiga and the consent to appear as local counsel by David C. Reymann, it is hereby ordered that Geoffrey Chepiga be admitted pro hac vice as counsel for Defendants Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. in the above-entitled matter.

**END OF ORDER**

**Entered as indicated by the signature above**

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM, *et al.*, <br><br> Defendants. | **ORDER GRANTING MOTION FOR PRO HAC VICE ADMISSION OF VIDA ROBINSON** <br><br> Consolidated Case No. 230902160 <br><br> Hon. Robert Faust |

Based upon the Motion for Admission Pro Hac Vice of Vida Robinson and the consent to appear as local counsel by David C. Reymann, it is hereby ordered that Vida Robinson be admitted pro hac vice as counsel for Defendants Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. in the above-entitled matter.

**END OF ORDER**

**Entered as indicated by the signature above**

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM, *et al.*, <br><br> Defendants. | **ORDER GRANTING MOTION FOR PRO HAC VICE ADMISSION OF WILLIAM CLAREMAN** <br><br> Consolidated Case No. 230902160 <br><br> Hon. Robert Faust |

Based upon the Motion for Admission Pro Hac Vice of William Clareman and the

consent to appear as local counsel by David C. Reymann, it is hereby ordered that William

Clareman be admitted pro hac vice as counsel for Defendants Prospect Hill Growth Fund II,

L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-

WE Holdco, LLC, and JWC-WE Holdings, L.P. in the above-entitled matter.

**END OF ORDER**

**Entered as indicated by the signature above**

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Ken Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-WE
Holdco, LLC, and JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill
Growth Fund II, L.P., Prospect Hill Growth
Fund II Co-Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRAD BONHAM, *et al.*,<br><br>Defendants. | **MOTION FOR PRO HAC VICE ADMISSION OF ADAM SAVITT AND CONSENT OF SPONSORING LOCAL COUNSEL**<br><br>Consolidated Case No. 230902160<br><br>Hon. Robert Faust |

Pursuant to Rule 14-806 of the Utah Code of Judicial Administration, David C. Reymann moves the court for an order admitting Adam Savitt pro hac vice to act as counsel in the above-captioned matter for Defendants Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.  Mr. Savitt is neither licensed to practice law in Utah nor a resident of Utah.  Mr.

Savitt is admitted to practice in New York, where he is an attorney in good standing as evidenced by the Certificate of Good Standing attached as Exhibit 1, along with the Bar's Acknowledgement of his application.

The undersigned agrees to serve as designated local counsel for the subject case, to comply with all applicable provisions of the Utah Rules of Civil Procedure and the Utah Code of Judicial Administration, and to readily communicate with opposing counsel and the court regarding the conduct of this case.  He also agrees to accept papers when served as well as recognizes the responsibility to act for and on behalf of the clients in all case-related proceedings, including hearings, pretrial conferences, and trials, should Mr. Savitt fail to respond to any court order.

A proposed order admitting Mr. Savitt accompanies this Motion.

RESPECTFULLY SUBMITTED this 11th day of August 2025.

PARR BROWN GEE & LOVELESS, P.C.

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Carissa A. Uresk

Attorneys for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of August 2025, I electronically filed the foregoing **MOTION FOR PRO HAC VICE ADMISSION OF ADAM SAVITT AND CONSENT OF SPONSORING LOCAL COUNSEL**, which will be served all counsel of record.

<div align="right">/s/ David C. Reymann_____</div>

# EXHIBIT 1



*Appellate Division of the Supreme Court*
*of the State of New York*
*Third Judicial Department*

———————

I, Robert D. Mayberger, Clerk of the Appellate Division of the Supreme Court of the State of New York, Third Judicial Department, do hereby certify that

## Adam Phillip Savitt

was duly licensed and admitted to practice as an Attorney and Counselor at Law in all the courts of this State on **October 16, 2020**, has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors at Law on file in this office, is duly registered with the Office of Court Administration, and according to the records of this Court is currently in good standing as an Attorney and Counselor-at-Law.



In Witness Whereof, I have hereunto set my hand in the City of Albany on August 6, 2025.

*Clerk of the Court*

CertID-00244771



*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*
*Admissions Office*
*P.O. Box 7350, Capitol Station*
*Albany, NY 12224-0350*

*Robert D. Mayberger*
*Clerk of the Court*

*AD3.AdmissionsOffice@nycourts.gov*
*http://www.nycourts.gov/ad3/admissions*
*(518) 471-4778*

*Anthony A. Moore*
*Director of Attorney*
*Admissions*

To Whom It May Concern:

An attorney admitted to practice by this Court may request a certificate of good standing, which is the only official document this Court issues certifying to an attorney's admission and good standing.

An attorney's registration status, date of admission and disciplinary history may be viewed through the attorney search feature on the website of the Unified Court System.

New York State does not register attorneys as active or inactive.

An attorney may request a disciplinary history letter from the Attorney Grievance Committee of the Third Judicial Department.

Bar examination history is available from the New York State Board of Law Examiners.

Instructions, forms and links are available on this Court's website.

Robert D. Mayberger
Clerk of the Court

Revised January 2022

# Pro Hac Vice Application - Pro Hac Vice

**Application Submitted on 08.06.2025**

**Personal Information**

**Personal Information**

| | |
|---|---|
| Applicant Full Name | Adam Phillip Savitt |
| Applicant Firm Name | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Applicant Firm Address | 1285 Avenue of the Americas |
| Applicant Firm Address | |
| Applicant City | New York |
| Applicant State | New York |
| Applicant Zip Code | 10019 |
| Applicant Mobile Number | 952-393-8942 |
| Applicant Office Number | 2123733887 |
| Pro Hac Vice Applicant Email | adam.savitt@gmail.com |

**Local Counsel Information**

| | |
|---|---|
| Local Counsel Name | David C. Reymann |
| Local Counsel Bar Number | 8495 |
| Local Counsel Firm Name | Parr Brown Gee & Loveless, P.C. |
| Local Counsel Firm Address 1 | 101 South 200 East, Suite 700 |
| Local Counsel Firm Address 2 | |
| Local Counsel City | Salt Lake City |
| Local Counsel State | UT |
| Local Counsel Zip Code | 84111 |
| Local Counsel Telephone Number | (801) 532-7840 |
| Local Counsel Email | dreymann@parrbrown.com |

**Case Information**

| | |
|---|---|
| Case Name | Walker Edison Furniture Company, LLC v. Brad Bonham et al. |

| | |
|---|---|
| Case Number | 230902160 |
| Party on whose behalf Applicant seeks to appear | Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. |
| Will you be appearing before a court? | Yes |
| Name of Court and County | Third Judicial District, Salt Lake County |

**Bar Membership**

**Bar Membership**

List every state in which you hold a license to practice law.

NOTE: Please upload <u>separately</u>, a certificate of good standing from the licensing entity of each state that you have been admitted to.

| | |
|---|---|
| Jurisdiction | NY |
| Bar Number | 5781042 |
| Date of Admission | 10-16-2020 |

**Disciplinary Actions**

| | |
|---|---|
| Have you ever been the subject of disciplinary action by any bar? | No |
| Are you (the Applicant) the subject of any pending disciplinary proceedings by any state's or court's disciplinary agency? | No |

**Prior Pro Hac in Utah**

List previous Pro Hac Vice Admissions in the State of Utah. If not applicable, enter N/A.

| | |
|---|---|
| Case Name | N/A |
| Case Number | N/A |

**Attestation**

**Attestation**

| | |
|---|---|
| Applicant certifies that they are a member in good standing of all bars to which they have been admitted | Yes |
| Applicant is familiar with the rules of procedure and evidence, including applicable local rules | Yes |
| Applicant will be available for all depositions, hearings and conferences | Yes |
| Applicant will comply with the rulings and orders of the court | Yes |
| Applicant certifies that they have read and will comply with the Utah Rules of Professional Conduct and the Utah Standards of Professionalism and Civility | Yes |
| Applicant hereby certifies that they are not a resident of Utah and that the foregoing is true and correct and is subject to the penalty of perjury | Yes |
| Require Electronic Signature / Date | |

By typing your name, you are signing this document electronically and demonstrating your intent to use this electronic signature as your verification that you have read, understood and agreed to the terms and conditions listed in the Release of Liability and Acknowledgement and Acceptance of Testing Conditions.

Type your name in the box to sign electronically:                                                        Adam Savitt

**Signed on this date: 08/06/2025 15:51:55**

**Utah Bar Admissions**
**645 South 200 East**
**Salt Lake City, UT 84111**
**TELEPHONE 801 531-9077**



# Utah State Bar ®

645 South 200 East, Suite 310 • Salt Lake City, Utah 84111-3834
Telephone: 801-531-9077
http://www.UtahBar.org

## ACKNOWLEDGEMENT OF SUPPORTING DOCUMENTATION
## AND RECEIPT OF PRO HAC VICE FILING FEE

| | |
|---|---|
| Date Issued: | August 11, 2025 |
| Case Name: | Walker Edison Furniture Company, LLC v. Brad Bonham et al. |
| Court Name: | In The Third Judicial District, Salt Lake County, State of Utah |
| Case Number: | 230902160 |

This letter serves as an acknowledgement that the $425.00 pro hac vice filing fee for **Adam Phillip Savitt** in the above-referenced case has been paid to the Utah State Bar and that the required supporting documentation is complete and in good order. If you have any questions, please call the Bar at (801) 531-9077.

Maribeth LeHoux
General Counsel

**Note to Counsel:** An original motion signed by a member of the Utah State Bar who expressly consents to appearing as local counsel should be filed with the court along with: (1) copies of the Application and Certificate of Good Standing which were provided to the Bar; (2) this Acknowledgement of Supporting Documentation and Receipt of Pro Hac Vice Filing Fee; and (3) a proposed order.

*Attorneys admitted Pro Hac Vice must file an "Annual Renewal with the Bar on or before the anniversary date of the filing of the[ir] initial application with the Bar... certify[ing] to the Bar that [they will] continue to act as counsel in the cause or that the cause has been finally adjudicated... And remit to the Bar an annual fee equal to the current dues paid by active members of the Utah State Bar. See Rule 14-806(n). and Rule 14-806(o) for failure to renew.

**For annual renewal information visit: https://www.utahbar.org/pro-hac-vice/

Serving the public. Working for justice.

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Ken Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-WE
Holdco, LLC, and JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill
Growth Fund II, L.P., Prospect Hill Growth
Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco,
LLC, and JWC-WE Holdings, L.P.

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRAD BONHAM, *et al.*,<br><br>Defendants. | **MOTION FOR PRO HAC VICE ADMISSION OF GEOFFREY CHEPIGA AND CONSENT OF SPONSORING LOCAL COUNSEL**<br><br>Consolidated Case No. 230902160<br><br>Hon. Robert Faust |

Pursuant to Rule 14-806 of the Utah Code of Judicial Administration, David C. Reymann moves the court for an order admitting Geoffrey Chepiga pro hac vice to act as counsel in the above-captioned matter for Defendants Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.  Mr. Chepiga is neither licensed to practice law in Utah nor a resident of Utah.

Mr. Chepiga is admitted to practice in New York, where he is an attorney in good standing as evidenced by the Certificate of Good Standing attached as Exhibit 1, along with the Bar's Acknowledgement of his application.

The undersigned agrees to serve as designated local counsel for the subject case, to comply with all applicable provisions of the Utah Rules of Civil Procedure and the Utah Code of Judicial Administration, and to readily communicate with opposing counsel and the court regarding the conduct of this case.  He also agrees to accept papers when served as well as recognizes the responsibility to act for and on behalf of the clients in all case-related proceedings, including hearings, pretrial conferences, and trials, should Mr. Chepiga fail to respond to any court order.

A proposed order admitting Mr. Chepiga accompanies this Motion.

RESPECTFULLY SUBMITTED this 11th day of August 2025.

PARR BROWN GEE & LOVELESS, P.C.

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Carissa A. Uresk

Attorneys for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of August 2025, I electronically filed the  foregoing **MOTION FOR PRO HAC VICE ADMISSION OF GEOFFREY CHEPIGA AND CONSENT OF SPONSORING LOCAL COUNSEL**, which will be served all counsel of record.

<div align="right">/s/ David C. Reymann_____</div>

# EXHIBIT 1



*Appellate Division of the Supreme Court*
*of the State of New York*
*First Judicial Department*

———————

I, Susanna M. Rojas, Clerk of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, do hereby certify that

## Geoffrey Chepiga

was duly licensed and admitted to practice as an Attorney and Counselor at Law in all the courts of this State on **July 7, 2008**, has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors at Law on file in this office, is duly registered with the Office of Court Administration, and according to the records of this Court is currently in good standing as an Attorney and Counselor-at-Law.



In Witness Whereof, I have hereunto set my hand in the City of New York on August 6, 2025.

*Clerk of the Court*

CertID-00244772



# Supreme Court of the State of New York
## Appellate Division, First Department

**DIANNE T. RENWICK**
PRESIDING JUSTICE

**SUSANNA MOLINA ROJAS**
CLERK OF THE COURT

**MARGARET SOWAH**
DEPUTY CLERK OF THE COURT

**DOUGLAS C. SULLIVAN**
DEPUTY CLERK OF THE COURT

To Whom It May Concern

An attorney admitted to practice by this Court may request a certificate of good standing, which is the only official document this Court issues certifying to an attorney's admission and good standing.

An attorney's registration status, date of admission and disciplinary history may be viewed through the attorney search feature on the website of the Unified Court System.

New York State does not register attorneys as active or inactive.

An attorney may request a disciplinary history letter from the Attorney Grievance Committee of the First Judicial Department.

Bar examination history is available from the New York State Board of Law Examiners.

Instructions, forms and links are available on this Court's website.

Susanna Rojas
Clerk of the Court

Revised October 2020

# Pro Hac Vice Application - Pro Hac Vice

**Application Submitted on 08.06.2025**

**Personal Information**

**Personal Information**

| | |
|---|---|
| Applicant Full Name | Geoffrey Chepiga |
| Applicant Firm Name | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Applicant Firm Address | 1285 Avenue of the Americas |
| Applicant Firm Address | |
| Applicant City | New York |
| Applicant State | New York |
| Applicant Zip Code | 10019 |
| Applicant Mobile Number | |
| Applicant Office Number | 212-373-3421 |
| Pro Hac Vice Applicant Email | gchepiga@paulweiss.com |

**Local Counsel Information**

| | |
|---|---|
| Local Counsel Name | David C. Reymann |
| Local Counsel Bar Number | 8495 |
| Local Counsel Firm Name | Parr Brown Gee & Loveless, P.C. |
| Local Counsel Firm Address 1 | 101 South 200 East, Suite 700 |
| Local Counsel Firm Address 2 | |
| Local Counsel City | Salt Lake City |
| Local Counsel State | UT |
| Local Counsel Zip Code | 84111 |
| Local Counsel Telephone Number | (801) 532-7840 |
| Local Counsel Email | dreymann@parrbrown.com |

**Case Information**

| | |
|---|---|
| Case Name | Walker Edison Furniture Company, LLC v. Brad Bonham et al. |

| | |
|---|---|
| Case Number | 230902160 |
| Party on whose behalf Applicant seeks to appear | Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. |
| Will you be appearing before a court? | Yes |
| Name of Court and County | Third Judicial District, Salt Lake County |

**Bar Membership**

**Bar Membership**

List every state in which you hold a license to practice law.

NOTE: Please upload <u>separately</u>, a certificate of good standing from the licensing entity of each state that you have been admitted to.

| | |
|---|---|
| Jurisdiction | NY |
| Bar Number | 4616751 |
| Date of Admission | 7-7-2008 |

**Disciplinary Actions**

| | |
|---|---|
| Have you ever been the subject of disciplinary action by any bar? | No |
| Are you (the Applicant) the subject of any pending disciplinary proceedings by any state's or court's disciplinary agency? | No |

**Prior Pro Hac in Utah**

List previous Pro Hac Vice Admissions in the State of Utah. If not applicable, enter N/A.

| | |
|---|---|
| Case Name | N/A |
| Case Number | N/A |

**Attestation**

**Attestation**

| | |
|---|---|
| Applicant certifies that they are a member in good standing of all bars to which they have been admitted | Yes |
| Applicant is familiar with the rules of procedure and evidence, including applicable local rules | Yes |
| Applicant will be available for all depositions, hearings and conferences | Yes |
| Applicant will comply with the rulings and orders of the court | Yes |
| Applicant certifies that they have read and will comply with the Utah Rules of Professional Conduct and the Utah Standards of Professionalism and Civility | Yes |
| Applicant hereby certifies that they are not a resident of Utah and that the foregoing is true and correct and is subject to the penalty of perjury | Yes |
| Require Electronic Signature / Date | |

By typing your name, you are signing this document electronically and demonstrating your intent to use this electronic signature as your verification that you have read, understood and agreed to the terms and conditions listed in the Release of Liability and Acknowledgement and Acceptance of Testing Conditions.

Type your name in the box to sign electronically:                                    Geoffrey Chepiga

**Signed on this date: 08/06/2025 14:52:37**

**Utah Bar Admissions**
**645 South 200 East**
**Salt Lake City, UT 84111**
**TELEPHONE 801 531-9077**



# Utah State Bar ®

645 South 200 East, Suite 310 • Salt Lake City, Utah 84111-3834
Telephone: 801-531-9077
http://www.UtahBar.org

## ACKNOWLEDGEMENT OF SUPPORTING DOCUMENTATION
## AND RECEIPT OF PRO HAC VICE FILING FEE

| | |
|---|---|
| Date Issued: | August 11, 2025 |
| Case Name: | Walker Edison Furniture Company, LLC v. Brad Bonham et al. |
| Court Name: | In The Third Judicial District, Salt Lake County State of Utah |
| Case Number: | 230902160 |

This letter serves as an acknowledgement that the $425.00 pro hac vice filing fee for **Geoffrey Chepiga** in the above-referenced case has been paid to the Utah State Bar and that the required supporting documentation is complete and in good order. If you have any questions, please call the Bar at (801) 531-9077.

Maribeth LeHoux
General Counsel

**Note to Counsel:** An original motion signed by a member of the Utah State Bar who expressly consents to appearing as local counsel should be filed with the court along with: (1) copies of the Application and Certificate of Good Standing which were provided to the Bar; (2) this Acknowledgement of Supporting Documentation and Receipt of Pro Hac Vice Filing Fee; and (3) a proposed order.

*Attorneys admitted Pro Hac Vice must file an "Annual Renewal with the Bar on or before the anniversary date of the filing of the[ir] initial application with the Bar... certify[ing] to the Bar that [they will] continue to act as counsel in the cause or that the cause has been finally adjudicated... And remit to the Bar an annual fee equal to the current dues paid by active members of the Utah State Bar. See Rule 14-806(n). and Rule 14-806(o) for failure to renew.

**For annual renewal information visit: https://www.utahbar.org/pro-hac-vice/

Serving the public. Working for justice.

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Ken Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-WE
Holdco, LLC, and JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill
Growth Fund II, L.P., Prospect Hill Growth
Fund II Co-Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM, *et al.*, <br><br> Defendants. | **MOTION FOR PRO HAC VICE ADMISSION OF VIDA ROBINSON AND CONSENT OF SPONSORING LOCAL COUNSEL** <br><br> Consolidated Case No. 230902160 <br><br> Hon. Robert Faust |

Pursuant to Rule 14-806 of the Utah Code of Judicial Administration, David C. Reymann

moves the court for an order admitting Vida Robinson pro hac vice to act as counsel in the above-

captioned matter for Defendants Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund

II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE

Holdings, L.P.  Ms. Robinson is neither licensed to practice law in Utah nor a resident of Utah.

Ms. Robinson is admitted to practice in New York, where she is an attorney in good standing as evidenced by the Certificate of Good Standing attached as Exhibit 1, along with the Bar's Acknowledgement of his application.

The undersigned agrees to serve as designated local counsel for the subject case, to comply with all applicable provisions of the Utah Rules of Civil Procedure and the Utah Code of Judicial Administration, and to readily communicate with opposing counsel and the court regarding the conduct of this case.  He also agrees to accept papers when served as well as recognizes the responsibility to act for and on behalf of the clients in all case-related proceedings, including hearings, pretrial conferences, and trials, should Ms. Robinson fail to respond to any court order.

A proposed order admitting Ms. Robinson accompanies this Motion.

RESPECTFULLY SUBMITTED this 11th day of August 2025.

PARR BROWN GEE & LOVELESS, P.C.

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Carissa A. Uresk

Attorneys for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of August 2025, I electronically filed the foregoing **MOTION FOR PRO HAC VICE ADMISSION OF VIDA ROBINSON AND CONSENT OF SPONSORING LOCAL COUNSEL**, which will be served all counsel of record.

/s/ David C. Reymann

# EXHIBIT 1



*Appellate Division of the Supreme Court*
*of the State of New York*
*First Judicial Department*

———————

I, Susanna M. Rojas, Clerk of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, do hereby certify that

## Vida Robinson

was duly licensed and admitted to practice as an Attorney and Counselor at Law in all the courts of this State on **October 16, 2023**, has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors at Law on file in this office, is duly registered with the Office of Court Administration, and according to the records of this Court is currently in good standing as an Attorney and Counselor-at-Law.



In Witness Whereof, I have hereunto set my hand in the City of New York on August 6, 2025.

*Clerk of the Court*

*CertID-00244880*



# Supreme Court of the State of New York
## Appellate Division, First Department

DIANNE T. RENWICK
PRESIDING JUSTICE

MARGARET SOWAH
DEPUTY CLERK OF THE COURT

SUSANNA MOLINA ROJAS
CLERK OF THE COURT

DOUGLAS C. SULLIVAN
DEPUTY CLERK OF THE COURT

To Whom It May Concern

An attorney admitted to practice by this Court may request a certificate of good standing, which is the only official document this Court issues certifying to an attorney's admission and good standing.

An attorney's registration status, date of admission and disciplinary history may be viewed through the attorney search feature on the website of the Unified Court System.

New York State does not register attorneys as active or inactive.

An attorney may request a disciplinary history letter from the Attorney Grievance Committee of the First Judicial Department.

Bar examination history is available from the New York State Board of Law Examiners.

Instructions, forms and links are available on this Court's website.

Susanna Rojas
Clerk of the Court

Revised October 2020

# Pro Hac Vice Application - Pro Hac Vice

**Application Submitted on 08.06.2025**

**Personal Information**

**Personal Information**

| | |
|---|---|
| Applicant Full Name | Vida Robinson |
| Applicant Firm Name | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Applicant Firm Address | 1285 Avenue of the Americas |
| Applicant Firm Address | |
| Applicant City | New York |
| Applicant State | New York |
| Applicant Zip Code | 10019 |
| Applicant Mobile Number | |
| Applicant Office Number | 2123733926 |
| Pro Hac Vice Applicant Email | virobinson@paulweiss.com |

**Local Counsel Information**

| | |
|---|---|
| Local Counsel Name | David C. Reymann |
| Local Counsel Bar Number | 8495 |
| Local Counsel Firm Name | Parr Brown Gee & Loveless, P.C. |
| Local Counsel Firm Address 1 | 101 South 200 East, Suite 700 |
| Local Counsel Firm Address 2 | |
| Local Counsel City | Salt Lake City |
| Local Counsel State | UT |
| Local Counsel Zip Code | 84111 |
| Local Counsel Telephone Number | (801) 532-7840 |
| Local Counsel Email | dreymann@parrbrown.com |

**Case Information**

| | |
|---|---|
| Case Name | Walker Edison Furniture Company, LLC v. Brad Bonham et al. |

| Case Number | 230902160 |
| --- | --- |
| Party on whose behalf Applicant seeks to appear | Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. |
| Will you be appearing before a court? | Yes |
| Name of Court and County | Third Judicial District, Salt Lake County |

## Bar Membership

### Bar Membership

List every state in which you hold a license to practice law.

NOTE: Please upload separately, a certificate of good standing from the licensing entity of each state that you have been admitted to.

| Jurisdiction | NY |
| --- | --- |
| Bar Number | 6057673 |
| Date of Admission | 10-16-2023 |

## Disciplinary Actions

| Have you ever been the subject of disciplinary action by any bar? | No |
| --- | --- |
| Are you (the Applicant) the subject of any pending disciplinary proceedings by any state's or court's disciplinary agency? | No |

## Prior Pro Hac in Utah

List previous Pro Hac Vice Admissions in the State of Utah. If not applicable, enter N/A.

| Case Name | N/A |
| --- | --- |
| Case Number | N/A |

## Attestation

### Attestation

| Applicant certifies that they are a member in good standing of all bars to which they have been admitted | Yes |
| --- | --- |
| Applicant is familiar with the rules of procedure and evidence, including applicable local rules | Yes |
| Applicant will be available for all depositions, hearings and conferences | Yes |
| Applicant will comply with the rulings and orders of the court | Yes |
| Applicant certifies that they have read and will comply with the Utah Rules of Professional Conduct and the Utah Standards of Professionalism and Civility | Yes |
| Applicant hereby certifies that they are not a resident of Utah and that the foregoing is true and correct and is subject to the penalty of perjury | Yes |
| Require Electronic Signature / Date | |

By typing your name, you are signing this document electronically and demonstrating your intent to use this electronic signature as your verification that you have read, understood and agreed to the terms and conditions listed in the Release of Liability and Acknowledgement and Acceptance of Testing Conditions.

Type your name in the box to sign electronically:                                                    Vida Robinson

**Signed on this date: 08/06/2025 16:03:04**

**Utah Bar Admissions**
**645 South 200 East**
**Salt Lake City, UT 84111**
**TELEPHONE 801 531-9077**



# Utah State Bar®

645 South 200 East, Suite 310 • Salt Lake City, Utah 84111-3834
Telephone: 801-531-9077
http://www.UtahBar.org

## ACKNOWLEDGEMENT OF SUPPORTING DOCUMENTATION
## AND RECEIPT OF PRO HAC VICE FILING FEE

| | |
|---|---|
| Date Issued: | August 11, 2025 |
| Case Name: | Walker Edison Furniture Company, LLC v. Brad Bonham et al. |
| Court Name: | In The Third Judicial District, Salt Lake County, State of Utah |
| Case Number: | 230902160 |

This letter serves as an acknowledgement that the $425.00 pro hac vice filing fee for **Vida Robinson** in the above-referenced case has been paid to the Utah State Bar and that the required supporting documentation is complete and in good order. If you have any questions, please call the Bar at (801) 531-9077.

Maribeth LeHoux
General Counsel

**Note to Counsel:** An original motion signed by a member of the Utah State Bar who expressly consents to appearing as local counsel should be filed with the court along with: (1) copies of the Application and Certificate of Good Standing which were provided to the Bar; (2) this Acknowledgement of Supporting Documentation and Receipt of Pro Hac Vice Filing Fee; and (3) a proposed order.

*Attorneys admitted Pro Hac Vice must file an "Annual Renewal with the Bar on or before the anniversary date of the filing of the[ir] initial application with the Bar... certify[ing] to the Bar that [they will] continue to act as counsel in the cause or that the cause has been finally adjudicated... And remit to the Bar an annual fee equal to the current dues paid by active members of the Utah State Bar. See Rule 14-806(n). and Rule 14-806(o) for failure to renew.

**For annual renewal information visit: https://www.utahbar.org/pro-hac-vice/

Serving the public. Working for justice.

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino,
Ken Murphy, Walker Edison Holding Co.,
LLC, Prospect Hill Growth Fund II, L.P.,
Prospect Hill Growth Fund II Co-Invest, L.P.,
Prospect Hill Growth Partners, L.P., JWC-WE
Holdco, LLC, and JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill
Growth Fund II, L.P., Prospect Hill Growth
Fund II Co-Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM, *et al.*, <br><br> Defendants. | **MOTION FOR PRO HAC VICE ADMISSION OF WILLIAM CLAREMAN AND CONSENT OF SPONSORING LOCAL COUNSEL** <br><br> Consolidated Case No. 230902160 <br><br> Hon. Robert Faust |

---

Pursuant to Rule 14-806 of the Utah Code of Judicial Administration, David C. Reymann

moves the court for an order admitting William Clareman pro hac vice to act as counsel in the

above-captioned matter for Defendants Prospect Hill Growth Fund II, L.P., Prospect Hill Growth

Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-

WE Holdings, L.P.  Mr. Clareman is neither licensed to practice law in Utah nor a resident of Utah.

Mr. Clareman is admitted to practice in New York, where he is an attorney in good standing as evidenced by the Certificate of Good Standing attached as Exhibit 1, along with the Bar's Acknowledgement of his application.

The undersigned agrees to serve as designated local counsel for the subject case, to comply with all applicable provisions of the Utah Rules of Civil Procedure and the Utah Code of Judicial Administration, and to readily communicate with opposing counsel and the court regarding the conduct of this case.  He also agrees to accept papers when served as well as recognizes the responsibility to act for and on behalf of the clients in all case-related proceedings, including hearings, pretrial conferences, and trials, should Mr. Clareman fail to respond to any court order.

A proposed order admitting Mr. Clareman accompanies this Motion.

RESPECTFULLY SUBMITTED this 11th day of August 2025.

PARR BROWN GEE & LOVELESS, P.C.

/s/ David C. Reymann
David C. Reymann
Kade N. Olsen
Carissa A. Uresk

Attorneys for Defendants Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of August 2025, I electronically filed the foregoing **MOTION FOR PRO HAC VICE ADMISSION OF WILLIAM CLAREMAN AND CONSENT OF SPONSORING LOCAL COUNSEL**, which will be served all counsel of record.

<div align="center">/s/ David C. Reymann</div>

# EXHIBIT 1



*Appellate Division of the Supreme Court*
*of the State of New York*
*Second Judicial Department*

———————

I, *Darrell M. Joseph, Clerk of the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department, do hereby certify that*

## William Armstrong Clareman

*was duly licensed and admitted to practice as an Attorney and Counselor at Law in all the courts of this State on **November 14, 2007**, has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors at Law on file in this office, is duly registered with the Office of Court Administration, and according to the records of this Court is currently in good standing as an Attorney and Counselor-at-Law.*



*In Witness Whereof, I have hereunto set my hand in the City of Brooklyn on August 5, 2025.*

*Clerk of the Court*

*CertID-00244744*



**Appellate Division**
**Supreme Court of the State of New York**
**Second Judicial Department**
**45 Monroe Place**
**Brooklyn, N.Y. 11201**
(718) 875-1300

HECTOR D. LASALLE
PRESIDING JUSTICE

DARRELL M. JOSEPH
CLERK OF THE COURT

KENNETH BAND
MELISSA KRAKOWSKI
DEPUTY CLERKS

WENDY STYNES
LAUREN G. DOME
BRIAN E. KENNEDY
RIAD P. WILLIAMS
ASSOCIATE DEPUTY CLERKS

To Whom It May Concern

An attorney admitted to practice by this Court may request a certificate of good standing, which is the only official document this Court issues certifying to an attorney's admission and good standing.

An attorney's registration status, date of admission and disciplinary history may be viewed through the attorney search feature on the website of the Unified Court System.

New York State does not register attorneys as active or inactive.

An attorney may request a disciplinary history letter from the Attorney Grievance Committee of the Second Judicial Department.

Bar examination history is available from the New York State Board of Law Examiners.

Instructions, forms and links are available on this Court's website.

Darrell M. Joseph
Clerk of the Court

Revised October 2024

# Pro Hac Vice Application - Pro Hac Vice

**Application Submitted on 08.07.2025**

**Personal Information**

**Personal Information**

| | |
|---|---|
| Applicant Full Name | William Armstrong Clareman |
| Applicant Firm Name | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Applicant Firm Address | 1285 Avenue of the Americas |
| Applicant Firm Address | |
| Applicant City | New York |
| Applicant State | New York |
| Applicant Zip Code | 10019-6064 |
| Applicant Mobile Number | |
| Applicant Office Number | 212-373-3248 |
| Pro Hac Vice Applicant Email | wclareman@paulweiss.com |

**Local Counsel Information**

| | |
|---|---|
| Local Counsel Name | David C. Reymann |
| Local Counsel Bar Number | 8495 |
| Local Counsel Firm Name | Parr Brown Gee & Loveless, P.C. |
| Local Counsel Firm Address 1 | 101 South 200 East, Suite 700 |
| Local Counsel Firm Address 2 | |
| Local Counsel City | Salt Lake City |
| Local Counsel State | UT |
| Local Counsel Zip Code | 84111 |
| Local Counsel Telephone Number | (801) 532-7840 |
| Local Counsel Email | dreymann@parrbrown.com |

**Case Information**

| | |
|---|---|
| Case Name | Walker Edison Furniture Company, LLC v. Brad Bonham et al. |

| | |
|---|---|
| Case Number | 230902160 |
| Party on whose behalf Applicant seeks to appear | Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. |
| Will you be appearing before a court? | Yes |
| Name of Court and County | Third Judicial District, Salt Lake County |

**Bar Membership**

**Bar Membership**

| | |
|---|---|
| List every state in which you hold a license to practice law. | |
| NOTE: Please upload separately, a certificate of good standing from the licensing entity of each state that you have been admitted to. | |
| Jurisdiction | NY |
| Bar Number | 4520995 |
| Date of Admission | 11-14-2007 |

**Disciplinary Actions**

| | |
|---|---|
| Have you ever been the subject of disciplinary action by any bar? | No |
| Are you (the Applicant) the subject of any pending disciplinary proceedings by any state's or court's disciplinary agency? | No |

**Prior Pro Hac in Utah**

| | |
|---|---|
| List previous Pro Hac Vice Admissions in the State of Utah. If not applicable, enter N/A. | |
| Case Name | N/A |
| Case Number | N/A |

**Attestation**

**Attestation**

| | |
|---|---|
| Applicant certifies that they are a member in good standing of all bars to which they have been admitted | Yes |
| Applicant is familiar with the rules of procedure and evidence, including applicable local rules | Yes |
| Applicant will be available for all depositions, hearings and conferences | Yes |
| Applicant will comply with the rulings and orders of the court | Yes |
| Applicant certifies that they have read and will comply with the Utah Rules of Professional Conduct and the Utah Standards of Professionalism and Civility | Yes |
| Applicant hereby certifies that they are not a resident of Utah and that the foregoing is true and correct and is subject to the penalty of perjury | Yes |
| Require Electronic Signature / Date | |

By typing your name, you are signing this document electronically and demonstrating your intent to use this electronic signature as your verification that you have read, understood and agreed to the terms and conditions listed in the Release of Liability and Acknowledgement and Acceptance of Testing Conditions.

Type your name in the box to sign electronically:                                                    William Clareman

**Signed on this date: 08/07/2025 10:20:51**

**Utah Bar Admissions**
**645 South 200 East**
**Salt Lake City, UT 84111**
**TELEPHONE 801 531-9077**



# Utah State Bar ®

645 South 200 East, Suite 310 • Salt Lake City, Utah 84111-3834
Telephone: 801-531-9077
http://www.UtahBar.org

## ACKNOWLEDGEMENT OF SUPPORTING DOCUMENTATION
## AND RECEIPT OF PRO HAC VICE FILING FEE

| | |
|---|---|
| Date Issued: | August 11, 2025 |
| Case Name: | Walker Edison Furniture Company, LLC v. Brad Bonham et al. |
| Court Name: | In The Third Judicial District, Salt Lake County, State of Utah |
| Case Number: | 230902160 |

This letter serves as an acknowledgement that the $425.00 pro hac vice filing fee for **William Armstrong Clareman** in the above-referenced case has been paid to the Utah State Bar and that the required supporting documentation is complete and in good order. If you have any questions, please call the Bar at (801) 531-9077.

Maribeth LeHoux
General Counsel

**Note to Counsel:** An original motion signed by a member of the Utah State Bar who expressly consents to appearing as local counsel should be filed with the court along with: (1) copies of the Application and Certificate of Good Standing which were provided to the Bar; (2) this Acknowledgement of Supporting Documentation and Receipt of Pro Hac Vice Filing Fee; and (3) a proposed order.

\*Attorneys admitted Pro Hac Vice must file an "Annual Renewal with the Bar on or before the anniversary date of the filing of the[ir] initial application with the Bar... certify[ing] to the Bar that [they will] continue to act as counsel in the cause or that the cause has been finally adjudicated... And remit to the Bar an annual fee equal to the current dues paid by active members of the Utah State Bar. See Rule 14-806(n). and Rule 14-806(o) for failure to renew.

\*\*For annual renewal information visit: https://www.utahbar.org/pro-hac-vice/

Serving the public. Working for justice.



The Order of the Court is stated below:
**Dated:** August 11, 2025        /s/   ROBERT FAUST
             05:06:16 PM          District Court Judge

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

## 1IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| 2<br>WALKER EDISON FURNITURE<br>COMPANY, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>BRAD BONHAM, *et al.*,<br><br>             Defendants. | **ORDER GRANTING MOTION FOR<br>PRO HAC VICE ADMISSION OF<br>ADAM SAVITT**<br><br>Consolidated Case No. 230902160<br><br>Hon. Robert Faust |
|---|---|

Based upon the Motion for Admission Pro Hac Vice of Adam Savitt and the consent to

appear as local counsel by David C. Reymann, it is hereby ordered that Adam Savitt be admitted

pro hac vice as counsel for Defendants Prospect Hill Growth Fund II, L.P., Prospect Hill Growth

Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-

WE Holdings, L.P. in the above-entitled matter.

**END OF ORDER**
**Entered as indicated by the signature above**

The Order of the Court is stated below:
**Dated:** August 11, 2025      /s/   ROBERT FAUST
              05:05:59 PM              District Court Judge

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth Partners, L.P.,
JWC-WE Holdco, LLC, and JWC-WE Holdings,
L.P.

## 1IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| 2<br>WALKER EDISON FURNITURE COMPANY, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BRAD BONHAM, *et al.*,<br><br>        Defendants. | **ORDER GRANTING MOTION FOR PRO HAC VICE ADMISSION OF GEOFFREY CHEPIGA**<br><br>Consolidated Case No. 230902160<br><br>Hon. Robert Faust |

Based upon the Motion for Admission Pro Hac Vice of Geoffrey Chepiga and the consent

to appear as local counsel by David C. Reymann, it is hereby ordered that Geoffrey Chepiga be

admitted pro hac vice as counsel for Defendants Prospect Hill Growth Fund II, L.P., Prospect

Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. in the above-entitled matter.

**END OF ORDER**
**Entered as indicated by the signature above**

2

**The Order of the Court is stated below:**
**Dated:** August 11, 2025 　　　/s/　ROBERT FAUST
　　　　　　05:05:48 PM　　　　　　District Court Judge

David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

---

## 1 IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| 2 WALKER EDISON FURNITURE COMPANY, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BRAD BONHAM, *et al.*,<br><br>　　　　　Defendants. | **ORDER GRANTING MOTION FOR PRO HAC VICE ADMISSION OF VIDA ROBINSON**<br><br>Consolidated Case No. 230902160<br><br>Hon. Robert Faust |

　　　　Based upon the Motion for Admission Pro Hac Vice of Vida Robinson and the consent to

appear as local counsel by David C. Reymann, it is hereby ordered that Vida Robinson be

admitted pro hac vice as counsel for Defendants Prospect Hill Growth Fund II, L.P., Prospect

Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. in the above-entitled matter.

**END OF ORDER**
**Entered as indicated by the signature above**

2

The Order of the Court is stated below:
**Dated:**  August 11, 2025          **/s/**  ROBERT FAUST
              05:05:33 PM                    District Court Judge



David C. Reymann (8495)
Kade N. Olsen (17775)
Carissa A. Uresk (18114)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
kolsen@parrbrown.com
curesk@parrbrown.com

Attorneys for Defendants Adam Suttin, Phil
Damiano, Kyle Casella, David Fiorentino, Ken
Murphy, Walker Edison Holding Co., LLC,
Prospect Hill Growth Fund II, L.P., Prospect Hill
Growth Fund II Co-Invest, L.P., Prospect Hill
Growth Partners, L.P., JWC-WE Holdco, LLC,
and JWC-WE Holdings, L.P.

William Clareman (*pro hac vice pending*)
Geoffrey Chepiga (*pro hac vice pending*)
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
gchepiga@paulweiss.com
wclareman@paulweiss.com

Attorneys for Defendants Prospect Hill Growth
Fund II, L.P., Prospect Hill Growth Fund II Co-
Invest, L.P., Prospect Hill Growth
Partners, L.P., JWC-WE Holdco, LLC, and
JWC-WE Holdings, L.P.

## 1IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| 2<br>WALKER EDISON FURNITURE<br>COMPANY, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>BRAD BONHAM, *et al.*,<br><br>                    Defendants. | **ORDER GRANTING MOTION FOR<br>PRO HAC VICE ADMISSION OF<br>WILLIAM CLAREMAN**<br><br>Consolidated Case No. 230902160<br><br>Hon. Robert Faust |

Based upon the Motion for Admission Pro Hac Vice of William Clareman and the

consent to appear as local counsel by David C. Reymann, it is hereby ordered that William

Clareman be admitted pro hac vice as counsel for Defendants Prospect Hill Growth Fund II, L.P.,

Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE

Holdco, LLC, and JWC-WE Holdings, L.P. in the above-entitled matter.

**END OF ORDER**
**Entered as indicated by the signature above**

2

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **NOTICE OF INTENT TO SERVE AMENDED SUBPOENA (BRADLEY HENN)** <br><br> Civil No. 230902160 <br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

PLEASE TAKE NOTICE that, pursuant to Rule 45(b)(3) of the Utah Rules of Civil Procedure, Plaintiff Walker Edison Furniture Company, LLC intends to cause the Amended Subpoena to Appear at Deposition attached hereto as Exhibit 1 to be served forthwith upon Bradley Henn (c/o FTI Consulting, Inc.).

DATED August 14, 2025.

PARSONS BEHLE & LATIMER

/s/ Erik A. Christiansen
Erik A. Christiansen

*Attorneys for Walker Edison Furniture Company, LLC*

2

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of August, 2025, I caused a true and correct copy of this **NOTICE OF INTENT TO SERVE AMENDED SUBPOENA** to be electronically filed using GreenFiling, which serves all counsel of record by email.

/s/*Michelle Orton-Brown*
Legal Assistant, Parsons Behle & Latimer

3

# Exhibit 1

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
cleewilson@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **AMENDED SUBPOENA TO APPEAR AT DEPOSITION (BRADLEY HENN)**<br><br>Civil No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

4938-1984-7006.v1

To:   **Bradley Henn**
      **c/o FTI Consulting, Inc.**
      1166 Avenue of the Americas, 15th Floor
      New York, NY 10036

YOU ARE COMMANDED, pursuant to Rule 45 of the Utah Rules of Civil Procedure, to appear and give testimony at a deposition to be held at the office of **Gibson Dunn & Crutcher, LLP**, located at 200 Park Ave., New York, NY 10166.  The deposition is scheduled for **September 9, 2025**, commencing at **9:00 a.m. (Eastern Time)**.  The deposition will be taken upon oral examination before a certified court reporter and will be recorded by stenographic, video, and audiovisual means.

A Notice to Persons Served with a Subpoena is attached hereto as <u>Exhibit 1</u> and served with this subpoena. The Notice explains your rights and obligations. A witness fee of $18.50 is also provided herewith in accordance with Utah Code § 78B-1-119(1)(a).

You may object to this Subpoena for any of the reasons listed in paragraph 6 of the Notice by serving a written objection upon the attorney listed at the top of this Subpoena. You must comply with any part of the subpoena to which you do not object.

DATED August 14, 2025.

                              PARSONS BEHLE & LATIMER

                              /s/ Erik A. Christiansen
                              Erik A. Christiansen

                              *Attorneys for Walker Edison Furniture*
                              *Company, LLC and Blue Owl Capital*
                              *Corporation*

## Notice to Persons Served with a Subpoena

A subpoena may require you to copy and mail documents, produce documents or tangible things, appear at a hearing, trial, or deposition, or allow inspection of a location.

A subpoena can be issued by the court clerk or by a licensed attorney. You must do what it says or file an objection. If you don't comply, you can be fined or go to jail.

You can find more information about subpoenas and forms you may need at: www.utcourts.gov/resources/forms/subpoena/

1.   If the subpoena requires you to **appear to at a trial, hearing, deposition, or for inspection of a place,** you must appear at the date, time, and place designated in the subpoena. You will be required to either answer questions under oath or allow inspection of a place.

     For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

     - If you are a resident of Utah:
       - where you reside;
       - where you are employed;
       - where you transact business in person; or
       - where the court orders.

     - If you are not a resident of Utah:
       - where you are served with the subpoena; or
       - where the court orders.

2.   If the subpoena requires you to **copy documents or electronically stored information,** you must:

     - organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and
     - mail or deliver the copies and the Declaration of Compliance with the Subpoena to the attorney or party requesting the documents. You may need to modify the Declaration to fit your circumstances.

     The party who requested the documents must pay the reasonable cost of copying the documents.

3.   If the subpoena requires you to **produce documents or tangible things,** you must appear in person with the documents or tangible things so that they may be tested, copied, sampled, or inspected. You must:

3

- produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

- mail or deliver the Declaration of Compliance with the Subpoena to the requesting attorney or party.

The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney.

The subpoena must be served on you at least 14 days before the date designated for compliance.

The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things.

4.  **Witness fee.** If the subpoena requires you to appear, a one-day witness fee must be served with the subpoena. A one-day witness fee is $18.50 plus mileage. The witness fee for each subsequent day is $49.00 plus mileage. Mileage is $1.00 for each 4 miles you have to travel over 50 miles (one direction).

    A subpoena issued on behalf of the United States or Utah does not have to include a witness fee and mileage.

5.  **Objection to a subpoena.** You may object to all or part of the subpoena if :

    - it does not give you a reasonable amount of time to comply.
    - it creates an undue burden for you.
    - it requires you to disclose privileged or other protected matter and no exception or waiver applies.
    - it requires you to disclose a trade secret or other confidential research, development, or commercial information.
    - it requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.
    - you are a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county:

        o   in which you do not reside,
        o   are not employed, or
        o   do not transact business in person,

    unless the judge orders otherwise.

4

- you are not a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise.

You must comply with those parts of the subpoena to which you do not object.

6. **How to object.** To object to the subpoena, complete and serve the Objection to Subpoena on the party or attorney issuing the subpoena before the compliance date.

Once you have filed the objection, you do not have to comply with the subpoena unless ordered to do so by the court.

7. **Motion to compel.** If you serve an Objection to Subpoena on the party or attorney issuing the subpoena, they may file a motion asking the court to make you comply with the subpoena. They may also ask for a hearing on the motion.

If you do not agree with the motion, you can file a Memorandum Opposing the Motion. See the court's Motions web page for information and forms: www.utcourts.gov/howto/filing/motions/.

It is possible to ask the judge to order conditions for complying with the subpoena. Consider talking to an attorney to go over your options. See the Finding Legal Help web page for information about free and low cost ways to get legal help: www.utcourts.gov/howto/legalassist/.

8. **Organizations.** If the subpoena orders a corporation, partnership, association or governmental agency that is not a party to the suit to appear at a deposition, they must designate one or more persons to answer questions on their behalf. (Utah Rule of Civil Procedure 30).

Name
_____

Address
_____

City, State, Zip
_____

Phone
_____

Email
_____

In the    [ ] District    [ ] Justice    Court of Utah

_____ Judicial District _____ County

Court Address _____

| Plaintiff/Petitioner | **Objection to Subpoena** (Utah Rule of Civil Procedure 45(e)(3)-(4)) |
|---|---|
| v. | |
| Defendant/Respondent | Case Number _____ |
| | Judge _____ |
| | Commissioner (domestic cases) |

I have been served with a subpoena in this case, and I object because the subpoena:

1.    [ ]    Does not give me a reasonable amount of time to comply (Explain).

_____

_____

_____

2.    [ ]    Creates an undue burden for me (Explain. Attach additional pages if needed).

_____

_____

_____

3.    [ ]    Requires me to disclose privileged or other protected matter and no exception or waiver applies. (Describe the document or thing. Be specific.)

_____

_____

_____

4.    [ ]    Requires me to disclose a trade secret or other confidential research, development, or commercial information. (Describe the document or thing. Be specific.)

_____

6

_____

_____

_____

5.    [ ]    Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

_____

_____

_____

6.    [ ]    Requires me, a resident of Utah, to:
[ ]    appear at a deposition;
[ ]    produce documents, electronic records or tangible things; or
[ ]    permit inspection of a premises
in a county in which I do not reside, am not employed, and do not transact business in person.
7.    [ ]    Requires me, a non-resident of Utah, to:
[ ]    appear at a deposition;
[ ]    produce documents, electronic records or tangible things; or
[ ]    permit inspection of a premises
in a county other than the county in which I was served.
8.    [ ]    Other.

_____

_____

**Person subject to subpoena**
I declare under criminal penalty under the law of Utah that everything stated in this document is true.
Signed at _____ (city, and state or country).

_____        Signature ▶    _____
Date        Printed Name                      _____


**Attorney or Licensed Paralegal Practitioner of record** (if applicable)

_____        Signature ▶    _____
Date        Printed Name                      _____

7

| | **Certificate of Service** | | |
| --- | --- | --- | --- |
| I certify that I filed with the court and am serving a copy of this Objection to Subpoena on the following people. | | | |
| Person's Name | Service Method | Service Address | Service Date |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____   Signature ▶   _____
Date

Printed Name   _____

8

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

---

## IN THE THIRD JUDICIAL DISTRICT COURT

### FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **CERTIFICATE OF SERVICE: PLAINTIFF WALKER EDISON FURNITURE COMPANY, LLC'S SUPPLEMENTAL INITIAL DISCLOSURES** <br><br> Civil No. 230902160 <br><br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

I hereby certify that on August 15, 2025, a true and correct copy of Plaintiff Walker Edison

Furniture's Supplemental Initial Disclosures was served via electronic mail on the following:

| | |
|---|---|
| Matthew H. Rice | Geoffrey R. Chepiga |
| Greg Shinall | William A. Clareman |
| Liza Laughlin | Vida Robinson |
| Sean M. Koller | Adam P. Savitt |
| SPERLING KENNY NACHWALTER | PAUL WEISS |
| mrice@sperlingkenny.com | gchepiga@paulweiss.com |
| skoller@sperlingkenny.com | wclareman@paulweiss.com |
| shinall@sperlingkenny.com | asavitt@paulweiss.com |
| llaughlin@sperlingkenny.com | virobinson@paulweiss.com |
| | |
| David C. Reymann | |
| Kade N. Olsen | |
| PARR BROWN GEE & LOVELESS | |
| dreymann@parrbrown.com | |
| kolsen@parrbrown.com | |

DATED August 18, 2025.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorneys for Walker Edison Furniture*
*Company, LLC*

2

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture*
*Company, LLC and Blue Owl Capital*
*Corporation*

Michael Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
cleewilson@gibsondunn.com

---

## IN THE THIRD JUDICIAL DISTRICT COURT

### FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **ACCEPTANCE OF SERVICE OF AMENDED SUBPOENA TO APPEAR AT DEPOSITION (BRADLEY HENN)** <br><br> Civil No. 230902160 <br><br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

Counsel for Bradley Henn hereby acknowledges receipt of the Amended Subpoena to Appear at Deposition issued in the above-captioned matter for his deposition to be held September 9, 2025, and represents he accepts service of same. Mr. Henn waives any requirement for personal service formal service of process under Utah Rule of Civil Procedure 4. All other objections are reserved.

DATED August _18__, 2025.

*/s/ Christopher Y. Lee*

Daniel D. Rubinstein
Joanna R. Travalini
Christopher Y. Lee

**SIDLEY AUSTIN LLP**

*Counsel for Bradley Henn*

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

---

## IN THE THIRD JUDICIAL DISTRICT COURT

### FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| BLUE OWL CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **CERTIFICATE OF SERVICE: PLAINTIFF BLUE OWL CAPITAL CORPORATION'S SUPPLEMENTAL INITIAL DISCLOSURES**<br><br>Civil No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

I hereby certify that on August 15, 2025, a true and correct copy of Plaintiff Blue Owl

Capital's Supplemental Initial Disclosures was served via electronic mail on the following:

Matthew H. Rice
Greg Shinall
Liza Laughlin
Sean M. Koller
SPERLING KENNY NACHWALTER
mrice@sperlingkenny.com
skoller@sperlingkenny.com
shinall@sperlingkenny.com
llaughlin@sperlingkenny.com

Geoffrey R. Chepiga
William A. Clareman
Vida Robinson
Adam P. Savitt
PAUL WEISS
gchepiga@paulweiss.com
wclareman@paulweiss.com
asavitt@paulweiss.com
virobinson@paulweiss.com

David C. Reymann
Kade N. Olsen
PARR BROWN GEE & LOVELESS
dreymann@parrbrown.com
kolsen@parrbrown.com

DATED August 18, 2025.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorneys for Walker Edison Furniture
Company, LLC*

2

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
cleewilson@gibsondunn.com

---

## IN THE THIRD JUDICIAL DISTRICT COURT

### FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, <br><br> Defendants. | **ACCEPTANCE OF SERVICE OF SECOND AMENDED SUBPOENA TO APPEAR AT DEPOSITION (BRADLEY HENN)** <br><br> Civil No. 230902160 <br><br><br> Judge: Hon. Robert Faust <br><br> Discovery Tier 3 |

Counsel for Bradley Henn hereby acknowledges receipt of the Second Amended Subpoena to Appear at Deposition issued in the above-captioned matter for his deposition to be held September 9, 2025, and represents he accepts service of same. Mr. Henn waives any requirement for personal service formal service of process under Utah Rule of Civil Procedure 4. All other objections are reserved.

DATED September 3, 2025.

/s/ Christopher Y. Lee
_____
Daniel D. Rubinstein
Joanna R. Travalini
Christopher Y. Lee

**SIDLEY AUSTIN, LLP**

*Counsel for Bradley Henn*

2

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC*

Michael Farhang (admitted pro hac vice)
Michael S. Neumeister (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
mfarhang@gibsondunn.com
mneumeister@gibsondunn.com

Adam J. Jantzi (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
ajantzi@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **NOTICE OF INTENT TO SERVE SECOND AMENDED SUBPOENA (BRADLEY HENN)**<br><br>Civil No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

PLEASE TAKE NOTICE that, pursuant to Rule 45(b)(3) of the Utah Rules of Civil Procedure, Plaintiff Walker Edison Furniture Company, LLC intends to cause the Second Amended Subpoena to Appear at Deposition attached hereto as Exhibit 1 to be served forthwith upon Bradley Henn (c/o FTI Consulting, Inc.).

DATED September 3, 2025.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorneys for Walker Edison Furniture Company, LLC*

2

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of September, 2025, I caused a true and correct copy

of this **NOTICE OF INTENT TO SERVE SECOND AMENDED SUBPOENA** to be

electronically filed using GreenFiling, which serves all counsel of record by email.

/s/*Michelle Orton-Brown*
Legal Assistant, Parsons Behle & Latimer

4931-5906-3142.v1

# Exhibit 1

Erik A. Christiansen, USB #7372
Alan Mouritsen, USB #13558
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
amouritsen@parsonsbehle.com
brothschild@parsonsbehle.com

*Co-Counsel for Walker Edison Furniture
Company, LLC and Blue Owl Capital
Corporation*

Michael Farhang (admitted pro hac vice)
Ryan S. Appleby (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 229-7000
mfarhang@gibsondunn.com
rappleby@gibsondunn.com

C. Lee Wilson (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
cleewilson@gibsondunn.com

## IN THE THIRD JUDICIAL DISTRICT COURT

## FOR THE COUNTY OF SALT LAKE, STATE OF UTAH

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100,<br><br>Defendants. | **SECOND AMENDED SUBPOENA TO APPEAR AT DEPOSITION (BRADLEY HENN)**<br><br>Civil No. 230902160<br><br>Judge: Hon. Robert Faust<br><br>Discovery Tier 3 |

To:    **Bradley Henn**
       **c/o FTI Consulting, Inc.**
       1166 Avenue of the Americas, 15th Floor
       New York, NY 10036

YOU ARE COMMANDED, pursuant to Rule 45 of the Utah Rules of Civil Procedure, to appear and give testimony at a deposition to be held at the office of **Gibson Dunn & Crutcher, LLP**, located at 200 Park Ave., New York, NY 10166.  The deposition is scheduled for **September 9, 2025**, commencing at **12:00 p.m. (Eastern Time)**. The deposition will be taken upon oral examination before a certified court reporter and will be recorded by stenographic, video, and audiovisual means.

A Notice to Persons Served with a Subpoena is attached hereto as <u>Exhibit 1</u> and served with this subpoena. The Notice explains your rights and obligations. A witness fee of $18.50 is also provided herewith in accordance with Utah Code § 78B-1-119(1)(a).

You may object to this Subpoena for any of the reasons listed in paragraph 6 of the Notice by serving a written objection upon the attorney listed at the top of this Subpoena. You must comply with any part of the subpoena to which you do not object.

DATED September 3, 2025.

                                    PARSONS BEHLE & LATIMER

                                    */s/ Erik A. Christiansen*
                                    Erik A. Christiansen

                                    *Attorneys for Walker Edison Furniture*
                                    *Company, LLC and Blue Owl Capital*
                                    *Corporation*

4902-1367-8694.v1

## Notice to Persons Served with a Subpoena

A subpoena may require you to copy and mail documents, produce documents or tangible things, appear at a hearing, trial, or deposition, or allow inspection of a location.

A subpoena can be issued by the court clerk or by a licensed attorney. You must do what it says or file an objection. If you don't comply, you can be fined or go to jail.

You can find more information about subpoenas and forms you may need at: www.utcourts.gov/resources/forms/subpoena/

1.  If the subpoena requires you to **appear to at a trial, hearing, deposition, or for inspection of a place,** you must appear at the date, time, and place designated in the subpoena. You will be required to either answer questions under oath or allow inspection of a place.

    For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

    - If you are a resident of Utah:
      o  where you reside;
      o  where you are employed;
      o  where you transact business in person; or
      o  where the court orders.

    - If you are not a resident of Utah:
      o  where you are served with the subpoena; or
      o  where the court orders.

2.  If the subpoena requires you to **copy documents or electronically stored information,** you must:

    - organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and
    - mail or deliver the copies and the Declaration of Compliance with the Subpoena to the attorney or party requesting the documents. You may need to modify the Declaration to fit your circumstances.

    The party who requested the documents must pay the reasonable cost of copying the documents.

3.  If the subpoena requires you to **produce documents or tangible things,** you must appear in person with the documents or tangible things so that they may be tested, copied, sampled, or inspected. You must:

- produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena; and

- mail or deliver the Declaration of Compliance with the Subpoena to the requesting attorney or party.

The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney.

The subpoena must be served on you at least 14 days before the date designated for compliance.

The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things.

4.   **Witness fee.** If the subpoena requires you to appear, a one-day witness fee must be served with the subpoena. A one-day witness fee is $18.50 plus mileage. The witness fee for each subsequent day is $49.00 plus mileage. Mileage is $1.00 for each 4 miles you have to travel over 50 miles (one direction).

A subpoena issued on behalf of the United States or Utah does not have to include a witness fee and mileage.

5.   **Objection to a subpoena.** You may object to all or part of the subpoena if :

- it does not give you a reasonable amount of time to comply.
- it creates an undue burden for you.
- it requires you to disclose privileged or other protected matter and no exception or waiver applies.
- it requires you to disclose a trade secret or other confidential research, development, or commercial information.
- it requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.
- you are a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county:

    o   in which you do not reside,
    o   are not employed, or
    o   do not transact business in person,

unless the judge orders otherwise.

- you are not a Utah resident and it requires you to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise.

You must comply with those parts of the subpoena to which you do not object.

6. **How to object.** To object to the subpoena, complete and serve the Objection to Subpoena on the party or attorney issuing the subpoena before the compliance date.

Once you have filed the objection, you do not have to comply with the subpoena unless ordered to do so by the court.

7. **Motion to compel.** If you serve an Objection to Subpoena on the party or attorney issuing the subpoena, they may file a motion asking the court to make you comply with the subpoena. They may also ask for a hearing on the motion.

If you do not agree with the motion, you can file a Memorandum Opposing the Motion. See the court's Motions web page for information and forms: www.utcourts.gov/howto/filing/motions/.

It is possible to ask the judge to order conditions for complying with the subpoena. Consider talking to an attorney to go over your options. See the Finding Legal Help web page for information about free and low cost ways to get legal help: www.utcourts.gov/howto/legalassist/.

8. **Organizations.** If the subpoena orders a corporation, partnership, association or governmental agency that is not a party to the suit to appear at a deposition, they must designate one or more persons to answer questions on their behalf. (Utah Rule of Civil Procedure 30).

_____
Name

_____
Address

_____
City, State, Zip

_____
Phone

_____
Email
_____
In the   [ ] District   [ ] Justice   Court of Utah
_____ Judicial District _____ County
Court Address

| | |
|---|---|
| _____<br>Plaintiff/Petitioner<br>v.<br><br>_____<br>Defendant/Respondent | **Objection to Subpoena**<br>(Utah Rule of Civil Procedure 45(e)(3)-(4))<br>_____<br>Case Number<br>_____<br>Judge<br>_____<br>Commissioner (domestic cases) |

I have been served with a subpoena in this case, and I object because the subpoena:

1.      [ ]      Does not give me a reasonable amount of time to comply (Explain).

_____

_____

_____

2.      [ ]      Creates an undue burden for me (Explain. Attach additional pages if needed).

_____

_____

_____

3.      [ ]      Requires me to disclose privileged or other protected matter and no exception or waiver applies. (Describe the document or thing. Be specific.)

_____

_____

_____

4.      [ ]      Requires me to disclose a trade secret or other confidential research, development, or commercial information. (Describe the document or thing. Be specific.)

_____

6

_____

_____

_____

5.      [  ]      Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

_____

_____

_____

6.      [  ]      Requires me, a resident of Utah, to:
[  ]      appear at a deposition;
[  ]      produce documents, electronic records or tangible things; or
[  ]      permit inspection of a premises
in a county in which I do not reside, am not employed, and do not transact business in person.
7.      [  ]      Requires me, a non-resident of Utah, to:
[  ]      appear at a deposition;
[  ]      produce documents, electronic records or tangible things; or
[  ]      permit inspection of a premises
in a county other than the county in which I was served.
8.      [  ]      Other.

_____

_____

**Person subject to subpoena**
I declare under criminal penalty under the law of Utah that everything stated in this document is true.
Signed at _____ (city, and state or country).

_____    Signature ▶    _____
Date      Printed Name                                  _____


**Attorney or Licensed Paralegal Practitioner of record** (if applicable)

_____    Signature ▶    _____
Date      Printed Name                                  _____

7

**Certificate of Service**

I certify that I filed with the court and am serving a copy of this Objection to Subpoena on the following people.

| Person's Name | Service Method | Service Address | Service Date |
|---|---|---|---|
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |
| | [ ] Mail<br>[ ] Hand Delivery<br>[ ] E-filed<br>[ ] Email<br>[ ] Left at business (With person in charge or in receptacle for deliveries.)<br>[ ] Left at home (With person of suitable age and discretion residing there.) | | |

_____    Signature ▶    _____

Date        Printed Name                  _____

8